**IN THE DISTRICT COURT OF THE UNITED STATES**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NO. 1:18-CR-02945-WJ** |
| vs. | ) | |
| | ) | |
| **JANY LEVEILLE,** | ) | |
| **SIRAJ IBN WAHHAJ, HUJRAH** | ) | |
| **WAHHAJ, SUBHANAH WAHHAJ,** | ) | |
| **and LUCAS MORTON,** | ) | |
| | ) | |
| Defendants | ) | |

**UNITED STATES' UNOPPOSED MOTION REQUESTING
COMPLEX CASE STATUS FOR SPEEDY TRIAL
PURPOSES AND TO SET ASIDE THE STANDARD DISCOVERY ORDER(S)**

The United States hereby moves that the Court find this case complex for purposes of the

Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, and set aside all standard discovery orders

previously filed in this matter.  In support of this unopposed motion, the United States avers as

follows:

1.      On August 31, 2018, JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH

WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON, defendants in this matter, were

arrested on a complaint charging them with violations of 18 U.S.C. § 371, conspiracy, 18

U.S.C. § 922(g)(5), illegal alien in possession of a firearm and ammunition,  and 18 U.S.C. §

2 aiding and abetting. *See* Doc. 1.  The conspiracy charge is broad and covers a period from in

or about November 2017 until August 2018.

2.      All defendants were arrested and detained.

3.      On September 11, 2018, a grand jury sitting in the District of New Mexico returned an indictment charging the defendants with the same offenses set forth in the Complaint.  *See* Doc. 25.

4.      The United States' investigation is ongoing into violation of 18 U.S.C. § 1201 (kidnapping) and 18 U.S.C. § 2339A (providing material support to terrorists).

5.      On September 12, 2018, this Court entered a standard discovery order, establishing a September 22, 2018, for the disclosure of discovery.  *See* Doc. 34.

6.      On September 12, 2018, following a lengthy evidentiary hearing, this Court made findings that the defendants are flight risks and/or a danger to a person and/or the community and ordered them detained pending trial.  *See* Docs. 35-39.

7.      On September 19, 2018, this Court issued an order setting this matter for jury trial on November 5, 2018.  *See* Doc. 40.

8.      On September 28, 2018, this Court issued a sealed protective order, requiring, *inter alia*, that all discovery exchanged in this matter be protected from public disclosure except as ordered by the Court.  *See* Doc. 45.  This order recognizes that discovery will require redaction to ensure the protection and privacy of minor victims and witnesses.

9.      Under the terms of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the trial of a criminal case must commence within 70 days of the later of the filing of charges or a defendant's initial appearance, exclusive of excludable periods of delay. 18 U.S.C. § 3161(c)(1). In the absence of any excludable delays, the trial of the present case would have to commence within 70 days from August 31, 2018.

10.  The charges in this case result from an investigation that was largely classified.  As a result, discovery in this matter will either be classified in accordance with the Classified Information Procedures Act (CIPA), *see* 18 U.S.C. App III, or will involve the declassification

of numerous FBI serials.  Declassification of classified materials is a lengthy process that can take months.

11.     The charges in this case result from an investigation that resulted in the acquisition of voluminous materials, all of which must be reviewed and processed for discovery. It is anticipated that discovery in this matter will involve hundreds of thousands of records in a variety of different digital and electronic formats.  The known discovery at this time includes, but may not be limited to:

       a.  Numerous cell phone "dumps," each of which includes hundreds if not thousands of text messages, SMS messages, and other message formats, hundreds of photographs, videos, audio recordings, and tens of thousands of other digital records;

       b.  Numerous social media accounts, including, but not limited to, Facebook, google, and WhatsApp accounts, which include tens of thousands of records in various electronic formats;

       c.  At least three computers which contain numerous documents, photographs, videos, audio recordings, and other digital records numbering in the thousands;

       d.  Numerous handwritten journals; and

       e.  Thousands of other documents related to law enforcement, financial, medical, judicial, and other matters relevant to the charged offenses.

12.     Review of the digital evidence can be a time-consuming and painstaking process.

13.     In sum, the technical nature of the evidence against the defendants, CIPA's requirements, the necessity of a protective order to ensure protection of minor victim/witness

information, and the parties' need to adequately consider and analyze the evidence, and, *inter alia*, the sheer volume of discovery in this matter, will render this case so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

14.     Because a failure to grant this continuance would likely result in a miscarriage of justice by, among other things, denying the defendants adequate time to investigate and prepare their defense—and rather than having several piecemeal continuance requests—the United States moves this Court to vacate the present deadlines and declare the case complex. The United States will work with defense counsel to prepare a proposed scheduling order for the Court's consideration.

15.     The ends of justice served by setting this case for trial on a date beyond the current trial setting of November 5, 2018, outweigh the best interest of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

16.     Defense counsel were contacted and each have stated they are unopposed to this motion.

WHEREFORE Defendants moves that the Court 1) find this case complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, 2) vacate the Standard Discovery

4

Order, 3) vacate the trial setting, and 4) order the United States and defense counsel to confer for the purpose of setting a schedule for discovery and the filing of pretrial motions, hearings upon such motions, and for trial.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

***Electronically filed October 2, 2018***
GEORGE C. KRAEHE
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

_____*/s/*_____
GEORGE C. KRAEHE