IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-CR-2945 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| **JANY LEVEILLE,** | ) | |
| **SIRAJ IBN WAHHAJ,** | ) | |
| **HUJRAH WAHHAJ,** | ) | |
| **SUBHANAH WAHHAJ, and** | ) | |
| **LUCAS MORTON**, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT

NOW COMES the United States, through counsel, George C. Kraehe, and files this its Response in Opposition to Defendants' Joint Motion to Strike Surplusage from Indictment, and for the reasons set forth below would show that the Defendants' Joint Motion is without merit or, in the alternative, is premature and should be denied:

### I.    INTRODUCTION

On September 11, 2018, the Grand Jury returned an indictment against the Defendants in this matter, alleging violations of 18 U.S.C. §§ 371 and 922(g)(5).   (Doc. 25.)   The conspiracy charge under 18 U.S.C. § 371 alleges that the Defendants did knowingly conspire, combine, confederate, agree, and act interdependently with each other and with others known and unknown to the Grand Jury to knowingly provide Jany Leveille, an alien who was illegally and unlawfully in the United States, possession of firearms, in violation of 18 U.S.C. § 922(g)(5). The Indictment alleges the manner and means of the conspiracy and overt acts by each of the

Defendants in furtherance of the conspiracy.   The Defendants jointly move to have stricken

from the Indictment language that describes the manner and means and overt acts in furtherance

of the conspiracy, arguing that the allegations expressed by such language are not relevant to the

charged offenses and are inflammatory and prejudicial.   (Joint Opp. Mtn. to Strike Surplusage

from the Indictment, hereinafter "Joint Motion", Doc. 59, at 2.)   The United States would show

that the Defendants' Joint Motion is without merit or, in the alternative, is premature and should

be denied.

## II.     ARGUMENTS AND AUTHORITIES

### A.   Federal Rule of Criminal Procedure 7

Federal Rule of Criminal Procedure 7(c) directs that an "indictment or information must

be a plain, concise, and definite written statement of the essential facts constituting the offense

charged[.]"   FED. R. CRIM. PROC. 7(c).   Rule 7(d) provides that, "[u]pon the defendant's

motion, the court may strike surplusage from the indictment or information."   *Id*.   "This rule

introduces a means of protecting the defendant against immaterial or irrelevant allegations in an

indictment or information, which may, however, be prejudicial."   Notes of Advisory

Committee on Rules, 1944 Adoption, Note to Subdivision (d).

> It is held that a motion to strike surplusage should be granted only if it is clear that
> the allegations are not relevant to the charge and are inflammatory and prejudicial.
> This is a rather exacting standard, and only rarely has surplusage been ordered
> stricken.

1 Charles A. Wright, Federal Practice and Procedure § 127 (1982); *see United States v. Scarpa*,

913 F.2d 993, 1013 (2nd Cir.1990) ("Motions to strike surplusage from an indictment will be

granted only where the challenged allegations are 'not relevant to the crime charged and are

inflammatory and prejudicial.' ") (quoting *United States v. Napolitano*, 552 F. Supp. 465, 480 (S.D.N.Y.1982) (citing authorities)).   Motions to strike are rarely granted.   *United States v. Hedgepeth*, 434 F.3d 609, 611-12 (3rd Cir. 2006)("Motions to strike are rarely granted."), *citing United States v. Alsugair*, 256 F.Supp.2d 306, 317 (D.N.J.2003); *see also United States v. Pharis*, 298 F.3d 228, 248 (3d Cir.2002) ("[T]he scope of a district court's discretion to strike material from an indictment is narrow."   (internal quotation marks omitted)).

In *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990), the Tenth Circuit stated that, "[a]cting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory *and* prejudicial to the defendant." [1]   920 F.2d at 631 (emphasis added).   "[L]anguage in the indictment or information *describing* the essential elements of the crime alleged is not surplusage and cannot be stricken under Rule 7(d).   *Id.* (emphasis added), *citing* 1 C. Wright, § 127 at 426 (2d ed. 1982); *Callanan v. United States*, 881 F.2d 229, 236 (6th Cir.1989), *cert. denied*, 494 U.S. 1083; *United States v. Behenna*, 552 F.2d 573, 576 n. 5 (4th Cir.1977).   In *Collins*, the Tenth Circuit upheld the district court's refusal to strike allegations that describe an essential element of the underlying charge.   *Id.* at 632; *see also United States v. Schuler*, 458 F.3d 1148, 1153-54 (10th Cir. 2006) (not plain error to strike reference to 250 victims where there was evidence at trial of only 30 victims); *Bary v. United States*, 292 F.2d 53, 56 (10th Cir. 1961)("mere surplusage in an indictment or information may

---

[1]   The Defendants argue that *United States v. Zabawa*, 39 F.3d 279, 285 (10th Cir. 1994), held that surplusage may be stricken if an "allegation is not relevant, *or* is inflammatory or prejudicial."   (Emphasis added.) *Zabawa* so stated, but in so doing cited *Collins* and offered no discussion of the issue.   *Collins* is clearly still the rule, has been routinely applied by the Tenth Circuit and district courts since *Zabawa*, is consistent with the advisory notes and the application of Rule 7(d) by other circuits, and is the only rule that makes sense (as often allegations relating to charges, e.g., of murder, child sex crimes, etc., may be both relevant and prejudicial).   Accordingly, surplusage can be stricken only if the allegation is not relevant *and* is inflammatory or prejudicial.

be disregarded, and such disregard does not render the indictment or information invalid if sufficient remains to charge a crime."); *United States v. Hill*, 799 F. Supp. 86, 88-89 (D. Kan. 1992) (applying *Collins* and stating, "[i]f the language is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be."), *citing United States v. Climatemp Inc.*, 482 F.Supp. 376, 391 (N.D.Ill.1979), *aff'd sub nom*, *United States v. Reliable Sheet Metal Works, Inc.*, 705 F.2d 461 (7th Cir.), *cert. denied*, 462 U.S. 1134 (1983); *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993)("this court has noted that "if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant)."); *see also United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006)(while not essential elements, allegations were relevant to crime alleged, and so court did not err in not striking allegations that defendant brandished a weapon, used physical restraint to facilitate escape, and took more than $10,000).

      **B.   Allegations of manner and means and overt acts are relevant and are not surplusage**

      To find a defendant guilty of 18 U.S.C. § 371, the government must prove beyond a reasonable doubt: First: the defendant agreed with at least one other person to violate the law. Second: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective. Third: the defendant knew the essential objective of the conspiracy.   Fourth: the defendant knowingly and voluntarily participated. Fifth: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.   *See United*

*States v. Rahseparian*, 231 F.3d 1267, 1272 (10th Cir. 2000); *United States v. Hanzlicek*, 187
F.3d 1228, 1232 (10th Cir. 1999); *United States v. McVeigh*, 153 F.3d 1166, 1196 (10th Cir.
1998); *United States v. Edwards*, 69 F.3d 419, 431 (10th Cir. 1995); *United States v. Johnson*, 12
F.3d 1540, 1545 (10th Cir. 1993); *United States v. Arutunoff*, 1 F.3d 1112, 1116 (10th Cir. 1993);
*United States v. Wells*, 873 F.3d 1241, 1256 (10th Cir. 2017), *quoting United States v. Dazey*,
403 F.3d 1147, 1159 (10th Cir. 2005).   "Interdependence "exists where coconspirators 'inten[d]
to act together for their shared mutual benefit within the scope of the conspiracy charged.' "
*United States v. Caldwell*, 589 F.3d 1323, 1329 (10th Cir.2009) (alteration in original) (*quoting
United States v. Evans*, 970 F.2d 663, 671 (10th Cir.1992)).

The allegations the Defendants seek to strike are clearly relevant to the essential elements
the United States seeks to prove in its conspiracy charge.   Specifically, the allegations are
relevant to the objective, the manner and means, and the overt acts each Defendant took in
furtherance of the conspiracy and are further essential to establish the interdependence of the
Defendants.   The allegations fall squarely within the ambit of Rule 7(c), to the extent that they
merely describe the elements the United States must prove to sustain its burden.   Admittedly,
the conspiracy the Defendants engaged in was uniquely unusual, combining elements of
religious prophecy, interstate travel and transport of firearms, firearms training of themselves and
children to engage in "jihad", and preparation for violent attacks on government, military,
educational, and financial institutions in fulfillment of Jany Leveille's religious prophecies, all of
which relate to the weapons charge.[2]   But the United States did not make these facts—the

---

[2] The Defendants take particular issue with the United States' use of the word "jihad," arguing that this
word is especially inflammatory and susceptible of different meanings.   The United States uses this word, however,
because the evidence will show that the Defendants used it and left no ambiguity as to what, in their view, "jihad"

Defendants did.   The United States is bound to allege what the facts establish and stands ready

to prove these allegations to a jury on the basis of a very considerable body of evidence.

      This also is not a simple case, as conspiracy cases seldom are.   As noted above, the

standard for striking allegations is an exacting one and is seldom met.   This is doubly so in

complex cases, such as conspiracy or fraud prosecutions, that require more than formulaic

indictments, but rather call for more detailed "speaking" indictments.   *See*, *e.g*., *United States v.*

*Beroa*, 856 F.3d 141, 157 (1st Cir. 2017) (district court did not err by refusing to strike as

surplusage specific allegations regarding overt acts in case alleging conspiracy to commit honest

services fraud); *United States v. Pires*, 642 F.3d 1, 11 (1st Cir. 2011) ("[E]vidence that bears on

the question of motive ordinarily has some probative value in a criminal case."); *United States v.*

*Mulder*, 273 F.3d 91, 99-100 (2d Cir. 2001)("Because the six challenged paragraphs, which

generally described the tactics and purposes of labor coalitions, discussed background evidence

that was properly admissible and relevant, the district court did not err by refusing to strike these

paragraphs from the indictment."); *United States v. Oakar*, 111 F.3d 146 (D.C. Cir. 1997)

(allegations, in count charging conspiracy to deceive Federal Elections Commission as to

campaign contributions, that Congresswoman and aide used part of loan made in name of third

party to finance publication and distribution of community newspapers supporting

Congresswoman's reelection, were relevant to alleged conspiracy.); *United States v. Marshall*,

985 F.2d 901, 905-06 (7th Cir. 1993)(indictment in conspiracy case which was 25 pages long and

alleged that defendants had committed 94 overt acts was neither inflammatory nor prejudicial

because it "delineated with great specificity the numerous charges alleged by the government

---

meant: it meant killing people.

against each defendant"); *United States v. Montour*, 944 F.2d 1019, 1026 (2d Cir. 1991)("as long as the overt acts alleged are relevant to the conspiracy charge, the trial judge's refusal to strike is not error."); *United States v. Terrigno*, 838 F.2d 371 (9th Cir. 1988) (repeated statements in federal embezzlement and conversion indictment, that defendant embezzled funds which were destined for the "poor and homeless," while prejudicial, were not surplusage, but were material and relevant.); *United States v. Parker*, 469 F.2d 884, 894 (10th Cir. 1972)("That one person does not physically do all the acts constituting the conspiracy does not mean he may not be charged with participating in it[," and so refusal to strike allegation of "Causing the bombs to be made" was not error); *see also United States v. Marshall*, 985 F.2d 901, 906 (7th Cir.1993) (cautionary instructions can mitigate the risk of prejudice).

Ultimately, the indictment in this case alleges far more than a mundane 18 U.S.C. § 922 charge.   Rather, the gravamen of the indictment is a far more complex and far-reaching conspiracy charge.   This charge requires a more specific and descriptive delineation than the underlying charge, and such is necessary to capture the essential contours of the conspiracy. This is especially true given the particular nature of the facts and evidence.   In any event, the allegations as charged, even if inflammatory or prejudicial, are relevant and provable.

**C.    The Joint Motion is premature.**

The United States has made both the Defendants and the Court aware that investigation of this matter continues.   *There will be at least one superseding indictment*.   A superseding indictment alleging terrorism and or kidnapping offenses may yet address the Defendants' concerns.   The Joint Motion is therefore premature.   The Joint Motion would be premature even if the pending complaint were the final one.   Investigation is ongoing, and discovery is far

from complete.    Trial currently is scheduled for April 2020.    If after close of evidence *at trial*, the Defendants are able to establish some variance between the allegations and the government's proof, only then should the Court consider a motion to strike surplusage.    *See United States v. McVeigh*, 940 F.Supp. 1571, 1584 (D. Colo. 1996)("When the evidence is closed the court will compare the evidence with the indictment and make any appropriate redactions.").

WHEREFORE, the United States asks that the Court enter an order denying Defendants' Joint Motion to Strike Surplusage from Indictment.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed*

GEORGE C. KRAEHE
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87102
(505) 346-7472

I HEREBY CERTIFY that the foregoing pleading
was electronically filed, which caused counsel
of record to be served by electronic means.

 /s/
GEORGE C. KRAEHE
Assistant United States Attorney