# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) NO. 18-CR-02945-WJ<br>vs. )<br>)<br>JANY LEVEILLE, )<br>SIRAJ IBN WAHHAJ, HUJRAH )<br>WAHHAJ, SUBHANAH WAHHAJ, )<br>and LUCAS MORTON, )<br>)<br>Defendants. ) | |

## STIPULATED SCHEDULING ORDER

On October 3, 2018, the Court entered an Order designating this case complex, vacating the standard scheduling order and trial setting, and ordering the parties to submit within thirty (30) days a proposed order setting a schedule for discovery and the filing of pretrial motions, hearings upon such motions, and trial. (Doc. 49). The Court later extended this deadline to November 9, 2018. Accordingly, the parties have submitted a proposed agreed scheduling order as follows:

Trial

Trial is set for April 13, 2020, at 9:00 a.m., Bonito Courtroom.

Jury instructions should be filed by February 24, 2020.

Objections to jury instructions should be filed March 9, 2020.

Responses to Objections to jury instructions March 23, 2020.

Motions in limine shall be filed no later than March 2, 2020 and responses thereto fourteen (14) days after filing.

1

Jencks material shall be provided March 2, 2020.

Witness and exhibit lists, and voir dire, shall be filed March 2, 2020. The parties agree to exchange or make available all exhibits at that time.

Objections to witness and exhibit lists, and voir dire, shall be due March 16, 2020.

Responses to objections to witness and exhibit lists, and voir dire, shall be due March 23, 2020.

Plea agreements shall be entered no later than two weeks before trial.

Discovery

The United States will complete all discovery, including all expert disclosures, no later than March 15, 2019.

Defendants will complete all discovery, including expert disclosures, no later than May 15, 2019.

If it becomes clear that the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III causes significant delays in the processing of discovery, counsel for the United States will advise the Court and will, if necessary, seek an extension of the deadline for discovery and amendment of other deadlines and settings. All materials exchanged in discovery will be subject to the Sealed Protective Order entered by this Court on September 28, 2018, (Doc. 45), except to the extent the Sealed Protective Order conflicts with CIPA, in which case CIPA shall govern. If CIPA concerns arise the government will propose a CIPA Protective Order for all parties.

Motions Deadlines

All motions concerning discovery shall be filed no later than August 16, 2019. Responses to these motions shall be governed by the Federal Rules of Criminal Procedure and this Court's Local Rules.

Daubert Motions shall be due July 12, 2019.

Responses to Daubert Motions shall be August 2, 2019.

Replies to Responses on Daubert shall be due August 16, 2019.

Substantive motions (government and defense); Fed. R. Evid. 404(b) and 609 notices, notices of co-conspirator statements (*James*) and *res gestae* disclosure by government shall be filed September 13, 2019.

Responses to substantive motions; Objections/responses to Fed. R. Evid. 404(b) and 609 notices; notices of co-conspirator statements (*James*) and *res gestae* disclosure due November 8, 2019.

Replies to substantive motions; Fed. R. Evid. 404(b) and 609 notices; notices of co-conspirator statements (*James*) and *res gestae* disclosure due November 22, 2019.

The Court, having considered the parties' representations and proposals, and finding the proposals to be well taken,

THE COURT FINDS THAT, given the complexity of the case, there is good cause for an exclusion, for the purposes of the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), of the time between the date of filing of the government's motion and the date on which a future conference may be held to address other pretrial issues, or, if no conferences are held, then the date the last-filed motion is resolved by the Court, and that the ends of justice that would be served by granting the exclusion of time outweigh the best interest of the public

and the defendants in a speedy trial. The Court further finds that given the complex nature of this matter, appointed counsel should be permitted to submit billing on an interim basis.

THE COURT FURTHER ORDERS:

1. The Court adopts the parties' stipulated schedule, as described above.

2. In the event of a Superseding Indictment or any other significant change in circumstances, counsel for the parties will confer about whether the trial date and deadlines in this Order should be changed and if any such changes are necessary, what those changes should be. If counsel for the parties are unable to agree, counsel will request a status conference. If counsel for the parties agree to a revised trial date and other deadlines, counsel will submit a proposed amended scheduling order for the Court's consideration.

3. All other pretrial issues not otherwise addressed here should be raised and discussed as appropriate at future conferences to be scheduled by the Court. Such issues may include scheduling of discovery of witness statements, informant identities, and *Brady* and *Giglio* material; and scheduling of disclosure of audio recordings and transcripts anticipated to be used at trial and challenges to such anticipated evidence.

IT IS SO ORDERED.

DATED: December 11, 2018.

WILLIAM P. JOHNSON

_____
CHIEF UNITED STATES DISTRICT JUDGE