**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 18-CR-2945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendants' Joint Opposed Motion to Strike Surplusage from Indictment. [Doc. 59, filed October 31, 2018]. Having reviewed the parties' briefs and applicable law, Defendants' Motion is **DENIED**.

## BACKGROUND

Relevant to this case are only the facts contained in the indictment. Defendants, Jany Leveille, Siraj Ibn Wahhaj, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton were indicted for violations of 18 U.S.C. § 371, conspiracy, and 18 U.S.C. § 922(g)(e)(5) and 2, illegal alien in possession of a firearm and ammunition. [Doc. 25].

Specifically, the indictment charges Leveille with possession of firearms by a non-citizen without status that permits firearms possession. [Doc. 25]. It also charges Leveille, Siraj Wahhaj, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton with conspiracy to provide Leveille with a firearm. [*Id.*]. The indictment alleges that Siraj and Hujrah "gathered firearms and ammunition" and "transported firearms and ammunition from the State of Georgia to the State of New Mexico." [*Id.* ¶¶ 2, 4]. The allegations in the indictment include that all Defendants "traveled over state lines

with firearms and ammunition" and that Siraj, Hujrah, Subhanah, and Lucas "provided Jany Leveille possession of firearms" and "ammunition[.]" [*Id.* ¶¶ 6, 12].

The indictment also states:

- Jany Leveille and Siraj Ibn Wahhaj "transported across state lines minor children in fulfillment of Jany Leveille's religious prophecies." [*Id.* ¶ 3].

- Defendants "established a residence, training camp, and firing range at which they stored firearms and ammunition and engaged in firearms and tactical training as part of their common plan to prepare for violent attacks on government, military, educational, and financial institutions in fulfillment of Jany Leveille's religious prophecies." [*Id.* ¶ 5].

- Defendants "possessed and discharged firearms as part of their common plan to prepare for violent attacks on government, military, educational, and financial institutions in fulfillment of Jany Leveille's religious prophecies." [*Id.* ¶ 8].

- Defendants "established a training camp and firing range at which [Defendants] and minor children engaged in firearms and tactical training as part of their common plan to prepare for violent attacks on government, military, educational, and financial institutions in fulfillment of Jany Leveille's religious prophecies." [*Id.* ¶ 9].

- Defendants "stored firearms and ammunition as part of their common plan to prepare for violent attacks on government, military, educational, and financial institutions in fulfillment of Jany Leveille's religious prophecies." [*Id.* ¶ 10].

- "Jany Leveille and Siraj Ibn Wahhaj, and others known and unknown to the grand jury, sought to recruit and train persons, including minor children, to be prepared to engage in jihad and train an army of jihad and to die as martyrs as part of the common plan to

prepare for violent attacks on government, military, educational, and financial institutions in fulfillment of Jany Leveille's religious prophecies." [*Id.* ¶ 11].

Defendants seek to strike all or part of these paragraphs.

## STANDARD

The Federal Rules of Criminal Procedures provide that "[u]pon the defendant's motion, the court may strike surplusage from the indictment." Fed.R.Crim.P. 7(d). "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed.R.Crim.P. 7, advisory committee's note to 1944 amendment. "Acting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins,* 920 F.2d 619, 631 (10th Cir. 1990).[1] "However, language in the indictment or information describing the essential elements of the crime alleged is not surplusage and cannot be stricken under Rule 7(d)." *Id.* (citations omitted).

Thus, Rule 7(d) gives the Court discretion to "strike as surplusage allegations not relevant to the charge at issue." *United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006). Under Rule 7(d), the word "relevant" means "allegations which are both independent of and unnecessary to the offense on which a conviction ultimately rests." *Id.*

## DISCUSSION

The Court must determine whether the language contained in the abovementioned paragraphs of the indictment are relevant to the charges at issue. To convict under 18 U.S.C. § 371 the government must prove beyond a reasonable doubt that: (1) "the defendant agreed with at least

---

[1] Defendants argue that *United States v. Zabawa* held that surplusage may be stricken if an "allegation is not relevant, *or* is inflammatory *or* prejudicial." 39 F.3d 279, 285 (10th Cir. 1994) (emphasis added). Consequently, overruling the rule in *Collins*. However, *Zabawa* cited *Collins* and offered no discussion regarding the issue. If the Tenth Circuit wanted to overrule *Collins*'s rule it would have stated so clearly.

one other person to violate the law"; (2) "one of the conspirators engaged in at least one overt act furthering the conspiracy's objective"; (3) "the defendant knew the essential objective of the conspiracy." (4) "the defendant knowingly and voluntarily participated"; (5) "there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged." *Tenth Circuit Pattern Criminal Jury Instructions* § 2.19 (citing *United States v. Rahseparian*, 231 F.3d 1267, 1272 (10th Cir. 2000); *United States v. Hanzlicek*, 187 F.3d 1228, 1232 (10th Cir. 1999); *United States v. McVeigh*, 153 F.3d 1166, 1196 (10th Cir. 1998); *United States v. Edwards*, 69 F.3d 419, 431 (10th Cir. 1995); *United States v. Johnson*, 12 F.3d 1540, 1545 (10th Cir. 1993); and *United States v. Arutunoff*, 1 F.3d 1112, 1116 (10th Cir. 1993)).

"Interdependence exists where coconspirators inten[d] to act together for their shared mutual benefit within the scope of the conspiracy charged." *United States v. Caldwell*, 589 F.3d 1323, 1329 (10th Cir. 2009) (alteration in original) (citation and internal quotation marks omitted).

Defendants argue that the contents of paragraphs 3, 8, 9, 10, and 11 of the indictment are surplusage because these are not relevant to the charged offenses, and these are "terrorism and kidnapping allegations". [Doc. 59 at 5-10]. The government counters by arguing that "the allegations are relevant to the objective, the manner and means, and the overt acts each Defendant took in furtherance of the conspiracy and are further essential to establish the interdependence of the Defendants." [Doc. 69 at 5]. The Court agrees with the government.

The conspiracy Defendants allegedly engaged in has elements of religious prophecy, interstate travel and transport of firearms, firearms training of Defendants and children to engage in "jihad", and preparation for violent attacks on government, military, educational, and financial institutions in fulfillment of Leveille's religious prophecies, all of which relate to the firearms

count of the indictment.[2] The government states that it is ready to prove these allegations to a jury based on the evidence it has at hand.

The allegations taken as a whole are relevant to the charge as these describe how Defendants conspired and it describes the reasons for which they acquired the weapons and ammunitions in order to accomplish Jany Leveille's religious prophecies. If only read separately, the allegations may appear to be irrelevant to the charges in the indictment, but taken together, the allegations are relevant to the objective, the manner and means, and the overt acts each Defendant took in furtherance of the conspiracy and are relevant to establish the interdependence of Defendants. For example, the indictment mentions firearms and ammunitions at several instances, the allegations also state how Defendants obtained these firearms and ammunitions, described the purpose for which these weapons were obtained, and how Defendants acted in order to further their conspiracy. Therefore, the Court finds that these allegations are not surplusage to the indictment. *See United States v. Pires*, 642 F.3d 1, 11 (1st Cir. 2011) ("[E]vidence that bears on the question of motive ordinarily has some probative value in a criminal case."); *United States v. Mulder*, 273 F.3d 91, 99-100 (2d Cir. 2001) ("Because the six challenged paragraphs, which generally described the tactics and purposes of labor coalitions, discussed background evidence that was properly admissible and relevant, the district court did not err by refusing to strike these paragraphs from the indictment."); *United States v. Oakar*, 111 F.3d 146 (D.C. Cir. 1997) (holding that the allegations in count charging conspiracy to deceive Federal Elections Commission as to campaign contributions which alleged that Congresswoman and aide used part of loan made in name of third party to finance publication and distribution of community newspapers supporting

---

[2] Defendants take issue with the government's use of the word "jihad". Defendants argue that this word is inflammatory and susceptible to different meanings. The government argues that it uses this word because the evidence will show that Defendants used it and left no ambiguity as to what, in their view, "jihad" meant to murder people.

Congresswoman's reelection were relevant to alleged conspiracy); *United States v. Marshall*, 985 F.2d 901, 905-06 (7th Cir. 1993) (indictment in conspiracy case which was 25 pages long and alleged that defendants had committed 94 overt acts was neither inflammatory nor prejudicial because it "delineated with great specificity the numerous charges alleged by the government against each defendant[.]"); *United States v. Montour*, 944 F.2d 1019, 1026 (2d Cir. 1991) ("[A]s long as the overt acts alleged are relevant to the conspiracy charge, the trial judge's refusal to strike is not error."); *United States v. Terrigno*, 838 F.2d 371 (9th Cir. 1988) (repeated statements in federal embezzlement and conversion indictment, that defendant embezzled funds which were destined for the "poor and homeless," while prejudicial, were not surplusage, but were material and relevant.); *United States v. Parker*, 469 F.2d 884, 894 (10th Cir. 1972) ("That one person does not physically do all the acts constituting the conspiracy does not mean he may not be charged with participating in it[,]" and so refusal to strike allegation of "[c]ausing the bombs to be made" was not error).

Finally, if after close of evidence at trial Defendants can establish some discrepancy between the allegations and the government's evidence at trial, the Court will then take cautionary instructions or potentially reconsider Defendants' Motion to Strike Surplusage. *See United States v. Baez*, 703 F.2d 453, 455 (10th Cir. 1983) (holding that "cautionary instructions limiting the jury's use of the guilty plea to permissible purposes are critical." (citations omitted)); *see also United States v. Pace*, No. CR 04-0550 RB, 2004 WL 7337785, at *2 (D.N.M. Nov. 10, 2004) (finding that jury normally does not have access to the indictment, and in the event the jury requests to see the indictment, the Court would entertain any request for a limiting instruction); and *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981) (holding that courts have "permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent,

contradictory controlling authority exists, or the original order is clearly erroneous." (citations omitted)).

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Joint Opposed Motion to Strike Surplusage from Indictment, [Doc. 59, filed October 31, 2018], is hereby **DENIED** for reasons stated in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE