IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 1 3 2019

MITCHELL R. ELFERS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>**JANY LEVEILLE,**<br>**SIRAJ IBN WAHHAJ,**<br>**HUJRAH WAHHAJ,**<br>**SUBHANAH WAHHAJ, and**<br>**LUCAS MORTON,**<br><br>  Defendants. | CRIMINAL NO. <u>18-2945 WJ</u><br><br>Count One: 18 U.S.C. § 2339A, Conspiracy to Provide Material Support to Terrorists;<br><br>Count Two: 18 U.S.C. §§ 2339A & 2, Providing Material Support to Terrorists;<br><br>Count Three: 18 U.S.C. § 1117, Conspiracy to Murder an Officer or Employee of the United States;<br><br>Count Four: 18 U.S.C. § 371, Conspiracy to Commit an Offense Against the United States;<br><br>Count Five: 18 U.S.C. §§ 922(g)(5) & 2, Possessing a Firearm While Unlawfully in the United States;<br><br>Count Six: 18 U.S.C. § 1201(c), Conspiracy to Commit Kidnapping;<br><br>Count Seven: 18 U.S.C. §§ 1201(a) & 2, Kidnapping; and<br><br>Forfeiture Notice: 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461. |

## SUPERSEDING INDICTMENT

The Grand Jury for the District of New Mexico charges:

Count 1

A.   The Agreement

1.   From a date unknown to the Grand Jury, but at least from in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON**, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to provide material support and resources, including currency, training, weapons, and personnel, knowing and intending that they were to be used in preparation for and in carrying out attacks to kill officers and employees of the United States, in violation of 18 U.S.C. § 1114. As part of a common plan, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** maintained a training compound to prepare for attacks on government, military, and other institutions.

B.   The Manner and Means of the Conspiracy

The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following:

2.   That **SIRAJ IBN WAHHAJ** and **HUJRAH WAHHAJ** gathered firearms and ammunition.

3.   That **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** transported personnel, firearms, and ammunition across state lines.

4.   That **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** constructed and maintained a training

compound.

5.  That **JANY LEVEILLE**, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** stored firearms and ammunition on the training compound.

6.  That **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** constructed and maintained a firing range and engaged in firearms and tactical training with other occupants of the training compound.

C.  The Overt Acts of the Conspiracy

In furtherance of the conspiracy, and to effect the objects thereof, **JANY LEVEILLE**, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** committed overt acts within the District of New Mexico and elsewhere, including, but not limited to, the following:

7.  In or about December 2017, in the State of Georgia, **SIRAJ IBN WAHHAJ** provided at least ten firearms to his coconspirators.

8.  In or about December 2017, in the State of Georgia, **HUJRAH WAHHAJ** provided at least one firearm to her coconspirators.

9.  In or about December 2017, **JANY LEVEILLE**, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, and **SUBHANAH WAHHAJ** traveled with others from the State of Georgia to the State of Alabama in vehicles owned by **JANY LEVEILLE** and others, while armed with firearms and ammunition.

10. In or about December 2017, **JANY LEVEILLE**, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** traveled with others from the State of Alabama to the State of New Mexico in a vehicle owned by **LUCAS**

MORTON, while armed with firearms and ammunition.

11. In or between December 2017 and August 2018, in the District of New Mexico, **SUBHANAH WAHHAJ** provided financial support to her coconspirators.

12. In or between December 2017 and August 2018, in the District of New Mexico, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** built and maintained a training compound comprised of materials such as a wooden frame, a trailer, plastic tarps, and tire walls and barriers.

13. In or between December 2017 and August 2018, in the District of New Mexico, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** stored firearms and ammunition on the training compound.

14. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** built a firing range on the training compound.

15. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** dug an underground tunnel leading away from the training compound.

16. In or between December 2017 and August 2018, in the District of New Mexico, **JANY LEVEILLE** possessed and shot a firearm on the training compound's firing range.

17. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** possessed and shot a firearm on the training compound's firing range.

18. In or between December 2017 and August 2018, in the District of New Mexico, **HUJRAH WAHHAJ** possessed and shot a firearm on the training compound's firing range.

19. In or between December 2017 and August 2018, in the District of New Mexico,

SUBHANAH WAHHAJ possessed and shot a firearm on the training compound's firing range.

20. In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** possessed and shot a firearm on the training compound's firing range.

21. In or about December 2017, in the District of Georgia, **JANY LEVEILLE** and **LUCAS MORTON** solicited one of **SIRAJ IBN WAHHAJ's** relatives to join the occupants of the training compound in the State of New Mexico, to bring money and firearms, and to die as a martyr.

22. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** trained persons, including other members of the training compound, in using firearms and performing tactical maneuvers.

23. In or between December 2017 and August 2018, in the District of New Mexico and elsewhere, **JANY LEVEILLE** and **SIRAJ IBN WAHHAJ** instructed persons, including other occupants of the training compound, to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including killing Federal Bureau of Investigation employees, government officials, and military personnel.

In violation of 18 U.S.C. § 2339A.

## Count 2

24. The factual allegations in paragraphs 2 through 23 of this Superseding Indictment are re-alleged as if set forth fully herein.

25. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico, and elsewhere, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON**

knowingly provided and attempted to provide material support and resources, including currency, training, weapons, and personnel, knowing and intending that they were to be used in preparation for and in carrying out attacks to kill officers and employees of the United States, in violation of 18 U.S.C. § 1114.

In violation of 18 U.S.C. §§ 2339A and 2.

## Count 3

26. The factual allegations in paragraphs 2 through 23 of this Superseding Indictment are re-alleged as if set forth fully herein.

27. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico, and elsewhere, **JANY LEVEILLE, SIRAJ IBN WAHHAJ**, and **LUCAS MORTON**, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to attack and kill officers and employees of the United States, in violation of 18 U.S.C. § 1114. It was a part and an object of the conspiracy that **JANY LEVEILLE, SIRAJ IBN WAHHAJ,** and **LUCAS MORTON** would kill officers and employees of the United States, to wit, Federal Bureau of Investigation employees, government officials, and military personnel.

28. In furtherance of the conspiracy, and to effect the objects thereof, **JANY LEVEILLE, SIRAJ IBN WAHHAJ,** and **LUCAS MORTON** committed overt acts within the District of New Mexico and elsewhere, including, but not limited to, those acts alleged in paragraphs 7 through 23.

In violation of 18 U.S.C. § 1117.

## Count 4

29. The factual allegations in paragraphs 2 through 23 of this Superseding

Indictment are re-alleged as if set forth fully herein.

30. From a date unknown to the Grand Jury, but at least from in or about October 2017, and continuing thereafter until at least in or about August 2018, in the District of New Mexico and elsewhere, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ**, and **LUCAS MORTON**, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to commit an offense against the United States, to wit, to knowingly provide **JANY LEVEILLE**, an alien who was illegally and unlawfully in the United States, possession of firearms, in violation of 18 U.S.C. § 922(g)(5).

31. In furtherance of the conspiracy, and to effect the objects thereof, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ**, and **LUCAS MORTON**, and others known and unknown to the Grand Jury, committed overt acts within the District of New Mexico and elsewhere, including, but not limited to, those acts alleged in paragraphs 7 through 23.

In violation of 18 U.S.C. § 371.

## Count 5

32. The factual allegations in paragraphs 2 through 23 of this Superseding Indictment are re-alleged as if set forth fully herein.

33. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico, and elsewhere, **JANY LEVEILLE**, being an alien illegally and unlawfully in the United States, knowingly possessed, in and affecting commerce, firearms and ammunition, and **SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH**

**WAHHAJ**, and **LUCAS MORTON** knowingly aided and abetted the defendant, **JANY LEVEILLE**, in so doing.

In violation of 18 U.S.C. §§ 922(g)(5) and 2.

## Count 6

34. The factual allegations in paragraphs 2 through 13 of this Superseding Indictment are re-alleged as if set forth fully herein.

35. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **JANY LEVEILLE, HUJRAH WAHHAJ, SUBHANAH WAHHAJ**, and **LUCAS MORTON**, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold **JOHN DOE**, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully transport **JOHN DOE** in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold **JOHN DOE**, resulting in his death.

In violation of 18 U.S.C. § 1201(c).

## Count 7

36. The factual allegations in paragraphs 2 through 13 of this Superseding Indictment are re-alleged as if set forth fully herein.

37. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **JANY LEVEILLE, HUJRAH WAHHAJ, SUBHANAH WAHHAJ**, and **LUCAS MORTON** knowingly did and did attempt to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold

**JOHN DOE**, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully transport **JOHN DOE** in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold **JOHN DOE**, resulting in his death.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

FORFEITURE NOTICE

The preceding charges of this Superseding Indictment are incorporated as part of this section as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1), by 28 U.S.C. § 2461(c).

Upon conviction of the offense alleged in this Superseding Indictment, **JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c), any interest they may have in:

(1) a Marlin 336R 30-30 caliber rifle having serial number R2898;

(2) a Glock 17 Gen4, 9 mm pistol, having serial number BDLC017;

(3) a Glock 26 Gen4, 9 mm pistol, having serial number BEUV018;

(4) a Kimber Pro Aegis II, 9 mm pistol, having serial number KRF7874;

(5) a Ruger SP101, .357 caliber revolver, having serial number 575-55758;

(6) a Sanayi CZ 612 HC-P, 12 gauge shotgun, having serial number 116A12;

(7) a Smith & Wesson 642, .38 caliber revolver, having serial number CVB3274;

(8) a HS Products XD40, .40 caliber pistol, having serial number US411172;

(9) a Glock 42, .38 caliber pistol, having serial number ABDB288;

(10) a Savage 10, .308 caliber rifle, having serial number H602915;

(11)　　a Bushmaster XM15-E2s, .223 caliber rifle, having serial number BF1659484;

(12)　　approximately five-hundred (500) rounds of ammunition of various caliber;

(13)　　approximately twelve (12) high-capacity firearms magazines;

(14)　　a bullet-proof vest; and

(15)　　other assorted firearms accessories.

　　　　　　　　　　　　　　　　　　　　A TRUE BILL:

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　FOREPERSON OF THE GRAND JURY

Assistant United States Attorney