IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 18-CR-02945-WJ |
| vs. | ) | |
| | ) | |
| **JANY LEVEILLE,** | ) | |
| **SIRAJ IBN WAHHAJ,** | ) | |
| **HUJRAH WAHHAJ,** | ) | |
| **SUBHANAH WAHHAJ, and** | ) | |
| **LUCAS MORTON,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF INTENTION TO OFFER EXPERT TESTIMONY</u>

Pursuant to Fed. R. Crim. P. 16(c) and the Court's discovery and scheduling orders, the United States gives notice that it intends to introduce during its case-in-chief at trial, expert testimony and testimony that may arguably be considered as expert testimony, as described in the following paragraphs. The United States submits that all such evidence is relevant to the issues to be tried before the jury in this case. Further, the United States submits that this testimony is admissible evidence under Fed. R. Evid. 702 and 703, and that each witness has "a reliable basis in knowledge and experience" in his or her respective discipline. As grounds, the United States shows the following:

1.     The United States intends to call Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Firearms Enforcement Officer (FEO) James L. Barlow, Jr. to testify about his examination and testing of the firearms, ammunition, and firearms accessories seized in the course of the investigation of this matter. FEO Barlow will testify, among other things, that, based on

his examination of the items, they are "firearms" for purposes of federal law, and they function as designed.  FEO Barlow will further testify that there is an interstate nexus for the firearms and ammunition seized in the course of the investigation of this matter.  The testimony of FEO Barlow may include expert opinions or specialized knowledge regarding the examination of firearms and ammunition that is derived from his education, training, and professional experience.

2.     The United States further intends to call Randy Watt to testify about the firearms and tactics training the defendants and others engaged in on their property in Amalia, New Mexico between in or about December 2017 and August 2018.  Mr. Watt will offer expert testimony about the design, construction, purposes, and use of the training areas on the property; the design, construction, purposes, and use of other areas on the property, to include the dwellings, barriers, and tunnels; whether and to what extent the training was consistent with defensive or offensive purposes; whether and to what extent the defendants' and others' firearms and tactical training activities on the property were consistent with known terrorist tactics, techniques, and procedures; the sources and significance of writings of the defendants, including handwritten notes "Phases of a Terrorist Attack"; and general terrorism and counter-terrorism knowledge and doctrine generally and as applied to the facts of this case.   The testimony of Mr. Watt may include expert opinions or specialized knowledge regarding firearms and tactics training and counter-terrorism that is derived from his education, training, and professional experience.

3.     The United States further intends to call Gloria Smikle, Nurse Practitioner, the medical care provider of John Doe, to testify about medical treatment she provided John Doe prior to his death.   Ms. Smikle will testify about John Doe's medical diagnosis and treatment history. Ms. Smikle also will testify that John Doe suffered from a seizure disorder, that his medical

conditions required continuing medical treatment, that he required daily prescription medication, and that death was the likely eventual outcome in the event John Doe did not receive his required treatment and prescription medication.   Ms. Smikle will also testify about physical and emotional stressors that could aggravate John Doe's medical conditions.   The testimony of Nurse Practitioner Smikle may include expert opinions or specialized knowledge regarding medical diagnosis and treatment that is derived from her education, training, and professional experience.

4.      The United States further intends to call Hannah A. Kastenbaum, M.D., New Mexico Office of the Medical Investigator, to testify about the autopsy of John Doe, a minor victim in this case, the condition of his body when examined, and the time, manner, and cause of his death.   The testimony of Dr. Kastenbaum may include expert opinions or specialized knowledge regarding medical diagnosis and pathology that is derived from her education, training, and professional experience.

5.      The United States further intends to call John P. Phillips, M.D.   Dr. Phillips is a professor of neurology and pediatrics at the University of New Mexico.   He will testify about medical treatment he provided John Doe prior to his death.   Dr. Phillips will testify about John Doe's medical diagnosis and treatment history.   Dr. Phillips also will testify that John Doe suffered from a seizure disorder, that his medical conditions required continuing medical treatment, that he required daily prescription medication, and that death was the likely eventual outcome in the event John Doe did not receive his required treatment and prescription medication.   Dr. Phillips will also testify about physical and emotional stressors that could aggravate John Doe's medical conditions.   Dr. Phillips will testify about John Doe's cause of death.   The testimony of Dr. Phillips may include expert opinions or specialized knowledge

regarding medical diagnosis, treatment, and pathology that is derived from his education, training, and professional experience.

6.      The qualifications of the various aforementioned expert witnesses have been or will be provided as discovery to Defendants and their counsel.   The opinions and the bases and reasons for the opinions of the aforementioned experts will be provided to Defendants and their counsel as supplemental discovery once the experts have had an opportunity to review completed discovery and have rendered their opinions in writing.

7.      The above-described expert testimony and evidence is offered to aid the jury in determining the issues of the case.

8.      The United States respectfully requests that the Court exercise its "special gatekeeping obligation" and determine that the proposed testimony of each proposed witness is admissible, as each of the witnesses has "a reliable basis in knowledge and experience" in his or her respective discipline.  *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221-22 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003, 124 S.Ct. 533 (2003).

9.      It is within the broad discretion of the Court to determine the means for assessing an expert's reliability and to make the ultimate determination of reliability.   *Dodge*, 328 F.3d at 1222.   As the proposed testimony is standard trial testimony in firearms cases, the United States respectfully requests that the Court treat this Notice as a proffer on the training and background of these witnesses, issue an order recognizing each of the witnesses as an expert, and permit the introduction of the testimony described herein.   Specifically, the United States asks that the Court make a finding, upon hearing testimony, that the testimony of each witness "has a reliable basis in

the knowledge and experience of [their relevant] discipline[s]."  *See id.*  (quoting *Kumho Tire*,

526 U.S. at 149).   The United States respectfully requests that the Court reserve its "reliability

determination" until the United States introduces into evidence the experience and training of each

witness at trial.

WHEREFORE, the United States respectfully requests that this Court find that the

proposed testimony of each of the aforementioned witnesses has a "reliable basis in the knowledge

and experience" in the various fields as indicated herein, and that the proposed testimony will aid

the jury in determining the issues of the case.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed*
GEORGE C. KRAEHE
Assistant United States Attorney
P.O. Box 607
Albuquerque, N. M. 87103
(505) 346-7274

I HEREBY CERTIFY that
a true copy of this Notice
was provided to Counsel
for Defendants on the date
filed by CM/ECF.

*Electronically filed*
GEORGE C. KRAEHE
Assistant United States Attorney