IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                                                                    No. 1:18-CR-02945-WJ

JANY LEVEILLE, et al.,

                    Defendants.


**DEFENDANTS' JOINT UNOPPOSED JOINT MOTION TO EXTEND PRETRIAL
MOTION DEADLINES**

Defendant Subhanah Wahhaj, joined by all Defendants, through counsel, move this Court

for an order extending by sixty (60) days the deadlines for Defendants to complete all discovery

including expert witness disclosures, discovery motions, and *Daubert* Motions, along with

corresponding responses, and replies.  The remaining deadlines in the Amended Scheduling Order

[Doc. 95] not sought to be extended herein shall be unchanged.

**BACKGROUND**

On September 11, 2018, a grand jury returned an Indictment, charging Defendants with

possession of firearms by a non-citizen without status that permits firearms possession and

conspiracy to commit that offense. *See* Indictment [Doc. 25]. On October 3, 2018, this Court

entered an Order declaring the case complex. *See* Order [Doc. 49]. Several months later, on March

13, 2019, a Superseding Indictment was returned, adding counts related to alleged terrorism and

kidnapping conspiracies, including (Count 1) Conspiracy to Provide Material Support to

Terrorists, in violation of 18 U.S.C. § 2339A, (Count 2) Providing Material Support to Terrorists,

in violation of 18 U.S.C. §§ 2339A & 2, (Count 3) Conspiracy to Murder an Officer or Employee

of the United States, in violation 18 U.S.C. § 1117, (Count 4) Conspiracy to Commit an Offense

Against the United States, in violation of 18 U.S.C. § 371, (Count 6) Conspiracy to Commit

Kidnapping, in violation of 18 U.S.C. § 1201(c), and (Count 7) Kidnapping, in violation of 18 U.S.C. §§ 1201(a) & 2. *See* Superseding Indictment [Doc. 85]. If convicted of these offenses, Defendants face potential life sentences.

On April 5, 2019, recognizing that "[a]dditional time [was] needed to complete investigation of this matter, to declassify discoverable materials, and to complete discovery" following the Superseding Indictment, the Court entered an Amended Scheduling Order. *See* First Amended Scheduling Order [Doc. 95]. Pursuant to the Amended Scheduling Order trial in this matter is currently set for April 13, 2020, with a corresponding time for the acceptance of plea agreements, exchange of trial materials, including exhibit and witness lists, as well deadlines for the Defendants to file motions related to pretrial discovery litigation (October 11, 2019), expert disclosures (September 13, 2019), and *Daubert* Motions, responses and replies (October 11, October 25, and November 1). *See Id*. Pursuant to the Amended Scheduling Order, the United States' discovery, including all expert disclosures, was due on July 12, 2019. *Id.* at 2. On July 9, 2019, the United States filed its Notice of Intention to Offer Expert Testimony. *See* Notice [Doc. 127]. This Notice identified five experts the government intends to call. *See Id*., ¶¶ 1-5. The Notice states the government will provide to the defense the qualifications of the experts, their opinions and bases for the opinions "once the experts have had an opportunity to review completed discovery and have rendered their opinions in writing." *Id.* ¶ 6.

Upon inquiry from the defense, on August 30, 2019, the United States informed that it would be disclosing full expert reports within the next 3-4 weeks, along with the materials the experts relied upon. In that correspondence, the United States, by AUSA George Kraehe, indicated it did not object to a six-week extension of the *Daubert* Motion deadline and any expert related deadline.

On September 12, 2019, AUSA Kraehe stated that the United State does not oppose the defendants' request for a sixty (60) extension of the deadlines indicated herein and indicated that the government will produce Dr. John P. Phillip's expert report on September 13, 2019, with the production of Mr. Randy Watt's expert report to occur next week. The government further indicates that these are the only expert reports it currently anticipates producing. The original scheduling order allowed the defense two months from the time of completion of expert disclosures to prepare *Daubert* Motions. The government's initial proposal of a six-week extension, however, would allow for as little as two weeks for defense counsel to review discovery, identify experts, obtain approval for those experts, obtain review by those experts, and prepare *Daubert* Motions based on information received by those experts' review. Given the extremely complex nature of the case, the parties agree that a sixty (60) day extension of the deadline is reasonable and appropriate.

## ARGUMENT

The extension is necessary to allow time to review the supplemental expert disclosure that has not yet been produced, consult with appropriate defense experts regarding the disclosure, and prepare and file any *Daubert* Motions. In addition, Defendants require additional time to review and analyze the additional discovery provided in July, and previously, and independently investigate the bases for the underlying charges, which arose from a several years-long multi-state and multi-jurisdictional investigation of Defendants. Further, Defendants complex religious ideology also requires that Counsel conduct additional research regarding Islam and its various Haitian and Caribbean offshoots, in order to properly communicate with Defendants and anticipate potential defenses. Efforts to review and analyze discovery, conduct an independent investigation regarding the seven-count Superseding Indictment, and consult with various experts, are currently

underway but are not yet complete.  Accordingly, Counsel requests the Court enter an order extending the following deadlines by 60 days:

| Task | Current Deadline[1] | Extension | New Deadline[2] |
| --- | --- | --- | --- |
| Defendants to complete all discovery including expert disclosures | September 13, 2019 | 60 days | November 12, 2019 |
| Discovery motions | October 11, 2019 | 60 days | December 10, 2019 |
| *Daubert* Motions | October 11, 2019 | 60 days | December 9, 2019 |
| *Daubert* Responses | October 25, 2019 | 60 days | December 23, 2019 |
| *Daubert* Replies | November 1, 2019 | 60 days | January 6, 2019 |

Counsel submits that there is good cause to extend these deadlines, given the complex nature of the case, the amount of discovery involved, the multi-jurisdictional nature of the charges, and the amount of time Defendants face if convicted. The extensions requested are reasonable for counsel for the Defendants to provide well-informed advice regarding any potential plea offers or in the alternative to properly prepared for trial.

## CONCLUSION

For the reasons stated above, Defendants ask the Court to enter an order extending the Defendants' discovery completion, including expert witness disclosures, discovery motions, and *Daubert* Motions, responses, and replies by sixty (60 days).

---

[1] *See* First Amended Scheduling Order [Doc. 95].

[2] Some deadlines have been adjusted slightly to account for the holidays.

Respectfully submitted,

/s/ *Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
2501 Rio Grande Blvd NW Ste. A
Albuquerque, NM 87104
(505) 639-5709
ryan@rjvlawfirm.com

/s/ *Billy R. Blackburn*
Billy R. Blackburn
1011 Lomas Blvd. NW
Albuquerque, New Mexico 87102
(505) 242-1600
billy@bblackburnlaw.com

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for all parties. The United States, through its counsel,

Assistant United States Attorney George Kraehe, does not oppose this Motion.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document electronically through the CM/ECF system.

Such filing is the equivalent of service on parties of record.