# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**JANY LEVEILLE,** )<br>**SIRAJ IBN WAHHAJ,** )<br>**HUJRAH WAHHAJ,** )<br>**SUBHANAH WAHHAJ, and** )<br>**LUCAS MORTON,** )<br>)<br>Defendants. | NO. 18-CR-02945-WJ |

## SECOND STIPULATED SCHEDULING ORDER

The parties agree that the current trial setting of April 13, 2020, should be vacated and rescheduled, at the Court's convenience, for September or October 2020, and that the pre-trial deadlines should be adjusted accordingly. Therefore, the Court adopts the parties' amended stipulated scheduling order as follows:

Trial

**Jury Selection/Trial** is set for October 19, 2020, at 9:00 a.m., Bonito Courtroom.

**Pretrial Conference** is set for October 14, 2020, at 9:30 a.m., Bonito Courtroom

Jury instructions should be filed by July 24, 2020.

Objections to jury instructions should be filed August 7, 2020.

Responses to Objections to jury instructions August 21, 2020.

Motions in limine shall be filed no later than August 7, 2020 and responses thereto fourteen (14) days after filing.

1

Jencks material shall be provided no later than August 7, 2020.

Witness and exhibit lists, and voir dire, shall be filed August 7, 2020. The parties agree to exchange or make available all exhibits at that time.

Objections to witness and exhibit lists, and voir dire shall be due August 21, 2020.

Responses to objections to witness and exhibit lists, and voir dire shall be due September 4, 2020.

Plea agreements shall be entered no later than two weeks before trial.

Discovery

The United States will complete all discovery, including all expert disclosures, no later than December 20, 2019. Expert reports will be due on this date as well.

Defendants will complete all discovery, including expert disclosures, no later than January 31, 2020. Defense expert reports will be due on this date as well.

If it becomes clear that the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III causes significant delays in the processing of discovery, counsel for the United States will advise the Court and will, if necessary, seek an extension of the deadline for discovery and amendment of other deadlines and settings. All materials exchanged in discovery will be subject to the Sealed Protective Order entered by this Court on September 28, 2018, (Doc. 45), except to the extent the Sealed Protective Order conflicts with CIPA, in which case CIPA shall govern. If CIPA concerns arise the government will propose a CIPA Protective Order for all parties.

Motions Deadlines

All motions concerning discovery shall be filed no later than February 14, 2020. Responses to these motions shall be governed by the Federal Rules of Criminal Procedure and this Court's Local Rules.

*Daubert* Motions and notices of co-conspirator statements (*James*) shall be due February 14, 2020.

Responses to *Daubert* Motions and notices of co-conspirator statements (*James*) shall be due March 13, 2020.

Replies to *Daubert* Motions and notices of co-conspirator statements (*James*) will be due March 27, 2020.

Substantive motions (government and defense); Fed. R. Evid. 404(b) and 609 notices, and *res gestae* disclosure by government shall be filed April 10, 2020.

Responses to substantive motions; Objections/responses to Fed. R. Evid. 404(b) and 609 notices; and *res gestae* disclosure due May 8, 2020.

Replies to substantive motions; Fed. R. Evid. 404(b) and 609 notices; and *res gestae* disclosure due May 22, 2020.

The Court, having considered the parties' representations and proposals, and finding the proposals to be well taken,

THE COURT FINDS THAT there is good cause for an exclusion, for the purposes of the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), of the time between the date of filing of the government's motion and the date on which a future conference may be held to address other pretrial issues, or, if no conferences are held, then the date the last-filed motion is resolved by the Court, and that the ends of justice that would be served by granting the

exclusion of time outweigh the best interest of the public and the defendants in a speedy trial. The Court further finds that given the complex nature of this matter, appointed counsel should be permitted to submit billing on an interim basis.

    THE COURT FURTHER ORDERS:

    1.    The Court adopts the parties' stipulated schedule, as described above.

    2.    All other pretrial issues not otherwise addressed here should be raised and discussed as appropriate at future conferences to be scheduled by the Court.  Such issues may include scheduling of discovery of witness statements, informant identities, and *Brady* and *Giglio* material; and scheduling of disclosure of audio recordings and transcripts anticipated to be used at trial and challenges to such anticipated evidence.

    IT IS SO ORDERED.

    DATED:  December 17, 2019.


                                        WILLIAM P. JOHNSON

                                        CHIEF UNITED STATES DISTRICT JUDGE