IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                No. 1:18-CR-02945-WJ

JAN LEVEILLE,
SIRAJ IBN WAHAJ,
HUJRAH WAHAJ,
SUBHANAH WAHAJ, and
LUCAS MORTON,

        Defendants.

**MEMORANDUM OPINION AND ORDER
FINDING DEFENDANT LUCAS MORTON INCOMPETENT AND COMMITTING
HIM TO THE CUSTODY OF THE ATTORNEY GENERAL TO DETERMINE
WHETHER HE CAN BE RESTORED TO COMPETENCY**

THIS MATTER comes before the Court upon the Government's Sealed Opposed Motion for Order Finding Defendant Lucas Morton Incompetent and Committing Him to the Custody of the Attorney General to Determine Whether He Can Be Restored to Competency, filed May 14, 2020 (**Doc. 216,** *Ex Parte*).[1] Having considered the matter, the parties' arguments and the relevant law, the Court finds the motion is well-taken and, therefore, is granted.

Defendant Morton ("Morton") and four others are charged with a violation of violation of 18 U.S.C. § 371, conspiracy to provide firearms to a person unlawfully in the United States. On March 14, 2019, the Grand Jury returned a superseding indictment against Defendants,

---

[1] This Order does not contain any specific or highly personal findings from the competency evaluation report, and so is filed as unsealed for public viewing. A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records. *See Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007) (parties must articulate a real and substantial interest that justifies depriving public of access to records that inform court's decision-making process) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 599 (1978)).

alleging violations of 18 U.S.C. §§ 371 (conspiracy), 922(g)(5) (possession of firearms by person unlawfully in the United States), 1117 (conspiracy to murder a federal employee), 1201 (kidnapping), and 2339A (material support of a terrorist). (Doc. 85.)

On January 28, 2020, Morton filed an unopposed motion to determine competency pursuant to 18 U.S.C. § 4241. (Doc. 179.) On February 10, 2020, the Court entered a sealed order, granting the Morton's motion, and referring Morton to the Bureau of Prisons for a competency evaluation. (Doc. 188.)  On May 5, 2020, Dr. Jessica Micono filed her Sealed Forensic Evaluation and Report with the Court. (Doc. 213).  Dr. Micono opined that Mr. Morton was not competent to stand trial, and recommended that he be committed to a federal medical center for treatment for restoration to competence under 18 U.S.C. § 4241(d). (Doc. 213, p. 20).

By reported dated May 4, 2020, Jessica Micono, Psy.D. found that Morton suffers from a disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him, and is incompetent to stand trial. (Doc. 213 at 20.)  She recommended that Morton be committed to a federal medical center for treatment for restoration to competence pursuant to 18 U.S.C. § 4241(d), indicating that the prognosis for restoration "appears to be positive, as psychotic symptoms tend to respond well to treatment with antipsychotic medication." (Doc. 213 at 20.)

The Government does not contest Dr. Micono's conclusion and therefore does not object to the Court entering a finding that Defendant Lucas Morton is incompetent to stand trial and should be committed to the custody of the Attorney General to determine whether he can be restored to competence.

Defendant "philosophically" opposes the Government's motion but at the same time recognizes that the operative statute and binding circuit law and precedent governs this issue and files the response to preserve the issue for appeal.

As the Government observes, courts have consistently held that, upon finding by a preponderance of the evidence that a defendant currently is not competent to stand trial, the trial court's decision to commit the defendant to the custody of the Attorney General pursuant to § 4241(d) is not discretionary. *See, e.g., United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008) ("In short, in contrast to the discretion afforded district courts in deciding whether to commit a defendant for a preliminary competency examination, *see id.* § 4241(b)…, once a defendant is found incompetent, commitment pursuant to § 4241(d) is mandatory."); *United States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003) (noting that although "[i]t is clear that the statutory scheme detailed by Congress in § 4241(d) provides the district court with the discretion to initially determine whether the defendant is competent to stand trial . . . after determining that a defendant is incompetent . . . a district court is required to commit the defendant to the custody of the Attorney General for a reasonable period of time to evaluate whether treatment would allow the trial to proceed"); *see* Doc. 216 at 4 (citing other cases). Therefore, the Court hereby FINDS Defendant Lucas Morton incompetent and committing him to the custody of the Attorney General for placement in a suitable facility in accordance with 18 U.S.C. § 4241(d).

**IS IT SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE