# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Clerk's Minutes

**Before the Honorable Chief Judge William P. Johnson**

**Case No.:** CR 18-2945 WJ          **Date:** August 10, 2021

**Parties:** USA v. Leveille, et al. (**Hujrah Wahhaj**)

**Courtroom Clerk:** R. Garcia          **Court Reporter:** M. Loughran

**Interpreter:** N/A

**Type of Proceeding:** Motion Hearing on [313] Motion to Withdraw as Counsel for Defendant

**Place of Court:** Albuquerque

**Total time in Court:** 25 minutes

**Evidentiary Hearing:** NO

| **Attorneys Present for Plaintiff(s):** | **Attorneys Present for Defendant(s):** |
|---|---|
| Kimberly Brawley, George C. Kraehe and Felice John Viti | Theresa Duncan and Carey Corlew Bhalla |

**Proceedings:**

4:05   Court in session; counsel enter appearances; Defendant present.

Ms. Duncan addresses counsels' motion to withdraw noting their client persists in requesting new counsel; believes her client would be willing to work with new counsel.

The Court addresses representation of Defendant; notes Ms. Duncan is qualified as learned counsel in capital cases, one of three in NM; notes Ms. Bhalla's extensive criminal experience as well; can't see being able to appoint counsel more qualified than current counsel.

Ms. Duncan responds noting experience/qualifications are not the issue, rather, it the level of trust in current counsel; Court responds, how do we know if we won't be in same place 6 months from now? Ms. Duncan responds noting breakdown in client/attorney relationship is specific to her and Ms. Bhalla; notes now is time to appoint new counsel so as to be able to get up to speed; advises client's request is not a delaying tactic.

4:22   Mr. Kraehe takes no position re withdraw; prefers that current counsel continue and development a

relationship conducive to effective representation; substitute counsel will only cause unncessary delay; believes that are no grounds for new counsel that Government can identify without knowing what matters are known only to defense counsel; Court asks if the Government would take position if new counsel appointed and we're back here later; Mr. Kraehe advises yes, there are constitutional concerns and there don't appear to be grounds that the Government can see without full knowledge of what counsel are basing there motion on; believes the Defendant is manufacturing grounds, or has unreasonably interpreted circumstances and facts in a plan to delay, or is just an unreasonable request based on unreasonable understanding of circumstances and facts; notes other defendant(s) engaging in same tactic; possible the Defendants may wish to represent themselves.

The Court was going to address self-representation with standby counsel; Court ask Mr. Kraehe what the law would require for that; Mr. Kraehe notes deft must request to represent herself, it must be timely and not for delay, it must be knowing and intelligent, and she must establish she can abide by court procedure; Court asks what options does it have if Defendant does not express clear desire to represent herself; Mr. Kraehe responds appoint new counsel or find that Defendant is waiving right to counsel by not cooperating; Court rephrases the question; Mr. Kraehe responds the Court may give Defendant choice of continuing with current counsel or representing herself, then make findings to allow her to represent herself; Mr. Kraehe would prefer current counsel proceed in the case; notes there may be factors to consider known only to defense counsel.

| | |
|---|---|
| 4:30 | The Court excuses counsel for the Government and moves into ex parte session. |