IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-CR-2945 WJ |
| | ) | |
| JANY LEVEILLE, | ) | |
| SIRAJ IBN WAHHAJ, | ) | |
| HUJRAH WAHHAJ, and | ) | |
| SUBHANAH WAHHAJ, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO JOINT MOTION TO LIFT STAY AS TO DEFENDANTS JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, AND SUBHANAH WAHHAJ AND FOR SCHEDULING CONFERENCE

Defendants Jany Leveille, Siraj Ibn Wahhaj, Hujrah Wahhaj, and Subhanah Wahhaj ("Defendants") ask the Court to lift the stay of trial in this case and schedule a scheduling conference. For the reasons set forth below, the United States opposes this motion and respectfully requests that it be denied.

## I. FACTUAL BACKGROUND

### A. The Initial Proceedings

The United States initiated this case by complaint filed on August 31, 2018, charging Siraj Wahhaj and the four other Defendants with violation of 18 U.S.C. § 371, conspiracy to provide firearms to a person unlawfully in the United States. (Doc. 1.) This was followed by an indictment charging the same offenses. (Doc. 25.) The Defendants were arrested on August 31, 2018, and first appeared before a judicial officer of this Court on September 4, 2018. (Doc. 13.)

1

They were arraigned on September 12, 2018, and the detention hearing was concluded with an order detaining them pending trial. (Docs. 32, 33, 38.) On October 3, 2018, the Court granted an unopposed motion for complex case designation, (Doc. 49), and subsequently entered a stipulated scheduling order, setting trial for April 13, 2020. (Doc. 74.) On December 17, 2019, the Court entered a second stipulated scheduling order, continuing trial until October 14, 2020. (Doc. 172.)

### B.   The Pending Charges

On March 13, 2019, the Grand Jury returned a seven-count superseding indictment against all five Defendants, alleging violations of 18 U.S.C. §§ 371 (Conspiracy to Commit an Offense Against the United States), 922(g)(5) (Possession of Firearms by a Person Unlawfully in the United States), 1117 (Conspiracy to Murder an Officer or Employee of the United States), 1201 (Kidnapping), 2339A (Providing Material Support to Terrorists), and 2339A (Conspiracy to Provide Material Support to Terrorists). (Doc. 85.) Siraj Ibn Wahaj is charged in five of those counts with violations of 18 U.S.C. §§ 2339A; 1117; 371; and 922(g)(5). The other Defendants are charged in all seven counts. The conspiracy counts allege common facts, namely, among other things, that Defendants sought to accomplish their conspiracies by gathering firearms and ammunition; by transporting personnel, firearms, and ammunition across state lines; by constructing and maintaining a training compound; by storing firearms and ammunition in the training compound; and by constructing and maintaining a firing range and engaging in firearms and tactical training with other members of the compound. (Doc. 85 at 2-3.) The co-conspirators also are alleged to have committed a number of overt acts in furtherance of their conspiracies. It is alleged that Defendants acted pursuant to a common agreement and

2

interdependently.

### C.  The Competency Evaluations and Resulting Stay of Proceedings

On June 19, 2019, the Court set a hearing on Defendant Jany Leveille's sealed ex parte motion to seek a competency evaluation.  (Doc. 112.)  The Court held a hearing on September 23, 2019, to address Defendant Jany Leveille's competency.  (Doc. 150.)  On October 17, 2019, the Court issued an order committing Defendant Jany Leveille to the Bureau of Prisons ("BOP") for further competency evaluation and treatment.  (Doc. 159.)

Since mid-January 2020, three other Defendants in succession have moved for competency evaluations, (Docs. 174, 176, 179), and the Court ordered each to be committed to BOP for competency evaluations: Defendant Hujrah Wahhaj, on February 3, 2020, (Doc. 181); Defendant Subhanah Wahhaj, on February 10, 2020, (Doc. 187); and Defendant Lucas Morton, on February 10, 2020, (Doc. 188).  In addition, the Court subsequently ordered Defendant Jany Leveille remain committed to BOP for further treatment.  (Doc. 194.)

On February 18, 2020, the Court granted a defense motion to stay all proceedings until resolution of pending competency determinations.  (Doc. 192.)  Defendants joined in this motion.  (Doc. 189.)

On August 5, 2020, the Court granted a motion finding Defendant Lucas Morton incompetent and committing him to BOP to determine whether he can be restored to competence.  (Doc. 243.)

On May 26, 2021, the Court found Subhanah Wahhaj competent to stand trial.  (Doc. No. 309.)  It found Hujrah Wahhaj competent to stand trial on May 28, 2021. (Doc. No. 311.)  On the same day, the Court entered an order extending Defendant Lucas Morton's commitment to

3

BOP to determine whether he can be restored to competency.  (Doc. 310.)

On November 3, 2021, Siraj Ibn Wahhaj filed a motion to dismiss based on an alleged violation of his constitutional speedy trial rights.  (Doc. 350.)

On January 19, 2022, the Court found Jany Leveille competent to stand trial. (Doc. No. 387.)  As of this date, competency proceedings remain unresolved only as to Lucas Morton.  However, a competency hearing to resolve Mr. Morton's competency question is scheduled for July 20, 2022, which was approximately seven weeks from the time the other four Defendants filed the instant motion requesting the Court to lift current stay of proceedings.  (Doc. No. 415.)

On February 11, 2022, the Court entered an order denying Siraj Ibn Wahhaj's motion to dismiss based on violation of his constitutional speedy trial rights.  (Doc. 388.)

### D.  The Court's General Stay of Proceedings Because of the COVID-19 Outbreak

On March 13, 2020, this Court issued Administrative Order 20-MC-00004-9, which included a directive that effective March 16, 2020, all jury trials scheduled before April 10, 2020, in the District of New Mexico be continued pending further order of the Court. Administrative Order 20-MC-00004-9, at 1 ¶ 1.  This order was entered in response to the ongoing coronavirus pandemic and was based on, among other things, the Centers for Disease Control and Prevention's report that the spread of COVID-19 is considered a pandemic, the President's declaration of a national emergency, and the New Mexico Governor's declaration of a state of public health emergency.  *See id.* at 1.  This order was based in part on findings of a "reduced ability to obtain an adequate spectrum of jurors and the effect of the public health recommendations on the availability of counsel and Court staff to be present in the courtroom[.]" *Id.* at 2.  The Court further ordered that the time period of the continuances implemented by the

4

order be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court extended its original stay of proceedings in a sequence of administrative orders entered on March 31, 2020 (Administrative Order, No. 20-MC-00004-15); April 27, 2020 (Administrative Order No. 20-MC-00004-17); May 19, 2020 (Administrative Order No. 20-MC-00004-19); July 6, 2020 (Supplemental Administrative Order No. 20-MC-00004-27); November 18, 2020 (Supplemental Administrative Order No. 20-MC-00004-39); December 21, 2020 (Supplemental Administrative Order No. 20-MC-00004-49); and on January 31, 2021 (Supplemental Administrative Order No. 21-MC-00004-4).  The proceedings are no longer stayed because of the COVID-19 pandemic or for any reason other than unresolved competency proceedings.

## II.  ARGUMENT

Defendants' Sixth Amendment speedy trial rights have not been violated.

The Sixth Amendment of the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. Am. VI. A Sixth Amendment speedy trial claim is assessed by balancing the four factors articulated in *Barker v. Wingo*, 407 U.S. 514 (1972). They are: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant. *Id.* at 530.  No single factor is determinative or necessary.  *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010).  All four factors are considered when determining whether a violation has occurred.  *Id.*

5

A.      **The Length of Delay Is Reasonable.**

The length of delay inquiry is a "double inquiry." *United States v. Black*, 830 F.3d 1099, 1111 (10th Cir. 2016).  First, to trigger a speedy trial analysis, the defendant must allege that the interval between accusation and trial has become "presumptively prejudicial." *Id.* Delays around one year generally satisfy the requirement of "presumptive prejudice." *United States v. Batie,* 433 F.3d 1287, 1290 (10th Cir. 2006).  If the defendant makes a showing of "presumptive prejudice," the court then must consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim. *Black*, 830 F.3d at 1112.  Additionally, a court may conclude that a lengthy delay is reasonable. *Seltzer*, 595 F.3d at 1176.  The reasonableness of a delay is dependent on the particular circumstances of the case.  *Id*.; *see also United States v. Koerber*, 10 F.4th 1083, 1109–10 (10th Cir. 2021) (finding delay of seven years did not violate Sixth Amendment where defendant did not assert Sixth Amendment right until after much of delay had occurred).

Here, Defendants' delay is presumptively prejudicial because it has been more than a year since the Indictment charging them was unsealed and they were arraigned; it has been over three years from the time the case was unsealed and Defendants were arraigned.  The inquiry, however, does not end there.  Next, the Court must decide how much weight to assign the delay, considering the length of time and the complexity of the case in order to determine if the delay exceeds the bare minimum for judicial examination of the claim.  *See United States v. Nixon*, 919 F.3d 1265, 1270 (10th Cir. 2019).  In doing this analysis, the Court must gauge the delay based on the simplicity or complexity of the federal charge or charges.  *See id.*

Here, the Court already has found that the case is complex enough to warrant delay. In its August 13, 2020, order denying Siraj Ibn Wahhaj's motion to lift the stay of proceedings, this Court found that "while the length of delay in this case is two years, it is not an unreasonable period of time for a case as complex as this one." (Doc. 250 at 8.) In its February 11, 2022, order denying Siraj Ibn Wahhaj's motion to dismiss on constitutional speedy trial grounds, this Court found "that a forty-one-month delay for a conspiracy case of this complexity and magnitude is not unreasonable." (Doc. 388 at 5.)

Defendants have also acknowledged the complexity of this case and have stipulated to a delay of proceedings more than once. As noted above, this case was declared complex by stipulation of the parties on October 3, 2018. (Doc. 49.) The case involves five defendants and a seven-count indictment, which includes three conspiracy counts. (Doc. 85.) Count One, Conspiracy to Provide Material Support to Terrorists, alleges sixteen overt acts over a lengthy period of time. (Doc. 85.) All of the Defendants also face four separate charges: alleging violations of 18 U.S.C. §§ 2339A (Conspiracy to Provide Material Support to Terrorists); 2339A (Providing Material Support to Terrorists); 1117 (Conspiracy to Murder an Officer or Employee of the United States); and 371 (Conspiracy to Commit an Offense Against the United States). (Doc. 85.) All of the Defendants except for Siraj Ibn Wahhaj are charged with violations of 18 U.S.C. §§ 1201(c) (Conspiracy to Commit Kidnapping) and 1201(a) (Kidnapping). (*Id*.) Even before they were charged by superseding indictment, which added two additional conspiracy counts and the kidnapping charges, Defendants acknowledged this is a complex case. (Doc. 48.) On December 11, 2018, even before the superseding indictment, Defendants again acknowledged the complexity of this case when they stipulated to a scheduling order that set a

trial date of April 13, 2020, more than 16 months out.  (Doc. 74.)  Defendants were party to a

second stipulated scheduling order, dated December 17, 2019, that set a trial date of October 14,

2020. (Doc. 172.)  This second stipulated scheduling order was based on the Defendants' Joint

Motion to Vacate the Trial and the Amended Scheduling Order and Impose a Second Scheduling

Order, filed on November 12, 2019.  (Doc. 167.)

      In addition, discovery in this matter is voluminous and complex.  As Siraj Ibn Wahhaj

stated in a motion seeking use of a laptop computer, the discovery includes "over 100,000-plus

pages" and "numerous audio and video files, including files from Cell Phones, Laptops, Yahoo,

Google, Facebook and other social media applications that do not translate well to paper."  (Doc.

68.)  The volume and complexity of discovery was one of the apparent bases for the lengthy

scheduling orders to which Defendants stipulated.  (Docs. 74, 172.)

      Given the complexity of this case, the additional delay can be tolerated.  *See Barker*, 407

U.S. at 531 ("the delay that can be tolerated for an ordinary street crime is considerably less than

for a serious, complex conspiracy charge.").  Although longer than the one-year period giving

rise to "presumptive prejudice," the delay here has been, and continues to be, reasonable.  *See*

*Batie*, 433 F.3d at 1290-91 (a seventeen-and-a-half-month delay supported the defendant based

on the simplicity of the federal charge).

     **B.**    **The Reasons for the Delay Weigh in Government's Favor.**

      Even if Defendants can show "presumptive prejudice," the reasons for delay weigh in

favor of the Government and do not establish a violation of Sixth Amendment speedy trial rights.

      Deliberate attempts by the government to delay the trial in order to hamper defendants

would be weighted heavily against the government.  *Barker*, 407 U.S. at 531.  Similarly, reasons

8

for delays weigh against the government in proportion to the degree to which the government caused the delay. *Batie*, 433 F.3d at 1291 (10th Cir. 2006). Delays that are attributed to motions filed or continuances sought by a defendant are not attributable to the government at all. *Id.* "Where the defendant's actions were the primary cause of the delay, the second factor weighs heavily against him." *United States v. Banks*, 761 F.3d 1163, 1183 (10th Cir. 2014) (quoting *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010)).

Here, the Government has done nothing to delay the trial in order to hamper the Defendants. Rather, all delay in this case can be attributed to the Defendants' stipulations, their motions to stay, or other factors outside of the Government's control, specifically, the COVID-19 pandemic. In addition, Defendants have signed on to the full duration of the delay they now complain of: they signed on to the scheduling order scheduling trial for April 13, 2020, as well as to the amended scheduling order setting trial for October 14, 2020. (Docs. 74, 172.) The Government cannot be held to account for any delay before October 14, 2020. Finally, Defendants all signed on to a defense motion seeking a stay in this case "while the pending competence issues involving four clients are resolved." (Doc. 189.) Those competence issues have not fully resolved, and the stay imposed until they are remains appropriately in place. Again, the Government cannot be held to account for delay caused by a stay to which Defendants agreed or asked for. Defendants have agreed to every day of delay in this case.

Even if Defendants had not agreed to all delays thus far in this matter, the reasons for the delay are reasonable. As Defendants have acknowledged more than once, delay of trial is necessary to give the defense sufficient time to review and process the voluminous and complex discovery in this matter and to conduct their own investigation of the complex charges and factual allegations. Delay for the purpose of ensuring the competence of Defendants' co-

defendants is also necessary, and, as this Court already has found, trial of defendants together with co-defendants "will involve a common set of operative facts relevant to the defendants' conspiracy with respect to those facts" and "is both proper and necessary" to "promote economy and efficiency" and avoid "multiplicity of trials without causing" "substantial prejudice to the right of the defendants to a fair trial."  (Doc. 250 at 15) (citing *Bruton v. United States*, 391 U.S. 132, 131 n.6 (1968) and *United States v. Gray*, 173 F.Supp.2d 1, 10 (D.D.C. 2001) (discussing the general presumption in favoring joinder to "preserve judicial resources and permit the jury to have a complete view of the evidence as possible").  Finally, if any delay was caused by the COVID-19 pandemic, such delay cannot be attributed to the Government.

      **C.**    **Defendants Did Not Timely Assert Their Right to a Speedy Trial.**

      The Tenth Circuit has stated that "[p]erhaps most important is whether the defendant has actively asserted his right to a speedy trial." *Batie*, 433 F.3d at 1291. The court in *Batie* continued by stating that, "This is not satisfied merely by moving to dismiss after the delay has already occurred … [t]he question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." *Id*.  Additionally, the Court may weigh the frequency and force of the objections. *Black*, 830 F.3d at 1120.  In fact, the Tenth Circuit has stated that failure to assert a Sixth Amendment speedy trial right until after a twenty-month delay was a nearly "fatal blow" to claims of constitutional deprivation. *United States v. Stine*, 664 Appx. 697, 702 (10th Cir. 2016).

      Here, Siraj Ibn Wahhaj is the only Defendant who did not seek competency evaluations and can be said to have asserted speedy trial rights with any credibility.  However, even he did not first assert his Sixth Amendment speedy trial rights until July 14, 2020, nearly two years—about 22 months—after his first arraignment, and five months after agreeing to the stay of

proceedings requested by his four co-defendants to pursue competency evaluations.  (Doc. 239.)

Subhanah Wahhaj and Hujrah Wahhaj did not first assert their Sixth Amendment speedy trial

rights until April 7 and April 8, 2022, respectively (Docs. 404, 407), while Jany Leveille has

never asserted speedy trial rights.[1]    Defendants' late assertion of their speedy trial rights fatally

undermines any claim of constitutional deprivation.  In addition, Defendants' late assertion of

their Sixth Amendment rights came after they stipulated or signed on to every order or motion

causing delay of trial, including the motion to stay proceedings pending resolution of all

competence issues.

     As the court stated in *Batie*, a defendant cannot just wait to assert his right.  Here,

Defendants waited years to assert their rights, after agreeing to reasonable delays in a complex

case that was further complicated by serial competency issues and a multi-year, ongoing, world-

wide pandemic.  Defendants' lack of timely assertion weighs in favor of the United States.

### D.    Delay Does Not Prejudice the Defendants.

     The defendant bears the burden of showing prejudice to establish a violation of the Sixth

or Fifth Amendments.  *United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009).  The

defendant must make a particularized showing of prejudice.  *Jackson v. Ray*, 390 F.3d 1254,

1264 (10th Cir. 2004).  The Court considers this by assessing the three interests that "the speedy

trial right was designed to protect": (i) prevention of oppressive pretrial incarceration, (ii)

minimization of the accused's anxiety and concern, and (iii) minimization of the possibility that a

delay will hinder the defense.  *Id.*  Defendants claim that all three have occurred and that there is

---

[1] In their motion, the Defendants appear to try to take credit collectively for asserting their speedy trial rights from the earliest date one of them did so.  *See* Doc. no. 416 at 4 (listing filings where the Defendants "have all affirmatively asserted their rights to speedy trials" beginning with Doc. 298).  To be clear, the first six filings cited by Defendants were all filed by Siraj Wahhaj; only Docs. 404 and 407 were filed by Subhanah Wahhaj and Hujrah Wahhaj, and those were not filed until April 2022—over three-and-a-half years since they were arraigned.

an additional prejudice. The Tenth Circuit has "looked with disfavor on defendants' hazy descriptions of prejudice, and required criminal defendants to show definite and not speculative prejudice." *United States v. Margheim*, 770 F.3d 1312, 1331 (10th Cir. 2014).

Defendants' generalized allegations of prejudice are the same that this Court already examined, in its order denying Siraj Ibn Wahhaj's motion to lift the stay, and which the Court found to be wanting. The closest claim of particularity provided by Defendants has thus already been considered and rejected by this Court when Siraj Wahhaj argued that, but for the delay of trial, he would have been able to examine the site and collect necessary evidence. (Doc. 350 at 10-11.) Thus, Defendants cannot meet their burden of showing particularized prejudice, as their defense "has not been hindered in the sense envisioned by the *Barker* analysis." *Toombs*, 574 F.3d at 1275; *see also Castro v. Ward*, 138 F.3d 810, 820 (10th Cir. 1998) (concluding no prejudice existed where despite a general allegation that the delay made it more difficult to present a defense, there is no claim "that any specific witness or evidence was somehow rendered unavailable or less persuasive because of the passage of time"). The Court should therefore find that the prejudice factor does not weigh in favor of Defendants because they are not prejudiced by the continued stay.

Indeed, by the time the briefing cycle for this motion is complete, the parties will be only a few weeks from the date of Mr. Morton's competency hearing, after which his competence will be resolved and the need for the stay—which the Defendants all requested—will no longer exist. Given the amount of delay the Defendants have already requested or agreed to in this case (and which the Court has already determined did not compel relief under the Constitution), an additional few weeks' delay to resolve their co-defendant's competency does not suddenly amount to a speedy trial violation where none existed before.

## III. CONCLUSION

Defendants have failed to show there was a violation of their Sixth Amendment right to a speedy trial.   A balancing of the four factors articulated in *Barker v. Wingo* clearly weighs in the Government's favor.  Defendants suffer no prejudice.  On balance, all the *Barker* factors weigh in favor of the Government.  Defendants have suffered no Fifth Amendment due process and no Sixth Amendment speedy trial deprivations,[2] and, therefore the stay should remain in place pending resolution of all pending competency issues.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

*Electronically Filed*

KIMBERLY A. BRAWLEY and
JACKSON TAVO HALL
Assistant United States Attorneys
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

---

[2] "The Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977).  To the extent it applies to delay in proceedings prior to sentencing (where the speedy trial right of the Sixth Amendment takes precedence), the defendant must prove (1) "the delay resulted in substantial prejudice to his rights, and (2) the prosecution intentionally delayed prosecution in order to gain a tactical advantage." *United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (citations omitted).  As articulated above, there has not been substantial prejudice to the Defendants here, and none of the delay in this case is attributable to the prosecution so that it could gain a tactical advantage.  Thus, where there is no violation of Sixth Amendment speedy trial rights, it is unlikely that there could be a violation of a Fifth Amendment due process rights based on the same alleged delay within the same pre-sentence period of a criminal case, as the latter is largely subsumed in the analysis of the former.  *See Harris v. Champion*, 15 F.3d 1538, 1559 (10th Cir. 1994) (applying *Barker* test rather than *Lovasco* test to analyze Fifth Amendment due process claim regarding delay in appellate proceedings, "'since the reasons for constraining appellate delay are analogous to the motives underpinning the Sixth Amendment right to a speedy trial'" (quoting *Rheuark v. Shaw*, 628 F.2d 297, 303 (5th Cir. 1980))).

I HEREBY CERTIFY that on June 8, 2022,
I filed the foregoing pleading electronically through
the CM/ECF system, which caused counsel of
record for defendant to be served by electronic means.

*__/s/ Filed Electronically__*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney

14