IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        Plaintiff,

    v.                                                            No.: 18-cr-2945-WJ

**JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ, and
SUBHANAH WAHHAJ,**

        Defendants.

## JOINT REPLY IN SUPPORT OF MOTION TO LIFT STAY AS TO DEFENDANTS JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, AND SUBHANAH WAHHAJ AND FOR SCHEDULING CONFERENCE

Defendant Hujrah Wahhaj, joined by Defendants Jany Leveille, Siraj Ibn Wahhaj, and Subhanah Wahhaj (the Moving Defendants), respectfully reply in support of their joint motion to lift the stay entered on February 18, 2020 (ECF No. 192), as to the Moving Defendants (ECF No. 416), and in opposition to the government's response (ECF No. 417) to the same.

The government's response assumes that the Moving Defendants' co-defendant, Lucas Morton, will be found competent at the hearing scheduled for July 20, 2022. (ECF No. 417 at 12.) As the Moving Defendants noted in their motion (ECF No. 416 at 4), if Mr. Morton is found competent their motion is moot because the stay will be lifted on its own terms. However, contrary to the government's assumption, the question of Mr. Morton's competency is not a foregone conclusion. And if the Court finds Mr. Morton incompetent, the Moving Defendants' motion to lift the stay will be ripe for decision. The government offers no argument against lifting the stay should that happen, but instead misconstrues the defendants' argument as one to

dismiss the case for a speedy trial violation and argues against that strawman. For the reasons given in the Moving Defendants' motion, should the Court find Mr. Morton incompetent to proceed, it should lift the stay as to the Moving Defendants, thus severing their cases from Mr. Morton's, and set a scheduling conference and a trial date at its earliest convenience.

## DISCUSSION[1]

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy … trial." The parties agree that the delay in this case has long passed the threshold for presumptive prejudice. (ECF No. 416 at 6; ECF No. 417 at 6.) Indeed, the delay to date exceeds that threshold by nearly 400% or three years.

The parties also agree that in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant. *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009), citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182 (1972). (ECF No. 416 at 5-6; ECF No. 417 at 5.) While the Moving Defendants certainly have grounds to seek dismissal of the case at this juncture given that

---

[1] Because it is not particularly relevant to the issue raised in the Moving Defendant's motion to lift the stay, they do not respond in detail to the government's description of the pending charges (ECF No. 417 at 2). However, they note that none of the "common facts" the government alleges support its baseless terrorism charges are criminal, despite the inflammatory way in which the government describes them (i.e., "transporting personnel, firearms, and ammunition across state lines" to describe driving with family members and their personal and legally owned weapons from Alabama to New Mexico). As will be discussed in later motions filed after the stay is lifted, the government is relying on the coerced statements of the Defendants' minor children, which the government and its agents intentionally misconstrued, to manufacture terrorism charges in this case.

nearly four years have passed since their arrest, that is not the remedy they seek in their motion.[2] What they seek is a lift of the stay as to them so that their case may proceed expeditiously and their rights to a speedy trial may be honored.

The government does not meaningfully respond to this request, instead essentially arguing that the Moving Defendants are not entitled to dismissal under the four *Barker* factors. (ECF No. 417 at 5-12.) For example, the government asserts that the Moving Defendants did not timely assert their rights to a speedy trial. (*Id*. at 10-11.) Whether they asserted their rights at the beginning of this case is beside the point. They have asserted them now and delay from this point forward will weigh heavily in their favor.[3] By the time of Mr. Morton's competency hearing, almost eighteen months will have passed since Siraj Ibn Wahhaj first asserted his right to a speedy trial, over three-and-a-half months will have passed since Hujrah and Subhanah Wahhaj asserted their rights, and nearly two months since Jany Leveille asserted hers. Similarly, the government offers the COVID pandemic as a cause of the delay in this case. (ECF No. 417 at 4-5, 9-10.) Putting aside the question of whether the pandemic would weigh in the government's favor should the defendants seek dismissal of this case on speedy trial grounds, the pandemic is no longer a bar to trial in this case and it is not grounds for denying the request to lift the stay as to the Moving Defendants.

If the Court finds Mr. Morton incompetent, the only way to protect the Moving Defendants' rights to a speedy trial is to lift the stay as to them and allow their cases to proceed. The government

---

[2] By not seeking dismissal now, the Moving Defendants are not in any way waiving their right to seek dismissal at a later time. Indeed, because the stay is still in place, this Court could not rule on a motion to dismiss filed now. It would have to lift the stay first.

[3] The government wrongly claims that Ms. Leveille has never asserted her right to a speedy trial. (ECF No. 417 at 11.) She clearly did so in joining the motion to lift the stay. (ECF. No. 416 at 4.)

does not contest that Fed. R. Crim. P. 14(a) allows this Court to sever the Moving Defendants' trials from Mr. Morton's should the latter be found incompetent. Nor does the government argue that severance would not be appropriate under those circumstances. Indeed, the government's response does not address the issue of severance at all, instead arguing only that the interests underlying joinder favor the government in weighing the reasons for delay under a speedy trial analysis. (ECF No. 417 at 8-9.) But the issue is not whether the Court should dismiss for a speedy trial violation, but rather whether it should sever the Moving Defendants' cases from Mr. Morton's—should Mr. Morton be found incompetent—to avoid further delay. The Court has a duty at all stages of the proceedings to grant a separate trial if prejudice appears. *Schaffer v. United States*, 362 U.S. 511, 516, 80 S. Ct. 945 (1960); *see also United States v. Byrd*, 466 F. Supp. 2d 550 (S.D.N.Y. 2006) (in a racketeering conspiracy case, severing a non-capital defendant because he "expressly invoked speedy trial rights" and the government estimated that the capital-eligible codefendants' trial would be delayed for months while the government decided whether to seek the death penalty against them). As discussed above, continued delay of trial proceedings should Mr. Morton be found incompetent will further prejudice Ms. Wahhaj and her co-defendants and thus severance is warranted.

## CONCLUSION

Wherefore, for the foregoing reasons and those given in their motion to lift the stay, Hujrah Wahhaj, joined by Defendants Jany Leveille, Siraj Ibn Wahhaj and Subhanah Wahhaj, respectfully move this Court for an Order lifting the stay of proceedings as to them and setting a scheduling conference to set deadlines for litigation and a trial date.

        Respectfully submitted,

        */s/ Theresa Duncan*
        Duncan Earnest, LLC
        222 East Marcy Street
        Suite 1
        Santa Fe, NM 87501
        505-710-6586
        teri@duncanearnest.com

        */s/ Donald F. Kochersberger III*
        Donald F. Kochersberger III, Esq.
        Business Law Southwest LLC
        320 Gold Ave. SW, Suite 610
        Albuquerque, New Mexico 87102-3299
        505-848-8581
        Donald@BusinessLawSW.com

        Attorneys for Hujrah Wahhaj

## **CERTIFICATE OF SERVICE**

  I certify that I electronically filed the foregoing, and any attachments, with the Clerk of court for the U.S. District Court for the District of New Mexico by using the district's CM/DKT system on June 21, 2022. All participants are registered CM/DKT users and will be served by the district's CM/DKT system.

        */s/ Theresa M. Duncan*
        Theresa M. Duncan