IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    **Plaintiff,**

v.     No.   1:18-CR-02945 WJ

JANY LEVEILLE,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON

    **Defendants.**

### Defendants' motion to dismiss—missing element

Jany Leveille, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton, through their respective lawyers Angelica Hall and Aric Elsenheimer, for Ms. Leveille, Ryan Villa and Justine Fox-Young for Subhanah Wahhaj, Donald Kochersberger and Marshall Ray for Hujrah Wahhaj, and Matthew Beck and Joseph Shattuck for Lucas Morton, move the Court to dismiss counts six and seven of the indictment.

    I.  **Background**

The defendants are charged in a multi-count superseding indictment with a variety of charges. [Doc 85]. Counts one through three consist of terrorism

related charges. Count four charges conspiring to murder a federal officer. Count five involves an allegation of the unlawful possession of a firearm. Lastly, counts six and seven allege a violation of the federal kidnapping statute.

## II.  Argument

"An indictment is sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) (quoting *United States v. Kilpatrick*, 821 F.2d 1456, 1461 (10th Cir. 1987)). A "court should dismiss an indictment if it does not 'contain[] the elements of the offense intended to be charged.'" *Kilpatrick*, 821 F.2d at 1461 (quoting *Russell v. United States*, 369 U.S. 749, 763 (1963).

Counts six and seven of the indictment in this case are insufficient because they do not even allege an essential element of the offense. Count six charges the named defendants with conspiracy to commit kidnapping and count seven charges them with kidnapping, contrary to 18 U.S.C. § 1201. That statute provides that "whoever unlawfully seizes, confines, inveigles, decoys, kidnaps,

2

abducts, or carries away and holds for ransom or rewards or otherwise any person . . . when – (1) the person is willfully transported in interstate or foreign commerce . . . shall be punished by imprisonment for a term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment."

This statute has four necessary elements: 1) unlawful seizure, inveigling, kidnapping, etc of someone; 2) the holding of that person for ransom, reward, or otherwise; 3) the willful transportation of that person; and 4) an interstate or foreign nexus. *United States v. Walker*, 137 F.3d 1217, 1220 (10th Cir. 1998).   Put another way, the second element could be stated as a requirement that "the defendant kidnapped the person for some purpose or benefit". Instruction 2.55, Tenth Circuit Pattern Criminal Jury Instructions.

In *United States v. Sarracino*, 131 F.3d 943, 947 (10th Cir. 1997) (quoting 18 U.S.C. § 1201(a)), the court held that in order to meet the requirement that the victim was abducted " 'for ransom or reward or otherwise,' " "[i]t is only necessary . . . that ***the kidnappers had some reason for the kidnapping which, to them, would be of some benefit***." (emphasis added) See also *De Herrera v. United States*, 339 F.2d 587, 588 (10th Cir.1964) ("The use in the statute of the words 'or

otherwise' shows an intent of Congress to include within the sense any *holding of a kidnapped person for a purpose desired by the captor* and negatives the need for a ransom or reward.").

Counts six and seven of the indictment merge the first and second elements. The indictment thereby omits any factual basis for the second element of the offense. Count six, for example, provides in relevant part, that,

> From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, Jany Leveille, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to unlawfully seize, *confine*, inveigle, decoy, kidnap, abduct, carry away, and *hold* John Doe, a child who had not attained the age of eighteen (18) years, *to conceal and hold him* . . . (emphasis added).

The language of count seven mirrors the language of count six. Under the indictment, therefore, the second element of both counts six and seven consists of the allegation that the defendants simply held John Doe, "to conceal and hold him."

The language in counts six and seven of the indictment improperly merges the first and second elements of kidnapping. Uncertain of what could possibly be

4

used as a substitute for the requirement of a "ransom, reward, or otherwise" in this case, the government simply recycles language from the first element to satisfy the factual predicate for the second element. Thus does the government contend that the defendant's "confine[d] . . . and "h[e]ld" John Doe "to conceal and hold him." The only difference is that the government used a synonym of the word confine to mask the factual vacuum left in the second element.

Such legal conjuring tricks do not withstand scrutiny under Rule 7 of the Federal Rules of Criminal Procedure or the presentment clause of the Fifth Amendment. Not only does this legal sleight of hand violate the defendants' rights, but it would also render the second element under section 1201 meaningless. If the "ransom, reward or otherwise" clause of section 1201 can be satisfied by merely holding someone and concealing them, which would occur in every situation where someone is "confined" then the clause "ransom, reward, or otherwise" has no statutory purpose. Such a construction would run afoul of the language of section 1201, thwart congressional intent, and violate the rule against surplusage.

The second element of section 1201 specifically requires the government to prove that a defendant held someone "for ransom, reward, or otherwise." While

the term "otherwise" has been construed expansively, it must still, under the Tenth Circuit's decision in *Sarracino*, include a "purpose desired by the captors." *See also Gooch v. United States*, 297 U.S. 124 (1936) (observing that with the kidnapping statute, "Congress intended to prevent transportation in interstate or foreign commerce of persons who were being unlawfully restrained in order that the captor might secure some benefit to himself."). It is not sufficient for a defendant to kidnap someone for the sole purpose of kidnapping that person. There must be some benefit, however slight, to the perpetrator. Similarly, it is not sufficient for a defendant to confine someone for the purpose of confining that person. Had this been Congress' intent, there would be no need for the clause "ransom, reward, or otherwise." Rather, there must be some identified benefit to the defendant. Congress used the language "ransom, reward, or otherwise" to specifically require proof that the kidnapping was undertaken to obtain a benefit for the captor.

Counts six and seven of the indictment omit any reference to a "ransom, reward, or otherwise." Merely using a synonym of one of the factual predicates of the first element improperly merges the first and second element and violates the precise language of section 1201.

*Wherefore*, the defendants move to dismiss counts 6 and 7 of the superseding indictment because those counts fail to state an essential element of the charged offense.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org

 /s/ *filed electronically October 19, 2022*
ARIC G. ELSENHEIMER, AFPD
Attorney for Jany Leveille