IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

v.                                                    No.   1:18-CR-02945 WJ

JANY LEVEILLE,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON

      Defendants.

### Defendants' joint motion to
### dismiss—no predicate crime for conspiracy to kidnap

Defendants are currently prosecuted under a seven-count Superseding Indictment, issued by a grand jury on March 13, 2019.  [Doc 85].   Counts six and seven of this indictment must be dismissed because there was no violation of the federal kidnapping statute on which they are based. Because there was no violation of the federal kidnapping statute, there was no crime, and there can be no conspiracy to commit a crime, as charged in Count Six. Similarly, there was no involuntary taking or confinement against the will of a parent or guardian of A.G., as charged in Count Seven. Accordingly, Jany Leveille, Hujrah Wahhaj,

Subhanah Wahhaj, and Lucas Morton, through their respective lawyers Angelica Hall and Aric Elsenheimer, for Ms. Leveille, Ryan Villa and Justine Fox-Young for Hujrah Wahhaj, Donald Kochersberger and Marshall Ray for Subhanah Wahhaj, and Joseph Shattuck and Matt Beck for Lucas Morton, move the Court to dismiss Counts six and seven of the indictment. Defendants request a hearing on this motion. Given the nature of this motion, it is presumed that the government opposes the motion.

**I.    Background**

The defendants are charged in a multi-count superseding indictment with a variety of charges. Counts one through three consist of terrorism related charges. Count four charges conspiring to murder a federal officer. Count five involves an allegation of the unlawful possession of a firearm. Lastly, counts six and seven allege a violation of the federal kidnapping statute.

To support the kidnapping charges, the government contends that the four defendants named in those counts kidnapped, or conspired to kidnap A.G., the biological son of Mr. Siraj Wahhaj and his wife Hakima Ramzi. The government has not charged Mr. Wahhaj with kidnapping because Mr. Wahhaj was A.G.'s father, had not lost parental rights, and thus cannot be charged under the federal

kidnapping statute. A.G. was at all relevant times with his father, Mr. Wahhaj. The co-defendants, including Mr. Wahhaj, left Atlanta, Georgia sometime in December of 2017. They then travelled to Alabama, where they stayed for several weeks. Following their stay in Alabama, they drove to Amalia, New Mexico, where they lived together until arrested for the charges here.   At all times that A.G. was in the company of the defendants, he was there with the assent and permission of his father.

## II.     Argument

"An indictment is sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) (quoting *United States v. Kilpatrick*, 821 F.2d 1456, 1461 (10th Cir. 1987)). A "court should dismiss an indictment if it does not 'contain[] the elements of the offense intended to be charged.'" *Kilpatrick*, 821 F.2d at 1461 (quoting *Russell v. United States*, 369 U.S. 749, 763 (1963).

Where the facts are not subject to dispute, a motion to dismiss may be brought to establish a violation of Rule 12. "[I]t is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case." *United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991).

The federal kidnapping statute at 18 U.S.C. § 1201 applies to "whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, *except in the case of a minor by the parent thereof* . . ." § 1201(a)(emphasis added).   The federal kidnapping statute, therefore, specifically excludes from the violation of the statute the taking, even unlawfully, of a child by the child's parent.

A parent taking his child from one state and driving into another state, no matter how unlawful, expressly does not constitute a violation of the federal kidnapping statute. *Id.*   And contrary to the conspiracy charged in count six of the indictment, even if the Defendants here conspired with each other and to travel with Mr. Wahhaj and take with them A.G., because Mr. Wahhaj is "the parent" of the "minor" A.G., the Defendants could not possibly have

4

"conspire[d] to violate this section." § 1201(c). Likewise, as charged in count seven of the indictment, even if the Court takes the government's theory as true, if Mr. Wahhaj, as A.G.'s parent, enlisted the other Defendants to assist him, say by driving, or helping to navigate, there still is no kidnapping, because Mr. Wahhaj is the "minor" A.G.'s "parent," and so there is no act that violates the federal kidnapping statute. *See* § 1201(a); *United States v. Chatwin*, 326 U.S. 455, 460 (1946) ("The act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or mental restraint for an appreciable period against the person's will and with willful intent so to confine the victim. If the victim is of such an age and mental state as to be incapable of having a recognizable will, the confinement then must be *against the will of the parents or legal guardian of the victim*.") (emphasis added).

In short, because the federal kidnapping statute with which the co-defendants are charged in counts six and seven of the indictment specifically exclude a minor like A.G. who is taken by his parent, as he allegedly was by Mr. Wahhaj here, accompanying, assisting, or conspiring to accompany the parent in taking the child is not a violation of 18 U.S.C. § 1201(a) or (c).

Mr. Wahhaj is the father of AG. He is exempt from prosecution under the federal kidnapping statute. There is thus no *actus reas* for the offense charged in count six and count seven. There was in this matter, to put it another way, no possible act to which the defendants could have agreed that would have supported a violation of the federal kidnapping statute with respect to their possession of A.G. with assent and permission of his father. Accordingly, the charge in count six of the indictment—conspiracy to commit kidnapping—must be dismissed because Mr. Wahhaj's participation, assent, and permission negates that the Defendants could have "conspire[d] to violate this" federal kidnapping statute, § 1201(a); one cannot conspire to commit an act that is not itself a substantive crime. *See Salinas v. United States*, 522 U.S. 52, 65 (1997) (noting a well-established principle for conspiracy that "a conspirator must intend to further an endeavor which, if completed, would **satisfy all of the elements of a substantive criminal offense**" (emphasis added)).   Similarly, the charge in count seven—kidnapping—must be dismissed for the same reason: Mr. Wahhaj's participation, assent and permission negates that the Defendants could have violated the federal kidnapping statute that excludes "the case of a minor," – A.G. – "by the parent thereof" – Mr. Wahhaj. *Id.*

6

The government's decision to charge Ms. Leveille and the other co-defendants with federal kidnapping seeks to radically expand the federal kidnapping statute. This statute was designed against a "background of organized violence" in the United States where "[v]ictims were selected from among the wealthy with great care and study." *Id.* at 462-63. During this time, kidnapping had become "epidemic in the United States" and "[r]uthless criminal bands utilized every known legal and scientific means to achieve their aims and to protect themselves." *Id.* These wealthy victims were then moved from state to state to evade capture by state law enforcement unable to exercise jurisdiction outside of their respective states. *Id.* at 463. "It was to assist the states in stamping out this growing and sinister menace of kidnaping that the Federal Kidnapping Act was designed." *Id.* But the Federal Kidnapping Act was not designed to apply to situations lacking an involuntary seizure and detention, regardless of however "unattractive or immoral" the situation. *Id.* As the Supreme Court observed, an overbroad application of the Federal Kidnapping Act "could lead to the punishment of anyone who induced another to leave his surroundings and do some innocent or illegal act of benefit to the former, state lines subsequently being traversed." *Id.* at 464.

This is precisely the core of the government's allegations—that Ms. Leveille induced her husband, the child's father, to take his own son AG. (*See* Doc. 447 at 4). Even if true, that does not trigger the involuntariness element of the Federal Kidnapping Act. *See Chatwin*, 326 U.S. at 464 ("But the broadness of the statutory language does not permit us to tear words out of their context, using the magic of lexigraphy to apply them to unattractive or immoral situations lacking the involuntariness of seizure and detention which is the very essence of the crime of kidnapping."). By the Supreme Court's own language, the fact that A.G. was always with his own father, Mr. Wahhaj, negates the involuntariness element. *See id.* at 460 ("If the victim is of such an age and mental state as to be incapable of having a recognizable will, the confinement then must be ***against the will of the parents or legal guardian of the victim***."). Thus, as applied to this case, the other four co-defendants did not violate Section 1201 because Mr. Wahhaj's act of taking A.G. out of Georgia, to Alabama, and then to New Mexico was not a violation of Section 1201.

*Wherefore*, the defendants move to dismiss counts 6 and 7 of the superseding indictment because there is no factual basis for a charge under 18 U.S.C. § 1201.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org

 /s/ filed electronically October 19, 2022
ARIC G. ELSENHEIMER, AFPD
Attorney for Jany Leveille