IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-CR-2945 WJ |
| | ) | |
| JANY LEVEILLE, | ) | |
| LUCAS MORTON, | ) | |
| HUJRAH WAHHAJ, and | ) | |
| SUBHANAH WAHHAJ, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS – MISSING ELEMENT

Defendants Jany Leveille, Lucas Morton, Hujrah Wahhaj, and Subhanah Wahhaj, ask the Court to dismiss with prejudice counts 6 and 7 of the Superseding Indictment (the "indictment"), alleging that the indictment fails to allege an essential element of the federal kidnapping statute, 18 U.S.C. § 1201.   *See* Doc. 468.   For the reasons set forth below, the United States opposes this motion and respectfully requests that it be denied.

## I.   FACTUAL BACKGROUND

Count 6 charges the Defendants with a violation of 18 U.S.C. § 1201(c).   Specifically, it alleges that the Defendants "[f]rom at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere . . . knowingly did conspire, combine, confederate, agree, and act interdependently with each other to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold JOHN DOE, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in

1

furtherance of the commission of the offense, did willfully transport JOHN DOE in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold JOHN DOE, resulting in his death."   Superseding Indictment (Doc. 85), at 8.

Count 7 charges the Defendants with a violation of 18 U.S.C. § 1201(a)(1) and (2). Specifically, it alleges that the Defendants "[f]rom at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere . . . knowingly did and did attempt to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold JOHN DOE, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully transport JOHN DOE in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold JOHN DOE, resulting in his death.   Superseding Indictment (Doc. 85), at 8-9.

Both Count 6 and Count 7 incorporate the factual allegations in paragraphs 2 through 13 of the Superseding Indictment.   These allegations detail the manner and means of the conspiracy the Defendants engaged in and some of the overt acts taken in furtherance of the conspiracy. Superseding Indictment (Doc. 85), at 2-4.   Specifically, the indictment alleges that one or more of the members of the conspiracy, among other things, "gathered firearms and ammunition," "transported personnel, firearms, and ammunition across state lines," "constructed and maintained a training compound," "stored firearms and ammunition on the training compound," "constructed and maintained a firing range and engaged in firearms and tactical training with other occupants of the training compound," "traveled . . . from the State of Georgia to the State of Alabama . . . while armed with firearms and ammunition," "traveled . . . from the State of

Alabama to the State of New Mexico . . . while armed with firearms and ammunition," "provided financial support" to the coconspirators, "built and maintained a training compound comprised of materials such as a wooden frame, a trailer, plastic tarps, and tire walls and barriers," and "stored firearms and ammunition on the training compound."   Superseding Indictment (Doc. 85), at 2-4.

## II.   ARGUMENT

The sufficiency of an indictment is tested "solely on the basis of the allegations made on its face, and such allegations are to be taken as true."   *United States v. Ambort*, 405 F.3d 1109, 1116 (10th Cir. 2005) (quoting *United States v. Reitmeyer*, 356 F.3d 1313, 1316–17 (10th Cir. 2004)) (internal quotation marks omitted).   "[T]he question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense."   *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citations omitted).   A two-part test is applied to determine an indictment's sufficiency:   "First, the indictment must contain the elements of the offense and sufficiently apprise the defendant of what [s]he must be prepared to meet; second, it must be such as to show to what extent [s]he may plead a former acquittal or conviction as a bar to further prosecution for the same cause."   *United States v. Wells*, 873 F.3d 1241, 1254 (10th Cir. 2017) (quoting *United States v. Berres*, 777 F.3d 1083, 1089 (10th Cir. 2015)).   "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it 'need not go further and allege in detail the factual proof that will be relied upon to support the charges.'"   *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)); *see also United States v. Mobley*, 971 F.3d 1187, 1195–96 (10th Cir. 2020) (applying two-part test to indictment charging violation of the Parental Kidnapping Statute).

The Federal Kidnapping Act provides that, "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . shall be punished by imprisonment for any term of years or for life, and, if the death of any person results, shall be punished by death or life imprisonment."   18 U.S.C. § 1201(a).   This statutue "essentially federalizes the common-law crime of kidnapping in certain enumerated situations."   *United States v. Toledo*, 985 F.2d 1462, 1465-66 (10th Cir. 1993).   The elements of federal kidnapping are: (1) unlawful seizure, inveigling, kidnapping, etc. of someone; (2) the holding of that person for ransom, reward, or otherwise; (3) the willful transportation of that person; and (4) an interstate or foreign nexus.   *See United States v. Walker*, 137 F.3d 1217, 1220 (10th Cir. 1998) (setting forth the requirements for conviction under § 1201(a)(1), which criminalizes willful interstate transportation of a kidnapped person); *United States v. Toledo*, 985 F.2d 1462, 1467 (10th Cir.1993) ("[T]he involuntariness of the seizure and detention is the very essence of the crime of kidnapping.") (quoting *Chatwin v. United States*, 326 U.S. 455, 464 (1946)) (emphasis in *Toledo* omitted).

Before 1934, the Federal Kidnaping Act required, to support a conviction, a kidnaper to have a pecuniary motive for the kidnaping.   *See United States v. Healy*, 376 U.S. 75, 81 (1964). In 1934, however, Congress amended the act and made it applicable whenever a victim was unlawfully seized "for ransom or reward *or otherwise*." 18 U.S.C. § 1201 (emphasis added).

4

Two years later, in *Gooch v. United States*, 297 U.S. 124 (1936), the Supreme Court interpreted the phrase " 'or otherwise' . . . to encompass any benefit which a captor might attempt to receive for himself." *United States v. Walker*, 137 F.3d at 1219 (10th Cir.1998) (citing *Gooch*, 297 U.S. at 128). *See United States v. Gabaldon*, 389 F.3d 1090, 1096 (10th Cir. 2004) (describing kidnaping statute's benefit requirement as "very lax"). Holding a victim for the purpose of enabling captors to inflict additional harm upon the victim, and transporting the victim in an effort to make the victim more or less likely to be discovered by others, are purposes sufficient to satisfy the kidnaping statute. *See United States v. Gabaldon*, 389 F.3d at 1095–96 (transporting victim to provide captor with greater secrecy in disposing of victim's body and an opportunity to destroy incriminating evidence satisfied the benefit requirement of 18 U.S.C. § 1201); *United States v. Sarracino*, 131 F.3d 943, 947 (10th Cir. 1997) (holding that the removal of a victim to a remote location which permitted the captors to continue beating the victim in secrecy satisfied the benefit requirement of 18 U.S.C. § 1201); *see also* Diane M. Allen, Annotation, *Requirement, Under Federal Kidnapping Act (18 U.S.C. § 1201(a)), that Person be Held "for ransom or reward or otherwise"*, 71 A.L.R. Fed. 687, 690-92 (2004) (summarizing rule that statutory language "or otherwise" can be satisfied by showing the victim was held for any purpose or benefit to the accused).

The Defendants assert that the indictment is insufficient for not including allegations that the Defendants held JOHN DOE "for ransom, reward, or otherwise." The Defendants argue that "Counts six and seven of the indictment merge the first and second elements" of the offense, namely, that the allegation that the Defendants kidnapped JOHN DOE and the allegation that they did so to "hold and conceal" him allege only one element, not two. Defs.' Motion to Dimiss (Doc. 468), at 4-5. The Defendants argue that "the government simply recycles

language from the first element to satisfy the factual predicate for the second element[,]" with "[t]he only difference [being] that the government used a synonym of the word confine to mask the factual vacuum left in the second element."

The Defendants' argument is without merit. The superseding indictment sufficiently alleges the offenses charged in Counts 6 and 7.   Specifically, the indictment alleges that the Defendants, knowingly acting contrary to law, kidnapped the victim by seizing, confining, or abducting him against his will and that they did so for some purpose or benefit.   The indictment alleges that the "purpose or benefit" for which JOHN DOE was kidnapped was to "transport JOHN DOE in interstate commerce from the State of Georgia to the State of New Mexico," and to "conceal and hold JOHN DOE, resulting in his death."   Transporting JOHN DOE to New Mexico is a purpose or benefit.   Concealing JOHN DOE is a purpose or benefit.   Holding JOHN DOE is a purpose or benefit.   Contrary to the Defendants' argument, these purposes are not identical to or co-extensive with any other element of the offense.   At the very least, "conceal" is not a synonym of "confine," and an allegation that a person was concealed is not a necessary element of kidnapping, nor is an allegation that a person was transported to New Mexico or an allegation that a person was held.

There is a plethora of evidence that the United States will present to support the allegation that JOHN DOE was kidnapped for the purposes of concealing him, holding him, and transporting him from Georgia to New Mexico.   This would include evidence of the Defendants' conspiracy to remove JOHN DOE—a three-year-old handicapped child—from the care of his mother, secret him far away from his mother so that she could not find him or help him, deprive him of his life-sustaining medication, subject him to hours-long, harrowing exorcism rituals that eventually killed him, hiding his dead body in a dirt tunnel, and washing his

6

decomposing body for months so that he could one day return as Jesus Christ.   Of course, there is no legal requirement to include any or all of this evidence in an indictment, as the United States "need not go further and allege in detail the factual proof that will be relied upon to support the charges."   *Redcorn*, 528 F.3d at 733 (quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)).   The allegations that the Defendants kidnapped JOHN DOE for the purposes of (1) transporting him to New Mexico, (2) concealing him, and (3) holding him are distinct from and stand separate and apart from every other element of the offense, and, under *Gabaldon* and *Sarracino*, these purposes constitute "any purpose" sufficient to support a charge under the federal Kidnapping Statute.

### III. CONCLUSION

Counts 6 and 7 of the Superseding Indictment sufficiently allege offenses under the 18 U.S.C. § 1201.   The Defendants' Motion to Dismiss – Missing Element should be denied.

Respectfully submitted,

ALEXANDER M. M. UBALLEZ
United States Attorney

 */s/ Electronically filed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

7

I HEREBY CERTIFY that on the 28th day
of October, 2022 I filed the foregoing
pleading electronically through the
CM/ECF system, which caused counsel
of record for defendant to be served
by electronic means.

 */s/ Filed Electronically*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney