IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                                            No.: CR 18-2945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

        Defendant.

**DEFENDANTS HUJRAH WAHHAJ'S RESPONSE TO UNITED STATES MOTION FOR PRETRIAL CONFERENCE PURSUANT TO 18 U.S.C. § APP. III (CIPA) SECTION 2 AND MOTION TO DESIGNATE A CLASSIFIED INFORMATION SECURITY OFFICER**

Defendant Hujrah Wahhaj, joined by defendants Siraj Wahhaj, and Subhanah Wahhaj, submit their response to the United States' Motion for Pretrial Conference Pursuant to 18 U.S.C. § App. III (CIPA) Section 2 and Motion to Designate a Classified Information Security Officer. Defendant Jany Leveille joins in part as discussed below. The United States' motion signals to the Court that the Government is withholding potentially discoverable materials based on an assertion that the materials are subject to the Classified Information Procedures Act ("CIPA"). Defendants therefore do not oppose the United States' request for a pretrial conference specifically to address a timeline for litigating CIPA issues. Furthermore, Defendants do not oppose the designation of a classified information security officer. Nevertheless, Defendants

Hujrah Wahhaj, Subhanah Wahhaj, and Siraj Wahhaj submit this Response to re-assert their rights to a Speedy Trial and to request that the Court schedule CIPA litigation deadlines so that all CIPA litigation is completed by February 23, 2023.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2019, a grand jury returned the Superseding Indictment in this case. *See* Superseding Indictment [Doc. 85]. All Defendants are charged with conspiring to plan a terrorist attack (although no evidence has been provided pinpointing the target of the alleged attack) and all Defendants, excluding Siraj Wahhaj,[1] are charged with kidnapping Siraj Wahhaj's minor child, AG, resulting in his death. The Government further alleges that all defendants were aware that Jany Leveille was an undocumented immigrant and provided her with ammunition in support of their alleged terrorism plan knowing Ms. Leveille was in the country illegally and therefore prohibited from possessing firearms. The Indictment alleges that the Defendants "knowingly provided and attempted to provide material support and resources, including currency, training, weapons, and personnel, knowing and intending that they were to be used in preparation for and in carrying out attacks to kill officers and employees of the United States." [*Id.*]

On October 31, 2022, the United States filed its Motion asking the Court to hold a pretrial conference pursuant to CIPA and to designate a classified information security officer. In its Motion, the United States noted that Defendant Siraj Wahhaj has sought the disclosure of materials which the United States considers to be classified.

---

[1] Siraj Wahhaj is charged with every offense excluding count 7, as he cannot be charged with kidnapping his biological child pursuant to federal law.

**ARGUMENT**

Defendants agree that the Court should hold a pretrial conference pursuant to CIPA. Furthermore, Defendants agree that the Court will need to conduct an in camera review of potential discovery materials and that disclosure and use of any such materials will be governed by the procedures described in the Government's motion.  Moreover, Defendants are entitled to submit information to the Court ex parte to support their arguments for disclosure and use of materials subject to CIPA.  Nevertheless, to preserve Defendants Speedy Trial rights, all CIPA litigation should be completed by February 23, 2023.

The United States requests a deadline of April 28, 2023 simply to file its anticipated Section 4 motion or, in the alternative, submit an ex parte status report regarding the progress of its CIPA review.  This timeline is based on the United States previously asserted desire to work towards a Fall 2023 trial setting.  At the October 12, 2022 status conference, Defense counsel suggested that an October 2023 trial setting was appropriate, given the number of anticipated motions.  Nevertheless, after consulting with their clients, counsel for Defendants Siraj Wahhaj, Hujrah Wahhaj, and Subhanah Wahhaj have proposed a scheduling order with a May 2023 trial target.  These Defendants have also proposed that CIPA litigation be completed by February 23, 2023.  Defendant Jany Laveille agrees that CIPA litigation can and should be completed by February 23, 2023.

Defendants note that they have been in custody for nearly four (4) years.  The COVID-19 Pandemic, in addition to competency proceedings, contributed to significant delays in the progress of this case.  The competency-related stay has now been lifted, and the parties have filed numerous pretrial motions on an expedited timeline in order to preserve Defendants' Speedy Trial rights. Most recently, multiple defendants "assert[ed] their right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution and *Barker v. Wingo*, 407 U.S. 514, 519 (1972)."

Doc. 512.

## CONCLUSION

Because the United States has represented that certain discovery materials requested by the defense are classified, Defendants agree that the Court should hold a pre-trial conference to schedule deadlines to determine timelines and procedures for disclosure and use of any such materials in this case. Defendants Hujrah Wahhaj, Subhanah Wahhaj, and Siraj Wahhaj' position is that all CIPA litigation should be completed by February 23, 2023. Defendant Leveille agrees that CIPA litigation should be completed as expeditiously as possible and requests a pretrial conference at the earliest available date, preferably in late November or early December of 2022 so that a date certain can be established for the completion of CIPA-related litigation.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed via the CM/ECF system on this 18th day of November 2022.

/s/ *Marshall J. Ray*
Marshall J. Ray