IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-CR-02945 WJ |
| vs. | ) | |
| | ) | |
| JANY LEVEILLE, | ) | |
| SIRAJ IBN WAHHAJ, | ) | |
| HUJRAH WAHHAJ, | ) | |
| SUBHANAH WAHHAJ, and | ) | |
| LUCAS MORTON, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO
DISMISS COUNTS ONE AND TWO AS UNCONSTITUTIONALLY VAGUE**

The United States provides this response to the Defendants' Motion to Dismiss Counts One and Two as Unconstitutionally Vague. (Doc. 506.) The Defendants are charged under 18 U.S.C. § 2339A with conspiring to provide and providing material support knowing or intending that it be used in preparation for, or in carrying out, the murder of federal employees and officials as part of a conspiracy to, in part, wage jihad and die as martyrs. The charged counts are not unconstitutionally vague. Contrary to the Defendants' contention that 18 U.S.C. § 2339A is unconstitutional because it fails to require a finding of terrorism, there need not be, and there is not, any statutory requirement that the Defendants' conduct qualify as "terrorism." As every other court to have considered similar arguments has found, the material support statute at issue here is not vague. The Defendants' motion is without merit and should be denied.

### I. BACKGROUND

On March 13, 2019, the Grand Jury returned a seven-count superseding indictment against all five Defendants. Counts One and Two of this indictment allege conspiracy and

substantive violations of 18 U.S.C. § 2339A(a), which makes it a crime to "provide[] material support or resources . . . , knowing or intending that they are to be used in preparation for, or in carrying out, a violation of" one or more of any enumerated offenses.  The statute defines the term "material support or resources" to mean "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safe houses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.  18 U.S.C. § 2339A(b)(1).  The term "training" is defined to mean "instruction or teaching designed to impart a specific skill, as opposed to general knowledge." *Id.* at § 2339A(b)(1).

      Count One of the indictment alleges that Defendants conspired "to provide material support and resources, including currency, training, weapons, and personnel, knowing and intending that they were to be used in preparation for and in carrying out attacks to kill officers and employees of the United States, in violation of 18 U.S.C. § 1114, which is one of the statutes enumerated in 18 U.S.C. § 2339A(a).  (Doc. 85 at 2-4.)  Count Two alleges substantive violations of 18 U.S.C. § 2339A.  The indictment alleges that Defendants violated 18 U.S.C. § 2339A(a) by gathering firearms and ammunition; by transporting personnel, firearms, and ammunition across state lines; by constructing and maintaining a training compound; by storing firearms and ammunition in the training compound; and by constructing and maintaining a firing range and engaging in firearms and tactical training with other members of the compound, "knowing and intending that they were to be used in preparation for and in carrying out attacks

to kill offers and employees of the United States, in violation of 18 U.S.C. § 1114." (Doc. 85 at 2-3.)

Counts One and Two further specifically allege that:

- Siraj Wahhaj provided at least ten firearms to his coconspirators, and Hujrah Wahhaj provided at least one firearm, (Doc. 85 at 3);

- The Defendants traveled from the State of Georgia to the State of New Mexico with firearms and ammunition, (Doc. 85 at 3);

- Subhanah Wahhaj provided financial support to her co-conspirators, (Doc. 85 at 4);

- The Defendants built and maintained a compound comprised of materials such as a wooden frame, a trailer, plastic tarp, and a tire wall and that they stored firearms and ammunition in the compound, (Doc. 85 at 4);

- The Defendants built a firing range on the compound and dug an underground tunnel leading away from the compound, (Doc. 85 at 4);

- The Defendants possessed and shot firearms on the compound, (Doc. 85 at 4-5);

- Jany Leveille and Lucas Morton solicited one of the Wahhajs relatives to join the group in New Mexico, bring money and firearms, and to die as a martyr, (Doc. 85 at 5); and

- Siraj Wahhaj and Lucas Morton trained persons, including other occupants of the compound, in firearms use and tactical maneuvers and instructed them to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including the killing of federal employees, officials, and military personnel, (Doc. 85 at 5).

## II. ARGUMENT

Defendants advance three arguments as to why this Court should conclude that 18 U.S.C. § 2339A is unconstitutionally vague. First, the Defendants argue that the statute fails to require a finding of "terrorism" as part of the charged conduct, and is therefore insufficiently definite. (Doc. 506 at 2.) Second, the Defendants argue that the statute is void for vagueness because it invites arbitrary and overreaching enforcement. (Doc. 506 at 16.) Finally, in something of a reprise of its first argument, the Defendants argue that the statute is unconstitutionally vague

because its title and text are inconsistent. (Doc. 506 at 25.) All three arguments are without merit and have previously been rejected by other courts.

### A. The fact that the statute does not require a finding that a person engaged in "terrorism" does not make the statute vague.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). However, a criminal statute is unconstitutionally vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010) (internal quotations omitted).

Defendant recognizes (Doc. 506 at 2) the principle that "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined" on an as-applied basis. *United States v. Mazurie*, 419 U.S. 544, 550 (1975). A court will "consider whether a statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Id.* at 18-19 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)).[1] "A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Hoffman Estates*, 45 U.S. at 495. Moreover, courts attach a "strong presumptive

---

[1] Notably, the hypothetical conduct of others underpins much of the Defendants' arguments. *See, e.g.*, Doc. 506 at 16 (arguing a person providing material support to an arson attack could be charged under § 2339A, which somehow renders the statute unconstitutionally vague). Regardless, the Defendants' charges of providing material support and conspiring to provide material support to their planned murder of officers and employees of the United States describe conduct that "a person of ordinary intelligence" would understand is prohibited.

validity" to "an Act of Congress." *United States v. National Dairy Products Corp.*, 372 U.S. 29, 32 (1963).

Under 18 U.S.C. § 2339A's plain text, to convict the Defendants on Count One, the government needs only to prove: (1) that they entered into a conspiracy; (2) that the objective thereof was to provide material support or resources; and (3) that they knew or intended that such support or resources would be used in preparation for, or in carrying out, one or more of § 2339A(a)'s enumerated violent offenses. *See United States v. Hassan*, 742 F.3d 104, 140 (4th Cir. 2014) (setting forth elements of the offense). The applicable enumerated offense in this case is identified in the defendant's superseding indictment as murdering an employee of the United States (18 U.S.C. § 1114).

Conviction under 18 U.S.C. § 2339A also mandates a stringent *mens rea* showing related to the underlying enumerated offense or offenses. The statute "applies only to those people who provide material support or resources 'knowing or intending' that the support or resources are to be used in preparation for, or in carrying out, a violation of enumerated criminal statutes." *United States v. Sattar*, 314 F. Supp. 2d 279, 301-02 (S.D.N.Y. 2004), *aff'd*, 590 F.3d 93 (2d Cir. 2009). "Therefore, the mental state in section 2339A extends both to the support itself, and to the underlying purpose for which the support is given." *United States v. Stewart*, 590 F.3d 93, 113 n.18 (2d Cir. 2009); *United States v. Abdi*, 498 F. Supp. 2d 1048, 1057 n.3 (S.D. Ohio 2007) ("Section 2339A prohibits the provision of material support or resources 'knowing or intending' that they be used for executing violent federal crimes.").

Far from being unconstitutionally vague, § 2339A is actually exceptionally clear. Only material support (statutorily defined) knowingly or intentionally aimed at specifically enumerated federal offenses can constitute a violation of the statute. First, § 2339A incorporates

5

as predicate offenses other federal statutes that are already well defined and that defendant does not challenge; forbidding material support to further those existing offenses could no more be vague than forbidding conspiracy to commit those offenses.

Second, the terms of the statute are clear and have been carefully defined. In fact, the Supreme Court has already considered some of these terms as defined in 18 U.S.C. § 2339A and found that they were not vague. The Court explained that "Congress also took care to add narrowing definitions to the material-support statute over time," and "[t]hese definitions increased the clarity of the statute's terms." *Humanitarian Law Project*, 561 U.S. at 21 (in rejecting Due Process vagueness challenge to § 2339B, Court explained that the "statutory terms" (some of which are defined in § 2339A) are "quite different from the sorts of terms that we have previously declared to be vague": "[w]e have in the past 'struck down statutes that tied criminal culpability to whether the defendant's conduct was "annoying" or "indecent"—wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings'") (citations omitted). In this case, the defendants are charged with providing material support in the form of currency, training, personnel, and weapons. They do not allege that any of these terms are vague, and indeed, they are clear. As explained above, "training" and "material support" are defined in the statute.

Third, the statute requires that defendants know or intend that their support be used to carry out the underlying offense. "[T]he Court has recognized that a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Hoffman Estates*, 455 U.S. at 499. "This requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument that application of" the statute is unconstitutionally vague. *Boyce Motor Lines v.*

*United States*, 342 U.S. 337, 342 (1952).  In fact, the Second Circuit has rejected a vagueness challenge to § 2339A because of the scienter requirement in *United States v. Stewart*, where the defendants were convicted of providing and concealing material support to a conspiracy to murder persons in a foreign country, in violation of 18 U.S.C. §§ 2339A and 2.  590 F.3d at 117.  The court reasoned that if the defendants "knew that their actions provided material support to a conspiracy to end the cease-fire and thereby unloose deadly acts of terrorism . . . then they were on notice that what they were doing was prohibited by a statute that criminalizes the provision of material support 'knowing or intending that [such support is] to be used in preparation for, or in carrying out,' criminal actions." *Id*. at 217-18.

In short, the rigorous *mens rea* requirement that must be proved under 18 U.S.C. § 2339A and the statute's clear terms mean that the "statute defines the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited."  *Sattar*, 314 F. Supp. 2d at 300.  As in *Stewart*, the statute's "knowledge-or-intent formulation saves the statute from being unconstitutionally vague as applied here."  Because "the superseding indictment require[s] the jury to find that the defendant[] knew or intended the criminal uses to which the conspirators would put the material support they provided," it "eliminat[es] concerns about inadequate notice."  *Stewart*, 590 F.3d at 117.

Notwithstanding the statute's clear requirements, the Defendants argue that 18 U.S.C. § 2339A is vague because the statute does not include language requiring proof that a defendant committed or conspired to commit "terrorism."  The Defendants claim that Congress intended to require a connection to terrorism.  (Doc. 506 at 8.)  However, "reference to legislative history is inappropriate when the text of the statute is unambiguous."  *Dep't of Hous. and Urban Dev. v. Rucker*, 535 U.S. 125, 132 (2002).  Here, as defendants concede, the plain legislative text does

7

not require a nexus to terrorism (Doc. 506 at 8). Where there is no ambiguity, "there is no need to consult legislative history." *Id*. at 133.

In any event, the motivating influence of terrorism for enacting the legislation does not establish that Congress intended to require a connection to terrorism when Congress chose not to include such an element in the statutory text. Nor is the fact that many of the defendants charged with § 2339A violations are terrorists an indicator that the statute does or should be construed to include such an element, where Congress chose not to include one.

The Defendants also rely on the Sentencing Guidelines to argue that Congress intended to require a nexus to terrorism for a conviction under § 2339A. (Doc. 506 at 14.) Setting aside the fact that divining legislative intent is not the relevant inquiry, *Caminetti v. United States*, 242 U.S. 470, 485 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms"), the Sentencing Guidelines do not shed light on Congress's intent or on statutory construction. The Sentencing Guidelines are generally drafted by the U.S. Sentencing Commission, *see generally Mistretta v. United States*, 488 U.S. 361 (1989), and the Defendants have not challenged the terrorism enhancement in the Sentencing Guidelines.

The Defendants cite (Doc. 506 at 21) the *Stewart* court's statement that "Section 2339A criminalizes the provision of material support or resources 'knowing or intending' that they are to be used to assist in certain enumerated crimes of terrorism," *Stewart*, 590 F.3d at 116, but this shorthand description of the enumerated crimes as "crimes of terrorism" does not serve to import a new element into the offense that is absent from the text.

8

The court in *United States v. Abu Khatallah*, 151 F. Supp. 3d 116, 138-41 (D.D.C. 2015), rejected a nearly identical vagueness challenge to § 2339A.[2] In *Abu Khatallah*, the defendant argued that § 2339A was vague for lack of a terrorism element, but the court held that "the statutorily defined elements could not be clearer" and they do not include a "requirement that one's actions be connected to terrorism." *Id*. at 139. The court found no vagueness in this absence because "[t]he mere fact that Congress may have enacted § 2339A with terrorism in mind does not require prosecutors to prove that a person charged under that statute actually engaged in (or conspired to engage in) 'terrorism.'" *Id*. at 140. Because of the clarity of the statute and its elements, "the statute need not provide any notice of what constitutes 'terrorism' to survive a void-for-vagueness challenge under the Due Process Clause." *Id*. The reasoning of *Abu Khatallah* applies here. 18 U.S.C. § 2339A does not require a finding of terrorism or terrorism-motivated intent. Rather, it enumerates a number of offenses of a type that terrorists generally commit. It is certainly reasonable that Congress chose to criminalize providing material support to certain serious crimes that terrorists generally commit, § 2339A, and to certain designated groups previously determined to engage in terrorism, *see* 18 U.S.C. § 2339B, rather than try to define and criminalize whatever "terrorism" must be the object of the

---

[2] Given the similarities between the defendant's arguments in *Abu Khatallah* and the Defendants' arguments here, *Abu Khatallah* is legally on all fours with this case. Seemingly realizing this, the Defendants' main legal argument against the court's analysis in *Abu Khatallah* appears to be calling the court's ruling "appalling" and "not American." Doc. 506 at 26. Beyond that, the factual differences between the defendant in that case, whose material support culminated in a successful attack on the U.S. Consulate in Benghazi, Libya, and the Defendants here, who were arrested before they were able to carry out their planned attacks, are immaterial to the legal analysis of the statute for vagueness. *See Stewart*, 590 F.3d at 117-18. Notably, the defendant in *Abu Khatallah* did not even bother pursuing his vagueness challenge to § 2339A on appeal. *See United States v. Abukhatallah*, 41 F.4th 608 (D.C. Cir. 2022) (affirming convictions, granting government's cross-appeal to reverse district court's downward sentence variance as substantively unreasonable, and remanding for resentencing).

material support. *See Abu Khatallah*, 151 F. Supp. 3d at 140. The essence of a vagueness challenge is lack of notice of what conduct is prohibited. *See Humanitarian Law Project*, 561 U.S. at 18. The Defendants' crimes involved plans to kill officers or employees of the United States; they cannot reasonably claim that they lacked notice of the criminal nature of the conduct. *Cf. United States v. Awan*, 384 F. Appx. 9, 17 (2d Cir. 2010) (rejecting vagueness challenge to § 2339A premised on preparing for the crime of murder, maiming or kidnapping abroad). In fact, their claim is essentially that the charged offense may subject them to longer sentences than they might have expected. But such a claim does not state a due process violation.

    **B. The statute does not invite arbitrary and overreaching enforcement.**

The Defendants also argue that the statute is unconstitutionally vague because it invites arbitrary and overreaching enforcement. (Doc. 506 at 16.) To the contrary, the well-defined terms of the statute, which include a list of predicate felonies, provide a clear delineation of criminal conduct, which is in furtherance of serious offenses; the statute does not invite arbitrary enforcement.

The vagueness doctrine reflects "the requirement that a legislature establish minimal guidelines to govern law enforcement." *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). If there are no such guidelines in the statute, it may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Id*. at 358 (quoting *Smith*, 461 U.S. at 575).

For the same reasons that § 2339A's clear text gives adequate notice, § 2339A does not invite arbitrary enforcement, as the statute has all the guidelines needed to govern law enforcement. Again, the court in *Abu Khatallah* rejected a nearly identical argument; it reasoned that § 2339A "provides an exhaustive list of federal crimes for which a person can be charged for

providing 'material support'—a term which courts have consistently found to be clear and definite." 151 F. Supp. 3d at 141 (citing *Humanitarian Law Project*, 561 U.S. at 20-25). The list of predicate crimes and the clear terms of the statute provide "an objective standard" "for evaluating whether a person's conduct falls within the prohibition of the material-support statute. That determination is not left to the unfettered discretion of any law-enforcement officer." *Id.* For this reason, the court in *Abu Khatallah* concluded, "Section 2339A therefore does not invite the kind of arbitrary and overreaching enforcement that would contravene constitutional due process." *Id.*; *see also United States v. Farhane*, 634 F.3d 127, 140 (2d Cir. 2011) (rejecting a vagueness challenge to Section 2339B because the defined and clear terms of the statutes combine to protect against the "untethered, subjective judgments" of law-enforcement personnel.") (citation omitted). The *Stewart* court also found that the "heightened scienter requirement in section 2339A constrains prosecutorial discretion, and ameliorates concerns of arbitrary and discriminatory enforcement." *Stewart*, 590 F.3d at 118. This court should likewise conclude that the clear terms and the scienter requirement of § 2339A preclude any claim that the statute invites arbitrary and overreaching enforcement.

The Defendants also claim that § 2339A is unconstitutional because it "could be applied to a host of garden variety criminal offenses not rising to the level of terrorism," including arson. (Doc. 506 at 16.) Yet, as the *Abu Khatallah* court explained in rejecting the same argument, "the bulk of crimes for which providing material support would subject a person to criminal liability under § 2339A are anything but 'garden variety.'" *Id.* at 140. They include destroying aircraft, transacting in nuclear materials, murdering internationally protected persons, developing biological weapons, assassinating the President of the United States, and committing genocide, among other offenses. *Id.* at 141. The court in *Abu Khatallah* noted that, while someone who

11

provides material support for arson could be charged under 18 U.S.C. § 2339A, "that is the scheme that Congress has chosen to establish," and that "[t]hat possibility, on its own, does not imply that the material-support statute is inevitably susceptible to arbitrary enforcement." *Id*.

The same reasoning applies here; the fact that terrorists may engage in a wide range of serious offenses, and that Congress included those as enumerated predicates for § 2339A, does not mean that § 2339A is vague or accords too much discretion to law enforcement. For these Defendants in particular, their support was done to prepare for killing officers and employees of the United States. There is no risk that the statute invites arbitrary enforcement in this case.

### C. The statute is not void for vagueness because the statute's title and text are not aligned.

Finally, in something of a reprise of its first argument, the Defendants argue that the statute is constitutionally infirm because its title and text are inconsistent. Although 18 U.S.C. § 2339A's plain text does not mandate a showing of "terrorist" conduct and the federal cases construing the statute do not require such proof, the Defendants nonetheless maintain that § 2339A is unconstitutionally vague because it does not include or define "terrorism" as an element of the offense. This argument, like the others raised by the Defendants, is meritless, as the correct approach to the statutory analysis is a straightforward application of the plain terms of the statute without importing titles or headings into codified offenses.

The Defendants purport to find support for the supposedly missing "terrorism" element in the statute's title: "Providing material support to terrorists." (Doc. 506 at 25.) But it is bedrock law that "headings and titles are not meant to take the place of the detailed provisions of the text. Nor are they necessarily designed to be a reference guide or a synopsis." *Brotherhood of Railroad Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 528 (1947). Accordingly, "the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Id.* at 528-29

(citations omitted); *see also Florida Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008) (same). And, as articulated above, § 2339A(a)'s detailed textual provisions are plain – to make out an offense the government must show only that the defendant either conspired to provide, or did provide, material support or resources knowing or intending that they would be used in preparation for, or in carrying out, one of several enumerated, violent federal offenses (here, 18 U.S.C. § 1114). *See Stewart*, 590 F.3d at 113 (explaining defendant must provide support or resources knowing or intending such resources be used to commit "specific violent crimes"); *Sattar*, 314 F. Supp. 2d at 302 (describing offense as where defendant must provide support or resources knowing or intending such resources be used to commit "enumerated criminal statutes"); *Abu Khatallah*, 151 F. Supp. 3d at 139 (stating "the statutorily defined elements could not be clearer" in that an offense under § 2339A requires only that a person provide (or conspire to provide) material support "in preparation for, or to carry out, the commission of certain enumerated offenses").

Certainly, the statute's enumerated offenses are "offenses of a type that terrorists commit," but only a "few of the more than 40 crimes on [the statute's] list like 18 U.S.C. § 1203 (hostage taking), have a specific terrorist element (e.g., committed to influence government policy or retaliate for government action)." CRS, *Terrorist Material Support: A Sketch of 18 U.S.C. 2339A and 2339B*, 7 (2010). "All that suggests, however, is that Congress passed § 2339A primarily to combat terrorism—and that it did so by imposing additional punishment on persons who provide material support to those who commit violent federal offenses of a kind that terrorists commit," to include murdering officers or employees of the United States. *Abu Khatallah*, 151 F. Supp. 3d at 140. Thus, in adjudicating the Defendants' vagueness challenge in the instant motion, this Court need only focus on § 2339A's statutory elements and the identified

13

underlying crimes, none of which has a specific terrorist element. This is the appropriate legal analysis of the Defendants' challenge, irrespective of whatever the title of the chapter or heading might be.

The Defendants also grasp for support the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which they characterize as having "found that it is inappropriate and inconsistent with decades of jurisprudence to tip the scales of justice in favor of the government when faced with a statu[t]e that is vague." (Doc. 506 at 25.) *Davis*, which held a statute to be unconstitutionally vague,[3] is inapposite here because, as explained above, § 2339A is not only not vague, but is exceptionally clear.

In sum, regardless of 18 U.S.C. § 2339A's title, and contrary to the Defendants' argument, the United States is not required to show that the Defendants' material-support actions "qualify as terrorism." Accordingly, in charging a violation of § 2339A, one need not guess if particular conduct constitutes "terrorism," under any definition, because § 2339A precisely prohibits a defendant's material support when that defendant knows or intends the support will be used in preparation for, or in carrying out, one or more of the criminal offenses identified in the statute itself. *See Abu Khatallah*, 151 F. Supp. 3d at 140 ("The mere fact that Congress may have enacted § 2339A with terrorism in mind does not require prosecutors to prove that a person charged under that statute actually engaged in (or conspired to engage in) 'terrorism.'").

The § 2339A charges reflected in Counts One and Two of the superseding indictment in this case are specific, clear, and easy to understand, providing a person of ordinary intelligence

---

[3] *Davis* found the residual clause of the definition of the term "crime of violence" to be unconstitutionally vague because it called upon judges to make an "estimation of the degree of risk posed by a crime's imagined 'ordinary case'" in order to impose a mandatory minimum sentence for using, carrying, or possessing a firearm in relation to a crime of violence. 139 S. Ct. at 2336.

fair notice of what is prohibited.  *See United States v. Awan*, 459 F. Supp. 2d 167, 180 (E.D.N.Y. 2006) (ruling § 2339A "not permeated by vagueness," because "18 U.S.C. § 2339A(a)'s scienter requirement makes clear both what is illegal and what intent a suspect must possess before his activities are defined as illegal"), *aff'd*, 384 Fed. App'x 9 (2d Cir. 2010); *United States v. Amawi*, 545 F. Supp. 2d 681, 684-85 (N.D. Oh. 2008) ("In light of the scienter requirement in 18 U.S.C. § 2339A, the statute gives fair and ample warning to the defendants about the conduct it prohibits.  If one undertakes to train or otherwise provide expert advice or assistance to persons knowing that that training, advice or assistance will be used to prepare for or carry out violent criminal acts, he has plenty of notice as to what he should not do if he wants to stay clear of the statute's sanctions.").

### III.  CONCLUSION

The plain text of the statute does not include as an element that the Defendants' actions constituted "terrorism."  The Defendants have not caught a fatal mistake in the statute's drafting—one to which defendants and courts across the country have thus far been oblivious—as the statute provides clear notice of the proscribed conduct.  For the reasons stated herein, the Defendants' Motion to Dismiss Counts One and Two as Unconstitutionally Vague (Doc. 506) should be denied.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

  /s/
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7274

CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon defense counsel.

  /s/
Tavo Hall
Assistant United States Attorney