# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.   1:18-CR-02945-WJ |
| | § | |
| JANY LEVEILLE, | § | |
| SIRAJ IBN WAHHAJ, | § | |
| HUJRAH WAHHAJ, | § | |
| SUBHANAH WAHHAJ, and | § | |
| LUCAS MORTON, | § | |
| | § | |
| Defendants. | § | |

### Defendants'[1] reply to the government's response to the
### joint motion to dismiss counts six and seven – missing element (Doc. 485)

The federal kidnapping statute was passed against the backdrop of

organized violence and fear in the United States in the 1920's and 30's when

"[v]ictims were selected from among the wealthy with great care and study."

*United States v. Chatwin,* 326 U.S. 455, 462-63 (1946). During this time, kidnapping

had become "epidemic in the United States" and "[r]uthless criminal bands

---

[1] Defendant Lucas Morton, proceeding pro se, has indicated that he will notify the Court by way of a separate filing if he decides to join this reply. Ms. Subhanah Wahhaj and Ms. Hujrah Wahhaj join in this reply.

utilized every known legal and scientific means to achieve their aims and to

protect themselves." *Id.* These wealthy victims were then moved from state to

state to evade capture by state law enforcement unable to exercise jurisdiction

outside of their respective states. *Id.* at 463. "It was to assist the states in stamping

out this growing and sinister menace of kidnaping that the Federal Kidnapping

Act was designed." *Id.*

But the Federal Kidnapping Act was not designed to apply to situations

lacking an involuntary seizure and detention, regardless of however

"unattractive or immoral" the situation. *Id.* As the Supreme Court observed, an

overbroad application of the Federal Kidnapping Act "could lead to the

punishment of anyone who induced another to leave his surroundings and do

some innocent or illegal act of benefit to the former, state lines subsequently

being traversed." *Id.* at 464.

This overbroad application of the federal kidnapping statute is precisely

what the court faces in this case. According to the government's response

"[t]ransporting" John Doe to New Mexico is a "purpose and benefit" under the

kidnapping statute. Similarly, the mere "holding" of John Doe is, according to

the government, a "purpose and benefit". In so arguing, the government seeks to

do away entirely with the clause "ransom, reward or otherwise" in § 1201. Thus

does the governement's theory of prosecution become a post-enactment line-item

veto of a statute passed by Congress and signed into law by the President. If

everything and anything falls within the seemingly omnipresent umbrella of the

term "ransom, reward or otherwise" then the statutory phrase has no meaning.

Even the Supreme Court's decision in *Gooch v. United States*, 297 U.S. 124

(1936), relied on by the government in its response, does not permit such a broad

reading. There, the Supreme Court held that the "otherwise" clause still required

proof of some "benefit" to the captor. *Id.* at 127 ("Holding an officer to prevent

the captor's arrest is something done with the expectation of benefit to the

transgressor."). Indeed, even the "lax" interpretation given to this clause by the

Tenth Circuit in *United States v. Gabaldon*, 389 F.3d 1090, 1096 (10th Cir. 2004)

requires an identified "benefit" to the captor.

But that is not how our constitutional system works. Congress does not

pass bills criminalizing conduct that become signed into law merely to have an

element ignored or subsumed by the Department of Justice with an overbroad

application of a critical element of that statute. This not only violates the

presentment clause of the constitution, but also violates the rule against

surplusage, a key tool in statutory construction. *See Nelson v. United States*, 40
F.4th 1105, 1115 (10th Cir. 2022) (explaining that the rule against surplusage
"'encourages courts to give meaning to every word used in a statute,' on the
assumption that 'Congress would not have included superfluous language.'").
The government's expansive, limitless interpretation of the term "otherwise" in
the phrase "ransom, reward, or otherwise" would render that phrase
meaningless and unnecessary.

The government seeks to fill this evidentiary vacuum by contending that
they will present evidence to support the allegation that John Doe was
"kidnapped for the purposes of concealing him, holding him, and transporting
him." (Doc. 485 at 6). This, according to the government, "would include
evidence of the Defendants' conspiracy to remove [AG] – a three-year-old
handicapped child—from the care of his mother, secret him far away from his
mother so that she could not find him or help him, deprive him of his life
sustaining medication, subject him to hours-long, harrowing exorcism rituals
that eventually killed him, hiding his dead body in a dirt tunnel, and washing his
decomposing body for months so that he could one day return as Jesus Christ."
(Doc. 485 at 7). For purposes of the record, the defendants deny and dispute

these allegations. But these allegations are irrelevant, because they are not germane to the issue in this motion---whether the indictment lacks an essential element of the offense.

The clause "ransom, reward, or otherwise" is an essential element of the charged offense. The government must set out that element in the indictment. As discussed in the motion to dismiss, the indictment in this case alleges that the defendants acted "interdependently with each other to unlawfully seize, *confine*, inveigle, decoy, kidnap, abduct, carry away, and *hold* John Doe . . . , *to conceal and hold him* . . ." Such language collapses any distinction between the first and second element of the offense and thereby fails to allege an essential element of the offense. Accordingly, counts six and seven of the indictment must be dismissed.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org

 */s/ filed electronically December 5, 2022*
ARIC G. ELSENHEIMER, AFPD
Attorney for Jany Leveille