IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Case No. 1:18-cr-02945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS – MISSING ELEMENT**

THIS MATTER comes before the Court upon Defendants Jany Leveille, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton's Motion to Dismiss – Missing Element ("Motion") (Doc. 468). Defendants argue that the kidnapping charges levied against them in the Superseding Indictment (Doc. 85) fail to allege an element necessary under the federal kidnapping statute and therefore must be dismissed. Doc. 468. The United States responds that the supposedly missing element is satisfied in the Superseding Indictment and therefore that the charges should not be dismissed. Doc. 485. Having reviewed the parties' submissions and the applicable law, the Court finds that Defendants' Motion is not well-taken and therefore DENIES it.

**BACKGROUND**

The allegations in this case are lengthy, and the Court reproduces here only what is necessary to address the Motion. Allegedly, Defendants[1] kidnapped a three-year-old child, John Doe—the son of one of the defendants—and brought him to a remote compound in Amalia, New Mexico. Doc. 1 ¶ 17. It is alleged that Defendants, John Doe, and several other children lived at the compound for a period of months, during which Defendants performed repeated, demanding prayer rituals on John Doe. *Id.* ¶¶ 17, 19. According to a report from one of the other children present on the compound and a diary entry from one of the defendants, John Doe died during one of these prayer rituals. *Id.* ¶ 19. The Superseding Indictment states the following with regard to the kidnapping:

> From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, JANY LEVEILLE, HUJRAH WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold JOHN DOE, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully transport JOHN DOE in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold JOHN DOE, resulting in his death.

Doc. 85 at 8 (as part of Count 6). The language in Count 7 is similar. *Id.* at 8–9.

## LEGAL STANDARD

To be legally sufficient, an indictment must "(1) contain[] the essential elements of the offense intended to be charged, (2) sufficiently apprise[] the accused of what he must be prepared to defend against, and (3) enable[] the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Kilpatrick*, 821 F.2d 1456, 1461 (10th Cir. 1987) (citing *Russell v. United States*, 369 U.S. 749, 763–64 (1962)). If an

---

[1] Defendant Siraj ibn Wahhaj is John Doe's father and therefore is not charged with kidnapping. *See* Doc. 85 ¶ 35. He does not join in the present Motion.

indictment does not contain the essential elements of the crime charged, the court should dismiss it. *Id.* at 1462. On a motion to dismiss an indictment, the Court takes the allegations in the indictment as true to determine if they are "sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)).

## ANALYSIS

The sole issue the Court must resolve in this order is whether the superseding indictment's language covers a particular element of the kidnapping charge. The federal kidnapping statute with which Defendants have been charged is 18 U.S.C. § 1201. The language of this statute reads:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—
> (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; [. . .]
> shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201(a). The Tenth Circuit has boiled down the elements of this offense to "(1) transportation in interstate commerce (2) of an unconsenting person who is (3) held for ransom, reward, or otherwise, (4) with such acts being done knowingly and willfully." *United States v. Walker*, 137 F.3d 1217, 1220 (10th Cir.1998).

Here, the parties specifically dispute the third element, "held for ransom, reward, or otherwise." Doc. 468 at 3; Doc. 485 at 5. Defendants argue that the superseding indictment uses circular language when it states that the Defendants "knowingly did conspire . . . to unlawfully seize . . . and hold JOHN DOE, a child who had not attained the age of eighteen (18) years, to conceal and hold him . . . ." Doc. 468 at 4–5. By saying the purpose of holding John Doe was to

3

conceal and hold him, Defendants argue, the superseding indictment fails to actually allege a reward or other benefit to them for the alleged kidnapping. *Id.* The United States responds that concealment is not an element of the offense, and that kidnapping John Doe for the purpose of concealing him is a sufficient benefit to satisfy the third element of the statutory crime of kidnapping. Doc. 485 at 6.

The "ransom, reward, or otherwise" provision of the statute is a broad one. *United States v. Gabaldon*, 389 F.3d 1090, 1096 (10th Cir. 2004). The word "otherwise" encompasses "any holding of a kidnapped person for a purpose desired by the captor." *United States v. Sarracino*, 131 F.3d 943, 947 (10th Cir. 1997). For example, moving a victim to a more secluded location to increase the chances of being able to harm him in secret meets this element. *Id.* A captor may also benefit from transporting a victim because of an increased opportunity to destroy evidence. *Gabaldon*, 389 F.3d at 1096.

The superseding indictment identifies the purposes of the kidnapping as "to conceal and hold [John Doe]." Doc. 87 at 8–9. Concealment would be a benefit to Defendants because it would decrease their likelihood of discovery by law enforcement authorities, as *Walker* and *Gabaldon* outline. An indictment need not explain every detail of the prosecution's case; rather, it simply needs to set forth each element of the charged offenses in clear, direct, express language. *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (citing *United States v. Hathaway*, 318 F.3d 1001, 1009 (10th Cir. 2003)). The superseding indictment in this case, by referencing concealment as a purpose or benefit to the Defendants for kidnapping John Doe, has sufficiently set forth this element of the kidnapping charges.

Furthermore, concealment is not a redundant purpose. Defendants argue that confining a person for the purpose of confinement is a violation of the rule against surplusage by rendering the

"purpose" element of the statute pointless. Doc. 468 at 5. But concealment is not an element of the statute, so a purpose of concealment is a separate allegation from the already-alleged fact of confinement. Concealing generally refers to hiding something or someone from the awareness of others, while confining more commonly pertains to physical restraints or limitations on free movement; the words do not have identical meanings. The benefit of concealing the victim to avoid detection is recognized under Tenth Circuit precedent in *Walker* and *Gabaldon*, as discussed above. Therefore, no violation of the rule against surplusage has taken place here because the purpose element of the statute is not subsumed within the other elements.

As a result, the Court DISMISSES Defendants' Motion (Doc. 468).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE