```
                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF NEW MEXICO

 _____
                                )
UNITED STATES OF AMERICA,       )   No. 1:18-CR-02945-WJ
                                )
          Plaintiff,            )
                                )   Pete V. Domenici U.S. Courthouse
     vs.                        )   Albuquerque, New Mexico
                                )
JANY LEVEILLE, SIRAJ IBN        )   Wednesday, October 12, 2022
WAHHAJ, HUJRAH WAHHAJ,          )   1:30 P.M.
SUBHANAH WAHHAJ and LUCAS       )
MORTON,                         )   VIDEO CONFERENCE
                                )
          Defendants.           )
_____)
```

                      TRANSCRIPT OF PROCEEDINGS
                        SCHEDULING CONFERENCE
               BEFORE THE HONORABLE WILLIAM P. JOHNSON
                  CHIEF UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:    TAVO HALL
                      GEORGE KRAEHE
                      UNITED STATES ATTORNEY'S OFFICE
                      District of New Mexico
                      Post Office Box 607
                      Albuquerque, New Mexico   87103

                      FRANK RUSSO, Counterterrorism Section
                      National Security Division

For Defendant         ARIC ELSENHEIMER
Jany Leveille:        ANGELICA M. HALL
                      FEDERAL PUBLIC DEFENDER
                      District of New Mexico
                      111 Lomas Blvd., N.W., Suite 501
                      Albuquerque, New Mexico   87102

```
 1  APPEARANCES (Continued):

 2  For Defendant           THOMAS CLARK
    Siraj Ibn Wahhaj:       CLARK AND JONES, LLC
 3                          432 Galisteo Street
                            Santa Fe, New Mexico 87501
 4
                            ERLINDA JOHNSON
 5                          LAW OFFICE OF ERLINDA OCAMPO JOHNSON, LLC
                            620 Roma Avenue, N.W.
 6                          Albuquerque, New Mexico  87102

 7  For Defendant           MARSHALL J. RAY
    Hujrah Wahhaj:          LAW OFFICES OF MARSHALL J. RAY, LLC
 8                          201 12th Street, N.W.
                            Albuquerque, New Mexico  87102
 9
                            DONALD KOCHERSBERGER
10                          BUSINESS LAW SOUTHWEST, LLC
                            320 Gold Avenue, S.W., Suite 610
11                          Albuquerque, New Mexico 87102

12  For Defendant           RYAN J. VILLA
    Subhanah Wahhaj:        THE LAW OFFICES OF RYAN J. VILLA
13                          5501 Eagle Rock Avenue, N.E., Suite C2
                            Albuquerque, New Mexico  87104
14
                            JUSTINE FOX-YOUNG
15                          JUSTINE FOX-YOUNG, P.C.
                            5501 Eagle Rock Avenue, N.E., Suite C2
16                          Albuquerque, New Mexico  87104

17  For Defendant           MATTHEW M. BECK
    Lucas Morton:           PEIFER, HANSON, MULLINS & BAKER, P.A.
18                          20 First Plaza, N.W., Suite 725
                            Albuquerque, New Mexico 87102
19
                            JOSEPH SHATTUCK
20                          JOSEPH E. SHATTUCK, ESQ.
                            8748 E. Belleview St.
21                          Scottsdale, Arizona 85257

22  Reported by:            MARY K. LOUGHRAN, CRR, RPR, NM CCR #65
                            United States Court Reporter
23                          Phone:  (505)348-2334
                            Email:  Mary_Loughran@nmd.uscourts.gov
24
        Proceedings reported by machine shorthand and transcript
25  produced by computer-aided transcription.
```

```
 1                USA v. LEVEILLE, et al. - 1:18-CR-02945-WJ
 2                         SCHEDULING CONFERENCE
 3                              * * * * *
 4   (On the Record at 2:02 P.M.)
 5             THE COURT:  Good afternoon.  This is United States
 6   vs. Jany Leveille, Siraj Wahhaj, Hujrah Wahhaj, Subhanah
 7   Wahhaj, and Lucas Morton, Case No. 18-CR-2945.  This is a video
 8   scheduling conference.
 9             With that, first would counsel for the United States
10   enter their appearances, please.
11             MR. HALL:  Good afternoon, Your Honor.  Tavo Hall on
12   behalf of the United States.  Also I think on the phone we have
13   George Kraehe, and Frank Russo from the Counterterrorism
14   Division of the National Security Division.
15             THE COURT:  Would counsel for Jany Leveille enter
16   appearances.
17             MR. ELSENHEIMER:  Good afternoon, Your Honor.  Aric
18   Elsenheimer and Angelica Hall on behalf of Ms. Leveille.
19             THE COURT:  Counsel for Siraj Wahhaj.
20             MR. CLARK:  Your Honor, Tom Clark for Siraj Wahhaj.
21             MS. JOHNSON:  And Erlinda Johnson on behalf of Siraj
22   Wahhaj, as well.
23             THE COURT:  For Hujrah Wahhaj.
24             MR. RAY:  Good afternoon, Your Honor.  Marshall Ray
25   and Donald Kochersberger for Hujrah Wahhaj.
```

1   THE COURT:  For Subhanah Wahhaj?
2   MR. VILLA:  Good afternoon, Your Honor.  Ryan Villa
3 and Justine Fox-Young on behalf of Subhanah Wahhaj, and I would
4 note for the record she is not present.
5   THE COURT:  Right.  In fact, I'll note for the record
6 that none of the Defendants are present.
7   And then for Lucas Morton.
8   MR. BECK:  Good afternoon, Your Honor.  Matt Beck and
9 Joe Shattuck on behalf of Lucas Morton.
10   THE COURT:  All right.  So this is a scheduling
11 conference.  Just for frame of reference, Mr. Hall, if the
12 Government had its choice on when this case would go to trial,
13 or be ready for trial, what would you say?  What date?
14   MR. HALL:  Well, Your Honor, I don't know -- an
15 approximate date, we would start with the -- there's a couple
16 of things that need to happen.  One thing that I think the
17 Court might remember is there is some CIPA litigation that will
18 have to come about.  There's a discovery request that does
19 implicate classified information.  We have a CIPA Section 2
20 motion that we were going to file.  I think it was then put on
21 hold during the competency and then COVID.  So we can file that
22 again, we can have a Section 2 conference, but generally
23 speaking, since we'll have to probably do a Section 4 filing, I
24 think the usual date that the Counterterrorism Section puts out
25 there for that is about six months.

1       So using that as a benchmark, somewhere after that
2  point, within between six months and afterwards I think the
3  Government would be ready at any point the Court is available.
4  We anticipate perhaps about three weeks for trial.
5       THE COURT:  That's for the Government's case in
6  chief?
7       MR. HALL:  Well, I think that's all-inclusive, Your
8  Honor.  Again, there's some wrinkles there, too, because if
9  there's going to be an insanity defense raised at all -- we
10 haven't had notice of that yet, but if that comes into play.
11      We do have -- we're working hard on plea offer
12 packages, so we are going to be hopefully getting approval on
13 our side for those shortly, and then the defense would
14 obviously need some time to consider those.  So I don't know
15 what potentially the end result is if we have five defendants
16 at trial.  So obviously the timing of the trial can shift.
17      So three weeks is a very general ballpark if there's
18 five defendants, and I think that's all-encompassing.  We're
19 talking about 20 witnesses or so from the Government, again not
20 knowing what the defense might be from any one of the
21 defendants, including insanity if it's included in there.  So
22 it's a little hard to pinpoint exactly, but that's what we're
23 thinking timewise in terms of how far out and then how long the
24 trial would be.
25      THE COURT:  So realistically, you're talking about

1  sometime in the middle of 2023 or the fall of 2023?

2          MR. HALL: Yes, sir. Yes, Your Honor.

3          THE COURT: All right. Here's a question I want to

4  pose to defense counsel. Obviously there are going to be some

5  motions that are going to be unique to individual defendants,

6  but it also strikes me that some motions may very well be, from

7  a factual and legal standpoint, common to all defendants.

8          From defense counsels' perspective, and I guess I'll

9  invite somebody to maybe start the discussion, are there

10 motions that -- I don't know. Have defense counsel conferred

11 to determine whether there are motions you anticipate filing

12 that are common to all defendants?

13         MR. VILLA: Judge, I'm happy to chime in. This is

14 Ryan Villa. Yes, I believe there are a number of motions that

15 would be common to all defendants.

16         THE COURT: Would there be opposition if I required

17 defense counsel to confer amongst yourselves and identify those

18 motions that are factually and legally common to all

19 defendants? Because I'd like to avoid -- and I recognize there

20 are going to be motions unique to certain defendants, but I'd

21 like to avoid having duplicative motions that involve the same

22 factual and legal issues.

23         MR. VILLA: Judge, obviously I can't speak for the

24 other defendants, but I do think we have all communicated

25 pretty well, pretty closely, and I think if there were such

1  motions, there wouldn't be duplication.  There might be some
2  joinders where someone needs to write something separately.
3  But I'd say generally it would be clear on the face of the
4  motion who's joining, who's not joining, and I don't know that
5  there would have to be duplication of briefing on the same
6  subjects.
7              THE COURT:  Mr. Villa, have you all, in terms of
8  identifying those motions that are common to all the
9  defendants, have you all talked about someone taking the lead
10 and drafting the motion?
11             MR. VILLA:  Yes, Judge, we have.
12             THE COURT:  Okay.  Then Mr. Villa, is it time for me
13 to lift the stay in this case?
14             MR. VILLA:  Well, Judge, I was just briefly talking
15 to Mr. Shattuck.  It's my understanding that you have ruled on
16 Mr. Morton's competency?
17             THE COURT:  Right.
18             MR. VILLA:  Okay.  So I think if that's been decided,
19 I can't think -- I'd let everybody else chime in, but I can't
20 think of any reason why the stay shouldn't be lifted.  And
21 obviously we have a pending motion for you to lift it
22 regardless, but we would definitely ask that you do that.
23             THE COURT:  Okay.  The other defense counsel for the
24 other defendants, are you all in agreement as to what Mr. Villa
25 just stated?

```
 1              MR. ELSENHEIMER:  Yes, we are, Your Honor.
 2              THE COURT:  I'm sorry, who was that?  Is that you,
 3   Mr. Elsenheimer?
 4              MR. ELSENHEIMER:  Yes, Your Honor, this is Aric
 5   Elsenheimer.  On behalf of Ms. Leveille, we're on board with
 6   that.
 7              MR. CLARK:  And on behalf of Mr. Wahhaj, we are also
 8   on board with that.
 9              THE COURT:  Okay.
10              MR. RAY:  And Judge, on behalf of Hujrah Wahhaj,
11   we're also on board with that, both in terms of what's being
12   discussed about the logistics of defense motion practice and
13   lifting the stay.
14              MR. BECK:  Same on behalf of Mr. Morton, Your Honor.
15              THE COURT:  Okay.  Well, then we will forthwith get
16   an order lifting the stay in this case.  My six-month pending
17   motions list is probably going to skyrocket, but I agree it's
18   time for the stay to be lifted and this case moving forward.
19              Let me just go to you, Mr. Elsenheimer.  As far as
20   what Mr. Hall suggested as a realistic trial date in the summer
21   or fall of next year, from your perspective, is that realistic?
22              MR. ELSENHEIMER:  I think it is, Your Honor.  When we
23   spoke about this, we were thinking the fall of 2023 just given
24   where we are with other cases.  I know I have a trial scheduled
25   in front of you in May, so I know the spring might be busy.  I
```

1  think the fall is probably more realistic.

2           THE COURT:  Mr. Clark or Ms. Johnson, are you all in

3  agreement?

4           MR. CLARK:  Judge, this is going to be a pretty

5  complicated trial, probably more like four or five weeks

6  depending on the number of defendants.  So I think the fall of

7  2023.

8           THE COURT:  Do you agree, Ms. Johnson?

9           MS. JOHNSON:  I do, Your Honor.  We fully expect that

10 there are going to be quite a few motions to be litigated, so

11 depending on the complexity and, of course, the CIPA issues,

12 trial late fall of 2023, maybe even early 2024.

13          THE COURT:  Okay.  Mr. Ray and Mr. Kochersberger?

14          MR. RAY:  Judge, I think that fall is going to be

15 more realistic for the same reasons that have been cited by the

16 counsel before, as far as what needs to be done in this case.

17 And in addition to that, as far as kind of other scheduling

18 conflicts go, I know that I and at least one other attorney on

19 this group have a multi-week trial that's going to take up, I

20 think, almost all of July of 2023.  So the fall sounds more

21 realistic.

22          THE COURT:  And Mr. Villa and Ms. Fox-Young, your

23 thoughts?

24          MR. VILLA:  Yes, Judge, we would say fall.  I mean,

25 obviously given how long the case has been pending, we'd rather

1  go to trial ASAP, but there are a lot of motions to litigate.
2  I think they're important motions that the Court needs to rule
3  on.  So I think fall of 2023 is good.  We would urge the Court
4  not to go any later than that because of the speedy trial
5  issues, but in fairness to the pretrial litigation we need to
6  do, we think fall is appropriate.
7              THE COURT:  And Mr. Beck and Mr. Shattuck?
8              MR. BECK:  Yes, Your Honor, fall 2023.
9              THE COURT:  All right.  Well, that's a frame of
10 reference.  Based on another case I have, and cases I've had in
11 the past, when I hear CIPA, I cringe.  But anyway, we'll plod
12 through it, and ideally, the fall of 2023, maybe that's kind of
13 our target or our goal.
14             We'll get an order lifting the stay so the motion
15 practice may proceed, and I would again stress that for those
16 motions that have common factual and legal issues, if someone
17 takes the lead and others join, it simplifies it and allows me
18 and my staff to review it and then get it ready for hearing.
19 And obviously those motions that are unique to individuals,
20 then they may be filed separately.
21             Let me ask Mr. Hall, from the United States'
22 perspective, is there anything else we need to cover today?
23             MR. HALL:  No, Your Honor.  And I think we can talk
24 about the CIPA stuff at the Section 2 conference.  We'll file
25 that Section 2 motion as soon as the order lifting the stay

1  happens, but I don't expect it will be anything like the Wilson
2  case, the other case that you were talking about there.  It
3  shouldn't be too bad in terms of CIPA.
4          THE COURT:  Well, and I wasn't so much talking about
5  that case as I was back years ago when I had both a Los Alamos
6  scientist and a Sandia scientist, and the CIPA involved a high
7  volume of documents.  So that's what I was directing my
8  comments towards, or my sarcasm, I should say.
9          MR. HALL:  Sure.
10         THE COURT:  From defense counsels' perspective, is
11 there anything else that we need to cover?
12         MR. CLARK:  Judge, may I address the Court real
13 quick?
14         THE COURT:  Sure.
15         MR. CLARK:  Just for the record, our client was hot
16 to be here today, and so I just need to put on the record that
17 for all -- Mr. Siraj Wahhaj requests that he be present.  He
18 requested that he be present today, that's not happening, of
19 course, but he requests that he be present for all future
20 hearings.  There is a degree of distrust among counsel and
21 their clients because of the way things have kind of unfolded,
22 and so for all future references, we'd ask that Mr. Siraj be
23 present.  And I can't imagine the other defendants feel any
24 differently, but just on behalf of Mr. Siraj Wahhaj, I'd like
25 to make that point.

1            THE COURT:  Well, and I understand that.  Again, the
2   Tenth Circuit has held that a schedule conference is not a
3   critical stage of the proceeding, and this case involves a
4   significant amount of logistical issues as far as getting
5   everyone together.  So considering that this has essentially
6   turned into a 15-minute hearing, it proceeded along the lines
7   that I thought it would and defense counsel confirmed what I
8   wanted to, and that is they're going to, on those motions that
9   can be filed jointly, they will, and I got a ballpark idea of
10  when everybody thinks this case is going to be ready for trial,
11  and that's all I intended to have accomplished.
12           Just inform your clients that obviously on the more
13  important matters, once these motions are ready for hearing,
14  then everybody will be present.  But for a 15-minute hearing
15  that involves a schedule conference where the Tenth Circuit has
16  held that defendants do not have to be present, that's the
17  reason why I did it by Zoom video conferencing.
18           MR. CLARK:  Thank you, Your Honor.
19           THE COURT:  With that, we'll be in recess.
20           MR. ELSENHEIMER:  Your Honor, I'm sorry, I just
21  wanted to address one thing.  Would you like us to propose a
22  motion and an order for scheduling in terms of the deadlines
23  for pretrial motions, experts?  I know for us, we would like to
24  have kind of an idea of when we need to have experts and
25  motions filed or presented to the Court or opposing counsel.

1  we'd be glad to start that up with the Government and the
2  co-defendants.
3          THE COURT:  I think that would be an excellent idea,
4  and thanks for calling that to my attention.  I guess,
5  Mr. Elsenheimer, do you want to maybe present an idea in terms
6  of case management deadlines, what you and the other defense
7  counsel would want, and then confer with counsel for the United
8  States and see if you can submit kind of a case management
9  order?  And then if I don't hear anything -- or if there's
10 disagreement, then what we can probably do is have a hearing on
11 setting case management deadlines and combine it with a hearing
12 on other motions where all the defendants are present and we
13 can take that issue up then.  But if you all agree on the case
14 management deadlines, then that makes it that much more easier.
15 So thank you for suggesting that.  I think that's a good idea.
16         MR. ELSENHEIMER:  Certainly.
17         THE COURT:  All right.  Anything else?
18         All right, we'll be in recess.  Thank you.
19 (Proceedings adjourned at 2:20 P.M.)
20                           * * * * *
21
22
23
24
25

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF NEW MEXICO

 3   _____
                                     )
 4   UNITED STATES OF AMERICA,       )
                                     )
 5             Plaintiff,            )
                                     )
 6        vs.                        )   No. 1:18-CR-02945-WJ
                                     )
 7   JANY LEVEILLE, SIRAJ IBN        )   SCHEDULING CONFERENCE
     WAHHAJ, HUJRAH WAHHAJ,          )
 8   SUBHANAH WAHHAJ and LUCAS       )   VIDEO CONFERENCE
     MORTON,                         )
 9                                   )
               Defendants.           )
10   _____)
```

11                CERTIFICATE OF OFFICIAL COURT REPORTER

12      I, Mary K. Loughran, CRR, RPR, New Mexico CCR #65, Federal

13 Realtime Official Court Reporter, in and for the United States

14 District Court for the District of New Mexico, do hereby

15 certify that pursuant to Section 753, Title 28, United States

16 Code, that the foregoing is a true and correct transcript of

17 the stenographically reported proceedings held in the

18 above-entitled matter on Wednesday, October 12, 2022, and that

19 the transcript page format is in conformance with the

20 regulations of the Judicial Conference of the United States.

21 Dated this 19th day of December, 2022.

22 _____
   MARY K. LOUGHRAN, CRR, RPR, NM CCR #65
23 UNITED STATES COURT REPORTER
   333 Lomas Boulevard, Northwest
24 Albuquerque, New Mexico  87102
   Phone:  (505)348-2334
25 Email:  Mary_Loughran@nmd.uscourts.gov