IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                                       CR 18-2945 WJ

SUBHANAH WAHHAJ,

           Defendants.

## UNOPPOSED JOINT MOTION FOR AN ORDER TO PRODUCE TO COUNSEL A COMPLETE DOCKET IDENTIFYING THE DOCKET NUMBER AND TITLE FOR ALL SEALED PLEADINGS

Defendant Subhanah Wahhaj, by and through undersigned counsel Ryan J. Villa and Justine Fox-Young, joined by all Defendants, moves the Court for an Order to the clerk to produce a complete docket sheet with that contains all docket numbers for all pleadings, including sealed pleadings, along with the title for each pleading.

1. As the Court is aware, if any party in this case views the docket, that party cannot see all the docket numbers and all the pleadings that have been filed. This is because certain sealed and ex parte pleadings are only available to be viewed by certain parties. For instance, for Ms. Subhanah Wahhaj, if her counsel views the docket there are dozens of docket numbers and pleadings that simply cannot be seen at all.

2. Counsel is not requesting access to view the sealed and ex parte pleadings at this time, but simply to view a docket sheet that contains all the docket numbers and titles for each pleading, in order to determine whether to move the Court to unseal the pleading or to provide Ms. Wahhaj access to the pleading, even if it remains sealed to the public.

3.     Undersigned counsel, in conjunction with counsel for all Defendants and the United States, have attempted to identify all of the docket numbers and titles for all sealed pleadings without the need for this Motion, but have been unable to do so.

4.     Generally, the law favors access to the Court pleadings. The Supreme Court has acknowledged that "justice cannot survive behind walls of silence." *Sheppard v. Maxwell*, 384 U.S. 333, 349 (1966). In response, federal rules have developed to promote transparency within the criminal justice process while simultaneously recognizing the need to limit the dissemination of private information. For example, Federal Rule of Criminal Procedure 49.1 governs the privacy protections of judicial filings made with the court. With regards to sealed records, Rule 49.1(d) provides that the Court "may order that a filing be made under seal without redaction" and that the Court "may later unseal the filing or order the person who made the filing to file a redacted version for the public record." This Rule recognizes the trial court's "supervisory power over its own records and files" *Nixon v. Warner Communications*, 435 U.S. 549, 598 (1978); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) and strikes a balance between the public's right to access court documents and help "keep a watchful eye on public institutions and the activities of the government" and the need for privacy regarding certain matters. *See Valley Broadcasting v. United States Dist. Court*, 798 F.2d 1289, 1293 (9th Cir. 1986) (citations omitted).

5.     It is well understood that the "courts of this country recognize a general right to inspect and copy records and documents, including judicial records and documents." *Nixon*, 435 U.S. 597; *see also United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access"); *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020) ("Courts have long recognized a common-law right of access to judicial records"). Although the general common law right to access judicial records is not

absolute, *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012), there is a "strong presumption in favor of public access," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This strong presumption in favor of public access can only "be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record." *Bacon*, 950 F.3d at 1293 (internally citations omitted).

6. Accordingly, the trial court, "in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Id*. (internal quotations omitted) (citing *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Keeping in line with the "presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy" and "articulate a sufficiently significant interest that will justify continuing to override the presumption of public access." *Id*. at 1302-03.

7. Because the prevailing law supports that the parties should have access to the pleadings in this case, the Court should order that a complete docket sheet be produced to all the parties that contains the docket numbers and titles of all the pleadings, so that each party may determine whether to move the Court to unseal or otherwise provide access to all the pleadings in the case.

8. The undersigned counsel has contacted counsel for all Defendants, as well as pro se Defendant Mr. Morton. All Defendants join the Motion.

9. The undersigned counsel has contacted counsel for the United States, AUSA Kimberly Brawley, regarding this Motion. Ms. Brawley has indicated that the United States does not oppose this Motion.

WHEREFORE, Counsel for Defendants respectfully request this Court enter an Order directing the Clerk of the Court to produce a complete docket sheet with all docket numbers for all pleadings filed in this case.

Respectfully submitted,

/s/ *Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com


*/s/ Justine Fox-Young*
Justine Fox-Young
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2022, I filed the foregoing electronically through the CM/ECF system, which caused counsel for the United States to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Ryan J. Villa*
RYAN J. VILLA