# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. 1:18-CR-02945-WJ

SUBHANAH WAHHAJ,

      Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS ONE AND TWO AS UNCONSTITUTIONALLY VAGUE (DOC. 506)

Defendant Subhanah Wahhaj, through counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Justine Fox-Young, PC, by Justine Fox-Young, joined by all Defendants, respectfully files this reply brief in support of her motion to dismiss Counts One and Two as Unconstitutionally Vague (Doc. 506), as follows:

As articulated in great detail in Defendants' motion, section 2339A is unconstitutionally vague because it purports to criminalize the provision of material support in furtherance of a crime of terrorism, and yet it incomprehensibly fails to require that a person must intend for their support to be used in furtherance of a crime of terrorism. Because the statute lacks explicit standards, it invites arbitrary and overreaching enforcement and altogether fails to constrain law enforcement. As the United States Supreme Court has explained:

> Although the [vagueness] doctrine focuses both on actual notice to citizens and arbitrary enforcement, ... the more important aspect of [the] doctrine is ... the requirement that a legislature establish minimal guidelines to govern law enforcement."

*Kolender v. Lawson*, 461 US 352, 357 (1983).

The Government concedes that a vagueness challenge is properly rooted in the lack of notice of what conduct is prohibited by a given statute, *see* Doc. 539 at 10, but goes on

to argue that, because "[t]he Defendants' crimes involved plans to kill officers or employees of the United States; they cannot reasonably claim that they lacked notice of the criminal nature of the conduct." As an initial matter, the evidence to support the allegations that any defendants planned to kill government officials is scant at best and is taken almost entirely from writings allegedly made by Ms. Leveille, where she allegedly made private diary entries including general statements regarding such plans at a time when she was suffering from untreated mental health issues.

The Government's response serves to highlight the mechanism for the arbitrary enforcement and unbridled prosecutorial discretion that follow naturally from the language of the statute. First, the Government protests that the statute is not unconstitutionally vague because in order to construe its meaning, one need only disregard the larger statutory context, and perform an internal analysis, focusing on the statutory elements and the underlying crimes, none of which specifically identifies terrorist activity. The Government concludes that because the statute is "exceptionally clear" and unequivocal in setting out the actus reus and mens rea of the crime, people of ordinary intelligence, who may face prosecution, and prosecutors alike can easily comprehend what conduct is proscribed. *See* Doc. 539 at 14. And the Government goes on to detail in fact that "in charging a violation of § 2339A, *[a prosecutor] need not [even] guess if particular conduct constitutes "terrorism,"* under any definition because § 2339A precisely prohibits a defendant's material support . . . ." *Id.* (emphasis added). The Court need look no further than this statement from the prosecution to properly conclude that the statute fails to provide even the most rudimentary guidance for law enforcement and prosecuting entities, meaning that before charging a defendant, a prosecutor need not even consider whether the alleged conduct constitutes terrorism.

It is worth noting that a number of additional characteristics of the statute make it more susceptible to arbitrary enforcement. These include that the predicate offense need not be committed or even attempted, that no agreement whatsoever is necessary for an underlying conspiracy, so material support liability can attach before a conspiracy even forms, and that the statute's predicate offenses criminalize "aiding-and-abetting" a conspiracy. *See* 18 U.S.C. § 2339A; Robert M. Chesney, "Anticipatory Prosecution in Terrorism-Related Cases," in THE CHANGING ROLE OF THE AMERICAN P ROSECUTOR (Worrall & Nugent, eds., SUNY Press 2007) (available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=944117)(explaining that "§2339A by its own terms does not require proof that the predicate offense actually occurred. On the contrary, by the statute's own terms it is enough if the support was intended 'to be used in *preparation* for' such an offense" (italics in original))

Whether an agreement to commit a specific offense ever results is totally irrelevant to conviction under the statute because a defendant who intended to provide preliminary support to facilitate the formation of a conspiracy can be convicted.[1]   Once material support attaches, there is liability under the statute. In more concrete terms, an individual can fundraise, recruit individuals, assemble equipment, provide him or herself as

---

[1] The Justice Department's Criminal Resource Manual provides, in pertinent part that:

> [Section 2339A] requires only that the supplier of the material support have knowledge of its intended use. Section 2339A, unlike the aiding and abetting statute (18 U.S.C. § 2), does not require that the supplier also have whatever specific intent the perpetrator of the actual terrorist act must have to commit one of the specified offenses.

Executive Office for United States Attorneys 2020:15

"personnel," and be criminally liable despite not having acted in furtherance of any particular agreement to commit a specific offense.

Because section 2339A fails to provide even the most minimal guideposts for prosecutors, it allows for "a standardless sweep [that] allows policemen, prosecutors and juries to pursue their personal predilections." *Kolender*, 461 U.S. at 358; *See also Grayned v. City of Rockford*, 408 US 104, 108-109 (1972) ("[a] vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application."). The self-fulfilling prophecy that the Government draws from the language of the statute, and uses to justify its charging decisions, is that the predicate offenses are included, not because they are acts of terrorism, but because "terrorists may engage in a wide range of serious offenses." *See* Doc. 539 at 12. While the Government's statement is true, its converse is not. That is, an individual may engage in any number of serious offenses, but it does not follow that the individual is engaged in terrorism-related criminal activity. Without clear guidance, the statute not only gives law enforcement and prosecutors the unbridled discretion to make charging decisions, but in fact encourages charging decisions in cases like this one, with minimal evidence at the outer limits of inchoate criminal liability.

The statute's vagueness becomes particularly pernicious in cases where the Government elects to prosecute the only crimes for which it has mustered evidence. Often, as is true in this case, that entails prosecuting individuals based upon scant evidence regarding their speech, association, recruitment and training, which with no involvement in a conspiracy, simply does not constitute evidence of a crime.

WHEREFORE, for all the foregoing reasons and all the reasons identified in Defendants motion, Defendants respectfully request that the Court dismiss Counts one and two of the superseding indictment because 18 U.S.C. U.S.C. § 2339A is unconstitutionally vague.

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*
Justine Fox-Young
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2022, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Justine Fox-Young*
JUSTINE FOX-YOUNG