IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE TAOS COUNTY SHERIFF'S OFFICE, CURRENTLY LOCATED AT 599 LOVATO PLACE, TAOS, NM 87571 | Case No. _____18mr 713_____ |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Travis Taylor, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, including electronic devices, which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since September 2017 with responsibility for investigating matters related to counterterrorism and other crimes. Based upon my training and experience, I am familiar with the types of criminal activity perpetrated by criminals and terrorists, to include acts of violence. Given my training and experience investigating various criminal violations and national security violations, I know that criminals often use electronic devices to plan, prepare, and communicate their criminal activities.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**EXHIBIT 11**

U.S. v. Jany Leveille, et.al. -- 26665

## IDENTIFICATION OF THE ITEMS TO BE EXAMINED

4. The property to be searched is currently located at the Taos County Sheriff's Office (TCSO), and includes property, electronic devices, storage media, journals, documents, and other records, as described in Attachment A.

5. The applied-for warrant would authorize the forensic examination of the documents, records, electronic evidence and storage media, and items for the purpose of identifying electronically stored data and other evidence particularly described in Attachment B.

## PROBABLE CAUSE

6. This investigation concerns violations of Title 18 U.S.C. § 1201, Kidnapping, which makes it an offense to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away and hold for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when the person is willfully transported in interstate or foreign commerce.

7. As further established below, there is probable cause to believe that evidence will be found at the TCSO that shows that MARYAM "JANY" LEVEILLE (JANY) (date of birth ▇▇▇ 1983), and others, unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, carried away, and held A▇▇ G▇▇ W▇▇ (A▇▇) (date of birth ▇▇▇ 2014) from the State of Georgia to the State of New Mexico for the purpose of performing an exorcism on A▇▇, establishing a religious community, and building a base from which to initiate acts of violence against non-believers.

8. Persons further referenced in this affidavit include the following:

   a. SIRAJ WAHHAJ, JR. (SIRAJ), father of A▇▇;

   b. SUBHANAH WAHHAJ (SUBHANAH), SIRAJ's sister;

   c. HURJAH WAHHAJ (HUJRAH), SIRAJ's sister;

2

**EXHIBIT 11**

**U.S. v. Jany Leveille, et.al. -- 26666**

  d. HAKIMA RAMZI (HAKIMA), mother of A▮▮▮ and lawful wife of SIRAJ;

  e. JANY, mother of F▮▮▮ L▮▮▮ (F▮▮▮) and J▮▮▮ L▮▮▮ (J▮▮▮) and four other children;

  f. LUCAS "LUQMAN" MORTON (MORTON), SUBHANAH's husband;

  g. MOHAMMAD WAHHAJ (MOHAMMAD), SIRAJ's brother;

  h. SIRAJ WAHHAJ, SR. (WAHHAJ, SR.), SIRAJ's father;

  i. JAMELLA AMAULAH JIHAD (JAMELLA), WAHHAJ, SR.'s wife; and

  j. MICHAEL LOUIS-JACQUES (MICHAEL), F▮▮▮ and J▮▮▮ father and JANY's ex-husband.

9. Probable cause is based on materials and other evidence generated and collected in connection with an FBI investigation into the abduction and disappearance of A▮▮▮. This evidence includes FBI 302 reports, witness statements, court documents, photographs, video and audiotapes, police reports, accident reports, and other records and documents, as well as statements made in interviews of F▮▮▮ (date of birth ▮▮▮, 2002) and J▮▮▮ (▮▮▮, 2004), and others.

10. A▮▮▮ is the biological child of SIRAJ and his wife by lawful marriage, HAKIMA (date of birth ▮▮▮, 1971). According to a statement HAKIMA provided to the FBI on December 14, 2017, HAKIMA and SIRAJ were married in 2004 in Morocco. A▮▮▮ was born with Hypoxic Ischemic Encephalopathy (HIE). As a result of this condition, A▮▮▮ was developmentally delayed, and he walked with a limp and had frequent seizures. A▮▮▮ required heightened care and also required medication to prevent his seizures.

**EXHIBIT 11**

**U.S. v. Jany Leveille, et.al. -- 26667**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH SIRAJIBN@HOTMAIL.COM and HWAHHAJ@HOTMAIL.COM, THAT ARE STORED AT PREMISES CONTROLLED BY MICROSOFT, INC. | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Travis Taylor being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises controlled by Microsoft, Inc., an email provider headquartered at One Microsoft Way, Redmond, WA 98052. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Microsoft, Inc. to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since September 2017. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request search

**EXHIBIT 11**

**U.S. v. Jany Leveille, et.al. -- 26733**

warrants I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since September 2017 with responsibility for investigating matters related to counterterrorism and other crimes. Based upon my training and experience, I am familiar with the types of criminal activity perpetrated by criminals and terrorists, to include acts of violence. Given my training and experience investigating various criminal violations and national security violations, I know that criminals often use electronic devices to plan, prepare, and communicate their criminal activities.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1201 and 18 U.S.C. § 922 (d)(5)(A) and 18 U.S.C. § 922(g)(5)(A), 18 U.S.C. § 924, and 18 U.S.C. § 371 have been committed by JANY LEVEILLE, SIRAJ IBN WAHHAJ, LUCAS "LUQMAN" MORTON, SUBHANAH WAHHAJ, and HUJRAH WAHHAJ. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**EXHIBIT 11**

**U.S. v. Jany Leveille, et.al. -- 26734**

## PROBABLE CAUSE

6. As further established below, there is probable cause to believe that evidence will be found via Microsoft geolocation and account records that shows that MARYAM "JANY" LEVEILLE (JANY) (date of birth ▇ 1983) and others, unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, carried away, and held A▇ G▇ W▇ (A▇) (date of birth ▇ 2014) from the State of Georgia to the State of New Mexico for the purpose of performing an exorcism on A▇, establishing a religious community, and building a base from which to initiate acts of violence against non-believers. There is also probable cause to believe that JANY, who was in the U.S. illegally since in or about December 1989, did unlawfully possess a firearm or ammunition and that SIRAJ IBN WAHHAJ (IBN) (date of birth did unlawfully dispose of a firearm or ammunition to a person who, being an alien was illegally or unlawfully in the United States.

7. Persons further referenced in this affidavit include the following:

   a. SIRAJ IBN WAHHAJ (IBN), father of A▇;
   b. SUBHANAH WAHHAJ (SUBHANAH), IBN's sister;
   c. HUJRAH WAHHAJ (HUJRAH), IBN's sister;
   d. HAKIMA RAMZI (HAKIMA), mother of A▇ and lawful wife of IBN;
   e. JANY, mother of F▇ L▇ (F▇) and J▇ L▇ (J▇) and four other children;
   f. LUCAS "LUQMAN" MORTON (MORTON), SUBHANAH's husband;
   g. MOHAMMAD WAHHAJ (MOHAMMAD), IBN's brother;
   h. SIRAJ LATIF WAHHAJ (WAHHAJ), IBN's father;
   i. JAMELLA AMAULAH JIHAD (JAMELLA), WAHHAJ's wife; and

**EXHIBIT 11**

**U.S. v. Jany Leveille, et.al. -- 26735**

j. MICHAEL LOUIS-JACQUES (MICHAEL), F███ and J███ father and JANY's ex-husband.

8. Probable cause is based on materials and other evidence generated and collected in connection with an FBI investigation into the abduction and disappearance of A███ This evidence includes FBI 302 reports, witness statements, court documents, photographs, video and audiotapes, police reports, accident reports, and other records and documents, as well as statements made in interviews of F███ (date of birth ███ 2002) and J███ (date of birth ███ 2004), and others.

9. A███ is the biological child of IBN and his wife by lawful marriage, HAKIMA (date of birth ███ 1971). According to a statement HAKIMA provided to the FBI on December 14, 2017, HAKIMA and IBN were married in 2004 in Morocco. A███ was born with Hypoxic Ischemic Encephalopathy (HIE). As a result of this condition, A███ was developmentally delayed, and he walked with a limp and had frequent seizures. A███ required heightened care and also required medication to prevent his seizures.

10. IBN is the son of WAHHAJ. According to open source reporting, WAHHAJ is the imam of At-Taqwa Mosque in Brooklyn, New York. IBN previously performed security work at this mosque.

11. According to a statement provided to the FBI on December 14, 2017, IBN has two sisters, SUBHANAH and HUJRAH. HUJRAH has one child. SUBHANAH has four children and is married to MORTON.

12. IBN is involved in a relationship with JANY. JANY is a citizen of Haiti currently residing in the United States without a current immigration status. According to the U.S. Immigration and Customs Enforcement, Department of Homeland Security, JANY last entered

**EXHIBIT 11**

**U.S. v. Jany Leveille, et.al. -- 26736**