Second SW

D.3ccown
COPY and the FILED IN MY OFFICE
JUDICIAL DIST. COURT
COUNT 8:00 AM ON

STATE OF NEW MEXICO
COUNTY OF TAOS
IN THE DISTRICT COURT

2018 AUG -7 AM II: 31

NO. ⟨W 2018-1

STATE OF NEW MEXICO, Plaintiff,
Vs.                                      In the matter of: case #
Wahhaj, Siraj (an adult)
Wahhaj, AG (a child)

## AFFIDAVIT FOR SEARCH WARRANT

1. THERE IS A SUSPECTED PLACE AND PREMISES IN TAOS COUNTY, STATE
OF NEW MEXICO, LOCATED AND DESCRIBED AS FOLLOWS:

A parcel of property located on Juniper Road near the Monte Vista Rd intersection in
Costilla, NM. The residence is described as a "compound" surrounded in part by an
earthen berm and tires and in part underground with a plastic covering over what may be
a conex box or some kind of structure. There is no specific address identified for the
property but it is located on Unit 2 Lot 28 in Costilla Meadows subdivision in Taos
County New Mexico. The approximate GPS location is 36.58.37.48N x 105.26.59.30W.

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY
CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF THE STATE OF
NEW MEXICO, SAID PROPERTY BEING MORE FULLY DESCRIBED AS
FOLLOWS:

- The person of AG Wahhaj (a child) DOB:    2014. A black male apx 3.00 tall
  and 22 pounds.
- Any evidence relating to AG Wahhaj's (a child) current location or evidence of
  his death or loss of AG Wahhaj (a child) to include DNA, blood, tissue, skeletal
  remains intact or in part, clothing, cloths or shrouds used for religious ceremonies
  or burial, burial site, markers/indicators of his disposal or burial.
- Anything that would be considered evidence of a homicide or accidental death, or
  death or loss from any cause to include documents written or captured by notation
  electronic, photos, cameras, recording devices, etc. or other means.
- Any weapons capable of causing death or great bodily injury likely to cause death
  or dismemberment.
- Medications for AG Wahhaj or for the treatment of Hypoxia Ischemic
  Encephalopathy (HEI) or any other things or items that would be for the treatment
  of this disease or illness.
- Any other evidence of a cause of death or mechanism in which death may have
  occurred or a person(s) responsible for the death of AG Wahhaj or another that
  articulates to the welfare of this person being compromised as supported in the
  affidavit below.

EXHIBIT 13

US v. Jany Leveille et al 2490

3. THE PROPERTY KEPT AND CONCEALED AT SAID SUSPECTED PLACE AND PREMISES IS UNDER THE CONTROL OF EACH OF THE FOLLOWING NAMED AND SUSPECTED PERSONS:

1) Jason Badger, who is the registered owner of the target property.
2) Lucas Morton, who was residing at the property and owns the adjacent property and built on the target property by mistake.
3) Any other person(s) residing at or having claim of ownership to the property that are not yet known to affiant.

4. SAID SUSPECTED PERSONS(S) AT SUSPECTED PLACE AND PREMISES ARE ACCUSED OF VIOLATING THE LAWS OF THE STATE OF NEW MEXICO, INCLUDING BUT NOT LIMITED TO THE FOLLOWING:

- AG Wahhaj is a child with a order for pickup from Georgia whose whereabouts are currently unknown.
- Criminal investigation shall include child abuse and/or neglect, homicide, or death by natural cause or another cause of death.

5.  AFFIANT HAS PROBABLE CAUSE TO BELIEVE THE ABOVE-LISTED STATEMENTS AND ACCUSATION DUE TO THE FOLLOWING FACTS:

Your Affiant is Jerry L. Hogrefe, a full-time certified peace officer in good standing in the State of New Mexico and currently holds the elected position of Taos County Sheriff and Executive level NM Certification. Affiant received his basic training in 1989 at the New Mexico Law Enforcement Academy and has since received over 3,000 hours of advanced public safety related training and experience in criminal and civil matters.

On August 2, 2018 a search warrant based on probable cause attested to in an affidavit was granted by District Judge Sarah Backus to search the above described property for persons listed in the affidavit which included Siraj Wahhaj, a wanted felon from Georgia, AG Wahhaj, a child missing from Georgia, and any other persons whose welfare may be compromised.

The search warrant was executed on the morning of August 3, 2018 by Taos County Sheriff's Office and other supporting agents from the State of New Mexico. Investigators found a total of eleven children and five adults occupying the property.

Siraj Wahhaj (age 39) who was specified in the search warrant was on the property and taken in custody pursuant to the Georgia arrest warrant. He was located in the partly buried camper trailer with two adult females and several children inside and refused our verbal commands to come out with his hands up. When investigators made entry by opening the door and taking custody of him he was armed with a loaded revolver in his pocket and was wearing a belt with 5 loaded 30 round AR15 magazines in pouches on the

EXHIBIT 13     US v. Jany Leveille et al 2491

belt –he was at the eastern bedroom immediately inside the doorway where a loaded AR15 rifle was next to him. Four other handguns were also located in that small bedroom. WAHHAJ refused to give his name or the names of anyone else that was there and later would not answer simple question or any questions as to the whereabouts of AG Wahhaj.

Along the sides and back of the buried trailer there was a dugout pathway allowing limited access to go around it. On the north side of it is a tunnel that reached approximately 100' feet deep – said tunnel is about 3' to 4' in diameter and has two "pockets" dug out on the sides with what appeared to be makeshift pallet/bedding. On the east side of the trailer are makeshift steps that lead to above ground and another small partly covered enclosure surrounded by dirt berm, straw, and tires for the walls (toilet room) – this area has a makeshift toilet over a 5 gallon bucket and filthy conditions and trash in it.

Lucas Morton (aka Lucas Morten, Lucas Mortensen)(age 40) was also taken in custody by investigators at the front of the property near the white box van. Believing that he is the primary occupant of the compound he was charged with harboring a fugitive, a felony. The living conditions, health and wellbeing of the children were deemed deplorable as they had no clean water, food, electricity, dirty clothing, poor hygiene, and had not eaten or taken nutrition in what was believed to be days. Additionally, there was a leaking propane gas tank near the small partly buried camper trailer within the interior walls of the compound which is mostly surrounded by an earthen berm and old tires; the entire compound and grounds is described and documented as "filthy and disgusting". Two of the eleven children and presumably their mother were located in the back of a 2006 Ford box truck (moving van) which had filthy living conditions and makeshift bunk beds – it is reasonably believed this is where some of the persons were residing.

The three adult women only provide names of themselves and the children but would not give any information as to the whereabouts of AG Wahhaj except to say that "he is not my son and I (we) am not allowed to talk about him". When each was questioned individually by affiant I learned AG Wahhaj had been there, although the affirmation was only a head nod. Each woman was insistent they had been told by the males that they could not talk about AG Wahhaj and simply would not.

All eleven children were taken in protective custody by affiant and later turned over to CYFD case worker Tony. The three females were taken to CAV and not initially criminally charged – it was affiant's belief that prolonging charges may benefit of CYFD to gather facts about the children and to further the investigation. It should be noted that the women have since been re-interviewed by investigators and FBI agents and none have stated they were held at this compound against their will nor have they given any additional information as to the whereabouts of AG Wahhaj.

CYFD and CAV case workers have conducted safe room interviews with some of the children. Although affiant was not present for those interviews I have learned that at least two of the children disclosed that AG Wahhaj was at the compound and in poor

EXHIBIT 13    US v. Jany Leveille et al 2492

health and died there.  AM (a child 8 years old) disclosed that he/she and in fact all the children and adults witnesses AG Wahhaj dead at this property and that "Uncle Lucas" washed his body twice and then buried him on what affiant believes may either be the tunnel described above or the above mentioned toilet room which affiant asserts from the layout of it a child may consider that area a tunnel as well or even the "tunnel" area around the buried trailer.  Affiant shall also search the entire grounds for any evidence relating to a grave site and evidence of the cause of death.  Affiant further asserts that the washing of the dead and burial is consistent with Muslim beliefs and that WAHHAJ and MORTON and the other adults and children are of Muslim belief and following.

Affiant asserts that probable cause now exist that AG Wahhaj is or was buried on the property described in this affidavit and respectfully asks a search warrant be granted allowing investigators to closely examine the property for a burial site and to exhume any such area that investigators deem a likely burial site.  Additionally, if at all possible affiant will utilize cadaver dogs to assist in the search and locating any burial site.  Affiant also asks that he be allowed to gather any and all evidence on this property that may in any way assist investigators in determining the cause of death.  Affiant also asserts that an operation of this type may take an extended amount of time and asks that the court grant night time operation if necessary to continue the operation and investigation without interruption.

       THEREFORE, AFFIANT PRAYS THIS HONORABLE COURT for issuance of a Search Warrant, authorizing the search of the suspected place and premises for each item named and described herein, and authorizing the seizure of each said named and described item.

_____
Affiant, Sheriff Jerry Hogrefe

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned District Court Judge on this the _5th_ day of _____August_____, 20_18_.

_____
District Court Judge

EXHIBIT 13       US v. Jany Leveille et al 2493

STATE OF NEW MEXICO
COUNTY OF TAOS
IN THE DISTRICT COURT

FILED IN MY OFFICE
JUDICIAL DISTRICT COURT

2018 AUG -7  AM 11: 31

NO. JW  0013-1

STATE OF NEW MEXICO, Plaintiff,
Vs.                                          In the matter of:  case #
Wahhaj, Siraj (an adult)
Wahhaj, AG (a child)

## SEARCH WARRANT

THE STATE OF NEW MEXICO TO ANY OFFICER AUTHORIZED TO EXECUTE
THIS WARRANT:

Proof by Affidavit for Search Warrant, having been submitted to me, I am
satisfied that there is probable cause that the person named or the property described in
the Affidavit is located where alleged in the Affidavit and I find grounds exist for the
issuance of the Search Warrant. A copy of the Affidavit is attached and made a part of
this Warrant.

YOU ARE HEREBY COMMANDED to search forthwith the person or place
described in the Affidavit between the hours of 6:00 a.m. and 10:00 p.m., unless I have
specifically authorized a nighttime search, for the person or property described in the
Affidavit, serving this Warrant together with a copy of the Affidavit, and making the
search and if the person or property be found there, to seize the person or property and
hold for safekeeping until further order of the Court.

X ___ I have found exigent circumstances as stated in the affidavit and hereby authorize
the search warrant may be at any time.

X ___ I have found exigent and/or dangerous circumstances exist as stated in the affidavit
that could pose a danger to officers and/or the community and hereby authorize this
warrant may be executed without announcement – commonly known as a "no-knock"
warrant.

YOU ARE FURTHER ORDERED to prepare a written inventory of any person or
property seized. You are further directed to file the return and written inventory with the
Court promptly after its execution.

Dated the _5th_ day of _Aug._ , 20_18_.

_____
District Court Judge

EXHIBIT 13     US v. Jany Leveille et al 2494

RETURN AND INVENTORY

I received the attached Search Warrant on August 5, 2018, and executed said Search Warrant on August 6, 2018 at 09:35 hours. I searched the person or premises described in Affidavit supporting said Search Warrant and I left a copy of said Search Warrant with Lot 2 Unit 28 Costilla Meadows Subdivision, Amalia, NM, together with a copy of the inventory of items seized.

The following is an inventory of property taken pursuant to said Search Warrant:

1. Small Human Remains.
2. Brown box with yellow crystal substance.
3. Sheet of note paper with foreign writing.
4. LG smart phone, black cracked screen.
5. Hansol medical box, red with glass like suction cups.
6. Small electric oxygen model 3050-2 SN# 13s140106110.
7. Black flambeau rifle case with a Marlin 30-30, lever Action with scope weaver.
8. Green Allen rifle case with Savage .308cal SN# H602918.
9. Glock case 42 model 380 auto SN# ABDB288, two loaded magazines.
10. Readyman back pack, gray in color, two red photo albums, 38,223,45,40,9mm misc. ammunition.
11. Book- Sword against black magic.
12. Penguin pediatric compressor nebulizer, SN# (21)2V1704 087705 in a white plaid caring case.
13. Paperwork in tunnel, notebook laptop, SN# CND6326W52 HP, several 13 cd.
14. White piece nylon tarp.
15. Passport and Georgia ID-Siraj Ibn Wahhaj.
16. Hausbell, black handheld camcorder HD, Model: HDV-505STR.
17. Jany Louis Jacques, X-5, Medical certifications.
18. Paperwork/Documents, ID- Lucas Morton.
19. Georgia Driver's License- Lucas Morton.
20. LG cell phone purple case, LG cellphone black.
21. Toshiba laptop SN# 6242877W.

EXHIBIT 13     US v. Jany Leveille et al 2495

This inventory was made in the presence of _Marvin Armijo Tcso Detective._

    This inventory is a true and detailed account of all property taken pursuant to the execution of said Search Warrant.

_Sgt. J.P. R____ TAOS 116_
Signature of Officer

_____ TCSO 108_
Signature of Property Owner or
other Witness

Return made this _____ day of _____, 20 ____ at _____ hours

_____
Judge

_____
Clerk

EXHIBIT 13     US v. Jany Leveille et al 2496