STATE OF NEW MEXICO
COUNTY OF TAOS
IN THE DISTRICT COURT

FILED IN MY OFFICE
8TH JUDICIAL DIST. COURT
TAOS COUNTY, NM ON

2018 AUG 16 AM 11: 47

NO. SW-2018- BERNADE P. STRUCK
CLERK OF THE
DISTRICT COURT

STATE OF NEW MEXICO, Plaintiff,
Vs.
Wahhaj, Siraj (an adult)
███████, ███ (a child)

In the matter of: case # ███████

## AFFIDAVIT FOR SEARCH WARRANT

1. THERE IS A SUSPECTED PLACE AND PREMISES IN TAOS COUNTY, STATE OF NEW MEXICO, LOCATED AND DESCRIBED AS FOLLOWS:

A parcel of property located on Juniper Road near the Monte Vista Rd intersection in Costilla, NM. The residence is described as a "compound" surrounded in part by an earthen berm and tires and in part underground with a plastic covering over what may be a conex box or some kind of structure. There is no specific address identified for the property but it is located on Unit 2 Lot 28 in Costilla Meadows subdivision in Taos County New Mexico. The approximate GPS location is 36.58.37.48N x 105.26.59.30W.

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF THE STATE OF NEW MEXICO, SAID PROPERTY BEING MORE FULLY DESCRIBED AS FOLLOWS:

- The person of Siraj Wahhaj DOB: ███████. A black male apx 6.01 tall and 250 pounds.
- The person of ███ ███████ (a child) DOB: ███████ A black male apd 3.00 tall and 22 pounds.
- Any other person whose welfare may be compromised as supported in the affidavit below.

3. THE PROPERTY KEPT AND CONCEALED AT SAID SUSPECTED PLACE AND PREMISES IS UNDER THE CONTROL OF EACH OF THE FOLLOWING NAMED AND SUSPECTED PERSONS:

1) Jason Badger, who is the registered owner of the target property.
2) Lucas Mortensen, who is believed to reside at the property and own the adjacent property and built on the target property by mistake.
3) Any other person(s) residing at or having claim of ownership to the property that are not yet known to affiant.

US v. Jany Leveille et al 2478

4. SAID SUSPECTED PERSONS(S) AT SUSPECTED PLACE AND PREMISES ARE ACCUSED OF VIOLATING THE LAWS OF THE STATE OF NEW MEXICO, INCLUDING BUT NOT LIMITED TO THE FOLLOWING:

- Siraj Wahhaj is a wanted fugitive from Georgia, otherwise accused of being a fugitive from justice.
- ▉▉▉▉▉ is a child with a order for pickup from Georgia.
- Criminal investigation shall include child abuse and/or neglect.

5. AFFIANT HAS PROBABLE CAUSE TO BELIEVE THE ABOVE-LISTED STATEMENTS AND ACCUSATION DUE TO THE FOLLOWING FACTS:

Your Affiant is Jerry L. Hogrefe, a full-time certified peace officer in good standing in the State of New Mexico and currently holds the elected position of Taos County Sheriff and Executive level NM Certification. Affiant received his basic training in 1989 at the New Mexico Law Enforcement Academy and has since received over 3,000 hours of advanced public safety related training and experience in criminal and civil matters.

On about May 15th, 2018 affiant became aware of a missing child bulletin from Clayton County Georgia and that the child may be residing in NM with his father. That bulletin states that Siraj Wahhaj (B/M age 39) may have abducted ▉▉▉▉▉, his biological son who is almost 4 years old now. The child is described by the mother as being born with Hypoxic Ischemic Encephalopathy (HIE), which requires medication and causes seizures. The child is described as having a "limp" and it is unknown if the child has been receiving his medications. According to the investigation approved by the Georgia courts the father was to perform an exorcism on the child and deny him his prescribed medications.

During our investigation TCSO Deputy Flores also received information from Georgia investigators that the father, child, and others may be residing at a property in Costilla, NM. FLOREZ and Sergeant Jason Rael traveled to Costilla, NM and spoke with area residents learning that the property, while not uniquely addressed, is located on Juniper Rd near the Monte Vista road intersection and is occupied by persons that resemble the WAHHAJ adult and child and further described they occasionally drive a white box van. TCSO has since worked with FBI and Georgia investigators to gather more information. Investigators did obtain the legal property description; it is Unit 2 Lot 28, which is a 10 acre parcel of Costilla Meadows subdivision in Taos County New Mexico. Additionally, they contacted the property owner, Jason Badger. BADGER told Sgt. Rael he and his wife do legally own the property described in this affidavit but other person(s), Saraj Wahhaj and his immediate family member Lucas Mortensen, and others occupy it and in fact own the adjacent property and recently (around the first part of 2018) had mistakenly built their "compound" on their (BADGER's) property so they were in negotiations to exchange lots with them. Investigators have now learned from BADGER's that property exchange did not happen and in fact BADGER had filed an eviction notice through Magistrate Court only to have it dismissed.

Aerial surveillance of the property has been conducted by FBI which documented adult males, females, and children present at the compound but none of these persons are yet identified, except that one child was observed walking with a limp. The attached aerial photo of the property also shows a white box van parked there. Investigators have also learned from area residents that there has been gunfire heard from the property on a regular basis.

Affiant further states that during this investigation deputies have viewed the property from a distance and learned the "house" appears to be built underground and is covered with what appears to be plastic and is mostly surrounded with tires and an earthen berm and what appears to be a shooting range along the west side of the property. (see map marked as attachment "A") Through information provided by FBI Agent Suta, WAHHAJ was contacted by LE during a traffic crash in December 2017 and found in possession of guns and body armor. An Intel bulletin and the missing person flyer both caution that if located civilians should not contact WAHHAJ and Agents have cautioned for LE to not approach WAHHAJ alone. It should also be noted that a nationwide extraditable warrant has been issued for the arrest of Siraj Wahhaj by Judge Steven Teske, Chief Judge of the Juvenile Court of Clayton County Georgia (see attachment "B"). The charge is for Child Abduction. Additionally, a pickup order has been issued for AG Wahhaj (the child) by Judge Steven Teske, Chief Judge of the Juvenile Court of Clayton County Georgia (see attachment "C").

On August 2, 2018 information was relayed via email from Detective Rick Porter, of the Clayton County Police Department, Jonesboro, GA, regarding emails that were received by their agency. Detective Porter stated he was provided photographs of what appeared to be text or instant messages regarding one of the females asking for help, stating the family was starving and needed money and food.

Affiant asserts that probable cause exist that Siraj Wahhaj and others are likely on the property described above and that both an arrest order and child pickup order exist. It is know from prior LE contacts and recent reports that WAHHAJ or others believed to be residing at the property are in possession of firearms and protective vest(s) and that shooting has been reported at the described property that are concerning to LE Additionally, affiant asserts there is now information that the children are being neglected of food and/or basic needs and that the totality of what is presented in this affidavit rises to the need for law enforcement to enter and search the property for the missing child, the wanted felon, and to check the welfare of any persons/children that may be present.

    THEREFORE, AFFIANT PRAYS THIS HONORABLE COURT for issuance of a Search Warrant, authorizing the search of the suspected place and premises for each item named and described herein, and authorizing the seizure of each said named and described item.

Affiant; Sheriff Jerry Hogrefe

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned ~~Magistrate~~ District Court Judge on this the _2nd_ day of _Aug._, 20_18_.

_____/s/ Sarah B/_____
District Court Judge

US v. Jany Leveille et al 2481



US v. Jany Leveille et al 2482

Attachment B

IN THE JUVENILE COURT OF CLAYTON COUNTY
GEORGIA

IN THE INTEREST OF )
) CASE NO: ▮
)
▮ )
)

ADULT WARRANT
SIRAJ IBN WAHHAJ

Upon application for a warrant by Captain Scott Stubbs, Clayton County Police Department, the Court having considered said application, and having examined said applicant, the Court makes the following findings and conclusions;

The father, Siraj Ibn Wahhaj absconded with the above captioned child on or about December 1, 2017, and the whereabouts of the child are unknown. The mother stated that the father has not contacted her or other relatives to disclose his location nor to advise of the child's status. The mother further states that the child has severe medical issues, to-wit: Hypoxic Ischemic Encephalopathy (HIE) and cannot walk and suffers seizures, and requires constant attention. Further, the mother states that the father made it known before absconding that he wanted to perform an exorcism on said child because he believes the child is possessed by the devil.

Upon consideration of the foregoing allegations, the Court concludes that the probable cause exists for this Court to act as a court of inquiry pursuant to O.C.G.A. §15-11-7(a) for the purpose to examine or investigate the circumstances or causes of any conduct of acts of any person 17 years of more of age that may be in violation of the laws of this state. The Court is further authorized to cause such person to be apprehended and brought before it upon a Writ of Summons, a warrant duly issued, or by arrest, therefore;

, IT IS HEREBY ORDERED AND ADJUDGED that this WARRANT shall issue for the arrest of SIRAJ IBN WAHHAJ, and that any and all law enforcement of local, county, state, or federal authority and in any state of this union shall be authorized to take said person into custody and place him in the common jail of Clayton County, Georgia and brought forth with before this Court to determine probable cause upon a hearing.

SO ORDERED the 9th day of January, 2018.

Honorable Steven C. Teske
Chief Judge, Juvenile Court of Clayton County

cc: Clayton County Sheriff Department
ATTACHMENT- Warrant/Pick-up Data Sheet

US v. Jany Leveille et al 2483

Clayton County Juvenile Court

# WARRANT/PICK-UP ORDER DATA SHEET

**INSTRUCTIONS:** The assigned officer is to complete this form in its entirety and include it with the affidavit. This form is to accompany all types of juvenile warrants and pick-up orders to the Sheriff's Office.

**TYPE OF WARRANT** (check one): ☐ Runaway  ☐ Violation of Court Order  ☐ Bench Warrant  ☐ Pick-Up Order

**ORIGINATING CHARGE:** _____

## WANTED PERSON'S INFORMATION

Name: __Wahha'j__ (Last)  __Siraj__ (First)  __Ibn__ (Middle)  _____ (AKA)  DOB: ▇▇▇

Address: _____ (Street)  _____ (Apt #)  _____ (City)  _____ (County)  _____ (State)  _____ (ZIP)

Race: __B__  Sex: __M__  Height: _____  Weight: _____

Eye Color: _____  Hair Color: _____

Social Security No: _____  Driver's License (State/No): _____

## LAST KNOWN AND OTHER DESCRIPTIVE INORMATION

Describe the conditions surrounding the wanted person's last known location and any other information pertinent to the location of the wanted person and/or safety of law enforcement.

_____
_____
_____
_____
_____
_____
_____
_____

Person completing form: __Tara Barfield__

Telephone: ▇▇▇  Email: ▇▇▇  Date: __1/9/18__

US v. Jany Leveille et al 2484

Attachment C

IN THE JUVENILE COURT OF CLAYTON COUNTY
GEORGIA

| | | |
|---|---|---|
| IN THE INTEREST OF | ) | CASE NO ▮▮ |
| ▮▮▮▮▮ ▮▮▮▮▮ | ) | AGE: 03  DOB: ▮▮ |
| A CHILD under 17 years of age | ) | MALE |

PICK UP ORDER

TO: ANY LAW ENCORCEMENT OFFICER
OF THE COUNTY OF CLAYTON
AND THE STATE OF GEORGIA

WHEREAS, a Complaint for Dependency having been filed in this court alleging the father, Siraj Ibn Wahhaj absconded with the above captioned child on or about December 1, 2017, and the whereabouts of the child are unknown. The mother stated that the father has not contacted her or other relatives to disclose his location nor to advise of the child's status. The mother further states that the child has severe medical issues, to–with: Hypoxic Ischemic Encephalopathy (HIE) and cannot walk and suffers seizures, and requires constant attention. Further, the mother states that the father made it known before absconding that he wanted to perform an exorcism on said child because he believes the child is possessed by the devil.

Upon consideration of the foregoing allegations, the Court concludes that probable cause exists that said child is a dependent child as defined in O.C.G.A.§ 15-11-2 (22), and that exigent circumstances exist requiring immediate action to protect the welfare of said child, therefore

IT IS HEREBY ORDERED that the above-referenced child, A▮▮▮ G▮▮▮ W▮▮▮ shall be picked-up by Law Enforcement or any Division of Family and Children Services and placed with Hakima Ramzi, mother of said child and a hearing to be held with 72 hours of said child being picked up.

SO ORDERED the 9th day of January, 2018.

Honorable Steven C. Teske
Chief Judge, Clayton County Juvenile Court

SCT/tb

cc: Clayton County Sheriff Office
ATTACHMENT: WARRANT/PICK UP ORDER DATA SHEET

1 | Page

US v. Jany Leveille et al 2485

Clayton County Juvenile Court
## WARRANT/PICK-UP ORDER DATA SHEET

INSTRUCTIONS: The assigned officer is to complete this form in its entirety and include it with the affidavit. This form is to accompany all types of juvenile warrants and pick-up orders to the Sheriff's Office.

TYPE OF WARRANT (check one): ☐ Runaway  ☐ Violation of Court Order  ☐ Bench Warrant  ☒ Pick-Up Order

ORIGINATING CHARGE: _____

**WANTED PERSON'S INFORMATION**

Name: W█████ A███ G█████
 (Last)          (First)        (Middle)        (AKA)         DOB: █████

Address: _____
 (Street)   (Apt. #)   (City)   (County)   (State)   (ZIP)

Race: B    Sex: M    Height: _____    Weight: _____

Eye Color: _____    Hair Color: _____

Social Security No: _____    Driver's License (State/No): _____

**LAST KNOWN AND OTHER DESCRIPTIVE INORMATION**

Describe the conditions surrounding the wanted person's last known location and any other information pertinent to the location of the wanted person and/or safety of law enforcement.

(3yrs old child) Father absconded with child.

Person completing form: Tara Barfield

█████ 70█ 7-█260    Email: █████    Date: 1/9/18

US v. Jany Leveille et al 2486

STATE OF NEW MEXICO
COUNTY OF TAOS
IN THE DISTRICT COURT

FILED IN MY OFFICE
8TH JUDICIAL DIST. COURT
TAOS COUNTY, NM ON
2018 AUG -6 AM 11:47
NO. SW-2018-____ STRUCK
CLERK OF THE
DISTRICT COURT

STATE OF NEW MEXICO, Plaintiff,
Vs.                                                   In the matter of: case # ▮▮▮▮▮
Wahhaj, Siraj (an adult)
▮▮▮▮, ▮▮ (a child)

## SEARCH WARRANT

THE STATE OF NEW MEXICO TO ANY OFFICER AUTHORIZED TO EXECUTE THIS WARRANT:

Proof by Affidavit for Search Warrant, having been submitted to me, I am satisfied that there is probable cause that the person named or the property described in the Affidavit is located where alleged in the Affidavit and I find grounds exist for the issuance of the Search Warrant. A copy of the Affidavit is attached and made a part of this Warrant.

YOU ARE HEREBY COMMANDED to search forthwith the person or place described in the Affidavit between the hours of 6:00 a.m. and 10:00 p.m., unless I have specifically authorized a nighttime search, for the person or property described in the Affidavit, serving this Warrant together with a copy of the Affidavit, and making the search and if the person or property be found there, to seize the person or property and hold for safekeeping until further order of the Court.

____ I have found exigent circumstances as stated in the affidavit and hereby authorize the search warrant may be at any time.

_X_ I have found exigent and/or dangerous circumstances exist as stated in the affidavit that could pose a danger to officers and/or the community and hereby authorize this warrant may be executed without announcement – commonly known as a "no-knock" warrant.

YOU ARE FURTHER ORDERED to prepare a written inventory of any person or property seized. You are further directed to file the return and written inventory with the Court promptly after its execution.

Dated the __2nd__ day of __aug__, 20__18__.

_____
District Court Judge

US v. Jany Leveille et al 2487

SW-2018-1

RETURN AND INVENTORY

FILED IN MY OFFICE
8TH JUDICIAL DIST. COURT
TAOS COUNTY, NM ON

2010 AUG 16 AM 11:48

BEHALVE OF THE
DISTRICT COURT

I received the attached Search Warrant on 8-3, 2018, and executed said Search Warrant on 8-3, 20 18 at _____ hours. I searched the person or premises described in Affidavit supporting said Search Warrant and I left a copy of said Search Warrant with _____, together with a copy of the inventory of items seized.

The following is an inventory of property taken pursuant to said Search Warrant:

Confined - Siraj Wahhaj - an adult wanted from GA
Arrested - Lucas Morton - adult.
11 children taken in protective custody - turned over to CYFD

※ (FOR SAFE KEEPING) ※

1 - Bushmaster AR-15    # BFI659484      w/ 9 Loaded Mag   w/ 1-Sling
1 - Glock 26, 9mm       # BEU V018       w/ 3 Loaded mag
1 - Kimber .9mm         # KPF 7874       w/ 3 Loaded mag
1 - Smith-Wesson .38    # CVB 3274642-1
1 - Ruger .357          # 575-657758
1 - Green Vest
1 - Spring Field XD40   # US411172        w/ 2 Loaded mag

This inventory was made in the presence of _Kelly Romero_.

This inventory is a true and detailed account of all property taken pursuant to the execution of said Search Warrant.

_____
Signature of Officer

_____
Signature of Property Owner or
other ~~Witness~~

Return made this _____ day of _____, 20 ____ at _____ hours

_____        _____
Judge                           Clerk

US v. Jany Leveille et al 2488

WHAT IS YOUR NAME?

▮▮ - ▮ 3 - ▮▮ Rick Porter

JANY Leveille - ▮▮

M  ▮▮  ▮▮ - 3yo ▮▮
F  ▮▮  "  " - 5  ▮▮
F  ▮▮  "  " - 8  ▮▮
F  ▮▮  "  " - 1  ▮▮
m  ▮▮  ▮ - 13  ▮ 3 - ▮
m  ▮▮  ▮ - 15  ▮▮ - ▮



HUJRAH WAHHAJ  ▮▮▮
▮▮  8  ▮▮

SUBHANAH WAHHAJ  ▮▮
F  ▮▮  8  ▮▮
F  ▮  6  ▮▮
m  ▮▮  4  ▮▮
F  ▮▮  2

LUCAS NORTON
▮▮▮

US v. Jany Leveille et al 2489