# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

## Clerk's Minutes

**Before the Honorable Chief Judge William P. Johnson**

**Case No.:** CR18-2945 WJ          **Date:** 2/9/2023

**Parties:** USA v. Leveille, et al.

**Courtroom Clerk/Law Clerk:** R. Garcia/Ashley Flakas,    **Court Reporter:** M. Loughran

**Interpreter:** N/A

**Type of Proceeding:** Hearing re Standing to file Motion to Suppress (Doc. 471)

**Place of Court:** Albuquerque

**Total time in Court:** 1 hour and 42 minutes

**Evidentiary Hearing:** NO

**Attorneys Present for Plaintiff(s):**
Kimberly Brawley and Jackson Hall

**Attorneys Present for Defendant(s):**
Aric Elsenheimer, Angelica Hall, Thomas Clark, Marc Robert, Donald Kochersberger, Marshall Ray, Ryan Villa, Justine Fox-Young, Lucas Morton, and Joseph Shattuck

**Proceedings:**

9:40    Court in session; counsel enter appearances; Defendants present.

The Court conducts CIPA Pretrial Conference pursuant to the Classified Information Act.

Mr. Hall addresses the Court re CIPA materials; notes any outstanding classified information that may be discoverable will be the subject of appropriate motion re issue; discusses fact that certain discoverable information has been declassified for disclosure; any classified information will be the subject of a motion by the Government; he does not believe any classified info will be brought into play and there will be no need for security clearances for counsel; Court questions Mr. Hall re CIPA materials; Mr. Hall responds; Mr. Hall notes any classified info will be minimal and not voluminous; Court asks if any deadlines need to be set re classified info; Mr. Hall notes Scheduling Order has deadlines in place.

Mr. Robert addresses the Court re any classified info; expression concerns re timing of any classified info disclosure and trial date; Court responds re avenues to proceed forward; if no classified info, issue is moot.

|||
|---|---|
| | Mr. Villa addresses the Court re CIPA issues; concerned about information that may have been reviewed and not disclosed; discusses Georgia investigation and post-arrest information; suggests cleared attorney(s) and CISOs review any classified materials in a secure skiff, to determine early, what may be relevant and discoverable, instead of waiting until April deadline; Court suggests conferring with co-counsel and filing a motion; Mr. Villa will do so. |
| | Mr. Hall responds noting all Georgia information has been declassified and turned over to defense; addresses Mr. Villa's suggestion; does not believe it necessary for briefing on the issue. |
| | Mr. Villa replies; Court comments; Mr. Villa responds noting his suggestion may expedite matters; suggests initial Section 4 motion be done before April; outlies how it would proceed. |
| | The Court suggests that, to the extent the Government can get Section 4 motion to the Court before April, it should do so; but it won't bump-up the deadline. |
| | Mr. Villa would ask for info that prompted the surveillance in Georgia; makes argument for early review. With the goal of adhering to the September trial date, and to the extent possible, the Court asks the Government to strive to get the Section 4 filing in before April. |
| | Mr. Hall notes the defense can request discovery outside CIPA, like normal discovery; Court suggests defense file a motion to compel; Mr. Hall responds; Mr. Villa replies. |
| | Mr. Shattuck addresses the Court re Mr. Morton's access to any potential classified info; Court acknowledges that may be an issue and it will have to be dealt with when the time comes. |
| 10:18 | The Court takes up Defendant's Motion to Suppress; cites to case law re standing; will hear from defense first. |
| | Mr. Robert addresses the Court re standing; argues defendants have standing; Court discusses circumstances of defendants' domicile; Mr. Robert replies. |
| | Ms. Fox-Young addresses the Court re standing; Court conducts colloquy with Ms. Fox-Young; Ms. Fox-Young addresses the need for the Court to consider the entirety of the information re standing at an evidentiary hearing on the matter; Court agrees record needs to be developed. |
| | Mr. Ray addresses the Court re standing and relevant state law re the matter. |
| 10:47 | Mr. Hall responds; argues defendants do not have standing to move for suppression; submits exhibits that are part of the Court record at Docs. 564 and 565;; Mr. Hall also submits Exhibit 2 (lawsuit); Court takes |

|       | |
|-------|--|
|       | judicial notice of documents; Mr. Hall submits that the law is clear and that no evidentiary hearing is necessary; Court conducts colloquy with Mr. Hall re need for an evidentiary hearing; Mr. Hall does not believe anything more needs to be put forward by Government; if Government did have witnesses, the Government would call Mr. Badger; Court believes additional briefing from the defense is needed and for defense to determine what additional evidence they would like to present. |
| 11:07 | The Court takes a 15 minute break and directs defense counsel to confer to determine what they would like to do from here in way of briefing and what they may what in the way of an evidentiary hearing; directs counsel for the Government to leave the courtroom so defense counsel may confer. |
| 11:35 | Court back in session. |
|       | Ms. Fox-Young addresses the Court re need for an evidentiary hearing and what should be brought to the Court's attention for consideration including witnesses to be presented; notes defense will subpoena Mr. Badger; Court asks if Mr. Badger is out-of-state and can he appear by Zoom; Ms. Fox-Young would not necessarily object to Mr. Badger appearing by Zoom, but believes the Government's will cooperate in bringing him here; advises Mr. Morton would testify; requests a day for the hearing; Court would like requested findings of fact and conclusion of law from the parties; Ms. Fox-Young would requests they be due close to the hearing; Court would ask Government to facilitate Mr. Badger's presence at the hearing; Court suggests a hearing on a day where the following day can also be used; suggests 9:00 a.m. on 3/28/23 with spill over into 3/29/23 a.m., if necessary; directs findings of fact and conclusion of law to be due close of business on Tuesday, 3/21/23; Court suggests stipulations or appearances by Zoom for the Title Company witnesses; Mr. Hall notes Mr. Badger would prefer to appear by Zoom; Ms. Fox-Young advises she will work with Government re the matter. |
| 11:49 | Mr. Hall notes that, a reference was made to a property agreement; notes it can be found in Doc. 565 filed by Mr. Morton; Court notes, unlike a trial, laying a foundation will not be necessary. |
|       | The parties have nothing more for the Court. |
| 11:50 | Court in recess. |