IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 18-CR-2945 WJ |
| vs. ) | |
| ) | |
| JANY LEVEILLE, ) | |
| SIRAJ IBN WAHHAJ, ) | |
| HUJRAH WAHHAJ, ) | |
| SUBHANAH WAHHAJ, and ) | |
| LUCAS MORTON, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' RESPONSE TO DEFENDANTS' AMENDED MOTION FOR PRODUCTION OF ALLEGED CO-CONSPIRATOR STATEMENTS AND FOR PRE-TRIAL HEARING ON THEIR ADMISSIBILITY**

The United States respectfully submits this response to Defendants' Amended Motion for Production of Alleged Co-Conspirator Statements and for Pre-Trial Hearing on Their Admissibility (Doc. 606). As stated herein, the United States previously filed a Sealed Notice of Intent to Introduce Out-of-Court Statements (Doc. 156) and a Notice of Lodged Appendix (Doc. 157). The United States requests that the Court schedule a hearing on the admissibility of the statements during the latter half of July or the beginning of August of 2023, and further states as follows:

1. On March 14, 2019, a federal grand jury returned a seven-count superseding indictment against the Defendants. Doc. 85. The charges in the superseding indictment include four conspiracies, those being: Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A (Count 1), Conspiracy to Murder an Officer or Employee of the United States, in violation of 18 U.S.C. § 1117 (Count 3), Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371 (Count 4), and Conspiracy to Commit Kidnapping,

in violation of 18 U.S.C. § 1201(c) (Count 6). *Id.* Defendants Hujrah Wahhaj (Hujrah) and Subhanah Wahhaj (Subhanah) are not charged in Count 3, and Defendant Siraj Ibn Wahhaj (Siraj) is not charged in Count 6. *Id.*

    2.      Although Defendants Hujrah and Subhanah are not charged in Count 3, both Counts 1 and 3 allege common facts, namely that the Defendants sought to accomplish their conspiracies by gathering firearms and ammunition; by transporting personnel, firearms, and ammunition across state lines; by constructing and maintaining a training compound; by storing firearms and ammunition in the training compound; and by constructing and maintaining a firing range and engaging in firearms and tactical training with other members of the compound. Doc. 85 at 2-6. In addition, it is specifically alleged that:

- Siraj provided at least ten firearms to his coconspirators, and Hujrah provided at least one firearm, (Doc. 85 at 3);

- Jany Leveille (Leveille), Siraj, Hujrah, and Subhanah traveled from the State of Georgia to the State of New Mexico with firearms and ammunition, (Doc. 85 at 3);

- Subhanah provided financial support to her co-conspirators, (Doc. 85 at 4);

- The Defendants built and maintained a compound comprised of materials such as a wooden frame, a trailer, plastic tarp, and a tire wall and that they stored firearms and ammunition in the compound, (Doc. 85 at 4);

- Siraj and Lucas Morton (Morton) built a firing range on the compound and dug an underground tunnel leading away from the compound, (Doc. 85 at 4);

- The Defendants possessed and shot firearms on the compound, (Doc. 85 at 4-5);

- Leveille and Morton solicited one of Siraj's relatives to join the group in New Mexico, to bring money and firearms, and to die as a martyr, (Doc. 85 at 5); and

- Siraj and Morton trained persons, including other occupants of the compound, in firearms use and tactical maneuvers, and Leveille and Siraj instructed persons to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including the killing of federal employees, officials, and military personnel, (Doc. 85 at 5).

For both Counts 1 and 3, it is alleged that the Defendants acted pursuant to a common agreement and interdependently.  Doc. 85 at 2, 6.

3. Although Siraj is not charged in Count 6 because the statute precludes him from being charged with kidnapping his own child, the facts and circumstances of John Doe's kidnapping are res gestae evidence that is admissible to help explain the evidence pertaining to the charges against Siraj.  Hence, the co-conspirator statements regarding the kidnapping are relevant and admissible against Siraj.

4. In addition to the four conspiracy charges, the superseding indictment also contains three substantive charges that are intricately connected to the conspiracy charges.  Doc. 85.  The substantive charges are: Providing Material Support to Terrorists, in violation of 18 U.S.C. §§ 2339A and 2 (Count 2), Possessing a Firearm While Unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5) and 2 (Count 5), and Kidnapping, in violation of 18 U.S.C. § 1201(a) and 2 (Count 7).  *Id*.  All Defendants are charged in Counts 2 and 5, and all Defendants except Siraj are charged in Count 7.  *Id*.  Again, Siraj cannot legally be charged in Count 7 because John Doe was his son.

5. On October 15, 2019, the United States filed a Sealed Notice of Intent to Introduce Out-of-Court Statements.  Doc. 156.  The notice, which is 31 pages, includes a summary of the facts of this case, descriptions of the types of co-conspirator statements that the United States will seek to introduce at trial, and the legal authority pertaining to the admissibility of co-conspirator statements.  *Id*.  The United States also filed a Sealed Notice of Lodged Appendix and provided the Court and Defendants with a CD containing 16 exhibits referenced in the United States' Sealed Notice of Intent to Introduce Out-of-Court Statements.  Doc. 157.

6. For nearly three and a half years, Defendants have had notice of the co-conspirator statements the United States intends to introduce at trial. As described in the Sealed Notice of Intent to Introduce Out-of-Court Statements, these statements should be admitted into evidence after the Court conducts a hearing in accordance with *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (a "*James* hearing").

7. The most recent Scheduling Order, filed on November 22, 2022, does not specifically include a deadline for the United States to provide notice of co-conspirator statements, nor does it include a timeframe for the Court to conduct a *James* hearing. Doc. 529. The lack of a deadline for the United States to provide notice of the co-conspirator statements was not an oversight given that notice had been provided more than three years before the current scheduling order was filed. *See* Docs. 156, 157, and 529.

8. Given that the Court has reserved June 1, 2023, through July 14, 2023, for hearings on pending motions, the United States respectfully requests that the Court schedule the *James* hearing for the latter part of July or the beginning of August 2023. If the *James* hearing is set during this requested timeframe, the United States will have had the opportunity, especially given that it will know the Court's rulings on various pretrial motions, to devise exactly what evidence it wants to present at trial and how it intends to present that evidence, which will make the *James* hearing occur more efficiently.

9. WHEREFORE, the United States respectfully requests that the Court incorporate the Sealed Notice of Intent to Introduce Out-of-Court Statements (Doc. 156) and the Notice of Lodged Appendix (Doc. 157) into this response and schedule a *James* hearing for the latter part of July or the beginning of August 2023.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*Electronically Signed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7274

CERTIFICATE OF SERVICE

    I hereby certify that on February 27, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon defense counsel. A hard copy will be mailed to Defendant Lucas Morton at his address of record.

*Electronically Signed*
Kimberly A. Brawley
Assistant United States Attorney