**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                    **No. 1:18-CR-02945-WJ**

**JANY LEVEILLE, et al.,**

       **Defendants.**

**REPLY IN SUPPORT OF MOTION TO DISMISS COUNT FIVE FOR UNCONSTITUTIONAL APPLICATION OF FIREARMS STATUTE, WHICH EXCEEDS CONGRESS'S AUTHORITY UNDER THE COMMERCE CLAUSE**

Defendant Subhanah Wahhaj, through counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Justine Fox-Young, PC, by Justine Fox-Young, joined by Defendants Hujrah Wajjah, Jany Leveille, Siraj Wahhaj, and Lucas Morton, submit this reply in support of Defendants' Motion to Dismiss Count Five for Unconstitutional Application of Firearms Statute, which Exceeds Congress's Authority Under the Commerce Clause [Doc. 595].

       **I.**    **LAW AND ARGUMENT RELEVANT TO REPLY**

In its Response, [Doc. 631], the Government asserts two issues: (1) *U.S. v. Scarborough*, 431 U.S. 563 (1977), precludes the requested remedy as binding precedent on this Court; and (2) notwithstanding *Scarborough,* 18 U.S.C. § 922(g) is constitutional under *United States v. Lopez*, 514 U.S. 549 (1995) because it contains a jurisdictional element. This Court cannot grant the motion because of the precedent set, which Defendants acknowledge in their Motion [Doc. 595]; however, this court can follow *U.S. v. Patton*, 451 F.3d 615 (10th Cir. 2006), and a plethora of other courts, to make a finding that if it were not bound by precedent, it would dismiss Count 5 of the indictment because it is without a sufficient nexus to interstate commerce to satisfy the requirements of the Commerce Clause.

**A.      The Government's response misconstrues the requested remedy because while precedent set by *Scarborough* requires denial of the motion, the modern cases that discuss it simultaneously support the issue being brought to the Supreme Court of the United States for clarification on the conflict between *Scarborough* and *Lopez*.**

In *Scarborough*, the Supreme Court upheld a previous version of the felon-in-possession of a firearm statute against a Commerce Clause challenge, determining that proof that the firearm had once traveled at some time in interstate commerce was sufficient to satisfy the required nexus to interstate commerce. 431 U.S. 563 (1977). The *Patton* court however recognized that the analysis in *Scarborough* does not fit within any of the three *Lopez* categories, which is a clear conflict in the two cases. 451 F.3d at 635. The *Patton* court in fact found "considerable tension between *Scarborough* and the three-category approach adopted by the Supreme Court in its recent Commerce Clause cases." *Id.* at 636.

Other courts have agreed with *Patton* that the rationale for federal regulation of possession of firearms by as prohibited persons set forth in *Scarborough* was difficult to reconcile with the modern, *Lopez* Commerce Clause analysis. *Id.* at 635; *see, e.g.*; *United States v. Seekins*, 52 F.4th 988, 991 (5th Cir. 2022) (C. Ho J., Dissenting Denial of Rehearing en Banc) ("A number of circuit judges nationwide have noted the fundamental inconsistency between *Lopez* and *Scarborough*"); *United States v. Kuban*, 94 F.3d 971, 973 n. 4 (5th Cir.1996) (noting the "powerful argument" against the constitutionality of § 922(g)(1) but regarding *Scarborough* "as barring the way" for a lower federal court; *see also* Motion [Doc. 595] at 13-14 (citing the same cases in addition to others that echo the sentiment that *Scarborough* and *Lopez* conflict). However, the court in *Patton* indicated that it was bound by *Scarborough*, which was unfortunately left unaddressed by *Lopez*, and any inconsistency between the two would be for the Supreme Court, not the Tenth Circuit, to resolve. *See Patton*, 451 F.3d at 636.

 Defendants understand that this Court and every court cited in both the Motion [Doc. 595]

and the Government's response are bound by *Scarborough*. The requested remedy is not for this Court to Dismiss Count 5 on constitutional grounds. Instead, the Defendants request that this Court, like many other appellate and district courts, find that if it were not bound by precedent, it *would* dismiss count five of the indictment. This is a unique remedy and is sought to ensure the issue is preserve for appeal.

The Government provides a list of cases that have rejected similar arguments, *see* Response [Doc. 631] at 4, and insists no court has refused to follow *Scarborough*. Again, Defendants do not request that this Court go rouge from established precedent and not follow *Scarborough*, to which it is bound, as the Government suggests. Instead, this Court should make a finding, similar to that in the cases provided above and more fully in the Defendants' Motion, that requests guidance from the Supreme Court in regard to two cases that quite clearly conflict with one another, and find that under the *Lopez* analysis, Count five should be dismissed as because the offense exceeds Congress's power under the Commerce Clause.

**B.**     ***Lopez* and *Patton* adequately support Defendants' request because the analysis provided applies to Section 922(g) despite the presence of a "jurisdictional element," which the Government incorrectly argues is dispositive of the analysis.**

The Government's response argues that, under *Lopez*, 18 U.S.C. § 922(g) is constitutional because it contains a "jurisdiction element or hook." *See* Response [Doc. 631] at 5-6. The Government asserts that the "statute requires proof that the particular firearm possessed has affected interstate commerce in some way, including by traveling in interstate or foreign commerce." Response [Doc. 631] at 6. However, it is this jurisdictional element or hook in 922(g), that creates the rift between *Lopez* and *Scarborough*. *See United States v. Lemons*, 302 F.3d 769, 773 (7th Cir. 2002) (noting "ample Seventh Circuit precedent" upholding § 922(g)(1) because of its jurisdictional hook and suggesting that if *Lopez* undercuts this approach, "it is for the Supreme

Court to so hold"); *United States v. Bishop*, 66 F.3d 569, 587-88, n. 28 (3d Cir.1995) (upholding 18 U.S.C. § 2119, a carjacking statute, because of its jurisdictional hook and noting that until the Supreme Court is more explicit on the relationship between *Lopez* and *Scarborough* a lower court is "not at liberty to overrule existing Supreme Court precedent").

Furthermore, the jurisdictional hook is an issue that *Patton* squarely addresses, and the factor is not dispositive as the Government suggests. To be sure, "[a] jurisdictional hook is not [ ] a talisman that wards off constitutional challenges." *Patton*, 451 F.3d 615, 632 (10th Cir. 2006) (citing *United States v. Rodia*, 194 F.3d 465, 472-73 (3d Cir.1999) (rejecting a "hard and fast rule that the presence of a jurisdictional element automatically ensures the constitutionality of a statute")). Moreover, "[a] jurisdictional hook that restricts a statute to items that bear a 'trace of interstate commerce' is no restriction at all." *Id.* at 633 (quoting *Jones v. U.S.*, 529 U.S. at 857 (2000)). Instead for non-economic activity, "[t]he ultimate inquiry is whether the prohibited activity has a *substantial effect* on interstate commerce, and the presence of a jurisdictional hook, though certainly helpful, is neither necessary nor sufficient." *Id.* at 632 (emphasis added).

The *Patton* court closely analyzed the jurisdictional hook of the body armor statute, and importantly points out that to apply the hook and the corresponding statute to every case where body armor was at one point crossed state lines, every case involving body armor satisfies the jurisdictional hook, and that is not the purpose of the Commerce Clause analysis. *Id.* at 633 (10th Cir. 2006) ("To apply the body armor statute to every case where body armor was once sold across state lines would therefore replicate the government's error in Jones."). Instead, the Court sought a jurisdictional hook that had a more narrow application, such as "where the [prohibited person] used body armor during commission of *a crime that affected interstate commerce*" because that would assisting the court in knowing "exactly what Congress's theory of its authority is." *Id.*

A trace of interstate commerce, even for non-economic activity like gun possession, appears to be the limit to the Government's analysis on the issue, which is insufficient under *Patton* and *Lopez* and only supported by *Scarborough's* parochial view on the limits of Congress's power. The firearm has, at most, a trace of interstate commerce. The Government can only establish mere intrastate possession of a firearm that once traveled in interstate commerce. Even if that interstate possession by Ms. Leveille is established, there is still an insufficient jurisdictional element because there is not a substantial effect on commerce that can constitutionally support Count five, which is insufficient under the Commerce Clause as the Framer's intended it.

For the reasons fully explained in the Defendants' Motion [Doc. 595], the *Patton/Lopez* analysis is instructive and should be applied to the case at hand.  Accordingly, as with body armor, the mere, intrastate possession of a firearm by an illegal alien that once crossed state lines is not justified by Congress's commerce power. *Patton*, 451 F.3d at 622 (stating that regulation directed at people or things moving in interstate commerce "involve things actually being moved in interstate commerce, not all people and things that have ever moved across state lines.") (citing *Lopez*, 514 U.S. at 559 (rejecting the idea that prohibition on possessing firearms near schools could "be justified as a regulation by which Congress has sought to protect … a thing in interstate commerce")); *Gibbs v. Babbitt*, 214 F3d 483, 491 (4th Cir. 2000) (rejecting the notion that past movement across state lines could mark something forever as "a 'thing' in interstate commerce" and noting that category two did not apply in *Lopez* "despite the fact that the regulated guns likely traveled through interstate commerce")). After *Lopez* and *Morrison*, when an activity is not commercial or economic in nature, although this is not expressly dispositive, it creates an all but insurmountable burden for the Government to establish federal jurisdiction exists unless the conduct criminalized actually involves interstate activity. *See Morrison*, 529 U.S. at 611 ("*Lopez*'s

review of Commerce Clause case law demonstrates that in those cases where we have sustained federal regulation of intrastate activity based upon the activity's substantial effects on interstate commerce, the activity in question has been some sort of economic endeavor.")

In this case, mere intrastate possession of a firearm by an alleged illegal alien, or aiding and abetting the same, does not meet the factors outlined in *Lopez* and explained in *Patton* and does not support Count five of the Indictment. Alternatively, even if the government can establish that the Defendants traveled over state lines with the same firearms seized during the raid of their property, which they do not identify specifically, the factors cannot be met because that is still not a substantial effect on commerce. The most the government can prove is unidentified firearms traveled in late 2017 from Georgia to New Mexico and remained there for almost nine months before they were seized by law enforcement. If that has a substantial effect on commerce, then practically every gun has a substantial effect on commerce by its very nature, and that is exactly the overbreadth that *Lopez* and *Patton* address. Ultimately, the crime Defendants are charged with in Count five is mere possession and aiding and abetting the same. There is not a charge of unlawful distribution/sale or transportation of firearm, for which there is a specific economic or commerce related jurisdictional hook necessary to satisfy *Lopez*. This type of activity is markedly different from the non-economic activities charged by the government and asserted in the Response. *Patton and Lopez* have set the appropriate framework to determine that a prosecution for the mere possession of a firearm that at one time traveled in interstate commerce is insufficient under the Commerce Clause to justify a federal prosecution.

## CONCLUSION

The Court should grant the requested remedy in Defendants Motion and determine that if it were not for *Scarborough*, it would dismiss Count 5 of the Indictment in this case because it is

based upon the unconstitutional application of a statute that exceeds Congress's authority under the Commerce Clause.

                Respectfully submitted,

                <u>/s/ *Ryan J. Villa*</u>
                Ryan J. Villa
                The Law Office of Ryan J. Villa
                5501 Eagle Rock Ave NW Ste. C2
                Albuquerque, NM 87113
                (505) 639-5709
                ryan@rjvlawfirm.com

                <u>*/s/ Justine Fox-Young*</u>
                Justine Fox-Young
                Justine Fox-Young, PC
                5501 Eagle Rock Ave NE Ste C2
                Albuquerque, NM 87113
                (505) 796-8268
                justine@foxyounglaw.com

                *Attorneys for Defendant Subhanah Wahhaj*

                -and-

                <u>*/s/ Marshall J. Ray*</u>
                Marshall J. Ray
                Law Offices of Marshall J. Ray, LLC
                514 Marble Ave, NW
                Albuquerque, NM 87111
                (505) 312-2748
                mray@mraylaw.com

                <u>*/s/ Donald F. Kochersberger III*</u>
                Donald F. Kochersberger III
                Business Law Southwest
                320 Gold Ave. SW, Suite 610
                Albuquerque, NM 87102
                (505) 848-8581
                Donald@BusinessLawSW.com

                *Attorneys for Defendant Hujrah Wahhaj*

## CERTIFICATE OF SERVICE

    I hereby certify that on March, 3 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                        /s/*Ryan J. Villa*
                                        RYAN J. VILLA