IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 18 CR 2945 WJ |
| SIRAJ IBN WAHHAJ, et al., | § § § | |
| Defendants. | § | |

### DEFENDANTS' REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT 1 AS MULTIPLICITOUS

SIRAJ IBN WAHHAJ, Defendant, by and through his appointed counsel, Marc H. Robert and Thomas Clark, and joined by the other defendants through their respective counsel, submits this Reply to the Government's Response [Doc. 627] to Defendants' Motion [Doc. 599] to dismiss count 1 of the superseding indictment as multiplicitous of count 3, and in support of his motion would respectfully show the Court as follows:

Count 1 of the superseding indictment [Doc. 85] charges all five defendants in this matter with conspiring to "provide material support and resources, including currency, training, weapons, and personnel, knowing and intending that they were to be used in preparation for and in carrying out attacks

to kill officers and employees of the United States, in violation of 18 U.S.C. § 1114." Count 2 of the superseding indictment charges all five defendants with the substantive offense of providing material support for terrorism using similar language. In count 3, Jany Leveille, Siraj Wahhaj and Lucas Morton are charged with conspiring to "attack and kill officers and employees of the United States, in violation of 18 U.S.C. § 1114." Count 3 incorporates by reference all of the "overt acts" which the prosecution claims as the foundation for both charges.

The two charges share another attribute: they are both lacking in any detail as to the presumed objects of the alleged conspiracies. Review of the discovery reveals the reason for this: there are no such details.

Timothy McVeigh had a plan, a target, co-conspirators and actual overt acts which could be linked to the plan and the target. The conspirators for both the 1993 and the 2001 terrorist attacks on the World Trade Center, the Pentagon and another target presumed to be in the Washington, D.C. area made elaborate plans in their preparations, funding and carrying out of those infamous attacks. The many overt acts over a long period of time with respect to those terrorist attacks (particularly with regard to the 2001 attacks) were identifiable to the objects of those attacks. Other terrorist attacks, both within and without the

United States over the years, similarly have had demonstrable and concrete overt acts aimed at the completion of an identifiable terrorist mission, with specific targets and objectives.

Not so here.  In this case, there is information relating to fantastic (in the literal sense of that word) writings about the possible coming of the apocalypse, the end of the world, as predicted in Koranic (and Biblical) scripture and how to protect believers and their families should that eventuality occur.  There is not, however, any indication of a target of any terroristic attack, no person, no building or entity, no plan.  There are no diagrams of buildings, no maps of target locations or escape routes, no plan for the acquisition of materiel or other resources to bring to bear in pursuit of any specific, or even general, plan for a terrorist attack.

Likewise with respect to count 3, the prosecution alleges a conspiracy to murder unnamed federal officers and employees in the course of the conspiracy alleged in count 1.  Lacking any indication of a target or targets of such a conspiracy, or plans to carry out the imagined conspiracy, the prosecution again relies on the apocalyptic writings warning of the Scripturally predicted end of

3

creation.  Even the "Pre Crime" unit in the science fiction film *Minority Report*[1] could identify a target of the anticipated offense.  Again, not so here.

Lacking any identifiable target, plan, specific acts tending to show a conspiracy to move proactively against some target, the Government chooses to pile on offenses which are virtually identical to one another in an attempt to persuade a jury that there really is fire under the smoke provided by the superseding indictment.

The Government listed some of the actions it claims indicate that the Defendants were conspiring to engage in murderous and terroristic acts in its response to the motion.  Response at 2.  The things listed there are largely legal acts or simply words, two of which are singularly important: *be prepared*.  The most that can be said, in this tableau totally lacking in any planning or intention, is that the Defendants were preparing to confront a feared external event. Defendants were not planning murder or terrorism; they were preparing for what might happen if an end-of-the-world event occurred.

---

[1] The unit in this film claimed to use metaphysical attributes to anticipate criminal offenses before they occurred.

Count 1 is multiplicitous of count 3 of the superseding indictment. For all of the reasons set forth in Defendants' joint motion, the Court should grant the motion and dismiss count 1.

**The Government's Response**

The Government cites *United States v. Hassan*, 742 F.3d 104, 111-12 (4th Cir. 2014) in discussing the *Blockburger* test. See response at 4. As the Government was forced to admit in a footnote, *Hassan* did not even raise a multiplicity argument, making its relevance to this motion questionable at best. Noting that convictions of two offenses were upheld on appeal, which the Government seems to suggest makes the case relevant, has nothing to do with the issues raised in this motion.

The Government argues that the Defendants' motion fails the *Blockburger* test, claiming that "the focus of the conspiracies [in this case] in Counts 1 and 3 are *completely different*." *See* Response at 5 *(emphasis supplied)*. It is notable here that count 1 in the superseding indictment literally says that the "material support" asserted in that count was alleged to be "used in preparation for and in carrying out attacks to kill officers and employees of the United States, in violation of 18 U.S.C. § 1114." *See* Doc. 85 at 2. To refresh the Government's

5

memory, count 3 states in part that the Defendants charged in that count "knowingly did conspire, combine, confederate, agree, and act interdependently with each other to attack and kill officers and employees of the United States, in violation of 18 U.S.C. § 1114." Given that, it would seem that the Government's claim that the focus of the two charges at issue here is *completely different* is – hard to fathom.

In reality, the focus of the two charges in question here is apparently identical, given that both charges invoke the same statute in describing the focus of the alleged conduct. And, again, both charges invoke the same diaphanous, insubstantial allegations of conspiratorial, murderous and terroristic conduct on the part of the Defendants. An investigation of Mr. Siraj of many years' duration having apparently revealed nothing, charges lacking in practical support seems to have been the obvious next step.

The Government cites *United States v. Luskin*, 926 F.2d 372, 378 (4th Cir. 1991). See Response at 6. That case involved multiple convictions for violations of 18 U.S.C. § 924(c), a statute which specifically provided under then-existing law that all sentences for such convictions be imposed consecutively to all other sentences, even other sentences for 924(c) convictions. That unique property of

that statute makes the case inapposite to the instant one.  The *Luskin* case involved the propriety of consecutive sentences and double jeopardy issues, neither of which are issues raised by the Defendants in their joint Motion.  *Luskin* did not raise any of the issues underlying Defendants' Motion here.  *Luskin* fails to assist the Government in its response.

**<u>Conclusion</u>**

The Government charges two purportedly separate conspiracy charges in counts 1 and 3, both of which allege that the Defendants charged in each count conspire to murder federal employees and officers.  The charges are multiplicitous and are in reality an attempt to persuade a jury that the Defendants really are quite dangerous – just look at the number of charges! Although the Government waves off Defendants' recognition of the possible prejudice resulting from the multiplicitous charges, the likelihood of that prejudice is quite real.  For the reasons set forth in the Motion and in this Reply, the Court should grant Defendants' motion and dismiss count 3 of the superseding indictment.

WHEREFORE, SIRAJ IBN WAHHAJ , Defendant, joined by the remaining Defendants, respectfully requests that the Court enter granting Defendants'

Motion, dismissing count 3 of the superseding indictment, and providing for such other and further relief to which the Court may find Defendants to be justly entitled.

        Respectfully Submitted,

        */s/  Electronically filed on 3/13/23*
        MARC H. ROBERT
        P.O. Box 25271
        Albuquerque, New Mexico 87102
        575.571.7435
        m505robert@gmail.com

        THOMAS CLARK
        432 Galisteo Street
        Santa Fe, New Mexico 87501
        505.820.1825
        Fax: 505.986.0475
        tmclark@cjplawsf.com

        *Counsel for Mr. Wahhaj*