IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.

HUJRAH WAHHAJ,

    Defendant.

No. 1:18-CR-02945-WJ-5

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAR 15 2023
MITCHELL R. ELFERS
CLERK

## MOTION TO PROCEE PRO SE

COMES NOW Hujrah Wahhaj, defendant, and hereby respectfully moves this Court for an order allowing defendant to proceed Pro se and as reasons therefore, defendant submits the following:

1. Ms. Wahhaj has been in continuous custody since August 5, 2018, without the benefit of a trial.

2. Pursuant to 18 U.S.C. § 3006A and Rule 44(b) of the Federal Rules of Criminal Procedure, the Magistrate Court appointed attorney Carey Bhalla to represent Ms. Wahhaj on September 4, 2018 and this Court appointed Theresa Duncan as co-counsel on October 31, 2018.

3. A complete breakdown of communication and a conflict of interest arose between Ms. Wahhaj and her former counsel when Ms. Wahhaj became cognizant that former counsel violated multiple Rules of Professional Conduct including inter alia, NMRA 16-101 (competent representation); 16-103 (diligence); 16-107 (conflict of interest); 16-302 (failure to expedite litigation); and 16-804 (assisting another to violate the Rules of Professional Conduct).

4. Ms. Wahhaj has been caused irreparable injury and has been severely prejudiced by former counsel's failure to inform, advise, and counsel her on material matters in the case such as, inter alia, pre-trial

continuances, designating the case complex, speedy trial assertions, and a stay placed on proceedings.

5. Ms. Wahhaj filed an ethics complaint on former counsel with the New Mexico Supreme Court on May 6, 2021 to redress her grievances.

6. Following the ethics complaint, one of the former attorneys on whom ethics complaint was filed, began recording Ms. Wahhaj on her laptop without Ms. Wahhaj's consent during her last two sessions with Ms. Wahhaj while detained at Cibola County Correction facility. Ms. Wahhaj heard the feedback on Ms. Duncan's laptop throughout the duration of the in person legal visit.

7. Moreover, Ms. Wahhaj's current counsel began to record in person visits thereafter, on their devices (laptops, ipads, tablets, etc) without Ms. Wahhaj's consent. (Marshall Ray did not physically record Ms. Wahhaj on any device rather he was present at several JDA meetings with himself, Justine Fox-Young, Ryan Villa, Ms. Wahhaj, and Subhanah Wahhaj when Mr. Villa recorded sessions on his laptop while Ms. Wahhaj was detained at Otero County Prison Facility from around October 2022 to January 2023).

8. On or around February 28, 2023, while detained at Cibola County Correctional Facility, counsel Donald Kochersberger III asked Ms. Wahhaj a specific question pertaining to the case tied to the plea deal proposed by the government. Ms. Wahhaj was uncomfortable with Donald's inquiry as the plea deal was no longer an option, the question purported to bait Ms. Wahhaj, and she remains unclear of the motive of counsel's

Continuous recordings of Ms. Wahhaj's in person legal visits.

9. In that same meeting, Donald made a statement out of seemingly nowhere, "I don't think it's futile to go to trial."

10. On March 7, 2023, Ms. Wahhaj met with Donald at Cibola County Correction Facility and again was rendered uneasy when discussing details of the case and Donald asked a question that seemed to bait her.

11. Counsel never appeared to bait Ms. Wahhaj during their working relationship until after the defendants declined to sign the government's plea deal on February 9, 2023.

12. Additionally, in that same meeting, on March 7, 2023, Ms. Wahhaj inquired about trial strategies from Donald as trial is around six months away.

13. Donald replied that counsel working in a JDA have not yet discussed trial strategies.

14. Furthermore, Ms. Wahhaj asked about a possible expert to testify at trial.

15. Donald replied an alternative route would be sufficient.

16. Ms. Wahhaj acknowledged that an alternative route is good, but an expert's testimony could not harm the defendants and the defendants need to employ all options for trial.

17. Donald insisted several times that an alternative route should suffice.

18. It is of the opinion of Donald, by his own admission, that this Court is under the assumption that the charges are valid because this Court denied every motion counsel filed.

19. If this is the case, counsel failed the defendants. Either the motions filed by counsel were intentionally constructed to be repudiated or were insufficient to begin with. If counsel, with the combined years of experience, expertise, and credentials could not successfully argue on behalf of the defendants' behalf via pre-trial (numerous) motions, what will counsel do for the defendants at trial? Verily, this is a prelude to trial.

20. At this critical juncture, six months until trial set for September, 2023, Ms. Wahhaj fears if she is not giving free reign to proceed prose, she will be severely prejudiced even more so than by her former counsel who rendered her uninformed about her case and in limbo for years she will never get back, while in custody.

21. Ms. Wahhaj will have been in custody for five years as of August 2023, and if counsel are not discussing trial strategies, have not looked at her case in a while, are inadvertently sending messages that it's futile to go to trial, are putting more emphasis on plea deals than trial preparation, appears to be baiting Ms. Wahhaj post February 9, 2023, is recording Ms. Wahhaj without her consent on devices which leaves her suspicious of counsel's motives and renders her unable to help participate in her own defense, and if requests by Ms. Wahhaj for trial prep are not considered such as expert testimonies, Ms. Wahhaj is further at risk of an unfair trial, inter alia.

22. Ms. Wahhaj appreciates the Court for appointing counsel to Ms. Wahhaj.

23. Ms. Wahhaj acknowledges all counsel have other obligations ~~which~~ with scheduling demands of their clients and their expectations.

24. If Ms. Wahhaj wasn't so severely harmed by her former counsel it would have been a different story.

25. Ms. Wahhaj has to deploy any and all approaches for trial and at this time can no longer risk leaving her life in the hands of Counsel nor can she make the same assumption as she did with former counsel that counsel are doing their due diligence to further her cause.

26. Ms. Wahhaj respectfully requests this Court to allow her to proceed pro se.

27. Counsel for the government, AUSA have not been contacted and it is assumed will oppose this motion.

For the foregoing reasons Ms. Wahhaj respectfully requests this Court to issue an order allowing defendant Hujrah Wahhaj to proceed pro se.

Respectfully Submitted
March 13, 2023

Hujrah Wahhaj
I.D. 00415-151
CCCC
P.O. Box 3540
Milan, NM 87021

Lujah Wahhaj 00416-151
P.O. Box 3546
Milan, NM 87021

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 15 2023

MITCHELL R. ELFERS
CLERK

Pete V. Domenici U.S. Courthouse
333 Lomas Blvd NW Suite 2-
Albuquerque, NM 87102

7013 0600 0000 5874 8036

CERTIFIED MAIL

ZIP 87021
02 4W
0000363673
US POSTAGE

Legal ma