



# REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016
### PART I – BROKER DUTIES

As required by New Mexico law, before the time a broker generates or presents any written document that has the potential to become an express written agreement, the broker shall disclose in writing to their prospective customer or client, and obtain a written acknowledgement from their prospective customer or client, showing the delivery of the disclosure of the following broker duties:

A. Honesty and reasonable care as set forth in the provisions of this sections;

B. Compliance with local, state, and federal fair housing and anti-discrimination laws, the New Mexico Real Estate License Law and the Real Estate Commission rules and other applicable local, state, and federal laws and regulations;

C. Performance of any and all written agreements made with the customer or client;

D. Assistance to the broker's customer or client in completing the transaction, unless otherwise agreed to in writing by the customer or client, including 1) Presentation of all offers or counter-offers in a timely manner, and 2) Assistance in complying with the terms and conditions of the contract and with the closing of the transaction;

   If the broker in a transaction is not providing the service, advice or assistance described in in paragraphs D(1) and D(2) above, the customer or client must agree in writing that the broker is not expected to provide such service, advice or assistance, and the broker shall disclose the existence of such agreement in writing to the other brokers involved in the transaction;

E. Acknowledgment by the broker that there may be matters related to the transaction that are outside the associate broker's or qualifying broker's knowledge or expertise and that the associate broker or qualifying broker will suggest that the customer or client seek expert advice on these matters;

F. Prompt accounting for all money or property received by the broker;

G. Written disclosure to their client or customer and to other brokers involved in the transaction of any potential conflict of interest that the broker has in the transaction including but not limited to:
   1. Any written brokerage relationship the broker has with any other parties to the transaction or:
   2. Any material interest or relationship of a business, personal, or family nature that the broker has in the transaction;
   3. Other brokerage relationship options available in New Mexico;

H. Written disclosure of any adverse material facts actually known by the associate broker or qualifying broker about the property or the transaction, or about the financial ability of the parties to the transaction to complete the transaction; adverse material facts requiring disclosure do not include any information covered by federal fair housing law or the New Mexico Human Rights Act;

I. Maintenance of any confidential information learned in the course of any prior agency relationship unless the disclosure is with the former client's consent or is required by law;

J. Unless otherwise authorized in writing, an associate broker or qualifying broker shall not disclose to their customer or client during the transaction that their seller client or customer has previously indicated they will accept a sales price less than the asking or listed price of a property;  that their buyer client or customer has previously indicated they will pay a price greater than the price submitted in a written offer; the motivation of their client or customer for selling or buying property; that their seller client or customer or their buyer client or customer will agree to financing terms other than those offered; or any other information requested in writing by the associate broker's or qualifying broker's customer or client to remain confidential, unless disclosure is required by law.

BUYER AND SELLER SHOULD ACKNOWLEDGE RECEIPT OF THIS INFORMATION BY INITIALING BELOW.

RANM Form 4101 (2016 JAN)   Cover Page I         ©2008 REALTORS® Association of New Mexico          Buyer _____   Seller _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Instanet FORMS

EXHIBIT 11

# REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016
## PART II – BROKER DUTIES

**BROKERAGE RELATIONSHIPS DISCLOSURE:** Transaction Broker, Exclusive Agency, and Dual Agency are brokerage relationships available in New Mexico. See RANM Form 1401, Page 2 for an explanation of these relationships. Broker must disclose *written* brokerage relationships the broker has with any other parties to the transaction.

1. _____ **Mike Archuleta** _____ ("Buyer's Broker") is working with the Buyer in this transaction as a:
   ☑ Transaction Broker without a written agreement.
   ☐ Transaction Broker with a written agreement (RANM Form 1206, Buyer Broker Agreement).
   ☐ Agent with a written agreement (RANM Form 1206, Buyer Broker Agreement with Agency Addendum).

2. **IN-HOUSE TRANSACTION:**
   ☐ **A.** Buyer's Broker is licensed under the same Qualifying Broker in the same Brokerage as Seller's Broker. Seller's Broker has a written listing agreement with the Seller as ☐ Transaction Broker ☐ Agent.
   ☑ **B.** Buyer's Broker is also Seller's Broker for the property in this Transaction. Seller's Broker has a written listing agreement with Seller as ☑ Transaction Broker ☐ Agent.

3. ☐ **DUAL REPRESENTATION DISCLOSURE AND CONSENT:** Brokerage is representing both Buyer and Seller by means of written agreements with each of them, without creating Dual Agency. If there are two written agreements, Buyer and Seller hereby consent to this dual representation.

4. ☐ **DUAL AGENCY DISCLOSURE:** Brokerage is representing both Buyer and Seller by means of written agency agreements with each of them and Designated Brokerage has not been chosen by the Qualifying Broker, thus creating Dual Agency. Prior to writing or presenting this offer, Broker must obtain written consent from the Buyer Client and Seller Client (RANM Form 1301, Agency Agreement – Dual).

5. Buyer's Broker ☐ does ☑ does not have a material interest or relationship of a business, personal or family nature in the transaction, including compensation from more than one party: _____

   *If the Brokerage or Qualifying Broker has a material interest or relationship of a business, personal, or family nature in the transaction, that interest or relationship must also be disclosed separately.*

6. ☐ Buyer ☐ Seller is a licensed Real Estate Broker.

The **BROKERAGE RELATIONSHIP DISCLOSURE** is acknowledged by the parties below:

| BUYER | | | SELLER | | |
|---|---|---|---|---|---|
| *(signature)* 3/21/16 12:00 | | | *(signature)* 3-23-16 1:00 | | |
| Buyer Signature — Lucas Allen Morton | Date | Time | Seller Signature — James Kohlmann | Date | Time |
| | | | | | |
| Buyer Signature | Date | Time | Seller Signature | Date | Time |

**BUYER'S BROKER**
Costilla Real Estate

Buyer's Brokerage Firm

Broker ☑ is ☐ is not a REALTOR®

*(signature)* Mike Archuleta    3/21/16   12:30 pm
Broker Signature                  Date        Time

**SELLER'S BROKER**
Costilla Real Estate

Seller's Brokerage Firm

Broker ☑ is ☐ is not a REALTOR®

*(signature)*    3/21/16   12:00 pm
Broker Signature    Date    Time

RANM Form 4101 (2016 JAN)   Cover Page II   ©2008 REALTORS® Association of New Mexico

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Instanet FORMS

EXHIBIT 11




REALTOR

EQUAL HOUSING OPPORTUNITY

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT -- VACANT LAND -- 2016

**OFFER DATE:**  March  21  2016

1. **PARTIES AND AGREEMENT.**
   Lucas Allen Morton ("Buyer")
   agrees to buy from Seller and  James Kohlmann ("Seller")
   agrees to sell and convey to Buyer, in accordance with terms of this Purchase Agreement ("Agreement"), the Property
   described in Paragraph 4 with a Settlement/Signing Date on  April  29  2016
   (as further described in Paragraph 8A below).

2. **PURCHASE PRICE.** $ 7,000.00

   A. **APPROXIMATE CASH DOWN PAYMENT** $ 4,000.00

   B. **AMOUNT OF THE LOAN(S)** (described in Paragraph 5 below) $ 3,000.00

3. **EARNEST MONEY.** Buyer shall deliver $ 500.00 Earnest Money in the form of
   ☑ Check ☐ Cash ☐ Note ☐ Wire Transfer of Funds ☐ Other
   no later than  2  days from Date of Acceptance of this Agreement to  Fidelity National Title Co.
   , in accordance with New Mexico law. Earnest Money shall be applied
   to Purchase Price, down payment, and/or closing costs upon Funding Date. If the Earnest Money is deposited with a
   Brokerage Firm, the further disbursement of the Earnest Money to the escrow or Title Company shall be handled by
   separate agreement. Buyer's failure to timely deliver Earnest Money shall be considered a default of the Agreement.

4. **PROPERTY.**
   A. **DESCRIPTION.**

   | Address | | City | State/Zip |
   |---|---|---|---|
   | Legal Description | | | |

   Unit 2 Lot 29 in the Costilla Meadows Subdivision  or
   see metes and bounds or other legal description attached as Exhibit ___, ___ Taos
   County(ies), New Mexico.

   If the legal description of the Property is not complete or is inaccurate, this Agreement will not be invalid and the
   legal description will be completed or corrected to meet the requirements of the Title Company which will issue
   the Title policy.

   B. The Property will include the following, **(if owned by the Seller)** if they exist on the Property, free of liens, unless
   excluded in 4C: all appurtenances to the land including all buildings and structures within the boundaries of the
   Property, gates, auto gates, cattle guards, fences and any improvements erected upon or affixed to same; water
   tanks; fuel tanks; holding tanks or other trade fixtures; water systems, irrigation systems, irrigation equipment,
   outdoor lighting fixtures, outdoor heating, air conditioning, ventilating fixtures and systems; all personal property
   affixed or attached to the Property, including but not limited to smoke, fire, security and water conditioning
   systems;

This form and all REALTORS® Association of New Mexico (RANM) forms are for the sole use of RANM members and those New Mexico Real Estate Licensees to who RANM has granted prior written authorization. Distribution of RANM Forms to non-RANM members or unauthorized Real Estate Licensees is strictly prohibited. RANM makes no warranty of the legal effectiveness or validity of this form and disclaims any liability for damages resulting from its use. By use of this Form the parties agree to the limitations set forth in this paragraph. The parties hereby release RANM, the Real Estate Brokers, their Agents and employees from any liability arising out of the use of this form. You should consult your attorney with regards to the effectiveness, validity, or consequences of any use of this form. The use of this form is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the National Association of REALTORS® and who subscribe to the Association's strict Code of Ethics.

RANM Form 4101 (2016 JAN) Page 1 of 16       ©2006 REALTORS® Association of New Mexico       Buyer ___ Seller ___

This copyright protected form was created using Instanet Forms and is licensed for use by Niko Archuleta.

Instanet FORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

interior heating, ventilating and air conditioning systems; landscaping, landscaping sprinklers/drip irrigation equipment; and other _____

C. The following items are excluded from the sale:


D. **IMPROVEMENTS.** At the time of this offer, the Property includes the following checked improvements. **BY ACCEPTANCE OF THIS AGREEMENT, THE SELLER WARRANTS THE EXISTENCE OF CHECKED IMPROVEMENTS.**

*EXISTENCE OF IMPROVEMENTS IS NO GUARANTEE OF AVAILABILITY OF SERVICE, COST OR USE. SELLER DOES NOT WARRANT CONDITION OF IMPROVEMENTS. FOR NOTICE OF REQUIREMENTS REGARDING LIQUID WASTE SYSTEMS, SEE PARAGRAPH 14A.*

| IMPROVEMENT | | IMPROVEMENT | |
|---|---|---|---|
| Private Well on Property Registered ☐ No ☐ Yes, Permit# | | Natural Gas Line to Property | |
| Well House | | Telephone Line to Property | |
| Well Equipment | | Electricity Line to Property | |
| Shared Well | | Transformer    with    without | |
| Community Water System | | Electric Pedestal & Meter | |
| Water Stub-In | | Television Cable Installed | |
| Water Line In Street | | Private road from property line to nearest public street ✓road    highway | ✓ |
| Irrigation Infrastructure | | Other roads | |
| Water Meter Installed | | Public    street    road    highway | |
| Private Septic System (see Paragraph 17) | | Legal Access | ✓ |
| Sewer Stub-in | | Paving Curbs, Gutters | |
| Sewer Line In Street | | Sidewalks | |
| Shared Septic (see Paragraph 17) | | Other: | |
| Propane Tank    owned    leased | | Other: | |

E. **WATER RIGHTS.** Neither Seller nor Broker makes any warranty with respect to water rights. Buyer is advised to consult an attorney to understand Buyer's rights and remedies. Seller ☐ will ☐ will not convey all water rights and ditch rights owned by Seller which are appurtenant to the Property, if any, without warranty. Seller grants permission and Buyer shall have the right to make inquiry with the Office of the State Engineer or any other appropriate government or community water authority to verify the existence of any water rights or ditch rights within the deadlines as indicated in Paragraph 17. If Buyer fails to make inquiry into the water rights or ditch rights and/or fails to notify Seller of any objections in writing within the period of time allowed, Buyer will be deemed to have waived Buyer's right to object and all water rights contingencies shall be deemed satisfied. Buyer    Seller shall notify the Office of the State Engineer concerning all changes in ownership to the water rights related to this transaction. **Broker is not responsible for verifying these rights.**

F. **MINERAL RIGHTS.** Neither Seller nor Broker makes any warranty with respect to mineral rights. Buyer is advised to consult an attorney to understand Buyer's rights and remedies. Seller ☐ will ☐ will not convey all mineral rights owned by Seller which are appurtenant to the Property, if any, without warranty. Seller grants permission and Buyer shall have the right to obtain an ownership report or any other information pertaining to the mineral ownership of the Property and to review same to Buyer's satisfaction at Buyer's sole expense. Mineral, oil and gas rights under the surface of the land are the dominant property right under New Mexico law. If Buyer is purchasing surface rights only, Buyer is advised to consult a attorney to understand Buyer's rights and remedies, if

Buyer ___  Seller ___

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.                    InstanetFORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

any, in such matters.  Buyer shall obtain a mineral ownership report and other information within _____ days after Seller has provided Buyer with a title insurance commitment.  If Buyer fails to make inquiry into the mineral rights and/or fails to notify Seller or any objections in writing within the period of time allowed, Buyer will be deemed to have waived Buyer's right to object and all mineral rights contingencies shall be deemed satisfied.  **Broker is not responsible for verifying these rights.**

G. **OTHER RIGHTS.**  Neither Buyer nor Seller makes any warranty with respect to rights.  Buyer is advised to consult an attorney to understand Buyer's rights and remedies.  Description or explanation of any known Timber Rights, including zoning, appurtenant to the Property and whether they will be included in the sale:

H. **APPROXIMATE ACREAGE.**
    i. Fee Simple 9.62 Acres
       Legal Description Unit 2 Lot 29 - Costilla Meadows Subdivision _____

    ii. Leases
       BLM _____
       Legal Description _____

       U.S. Forest Service _____
       Legal Description _____

       State _____
       Legal Description _____

       Private _____
       Legal Description _____

5. **FINANCED OR CASH PURCHASE**
  A. ☐ **LOANS.**  This Agreement is contingent upon Buyer's ability to obtain a loan in the amount stated above in Paragraph 2(B) of the following type:
      ☐ Conventional  ☐ FHA  ☐ VA  ☐ Other: _____
    i. Buyer ☐ has made written application for a loan, or ☐ agrees to make written application for a loan no later than _____ days after the Date of Acceptance
    ii. Buyer agrees to provide Seller with a Pre-Qualification Letter from a lender no later than _____ days after the Date of Acceptance. Pre-Qualification Letter must stipulate that:
      a) A written loan application has been made;
      b) A credit report has been obtained and reviewed by a lender;
      c) A preliminary loan commitment has been secured from the same lender;
      d) Financing equal to the loan amount provided in Paragraph 2(B) of this Agreement is available to complete the transaction by the Settlement/Signing Date subject to contingencies provided for in this Agreement and underwriting approval.
    If Buyer does not obtain a Pre-Qualification Letter within the timeframe stipulated above, this Agreement shall terminate and the Earnest Money shall be refunded to Buyer.
    iii. If Buyer changes lender after delivery of the Pre-Qualification Letter referenced in Paragraph 5(A)(ii), Buyer shall have the obligation to notify Seller in writing and provide a new Pre-Qualification Letter to Seller within two (2) days of changing lender.  This new Pre-Qualification Letter must include the same stipulations as the original Pre-Qualification Letter as set forth in Paragraph 5(A)(ii) above.  If Buyer does not obtain and deliver a new Pre-Qualification Letter within two (2) days of changing lender, the Seller has the option to terminate this Agreement.  If Seller elects to terminate this Agreement, the Earnest Money will be refunded to Buyer.

RANM Form 4101 (2016 JAN) Page 3 of 16      ©2008 REALTORS® Association of New Mexico      Buyer ____ Seller ____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

instanet

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

    iv. Buyer will cooperate and act in good faith in obtaining final approval for the loan as outlined in the Pre-Qualification Letter referenced in Paragraph 5(A)(ii). If after issuing the Pre-Qualification letter, lender makes changes to the loan conditions and/or the loan program that adversely affect Buyer's ability to obtain the loan, increase Seller's costs or delay closing, Buyer shall have the obligation to notify Seller in writing within two (2) days of such occurrence and to include a copy of the lender requirement(s) with the notification. In that event, within three (3) days of receipt of Buyer's notification, Seller shall notify Buyer in writing of: (a) Seller's approval of such changes, or (b) Seller's decision to terminate the Agreement. If Seller terminates the Agreement per this paragraph, Earnest Money shall be refunded to Buyer. If Seller fails to notify Buyer of Seller's position within the three (3) days of receipt of Buyer's notification, Seller is deemed to have rejected of such change in lender requirement(s).

    v. In the event the lender determines Buyer does not qualify for the loan, Buyer shall provide to Seller and Seller must receive a written rejection letter from the Buyer's lender prior to 11:59 p.m. ☐ on the day before; or ☐ _____ days before Settlement/Signing Date. In the event Seller does not receive such rejection letter within the timeframe set forth in this Subparagraph 5(A)(v), Buyer shall forfeit his Earnest Money to Seller.

    Days are calculated as calendar days; however, for purposes of this subsection only (Paragraph 5(A)(v)), there shall be NO extension of time when the deadline for Seller to receive the lender's written rejection letter falls on a weekend day or a legal holiday. The definition of "days" for all other provisions of this Agreement is as set forth in Paragraph 26.

**B.** ☑ **SELLER FINANCING.** The approximate balance of $ _____ **3,000.00** _____ shall be financed by Seller and shall be secured by: ☑ Real Estate Contract ☐ Mortgage ☐ Deed of Trust ☐ Other: _____. Terms and conditions of the applicable instrument shall be attached as an addendum. For a Real Estate Contract, attach RANM Form 2402 - Real Estate Contract Addendum to Purchase Agreement. For a Mortgage or Deed of Trust, Attach RANM Form 2507 – Addendum to Purchase Agreement – Seller Financing, Mortgage or Deed of Trust.

**C.** ☐ **CASH PURCHASE:** Buyer shall purchase the subject Property for Cash. No later than _____ days after the Date of Acceptance, Buyer shall provide Seller with verification of funds and proof satisfactory to Seller that Buyer has in Buyer's possession or control, the funds necessary to complete the transaction. This Agreement shall terminate in the event Buyer fails to provide timely proof of funds and Earnest Money ☐ shall ☐ shall not be refunded to Buyer.

**6.** ☐ **BUYER'S SALE, CLOSING AND FUNDING CONTINGENCY:** This Agreement is contingent upon the Closing and Funding of buyer's property located at _____ on or before _____, _____, subject to any applicable Buyer's Contingency addendum if attached as indicated below:

**A.** ☐ Buyer represents that his property is currently under contact for sale. ☐ **Check if** RANM Form 2503A - Buyer's Closing and Funding Addendum is attached; OR

**B.** ☐ Buyer represents that Buyer's Property is NOT yet under contract for sale. ☐ **Check if** RANM Form 2503, Buyer's Sale Contingency Addendum is attached.

**7. APPRAISAL.**

    **A. IF CASH OR SELLER FINANCED TRANSACTION.**

        i. Buyer ☐ does ☑ does not require an appraisal. **INITIALS: Buyer** _____ _____.

        ii. If Buyer is requiring an appraisal, Buyer shall select the appraiser unless otherwise agreed to in writing. ☐ Buyer ☐ Seller shall pay for the appraiser.

    **B. APPRAISAL CONTINGENCY.** It is expressly agreed that notwithstanding any other provisions of this Agreement, the Buyer shall not be obligated to complete the purchase of the Property described herein or to incur any penalty by forfeiture of Earnest Money deposits or otherwise if the Purchase Price is greater than the Appraisal. This Appraisal Contingency applies to the following:

        i. All conventional and other non-FHA/VA loans requiring an appraisal;

        ii. Cash and seller-financed purchases if the Buyer requires an appraisal as indicated in Paragraph 7(A) above; and,

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

InstanetFORMS

EXHIBIT 11

### REALTORS® ASSOCIATION OF NEW MEXICO
### PURCHASE AGREEMENT – VACANT LAND - 2016

    iii. FHA/VA loans unless the Buyer has been given in accordance with HUD/FHA requirements, a written statement by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement Lender setting forth the approved value of the Property of not less than the Purchase Price as set forth in Paragraph 2 of this Agreement.

    **NOTE:** The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development (HUD) will insure. HUD does not warrant the value or the condition of the Property. The Buyer should satisfy himself that the price and condition of the Property are acceptable.

**C. OPTIONS AVAILABLE IN THE EVENT PURCHASE PRICE IS GREATER THAN APPRAISAL.**

    i. Buyer shall have the privilege and option of proceeding with consummation of the Agreement without regard to the amount of the appraised valuation provided Buyer delivers written notice to Seller of such election within three (3) days of receipt of said appraised valuation ("3-day Period"). If Buyer fails to notify Seller of his intent to proceed within the 3-day Period, this Agreement shall automatically terminate. In this event, Earnest Money shall be refunded to Buyer; OR

    ii. The parties may negotiate a new Purchase Price. If the parties cannot agree to a new Purchase Price within five (5) days of Seller's receipt of Buyer's notification of the Appraisal, this Agreement shall automatically terminate. In this event, Earnest Money shall be refunded to Buyer; OR

    iii. Buyer may terminate this Agreement. In this event, Earnest Money shall be refunded to Buyer.

**8. CLOSING.** *"Closing" is defined as a series of events by which Buyer and Seller satisfy all of their obligations in the Agreement. Closing is not completed until all parties have completed all requirements as stated below, as well as all other obligations under this Agreement. Any amendment of the following dates MUST BE in writing and unless otherwise provided for in this Agreement, signed by both parties. The parties further acknowledge that Seller shall not receive the proceeds of sale until all the events stated under "Funding Date" have been completed.*

    **A. SETTLEMENT/SIGNING DATE:** On _____ April _____ 29 _____ 2016 _____ (as set forth in Paragraph 1).

        i. Buyer and Seller shall sign and deliver to the responsible closing officer all documents required to complete the transaction and to perform all other closing obligations of this Agreement on or before the Settlement/Signing Date.

        ii. Buyer and Seller shall provide for the delivery of all required funds, exclusive of lender funds, if any, using wired, certified or other "ready" funds acceptable to the closing officer, on or before the Settlement/Signing Date.

    **B. FUNDING DATE (Completion of Closing):** on or before _____ April _____ 29 _____ 2016 _. The Funding Date is the date that the closing officer has funds available to disburse to all parties after recording all documents required to complete the transaction. Seller shall provide all existing keys, security system/alarm codes, gate openers and garage door openers to Buyer on the Funding Date.

    If the Buyer is obtaining a loan for the purchase of the Property, it is the Buyer's responsibility to ensure that Buyer's lender makes available to the closing officer, wired, certified or other "ready" funds with written instructions to disburse funds, on or before the Funding Date. The failure of Buyer's lender to make funds available on or before the Funding Date, shall be deemed a default of this Agreement by the Buyer

**9. POSSESSION DATE.**

    A. Seller shall deliver possession of the Property to Buyer on the Possession Date as set forth below:

        ☑ "Funding Date" above at 5:00 p.m.; or _____ April _____ 29 _____ 2016 _____
        ☐ Other: _____

    B. Unless otherwise agreed to in writing between the parties, upon Possession Date, Seller shall have all his personal belongings removed from the Property. In the event Seller fails to do so, Buyer shall not be responsible for storage of Seller's personal property, may dispose of Sellers personal property in any manner Buyer deems appropriate, in Buyer's sole discretion, and shall not be liable to Seller for the value of Seller's personal property.

    C. If Possession Date is other than "Funding Date", then Buyer and Seller shall execute a separate written agreement outlining the terms agreed to by the parties. (See RANM Form 2201– Occupancy Agreement – Buyer or RANM Form 2202 – Occupancy Agreement - Seller).

RANM Form 4101 (2016 JAN) Page 5 of 16      ©2008 REALTORS® Association of New Mexico      Buyer _____   Seller _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

InstanetFORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

**10. COSTS TO BE PAID.** Buyer or Seller will pay the following marked items:

| LOAN RELATED COSTS AND FEES | Buyer | Seller | Not Required | TITLE COMPANY CLOSING COSTS | Buyer | Seller | Not Required |
|---|---|---|---|---|---|---|---|
| Appraisal Fee | | | | Closing Fee | 50% | 50% . | |
| Appraisal Re-inspection Fee | | | | Pro-Rata Data Search | | | x |
| Credit Report | | | | Legal Document Preparation | | 100% | |
| Loan Assumption /Transfer | | | | Special Assessment Search | | | x |
| Origination Charge: up to ☐$ ☐% | | | | Buyer Recording Fees | 100% | | |
| Points – Buydown | | | | Seller Recording Fees | | 100% | |
| Points - Discount | | | | Other: | | | |
| Tax Service Fee | | | | | | | |
| Flood Zone Certification | | | | Other: | | | |
| Other: | | | | | | | |
| Other: | | | | **POLICY PREMIUMS** | | | |
| | | | | Title Commitment | 100% | | |
| | | | | Standard Owner's Policy | | 100% | |
| **PREPAIDS REQUIRED BY LENDER** | | | | Mortgagee's Policy | | | |
| Flood Insurance | | | | Mortgagee's Policy Endorsements | | | |
| Hazard Insurance | | | | Other: | | | |
| Interest | | | | | | | |
| PMI or MIP | | | | Other: | | | |
| Taxes | | | | | | | |
| Other: | | | | **MISCELLANEOUS** | | | |
| | | | | Survey (Paragraph 18) | | 100% | |
| Other: | | | | Impact Fees | | | |
| | | | | Transfer Fees (e.g. HOA, etc) | | | |
| | | | | Certificate Fee (e.g. HOA) | | | |
| | | | | Other: | | | |
| | | | | Other: | | | |

**Buyer agrees to pay all other allowed direct loan costs.**

**11.** ☐ **IRS 1031 TAX-DEFERRED EXCHANGE.** ☐ Buyer ☐ Seller intends to use this Property to accomplish a 1031 Tax-Deferred Exchange. The parties agree to cooperate with one another in signing and completing any documents required. The exchanging party agrees that the other party will bear no additional expense.

**12. PRORATIONS.** Seller shall be responsible for disclosing all applicable property specific fees, or lease agreements, private memberships and/or association fees or dues, taxes and contract service agreements, all of which are to be prorated through Settlement/Signing Date. Any equipment rental or contract service agreement (e.g. alarm system, satellite system, propane and tank, private refuse collection, road maintenance, etc) shall be handled directly between the Buyer and Seller; the title or escrow company shall not be responsible for proration thereof.

**13. ASSESSMENTS.** For all bonds, impact fees and assessments other than PID assessments (collectively "assessments"), Buyer shall have _____ days after receipt of the title commitment to object in writing to the amounts of such assessments and to terminate this Agreement ("Objection Date"). In the event Buyer submits written objections by the Objection Date, the Earnest Money shall be refunded to the Buyer. If Buyer fails to notify Seller of Buyer's objections by the Objection Date, Buyer shall be deemed to have accepted the amounts of any assessment and shall have waived his right to terminate this Agreement based thereon. In the event Buyer does not object, Buyer shall assume all assessments that are part of or paid with the property tax bill. If other assessments are a lien upon the Property, the current installment shall be prorated through Settlement/Signing Date. Buyer shall assume future installments. Buyer shall pay all future assessments for improvements. NOTE: If Property is located in a PID, then PRIOR TO entering into this Agreement, Seller must provide a PID Disclosure to Buyer. See Paragraph 17 (A).

RANM Form 4101 (2016 JAN) Page 6 of 16        ©2008 REALTORS® Association of New Mexico        Buyer _____ Seller _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Instanet FORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

**14. EXAMINATION OF TITLE; LIENS; DEED.**

A. ☒ BUYER ☐ SELLER shall order a title commitment from Fidelity National Title Company
_____ (Title Company)
within __3__ days after the Date of Acceptance. After receipt of the title commitment and all documents referred to therein, Buyer shall have __5__ days ("Review Period") to review and object to title exceptions. Exceptions to the title, including the Standard Exceptions, shall be deemed approved unless Buyer delivers written objections to the Seller within the Review Period. If Seller is unwilling or unable to remove such exception(s) before the Settlement/Signing Date, Seller shall provide written notice to Buyer within __5__ days after receipt of Buyer's objection and Buyer may choose to close subject to exceptions, remove the exceptions at Buyer's expense or terminate this Agreement. If Buyer terminates this Agreement, Earnest Money shall be refunded to Buyer.

B. Seller shall satisfy any judgments and liens, including but not limited to, all mechanics' and materialmen's liens of record on or before Funding Date and shall indemnify and hold Buyer harmless from any liens filed of record after Settlement/Signing Date and which arise out of any claim related to the providing of materials or services to improve the Property as authorized by Seller or Seller's agents, unless otherwise agreed to in writing.

C. Seller shall convey the Property by ☒ General Warranty Deed ☐ Special Warranty Deed ☐ Other Deed (describe) _____ subject only to any matters identified in the title commitment and not objected to by Buyer as provided in Paragraph 14A. The legal description contained in the deed shall be the same legal description contained in the title commitment and any survey required under Paragraph 18.

**15. FIRPTA.** The Foreign Investment in Real Property Tax Act of 1980 (FIRPTA) requires buyers who purchase real property from foreign sellers to withhold ten percent (10%) of the amount realized from the sale of the real property for remittance to the Internal Revenue Service (IRS). In the event the seller(s) is **NOT** a foreign person, FIRPTA requires the buyer to obtain proof of the seller's non-foreign status in order to avoid withholding requirements. Exceptions may apply. For more information, refer to RANM Form 2304 – Information Sheet – FIRPTA & Taxation of Foreign Persons Receiving Rental Income from U.S. Property.

Prior to or at closing, Seller(s) shall provide to Buyer or to a Qualified Substitute (generally, the Title Company) either a Non-Foreign Seller Affidavit(s) **OR** a letter from the IRS indicating Seller(s) is exempt from withholding. In the event Seller(s) fails to do so, Buyer shall have the right to withhold ten percent (10%) of the amount realized from the sale of the Property for remittance to the IRS in accordance with FIRPTA.

**16. INSURANCE CONTINGENCY/ APPLICATION.**

A. **APPLICATION.** Buyer shall make application for insurance within _____ days after Date of Acceptance of this Agreement. If the Buyer fails to make application to the insurance company within the agreed time, this insurance contingency shall be deemed waived.

B. **CONTINGENCY.** Provided the Contingency Deadline as set forth below in Paragraph 16(C) is met, this Agreement is conditioned on the following:
   i. Buyer's ability to obtain a property insurance quote on the Property at normal and customary premium rates; AND,
   ii. Seller's claim history having no impact on the Buyer's insurance in the future.
   **Buyer understands that an insurance company may cancel or change the terms of insurance policy/quote for any reason prior to close of escrow or within sixty days after issuance of the policy/quote (which generally occurs at close of escrow).**

C. **CONTINGENCY DEADLINE.** The Insurance Contingency set forth in Paragraph 16(B) above shall be deemed satisfied, unless within _____ days after Date of Acceptance of this Agreement, Buyer gives written notice to Seller that one or more of the above insurance contingencies cannot be satisfied along with documentation from the insurance provider stating the same. ("Contingency Deadline"). In the event Buyer delivers such notice and documentation to Seller by the Contingency Deadline, the Purchase Agreement shall terminate and the Earnest Money shall be refunded to Buyer.

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Instanetforms

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

**17. DISCLOSRES AND DOCUMENTS.**

    **A. PUBLIC IMPROVEMENT DISTRICT ("PID").** Is this Property located in a PID? ☐ Yes ☐ No  If the answer is "Yes", SELLER MAY NOT ACCEPT AN OFFER FROM BUYER UNTIL SPECIFIC DISCLOSURES REGARDING THE PID HAVE BEEN MADE TO THE BUYER.
      _____ _____ **Buyer(s) Initials Required.** Buyer(s) hereby acknowledge receipt of the PID Disclosure on the Property. See RANM Form 4550 - Public Improvement District Disclosure Form and RANM Form 4500 – Information Sheet Public Improvement District.

    **B. HOMEOWNERS' ASSOCIATION ("HOA").** Is the Property located in a HOA? ☐ Yes ☐ No If the answer is Yes", Seller is required to provide Buyer with specific documents pertaining to the Property and HOA. See RANM Form 4600 – Information Sheet Homeowners' Association, RANM Form 4650 – Seller's Disclosure of Homeowners' Association Documents and RANM Form 4700 - Homeowners' Association Request for Disclosure Certificate.

    **C. SEPTIC SYSTEM.** Does the Property include an on-site liquid waste system? ☐ Yes ☐ No  If the answer is "Yes", the transfer of the Property is subject to regulations of the New Mexico Environment Department governing on-site liquid waste systems which includes the requirement that Seller have an inspection conducted by a licensed Septic system inspector prior to transfer. Attach RANM Form 5120A - Septic System Contingency Addendum. See RANM Form 2308 – Information Sheet Septic Systems.

    **D. WELLS.** Does the Property include a well? ☐ Yes ☑ No  If the answer is "Yes", is the well ☐ Private Domestic Well ☐ Shared Domestic Well ☐ Other _____. Transfer of Property with a well is subject to the regulations of the New Mexico Office of the State Engineer, which includes the requirement that the State Engineer's Office be notified when a well changes ownership. See RANM Form 2307 – Information Sheet Water Rights & Wells.

    **E. DOCUMENTS.** As used in this Subparagraph 17(H), the Delivery Deadline is the date by which Seller shall provide and Buyer must receive any documents, reports or surveys specified.

| DOCUMENTS | DELIVERY DEADLINE | OBJECTION DEADLINE | RESOLUTION DEADLINE |
|---|---|---|---|
| Property Disclosure Statement | | | |
| Road Documents | | | |
| Water Rights Documents | | | |
| Well Documents: See RANM Form 2307 Information Sheet – Water Rights & Wells. (Including but not limited to: well permit, well log, shared well agreement and Change of Ownership Information notification.) | | | |
| Lease Agreements | | | |
| Permits | | | |
| Homeowner Association (HOA) Documents | | | |
| Homeowner Association (HOA) Disclosure Certificate Must be delivered to Buyer no less than seven (7) days before the Settlement/Signing Date. | | Date _____ Buyer has no less than seven (7) days from receipt of the HOA Disclosure Certificate to object | |
| CCR's – Restrictive covenants | March 21, 2016 | March 22, 2016 | March 24, 2016 |
| Other: | | | |
| Other: | | | |

**18. SURVEYS OR IMPROVEMENT LOCATION REPORT (ILR).** Buyer has the right to have performed the survey or ILR selected below or the right to accept an existing one. Unless otherwise agreed in writing, the party paying for the survey or ILR as indicated in Paragraph 10 shall select the surveyor and order the survey or ILR.
    ☑ Improvement Location Report ☐ Metes & Bounds Description ☐ Staked Boundary Survey ☐ American Land Title Association Survey (ALTA) ☐ Flood Plain Designation ☐ Other: _____

Buyer _____ Seller _____
This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta. InstanetFORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND – 2016

A. Survey or ILR shall be delivered to Buyer(s) no later than: _____ April _____ 15th , 2016 or _____ days from Date of Acceptance. ("Delivery Deadline")

B. Objections to be delivered to Seller(s) no later than: _____ April _____ 20th , 2016 or _____ days from Date of Acceptance. ("Objections Deadline")

C. All objections to be resolved no later than: _____ April _____ 25th , 2016 or _____ days from Date of Acceptance. ("Resolution Deadline")

D. **OBJECTION/RESOLUTION:** Paragraph 20 (H) and (I) shall govern Buyer's right to object to the Survey or ILR performed and resolution of Buyer's objection.

19. **BUYER'S REPRESENTATIONS.** Buyer warrants that prior to entering into this Agreement, he has thoroughly investigated the neighborhood and the areas surrounding the property, to include, but not be limited to investigation of the following: the existence of registered sex offenders or other persons convicted of crimes that may reside in the area; and the presence of any structures located, businesses operating or activities conducted in the area that, in Buyer's opinion, affects the value or/and desirability of the property. By entering into this Agreement, Buyer represents he is satisfied with the neighborhood and surrounding areas.

20. **INSPECTIONS. THE PARTIES ARE ENCOURAGED TO EMPLOY COMPETENT AND, WHERE APPROPRIATE, LICENSED PROFESSIONALS TO PERFORM ALL AGREED UPON INSPECTIONS OF THE PROPERTY.**

A. **BUYER DUTIES AND RIGHTS.**
   i. **BUYER'S DILIGENCE, ATTENTION AND OBSERVATION.** The Buyer has the following affirmative duties:
      a) To conduct all due diligence necessary to confirm all material facts relevant to Buyer's purchase of the Property;
      b) To assure himself that the Property Buyer is purchasing is exactly what Buyer is intending to purchase;
      c) To make himself aware of the physical condition of the Property through his own diligent attention and observation;
      d) To investigate the legal, practical and technical implications of all disclosed, known or discovered facts regarding the Property and;
      e) To thoroughly review all written reports provided by professionals and discuss the results of such reports and inspections with the professionals who created the report and/or conducted the inspection.
   ii. **RIGHT TO CONDUCT INSPECTIONS.** The Buyer is advised to exercise all his rights under and in accordance with this Agreement to investigate the Property. Unless otherwise waived, Buyer(s) may complete any and all inspections of the Property that he deems necessary. These inspections may include, but are not limited to the following: well equipment (pumps, pressure tanks, lines), well potability tests, well water yield tests, sewer line inspections, Septic inspections, phase one environmental and soil tests. The Buyer's right to object to inspections and terminate the Agreement based on inspections is set forth in Paragraph 20H. Buyer is advised to thoroughly review those rights.
   iii. **MEASUREMENT. BUYER IS AWARE THAT ANY REFERENCE TO THE MEASUREMENT OF THE PREMISES, BOTH THE REAL PROPERTY (LAND) AND IMPROVEMENTS THEREON, IS APPROXIMATE. IF MEASUREMENT IS A MATERIAL MATTER TO THE BUYER, THE BUYER MUST INVESTIGATE THE MEASUREMENT DURING THE INSPECTION PERIOD.**
   _____ _____ Buyer Initials Required.

B. **SELLER'S DUTY TO DISCLOSE.** Seller is required to disclose to Buyer any adverse material defects known to him about the Property. However, Seller does not have an obligation to inspect the Property for the Buyer's benefit or to repair, correct or otherwise cure known defects that are disclosed to Buyer or previously unknown defects that are discovered by Buyer or Buyer's inspectors. Seller shall make the Property available to Buyer for inspections.

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

InstanetFORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

**C. AVAILABILITY OF UTILITIES FOR INSPECTIONS.**
☐ Buyer ☐ Seller shall be responsible for paying any charges required by the utility companies to have utilities turned on for inspection purposes.  In no event shall Buyer be responsible for bringing the Property up to code or for paying unpaid utility bills.

**D. INSPECTOR SELECTION.** NOTWITHSTANDING PARAGRAPH 20, UNLESS OTHERWISE AGREED TO IN WRITING, THE BUYER SHALL SELECT ALL INSPECTORS AND ORDER ALL INSPECTIONS. THE SELLER DOES NOT HAVE THE RIGHT TO SELECT THE INSPECTOR BY AGREEING TO PAY FOR THE INSPECTION.

**E. PAYMENT OF INSPECTIONS.** BUYER SHALL PAY FOR ALL INSPECTIONS EXCEPT THE FOLLOWING, WHICH SHALL BE PAID BY SELLER.

**F. INSPECTION DEADLINES. Unless otherwise provided for in this Agreement, the following applies:**
  i.  **Delivery Deadline:** Inspections to be completed and reports delivered to Buyer(s) no later than: _____, _____ or _____ days from Date of Acceptance.
  ii. **Objection Deadline:** Objections to be delivered to Seller(s) no later than: _____, _____ or _____ days from Date of Acceptance.
  iii. **Resolution Deadline:** Written agreement for resolution of all objections to be agreed upon no later than: _____, _____ or _____ days from Date of Acceptance.

**G. WAIVER OF INSPECTIONS. Buyer to initial if applicable.**
  _____ _____ Buyer waives **ALL inspections unless required by law or Buyer's lender.**
  _____ _____ Buyer waives **ALL inspections.**
  _____ _____ Buyer waives the following inspections: _____
  _____

**H. BUYER'S OBJECTIONS.**
  i.  If Buyer has reasonable objections to any report or unsatisfactory condition disclosed by any document (Paragraphs 17), survey or ILR (Paragraph 18) and/or inspection (Paragraph 20), **then no later than the applicable Objection Deadline**, Buyer may request that Seller cure Buyer's objections (RANM Form 5109 – Objection, Resolution, and Waiver Amendment to Purchase Agreement) or Buyer may terminate this Agreement (RANM Form 5105 – Termination Agreement).  Buyer's objections or termination must be in writing and include a copy of the document, survey and/or inspection report on which Buyer's objection or termination is based.  Buyer's failure to deliver to Seller his objection or termination by the Objection Deadline shall be deemed a waiver of both Buyer's right to object and the applicable inspection contingency.
  ii. If Seller is responsible for ordering a report or document, and Buyer does not receive that report or document by the Delivery Deadline, Buyer and Seller may agree to extend the Objection and Resolution Deadlines or Buyer may terminate the Agreement. If Buyer elects to terminate, Earnest Money shall be refunded to Buyer.
  iii. If Buyer is responsible for ordering a report or document, and fails to do so in a timely manner, so that Buyer does not have the report or document by the Objection Deadline, Buyer may not use the failure to receive the report or document as the rationale for terminating the Agreement.

**I. RESOLUTION.** Upon receipt of Buyer's objections, Seller may agree to Buyer's requested cure, provide an alternative cure, or refuse to correct/address Buyer's objections.  If Buyer and Seller are unable to reach a Resolution to Buyer's objections by the Resolution Deadline, then **THIS AGREEMENT SHALL TERMINATE** and all Earnest Money shall be refunded to Buyer.

**J. OBJECTIONS COMPLETION.** In the event Seller agrees to complete or pay for any repairs prior to closing, Seller shall complete the repairs no later than _____ days prior to Settlement/Signing Date.

**K. REASONABLE ACCESS; DAMAGES.** Seller shall provide reasonable access to Buyer and any inspectors.  The party selecting the inspector shall be liable for any damages that occur to the Property as a result of such inspection.

Buyer _____ Seller _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

21. **DISCLAIMER.** The Property is sold in its current condition including, but not limited to, the nature, location, amount, sufficiency or suitability of the following: current or future value; future income to be derived therefrom; current or future production; condition; size; location of utility lines; location of sewer and water and lines; availability of utility services or the possibility of extending improvements (paving, sewer, water, utilities, access) to the Property; easements with which the Property is burdened or benefited; lot boundaries; adjacent property zoning; physical and legal access; soil conditions; permits, zoning, or code compliance; lot size or acreage; improvements; and water rights. **Broker has not investigated and is not responsible for the forgoing aspects of the Property, among which lot size, and acreage may have been approximated, but are not warranted as accurate.** Buyer shall have had full and fair opportunity to inspect and judge all aspects of the Property with professional assistance of Buyer's choosing prior to settlement and is purchasing Property based solely upon Buyer's inspection and judgment and not by reason of any representation made to Buyer by Seller or Broker unless expressly set forth in this Agreement or Disclosure Statements. Buyer and Seller acknowledge that Brokers' only role in this transaction is to provide real estate advice to Broker's respective client and/or customer and real estate information to the parties. For all other advice or information that may affect this transaction, including but not limited to financial and legal advice, the parties shall rely on other professionals.
_____ _____**Buyer(s) Initials.** _____ _____**Seller(s) Initials.**

22. **MAINTENANCE.** Until the Possession Date, Seller shall maintain the Property and all aspects thereof, including, but not limited to the following: solar; Septic systems; well and well equipment. Until the Property is delivered, Seller shall maintain the Property. Seller shall deliver the Property, all of the foregoing, and all other aspects thereof to Buyer in the same condition as of the Date of Acceptance, the following items are specifically excluded from the above:

_____
_____

23. **PRE-CLOSING WALK THROUGH.** Within _____ days prior to Settlement/Signing Date, Seller shall allow Buyer and Buyer's Inspector(s) reasonable access to the Property for the purpose of satisfying Buyer that any corrections or repairs agreed to by the Seller have been completed and the Property is in the same condition as on the Date of Acceptance. See RANM Form 5110 - Walk-Through Statement.

24. **CONSENT TO THE ELECTRONIC TRANSMISSION OF DOCUMENTS AND TO THE USE OF ELECTRONIC SIGNATURES.** The parties ☑ do ☐ do not consent to conduct any business related to and/or required under this Agreement by electronic means, including, but not limited to the receipt of electronic records and the use of electronic signatures. Subject to applicable law, electronic signatures shall have the same legal validity and effect as original hand-written signatures. Nothing herein prohibits the parties from conducting business by non-electronic means. If a party has consented to receive records electronically and/or to the use of electronic signatures, that party may withdraw consent at any point in the transaction by delivering written notice to the other party.

25. **ASSIGNMENT.** Buyer ☐ may ☑ may not sell, assign or transfer the Buyer's rights or obligations under this Agreement, or any interest herein.

26. **DEFINITIONS.** The following terms as used herein shall have the following meanings:
    A. **APPRAISAL** means a current estimated market value of the Property as established by a licensed real estate appraiser. In the event the Buyer is obtaining a loan, the term refers to an appraisal conducted by a real estate appraiser approved by the lender.
    B. **BROKER** includes the Buyer's and Seller's brokers.
    C. If a specific **DATE** is stated as a deadline in this Agreement, then that date **IS** the **FINAL** day for performance; and if that date falls on a Saturday, Sunday or a legal Holiday, the date **does not** extend to the next business day.
    D. **DATE OF ACCEPTANCE** is the date this Agreement is fully executed and delivered.
    E. **DAY(S)** shall be determined on a "calendar day" basis and if the **FINAL** day for performance falls on a Saturday, Sunday or legal Holiday, the time therefore shall be extended to the next business day. Legal Holidays are described as New Year's Day, Martin Luther King Jr.'s Birthday, President's Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, and Christmas.

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND - 2016

F. **DELIVERED** means personally delivered or mailed postage pre-paid, or by any method where there is evidence of receipt. In the event the parties have agreed to electronic transmission of documents, a facsimile or e-mail transmission of a copy of this or any related document shall constitute delivery of that document. When an item is delivered to the real estate Broker who is working with or who represents the Buyer or Seller, it is considered delivered to the Buyer or Seller respectively, except if the same Broker works for or represents both Buyer and Seller, in which case, the item must be delivered to the Buyer or Seller, as applicable.

G. **DEADLINES.** Any "deadline(s)" can be expressed either as a calendar date (See Paragraph 26(C)) or as a number of days (See Paragraph 26(E)).

H. **ELECTRONIC** means relating to technology having electrical, digital, magnetic, wireless, telephonic, optical, electromagnetic or similar capabilities and includes, but is not limited to, facsimile and e-mail.

I. **ELECTRONIC RECORD** means a record created, generated, sent, communicated, received or stored by electronic means.

J. **ELECTRONIC SIGNATURE** means an electronic sound, symbol or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record.

K. **MASCULINE** includes the feminine.

L. **RESOLUTION** means the Buyer and Seller have a written agreement regarding how all Buyers' objections shall be resolved.

M. **SINGULAR** includes the plural.

N. **STANDARD EXCEPTIONS** means those common risks as set forth in the title commitment for which the title insurance policy does NOT provide coverage. These printed exceptions are matters outside the title company's search of the public records, and therefore special requirements must be met in order to delete them and provide the insured with the additional/extended coverage.

27. **RISK OF LOSS.** Prior to Funding Date, Seller shall bear the risk of fire or other casualty, and in the event of loss, Buyer shall have the option (to be exercised by written notice to Seller within **5 days** after receipt of notice of loss) of terminating this Agreement and receiving a refund of the Earnest Money or closing and receiving assignment of Seller's portion of the insurance proceeds, if any, at Funding Date. If Buyer fails to timely notify Seller of Buyer's election, Buyer shall be deemed to have elected to proceed to Closing.

28. **FLOOD HAZARD ZONE.** If the Property is located in an area which is designated as a special flood hazard area, Buyer may be required to purchase flood insurance in order to obtain a loan secured by the Property from any federally regulated financial institution or a loan insured or guaranteed by an agency of the U.S. Government.

29. **MEDIATION.** If a dispute arises between the parties relating to this Agreement, the parties agree to submit the dispute to mediation. The parties will jointly appoint a mediator and will share equally the costs of the mediation. If a mediator cannot be agreed on or mediation is unsuccessful, the parties may enforce their rights and obligations under this Agreement in any manner provided by New Mexico law.

30. **EARNEST MONEY DISPUTE.** Generally, title or escrow companies will not release Earnest Money without first receiving an Earnest Money Distribution Agreement signed by all parties to this Agreement (RANM Form 5105B). If the parties cannot come to an agreement on the how Earnest Money shall be distributed, Paragraph 29 shall apply. If the parties cannot reach a resolution through mediation and proceed to litigation, at the conclusion of the litigation the court shall issue a judgment setting forth how Earnest Money shall be apportioned. Either party may present this judgment to the title or escrow company for distribution of the Earnest Money in accordance with the judgment. Parties to all Earnest Money disputes are urged to review RANM Form 2310 – Earnest Money Dispute Information Sheet, and to consult an attorney to fully understand all their rights and remedies.

31. **DEFAULT.** Any default under this Agreement shall be treated as a material default, regardless of whether the party's action or inaction is specifically classified as a default herein. Additionally, time is of the essence and failure of a party to timely make payment, perform or satisfy any other condition of this Agreement in accordance with this Agreement shall be considered a material default. Generally, a material default relieves the non-defaulting party from further performance under this Agreement; however, the non-defaulting party may elect *not* to terminate this Agreement.

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Anchulata.

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND – 2016

If the non-defaulting party elects to terminate this Agreement, he may also elect to retain the Earnest Money and pursue any additional remedies allowable by law, including specific performance. In the event, however, the non-defaulting party elects to treat this Agreement as being in full force and effect, the non-defaulting party remains responsible for all obligations under this Agreement and retains all rights and remedies available under this Agreement.

32. **ATTORNEY FEES AND COSTS.** Should any aspect of this Agreement result in dispute, litigation, or settlement, the prevailing party of such action including all Brokers involved in the transaction, shall be entitled to an award of reasonable attorneys' fees and court costs.

33. **FAIR HOUSING.** Buyer and Seller understand that the Fair Housing Act and the New Mexico Human Rights Act prohibit discrimination in the sale or financing of housing on the basis of race, age (this covers protection for people with children under age 18 or pregnant women), color, religion, sex, sexual orientation, gender identity, familial status, spousal affiliation, physical or mental handicap, national origin or ancestry.

34. **COUNTERPARTS.** This Agreement may be executed in one or more counterparts, each of which is deemed to be an original, and all of which will together constitute one and the same instrument.

35. **GOVERNING LAW AND VENUE.** This Agreement is to be construed in accordance with and governed by the internal laws of the State of New Mexico without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the internal laws of the State of New Mexico to the rights and duties of the parties. Each party hereby irrevocably consents to the jurisdiction and venue of the state and federal courts located in the county in which the Property or any portion of the Property is located in connection with any claim, action, suit, or proceeding relating to this Agreement and agrees that all suits or proceedings relating to this Agreement shall be brought only in such courts.

36. **SEVERABILITY.** If any portion of this Agreement is found by any court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement will remain in full force and effect.

37. **MULTIPLE BUYERS.** Each Buyer to this Agreement is jointly and severally liable for all obligations under this Agreement. In the event any buyer should be unable to perform under this Agreement (due to death or incapacity), the remaining Buyer(s) shall continue to be obligated under this Agreement.

38. **AUTHORITY OF SIGNORS.** If Buyer or Seller is a corporation, partnership, estate, trust, limited liability company or other entity, the person signing this Agreement on its behalf warrants his authority to do so and to bind the Buyer or Seller.

40. **BUYER AND SELLER AUTHORIZATIONS.** Unless otherwise instructed in writing, Seller and Buyer hereby authorize the Title Company, Lender, Escrow Agent and their representatives to provide a copy of any and all loan estimates, closing disclosures, other settlement statements and title documents with respect to the real estate transaction that is the subject of this Agreement to the Seller's and Buyer's respective Brokers. This does not authorize the delivery of any Buyer documents to Seller's broker or vice-versa. Each party further authorizes his/her respective Broker to be present for the Closing.

41. **SURVIVAL OF OBLIGATION.** The following paragraphs will survive Closing of the Property: 4D, 9, 11-13, 19, 20, 21, 26, 29, 30-32, 35, 36 and 41.

42. **ENTIRE AGREEMENT AND AMENDMENTS IN WRITING.** The parties understand that this offer, if accepted in writing by Seller and delivered to Buyer, constitutes a legally binding contract. This Agreement together with the following addenda and any exhibits referred to in this Agreement contains the entire Agreement of the parties and

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Buyer _____   Seller _____

InstanetFORMS

EXHIBIT 11

**REALTORS® ASSOCIATION OF NEW MEXICO**
**PURCHASE AGREEMENT – VACANT LAND – 2016**

supersedes all prior agreements or representations with respect to the Property which are not expressly set forth herein unless **THIS AGREEMENT MAY BE MODIFIED ONLY BY *WRITTEN AGREEMENT* OF THE PARTIES.**

☐ Addendum No. _____ (RANM Form 5101)
☐ Buyer's Sale Contingency Addendum (RANM Form 2503)
☐ Buyer's Closing & Funding Sale Contingency (RANM Form 2503A)
☐ Real Estate Contract Addendum (RANM Form 2402)
☑ Other Addendum to Real Estate Contract

☐ Public Improvement District Disclosure (RANM Form 4550)
☐ Septic System Contingency Addendum (RANM Form 5120A)
☐ Seller's Financing, Mortgage or Deed of Trust Addendum (RANM Form 2507)
☐ Other _____

43. **EXPIRATION OF OFFER.** This offer shall expire unless acceptance is delivered in writing to Buyer or Buyer's Broker on or before _____03/28/2016_____, at _____5:00_____ ☐ a.m. ☑ p.m. Mountain Time. NOTE: UNTIL SELLER ACCEPTS THIS OFFER AND DELIVERS THE AGREEMENT TO BUYER, BUYER MAY WITHDRAW THIS OFFER AT ANY TIME.

**OFFER BY BUYER**

Buyer acknowledges that Buyer has read the entire Purchase Agreement and understands the provisions thereof.

| | | |
|---|---|---|
| _signature_ | 03/21/16 | 12:00 |
| Buyer Signature | Offer Date | Time |

| | | |
|---|---|---|
| | | |
| Buyer Signature | Offer Date | Time |

Lucas Allen Morton                              lucasmorton33@yahoo.com
Buyer Name (Print)                              Email Address

_____              _____
Buyer Name (Print)                              Email Address

675   Skipper Drive NW          Atlanta          GA   30318-5919
Buyer Address                    City        State        Zip Code

_____    334 734 3673    _____    _____
Buyer Home Phone    Buyer Cell Phone    Buyer Business Phone    Buyer Fax

Seller _J.K._

InstanetFORMS

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT -- VACANT LAND -- 2016

Seller acknowledges that Seller has read the entire Purchase Agreement and understands the provisions thereof.
Seller *(select one):*

☒ **SELLER ACCEPTS** this Offer and agrees to sell the Property for the price and on the terms and conditions specified in this Agreement.

| | **SELLER** | | |
|---|---|---|---|
| *James Kohlman* | | 3-22-16 | 2:00 |
| Seller Signature | | Offer Date | Time |
| | | | |
| Seller Signature | | Offer Date | Time |
| James Kohlmann | | | |
| Seller Name (Print) | | Email Address | |
| | | | |
| Seller Name (Print) | | Email Address | |
| | | IL | 60187 |
| | | City | State   Zip Code |
| | | | |
| Seller Home Phone | Seller Cell Phone | Seller Business Phone | Seller Fax |

---

☐ **REJECTS & SUBMITS** a Counteroffer (RANM Form 5102).

☐ **REJECTS & SUBMITS** an Invitation to Offer (RANM Form 5103).

IF SELLER IS REJECTING THIS OFFER AND SUBMITTING A COUNTER OFFER, OR IS REJECTING THIS OFFER AND SUBMITTING AN INVITATION TO OFFER, SELLER SHOULD NOT SIGN THIS AGREEMENT. BUT SHOULD INITIAL ALL PAGES.

INITIALS:   SELLER _____   _____

---

☐ **REJECTS** this offer.

IF SELLER IS REJECTING THIS OFFER, SELLER SHOULD NOT SIGN THIS AGREEMENT AND DOES NOT NEED TO INITIAL ANY/ALL PAGES

INITIAL HERE: SELLER _____ _____

---

Buyer _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

InstanetFORMS

EXHIBIT 11

# REALTORS® ASSOCIATION OF NEW MEXICO
## PURCHASE AGREEMENT – VACANT LAND – 2016

### THE FOLLOWING IS PROVIDED FOR INFORMATION PURPOSES ONLY. BROKER'S ARE NOT PARTY TO THIS AGREEMENT.

### BUYER'S BROKER

| Buyer's Broker Name | | Buyer's Broker's NMREC License No. |
|---|---|---|

| If different, Buyer's Broker's Qualifying Broker's Name | | Buyer's Broker's Qualifying Broker's NMREC License No. |
|---|---|---|

Costilla Real Estate          (575) 586-0866

| Buyer's Brokerage Firm | Office Phone | Fax |
|---|---|---|

P. O. Box 1466                Ranchos de Taos        NM        87557

| Buyer's Brokerage Address | City | State | Zip Code |
|---|---|---|---|

▮▮▮▮▮▮ t. cll...

Email Address

Broker ✓ is    is not a REALTOR®

### SELLER'S BROKER

13642

| Seller's Broker Name | | Seller's Broker's NMREC License No. |
|---|---|---|

| If different, Seller's Broker's Qualifying Broker's Name | | Seller's Broker's Qualifying Broker's NMREC License No. |
|---|---|---|

Costilla Real Estate          (575) 586-0866

| Seller's Brokerage Firm | Office Phone | Fax |
|---|---|---|

P.O. Box 1466                Ranchos de Taos        NM        87557

| Seller's Brokerage Address | City | State | Zip Code |
|---|---|---|---|

Email Address

Broker ✓ is    is not a REALTOR®

©2008 REALTORS® Association of New Mexico

Buyer         Seller

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

InstanetFORMS

EXHIBIT 11




# REALTORS® ASSOCIATION OF NEW MEXICO
## ADDENDUM TO PURCHASE AGREEMENT - REAL ESTATE CONTRACT - 2016
### ADDENDUM NO. ___One___

This form is not a Real Estate Contract. It is an addendum to the RANM Purchase Agreement which allows the parties to select, at the time the Purchase Agreement is signed, certain variable provisions of the Real Estate Contract. The Real Estate Contract itself has many other provisions in addition to the ones set forth below. This addendum cannot be used as a substitute for the Real Estate Contract.

---

⚠️ Effective January, 2014, the Truth in Lending Act (TILA) has placed restrictions on seller financing. These restrictions apply to TRANSACTIONS SECURED BY A DWELLING. Sellers should review RANM Form 2405 – Information Sheet – Seller Financing Under the Truth in Lending Act and consult with a real estate attorney, if necessary, to determine the applicability of these provisions to this transaction and if applicable, to ensure that they are in compliance with the TILA provisions.

---

1. **SELLER'S RIGHT TO APPROVE OF BUYER'S FINANCIAL QUALIFICATIONS** – Check if applicable.
   A. **BUYER'S DOCUMENTATION.** Buyer shall provide Seller with (check applicable):
      i. ☐ A current and complete financial statement to include, but not be limited to the following: Buyer's monthly income; Buyer's current or reasonably expected income or assets; proof of Buyer's current employment status; Buyer's monthly payment(s) on any other loan or loan-related obligations; Buyer's current debt obligations; and Buyer's monthly debt-to-income ratio or residual income; and/or
      ii. ☐ A current credit report.
   B. **FINANCIAL REVIEW PERIOD.** If applicable, Buyer shall provide Seller with Buyer's Financial Qualifications within _____ days of this Agreement. Seller shall have the right to object to Buyer's Financial Qualifications within _____ days after receipt of this requested information from Buyer ("Financial Review Period"). If Seller does not approve of Buyer's Financial Qualifications during the Financial Review Period, Seller has the option to terminate this Agreement and Earnest Money shall be refunded to Buyer. If Seller does not APPROVE Buyer's financial qualifications in writing within the Financial Review Period, Seller will be deemed to have DISAPPROVED of Buyer's Financial Qualifications. In this event, this Agreement shall terminate and earnest money shall be refunded to Buyer.

The paragraph numbers below correspond with the paragraph numbers in the Real Estate Contract, RANM Form 2401. Certain paragraph numbers have been intentionally omitted from this document so as to allow paragraphs in this document to correspond directly with paragraphs in the Real Estate Contract, RANM Form 2401. Capitalized terms not defined herein are defined in the Real Estate Contract.

The following agreement is an addendum to, and a part of, the Purchase Agreement dated _____ 3/21/2016
between _____ Lucas Allen Morton _____ ("Buyer")
and _____ James Kohlmann _____ ("Seller")
relating to the following property _____ Unit 2 Lot 29 in the Costilla Meadows Subdivision _____

_____
Legal Description
or see metes and bounds description attached as Exhibit _____ , _____ Taos _____ County, New Mexico ("Property"). The following terms and conditions will be made a part of the above described Purchase Agreement and will be incorporated in the Real Estate Contract which will be signed and delivered at Closing.

This form and all REALTORS® Association of New Mexico (RANM) forms are for the sole use of RANM members and those New Mexico Real Estate Licensees to who RANM has granted prior written authorization. Distribution of RANM Forms to non-RANM members or unauthorized Real Estate Licensees is strictly prohibited. RANM makes no warranty of the legal effectiveness or validity of this form and disclaims any liability for damages resulting from its use. By use of this form the parties agree to the limitations set forth in this paragraph. The parties hereby release RANM, the Real Estate Brokers, their Agents and employees from any liability arising out of the use of this form. You should consult your attorney with regards to the effectiveness, validity, or consequences of any use of this form. The use of this form is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the National Association of REALTORS® and who subscribe to the Association's strict Code of Ethics.

RANM Form 2402 (2016 JAN) Page 1 of 6   ©2005 REALTORS® Association of New Mexico        Initials: Buyer _____ Seller _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Instanet FORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## ADDENDUM TO PURCHASE AGREEMENT - REAL ESTATE CONTRACT - 2016

Buyer is purchasing as: ☐ TENANTS IN COMMON  ☐ JOINT TENANTS  ☐ OTHER _____
**Broker is not permitted to advise as to how Buyer should take title. Seek the advice of an attorney if necessary.**

2. **PRICE AND PAYMENT.**
   **A. BUYER WILL PAY:**                                                    $
   CONTRACT SALE PRICE (Total of Down Payment, Assumed Prior Obligations and $ _____ 7,000.00
   Balance Due Seller)
   ( _____ Seven Thousand _____ Dollars)

   (1) DOWN PAYMENT                                        $ _____ 4,000.00)
   ( _____ Four Thousand _____ Dollars)

   (2) ASSUMED PRIOR OBLIGATIONS                           $ _____ )
   ( _____ Dollars)

   (3) BALANCE DUE SELLER (including wrapped Prior Obligations)   $ _____ )
   ( _____ Dollars)

   PAYABLE AS FOLLOWS:
   ```
   Seller to carry a Real Estate Contract in the amount of $4,000.00
   (All Due & Payable in six months) from the Close of Escrow. Said Real
   Estate Contract shall not have any accrued Interest.
   Buyer to pay for the preparation of said Real Estate Contract. Escrow
   holder to be Weststar Escrow Company in Albuquerque, New Mexico.
   Buyer to pay for Escrow set up and Closing Fees.
   ```

   If not sooner paid pursuant to the terms of this Contract, the entire Balance Due Seller shall be due and payable 30 years from the date of the first payment.
   **B. INTEREST ON BALANCE DUE SELLER.** Except as specifically stated to the contrary in Paragraph 2A, the Balance Due Seller will bear interest at the rate of ___% per year (the "Interest Rate") from the Effective Date, and the payments will be paid to Escrow Agent (named below) and continue until the entire Balance Due Seller plus any accrued interest due to Seller is fully paid.
   **C. LATE CHARGES AND COLLECTION COSTS.** Buyer will pay all late charges and all collection costs incurred on all Prior Obligations paid directly by Buyer or through Escrow Agent. A late charge of $_____ will be due and payable by Buyer on any payment that is over _____ days overdue. Late charges will be paid to Seller as additional interest.
   **D. APPLICATION OF PAYMENTS ON BALANCE DUE SELLER.**
   Initial only one of the following two paragraphs.

   _____ **PERIODIC INTEREST.** Payments received by Escrow Agent, excepting prepayments, will be applied to regularly scheduled installments in the order in which payments are due and will be credited as though the payments had been made on their respective due dates, first to interest and then to the Balance Due Seller.

   _____ **DAILY INTEREST.** Payments will be applied as of the date of receipt by Escrow Agent, first to accrued interest then to the Balance Due Seller.

Initials: Buyer _____ Seller _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Instanet FORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## ADDENDUM TO PURCHASE AGREEMENT - REAL ESTATE CONTRACT - 2016

**3. PRIOR OBLIGATIONS.**

A. Each of the following Prior Obligations is currently outstanding on the Property:

| Type of Lien or Obligation | Holder Loan Number | Recording Data |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

B. **IF ANY PRIOR OBLIGATIONS ARE CURRENTLY OUTSTANDING ON THE PROPERTY, INITIAL ANY OF THE FOLLOWING PARAGRAPHS WHICH APPLY. ONLY THE INITIALED PARAGRAPHS WILL APPLY.** Seller and Buyer appoint Escrow Agent as their Attorney-in-Fact for the limited purpose of obtaining account information as needed from the holders of the Prior Obligations.

(1) **ASSUMED PRIOR OBLIGATIONS.**

_____ (a) **PAID THROUGH ESCROW.** Buyer assumes and agrees to pay and perform the Prior Obligations in accordance with their terms. Buyer will make the required payments on the Prior Obligations, together with the required payments on this Contract, to Escrow Agent, which will remit the payments to the proper payee. Buyer will advise Escrow Agent of any change in the amount of the payment due on any Prior Obligations. When the Balance Due Seller is fully paid, this Escrow will terminate and Buyer will make the required payments on the Prior Obligations directly to the proper payee. This Paragraph applies to the following Prior Obligations: _____
_____

_____ (b) **PAID DIRECTLY BY BUYER.** Buyer assumes and agrees to pay and perform the Prior Obligations in accordance with their terms. Buyer will make the required payments on the Prior Obligations directly to the proper payee. If Buyer fails to pay the required payments before they become delinquent, Seller may pay the payment. Payment by Seller will not be deemed a waiver of Buyer's default, and the amount paid by Seller will be immediately due and payable to Seller and will bear interest from date of payment by Seller until paid at the highest Interest Rate provided in Paragraph 2B. This Paragraph applies to the following Prior Obligations: _____
_____

(2) **WRAPPED PRIOR OBLIGATIONS.**

_____ (a) **PAID THROUGH ESCROW.** Buyer does not assume and does not agree to pay the Prior Obligations. All required payments due on the Prior Obligations will be remitted by Escrow Agent to the proper payee out of the payments on the Balance Due Seller. If Buyer fails to pay the required payments before they become delinquent, Seller may pay the payment. Payment by Seller will not be deemed a waiver of Buyer's default, and the amount paid by Seller will be immediately due and payable to Seller and will bear interest from the date of payment by Seller until paid at the highest Interest Rate provided in Paragraph 2B. Upon payment of the Balance Due Seller, Seller will obtain a release of the Property from the lien of the wrapped Prior Obligations. Seller will notify the Escrow Agent of any changes in the monthly payment required by the mortgage servicer. Buyer shall pay all late payment penalties on the above-referenced lien. This Paragraph applies to the following Prior Obligations:_____
_____

_____ (b) **PAID DIRECTLY BY SELLER.** Buyer does not assume and does not agree to pay the Prior Obligations Seller will be responsible for all payments required under the Prior Obligations and will keep the Prior Obligations in good standing. Upon payment of the Balance Due Seller, Seller will obtain a release of the Property from the lien of the wrapped Prior Obligations. This Paragraph applies to the following Prior Obligations: _____
_____

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## ADDENDUM TO PURCHASE AGREEMENT - REAL ESTATE CONTRACT - 2016

⚠ **IMPORTANT NOTICE: SELLER AND BUYER DO HEREBY ACKNOWLEDGE THAT THE ABOVE-REFERENCED LIEN(S) OR OBLIGATION(S) CONTAIN A "DUE ON SALE" PROVISION, WHICH GIVES THE MORTGAGE/DEED OF TRUST HOLDER THE OPTION TO REQUIRE IMMEDIATE AND FULL PAYMENT OF THE LOAN(S) IN THE EVENT OF SALE OR DISPOSITION OF THE PROPERTY. THE SELLER AND BUYER HEREBY AGREE THAT IF THE ABOVE-REFERENCED MORTGAGE/DEED OF TRUST HOLDER ELECTS TO ACCELERATE THE UNPAID BALANCE OF THE ABOVE-DESCRIBED LOAN(S), THE BUYER SHALL BE FULLY RESPONSIBLE FOR THE PAYMENT OF ALL SUMS REQUIRED ON SUCH LOAN(S) AND ALL AMOUNTS SO PAID SHALL BE CREDITED TO THE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST ON THIS CONTRACT. SELLER SHALL NOTIFY BUYER IN WRITING OF ACCELERATION BY THE MORTGAGE/DEED OF TRUST HOLDER AND BUYER SHALL HAVE A PERIOD OF 30 DAYS AFTER MAILING OF SUCH NOTICE TO COMPLY. FAILURE OF BUYER TO COMPLY SHALL CONSTITUTE A DEFAULT UNDER THE TERMS OF THIS CONTRACT.**

## 4. BUYER TO MAINTAIN PROPERTY, PAY INSURANCE, AND TAXES

A. **MAINTENANCE.** Buyer will maintain the Property in as good condition as on the Effective Date, excepting normal wear and tear. Buyer will obey all applicable laws governing the use of the Property, including but not limited to environmental laws.

B. **INSURANCE.** Buyer shall maintain the following insurance coverage with an insurance company satisfactory to Seller. Such insurance shall be maintained for the benefit of Buyer and Seller as their interests may appear. Buyer will furnish a copy of the insurance policy or certificate of the insurance policy to Seller annually before expiration of existing insurance stating that coverage will not be canceled or diminished without a minimum of 15 days prior written notice to Seller.

    (1) Insurable improvements upon the Property shall be insured against the hazards covered by fire and extended coverage in the amount of: (Initial either Paragraph (a) OR (b) below)

        _____ (a) $_____; OR

        _____ (b) not less than the greater of the replacement cost of the improvements or the Balance Due Seller; and

    (2) Public liability insurance in an amount not less than $_____ shall be maintained with Seller as additional named insured.

C. **TAXES AND INSURANCE:** If permitted by the applicable assessor, Buyer will have the property assessed for taxation in Buyer's name. To invoke one of these paragraphs, initial where indicated and check the appropriate box(es).

    (1) **NEW ESCROW/IMPOUND ACCOUNT.**
    (Initial if applicable)

        In addition to the periodic payments, the Buyer shall remit to the Escrow Agent with each such payment a prorated amount for the payment of ☑ annual property taxes and ☐ annual hazard insurance premiums. The sum may be adjusted for increases and/or decreases in taxes and/or insurance as determined by the Escrow Agent. The Escrow Agent shall use said funds as required to pay taxes and applicable hazard insurance premiums as they become due.

    (2) **EXISTING ESCROW/IMPOUND**
    (Initial if applicable)

        In addition to the periodic payments, the Buyer shall remit to the Escrow Agent with each such payment a prorated amount for the payment of ☐ annual property taxes and ☐ annual hazard insurance premiums. The sum may be adjusted for increases and /or decreases in taxes and/or insurance as determined by the underlying obligation. The underlying obligation shall use said funds as required to pay taxes and applicable hazard insurance premiums as they become due. In addition to the periodic payments, the Buyer will remit to the Escrow Agent with each such payment a prorated amount for the payment of the additional insurance policy as required by the Real Estate Contract. Any existing underlying financing which has an Escrow/Impound account shall be kept current as required by the lender. In the Event any shortage notice is delivered to the Seller, Buyer will be responsible for payment of any shortage.

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

Instanet FORMS

EXHIBIT 11

# REALTORS® ASSOCIATION OF NEW MEXICO
## ADDENDUM TO PURCHASE AGREEMENT - REAL ESTATE CONTRACT – 2016

If an escrow/impound account is being established for the payment of future property taxes and/or insurance, the Title Closer shall deliver the amount of prorated taxes to the Escrow Agent at funding. The Escrow Agent shall use these sums to establish a new escrow/impound account for the Buyer. The prorated taxes shall not be a credit to the Buyer to offset closing costs.

**OR:**

**(3) DIRECT PAYMENT OF PROPERTY TAXES AND HAZARD INSURANCE**
(Initial if applicable)
_____ Buyer shall be responsible for payment of property taxes and insurance and shall provide proof of payment to the Seller if not paid through escrow.

6. **BUYER'S RIGHT TO SELL, ASSIGN, CONVEY, OR ENCUMBER.** A sale, assignment, conveyance or encumbrance of all or any portion of Buyer's interest in this Contract or the Property to any person or entity (an "Assignee") constitutes a Transfer under this Contract.
   A. **SALE WITHOUT CONSENT OF SELLER.** A Transfer to an Assignee will not require the consent of Seller. Buyer will not, however, be released from Buyer's obligations under this Contract by any Transfer under this Paragraph. Buyer will deliver a copy of the written evidence of the Transfer (the "Transfer Document") to Escrow Agent.
   B. **NO SALE WITHOUT CONSENT OF SELLER.**
      **CAUTION: THE FOLLOWING PARAGRAPH SEVERELY RESTRICTS THE RIGHT OF BUYER TO TRANSFER THIS CONTRACT AND THE PROPERTY.** To invoke this Paragraph, initial where indicated. If this Paragraph is initialed, paragraph 6A does not apply.

      _____ A Transfer without payment of the Balance Due Seller will require obtaining the prior written consent of Seller, which Seller will not unreasonably withhold. A Transfer without payment of the Balance Due Seller, and without the prior written consent of Seller, will be an event of default for which Seller will have the right to send a Default Notice pursuant to Paragraph 8 and to demand payment of the Balance Due Seller.

**Caution: If the Property is subject to any Prior Obligations, the provisions of such Prior Obligations should be examined carefully for any conflict with Paragraph 6.**

**8. DEFAULT.** The Real Estate Contract shall have a 30-day clause to cure default.

**10. ESCROW AGENT AND FEES.**
Escrow Agent shall be:

Weststar Escrow Company - Albuquerque, NM

Escrow Fees will be paid as follows:
Buyer to pay for Escrow set up and closing fees.

Escrow Agent will accept all amounts paid in accordance with this Contract and remit the amounts received (less applicable escrow fees) as follows:

Initials: Buyer _____ Seller _____

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

InstanetFORMS

EXHIBIT 11

## REALTORS® ASSOCIATION OF NEW MEXICO
## ADDENDUM TO PURCHASE AGREEMENT – REAL ESTATE CONTRACT – 2016

**17. OTHER.**

**ACKNOWLEDGMENT:** Seller and Buyer recognize, acknowledge and agree that any real estate brokers involved in this transaction are not qualified, nor licensed, to: (a) determine the Buyer's credit-worthiness; and (b) ensure that the terms of this Contract comply with state and federal law. Seller and Buyer are instructed to consult with qualified licensed professional, including, but not limited to a licensed New Mexico real estate attorney, to ensure the terms of this Contract comply with state and federal law. Because ensuring compliance with this law is beyond the scope of a real estate broker's expertise and licensing, Seller and Buyer expressly release and hold harmless any broker(s) involved in this transaction from liability for any violations that could have been avoided/discovered by consultation with qualified licensed professionals.

**BUYER**

Buyer Lucas Allen Morton                  Date 03/24/16      Time 12:00

Buyer                                     Date               Time

**SELLER**

Seller James Kohlmann                     Date 3-22-16       Time 2:00 PM

Seller                                    Date               Time

RANM Form 2402 (2016 JAN)  Page 6 of 6       ©2005 REALTORS® Association of New Mexico

This copyright protected form was created using Instanet Forms and is licensed for use by Mike Archuleta.

InstanetFORMS

EXHIBIT 11