# REAL ESTATE SALE
# AND PURCHASE AGREEMENT

THIS AGREEMENT is made this _____ day of April, 2018 between Lucas Allen Morton, a married man dealing with his sole and separate property, (hereinafter "Seller"), and Jason Badger and Tanya Badger, husband and wife, (hereinafter "Purchasers"). Seller agrees to sell and convey to Purchasers and Purchasers agree to purchase upon the terms and conditions hereinafter set out, the following property and described real estate in Taos County, New Mexico:

Type of Property: Raw land, which is sold **"AS IS", without any express or implied warranties.**

Lot Number 29, Unit #2, Costilla Meadows Subdivision, as more fully shown on that plat of survey filed for record at Page 163, Volume No. 5 and refiled for record in Cabinet B at page 85-A, records Taos County, New Mexico.

1. The purchase price shall be a signed Warranty Deed into Seller for Lot Number 28, Unit #2, Costilla Meadows Subdivision, as more fully shown on a portion of a survey plat filed for record at Page 163, Volume No. 5 and refiled for record in Cabinet B at page 85-A, records Taos County, New Mexico.

2. Subject to such conditions as may be herein set out, upon full performance of this Agreement by Purchaser, Seller will convey title to the property by Warranty Deed, as follows:

JASON BADGER and TANYA BADGER, husband and wife

And Purchasers shall convey title to the exchange property by Warranty Deed, as follows:

LUCAS ALLEN MORTON, a married man dealing with his sole and separate property

Address for mailing property tax bills:

Seller: P.O. Box 155, 122 Panorama Boulevard, Amalia, New Mexico  87512

Purchasers: P.O. Box 281, Cerro, New Mexico  87519

The property is conveyed subject to property taxes for the current and subsequent years, zoning ordinances, patent reservations, easements, rights-of-way, restrictive covenants, conditions, declaration, agreements and other matters if any, of record and pertinent to the subject property.

DEFS' MOTION EXHIBIT (#CR-18-02945 WJ
I

3. It is agreed that closing costs in connection with this transaction are to be paid as follows:

   a. Seller will pay all closing costs associated with this transaction including procuring an ILR.

4. **CLOSING DATE SHALL BE ON OR BEFORE June 3, 2018 AT First New Mexico Title. EITHER PARTY MAY CLOSE BY MAIL/FED EX.** Seller agrees to give possession of the premises to Purchasers on the date of closing.

5. An owner's policy of title insurance showing evidence of good and merchantable title to the property shall be furnished and paid for as set out in Section 3 above. Purchasers shall receive the title insurance commitment, and shall have FIVE (5) working days after receipt to give Seller written notice of unmerchantibility of title or of an unsatisfactory title condition shown by said title insurance commitment. If Purchasers do not give Seller written notice of title defects within FIVE (5) working days after receipt of the title insurance commitment, Purchasers shall be deemed to have accepted the condition of title as satisfactory. In the event of any defects in said title making the same unmerchantable or unsatisfactory, should such defects not be corrected by the closing date of June 3, 2018, this Agreement shall terminate.

6. **Purchasers understand that Seller is making no express or implied warranties as to the physical condition of the property. The property is purchased "AS IS", with all defects and faults.**

7. Time is of the essence hereof. If any payment or any other condition hereof is not made, tendered or performed by either the Seller or Purchasers as herein provided, then this Agreement, at the option of the party who is not in default, may be terminated by such party.

8. This Agreement is contingent upon Purchasers' approval of the title insurance commitment as set out above.

9. This Agreement may be executed in counterpart, which shall be treated and construed as a single instrument. Facsimile signatures will be treated as original signatures for purposes of this Agreement. If any part of this Agreement is determined to be void and/or unenforceable, the remaining parts shall continue in full force and effect.

10. This Agreement shall be interpreted in accordance with the laws of the State of New Mexico.

11. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of the remainder of this Agreement.

12. This instrument comprises the entire understanding and agreement of the Purchasers and Seller on the subject matter herein contained and shall be binding upon and inure to the benefit of the Purchasers and Seller, their heirs, executors, administrators, personal representatives, beneficiaries, successors and assigns. The obligations of this Agreement shall survive closing.

SELLER:

Date: 4-18-18

_____ 4.C.C
LUCAS ALLEN MORTON

PURCHASERS:

Date: 4-5-18

_____
JASON BADGER

Date: 4-12-18

_____
TANYA BADGER