IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.   No. 1:18-CR-02945-WJ

JANY LEVEILLE, et al.,

        Defendants.

### DEFENDANT SUBHANAH WAHHAJ'S REPLY IN SUPPORT OF MOTION TO SEVER DEFENDANT [DOC. 598]

Defendant Subhanah Wahhaj, through counsel, Ryan J. Villa and Justine Fox-Young, files this Reply brief in support of her Motion for Severance of Defendant. Doc. 598

1. On February 3, 2023, Subhanah Wahhaj filed a Motion to Sever Defendant for Trial. Doc. 598.

2. On March 3, 2023, the government filed a combined response to Ms. Wahhaj's motion as well as to two other individual motions to sever defendants and to Subhanah Wahhaj's Motion to Sever Count 3. Doc. 663.

3. This reply is timely filed pursuant to the Court's order permitting an extension. Doc. 694.

**I. The Risk for Prejudicial Error in a Joint Trial With Pro Se Co-Defendants is Significant**

In addition to the myriad bases for severance articulated in Ms. Wahhaj's motion, recent developments further increase the risk of prejudicial error that she will face if

- 1 -

Defendants are tried jointly.[1] Presently, one Defendant, Lucas Morton, is proceeding *pro se* and another, Hujrah Wahhaj, has asked the Court to enter an order permitting her to proceed *pro se*, which the Court has taken under advisement. The fact that one or more of Ms. Wahhaj's co-defendants will be *pro se* at trial dramatically increases the likely prejudice to Ms. Wahhaj that will ensue in a joint trial, in part because it dramatically increases the likelihood that statements of co-defendants implicating Ms. Wahhaj will be admitted at trial in violation of Ms. Wahhaj's Sixth Amendment Confrontation right. Such a violation of her rights would not be cured even if the Court instructs the jury to consider the confession only as evidence against the co-defendant. *See, e.g., Bruton v. United States*, 391 U.S. 123, 137 (1968). And the prejudice to Ms. Wahhaj would likely be significantly greater if the co-defendant made the incriminating statement in the course of his own representation. See *United States v. Hansend*, 2022 WL 17832698, *3 (E.D. Mich. Dec. 21, 2022). As other courts have noted, under similar circumstances, severance is warranted for the following reasons:

> it is possible that [pro se defendants], who [are] not familiar with the Federal Rules of Evidence, will inadvertently introduce inadmissible, and possibly prejudicial evidence at trial. While the Court can give a curative instruction if this happens, "[s]uch an instruction, however, is very close to an instruction to unring a bell." *United States v. Murray*, 784 F.2d 188, 189 (6th Cir. 1986)

*Hansend*, 2022 WL 17832698, *3 (granting severance of co-defendant). In another federal case, the court granted severance for many of the same reasons:

---

[1] Although Ms. Wahhaj did not directly raise this particular basis for severance in her original motion, she reserves her right to renew the request for severance at any time through the end of trial. The Court has a continuing duty to sever a defendant if and when circumstances arise indicating that failure to sever will unduly prejudice a defendant. *See Schaffer v. United States*, 362 U.S. 511, 516 (1960).

> The Court is also concerned with Mr. Martin's lack of legal training and the potential that, despite admonitions and guidance and even with assistance of hybrid counsel, improper or inadmissible testimony or evidence could be presented before the jury which could adversely affect and prejudice the co-defendants and result in a mistrial. This likelihood is increased regardless of the good intentions or model behavior of Mr. Martin. Some rules of evidence and procedure appear counter-intuitive to persons who have not pursued directed, formal study into their purpose and interplay with other precepts. Although Mr. Martin has exercised his right to proceed pro se, the Court cannot ignore the myriad ways in which he could inadvertently and irreparably harm his codefendants' prospect for a fair trial. Given the record and facts before this Court, this Court finds it would be gravely irresponsible to ignore the clear signs of impending prejudice and permit Ms. Hall and Mr. Brooks to proceed to a joint trial under these circumstances.

*United States v. Martin*, No. 3:07-CR-51, 2008 WL 627413, at *3 (E.D. Tenn. Feb. 22, 2008). For these reasons, in addition to those delineated in Ms. Wahhaj's motion, severance is necessary to preserve Ms. Wahhaj's Sixth Amendment rights.

**II.    The Most Highly Charged and Inflammatory Evidence in the Case is Not Admissible Against Ms. Wahhaj But Will be the Focus of a Joint Trial Nonetheless**

The government argues that there is no evidence that is inadmissible against Subhanah Wahhaj that that will be introduced in a joint trial with all co-defendants. In particular, the government argues that it possesses evidence that Subhanah Wahhaj helped write or edit the journal containing writings it attributes to Jany Leveille and that those writings are therefore admissible against Ms. Wahhaj. The government references no particular evidence of Ms. Wahhaj's involvement but asks the Court to take it on faith that she has some nexus to this evidence which would negate her claims of prejudice. This is not a sufficient basis on which to dismiss Ms. Wahhaj's claims of prejudicial joinder.

With respect to the "phases of a terrorist attack" writings in the notebook found at the Amalia home, the government asserts that the book "represents a statement by a co-

- 3 -

conspirator in furtherance of the conspiracy."[2] Defendants have requested a *James* hearing and have confidence that the Court will find that these writings in fact are not admissible pursuant to rule 801(d)(2)(E) because they are cut and pasted from the internet and not attributable to any defendant, and are at most "mere narratives" serving no immediate or future conspiratorial purpose and lacking in any intent to induce assistance for a conspiracy. *See United States v. Wolf*, 839 F.2d 1387, 1393 (10th Cir.), *cert. denied*, 488 U.S. 923 (1988); *United States v. Roberts*, 14 F.3d 502, 514-515 (10th Cir.1993); *see also United States v. Foster*, 711 F.2d 871, 880 (9th Cir.1983), *cert. denied*, 465 U.S. 1103 (1984). For all of these reasons, Ms. Wahhaj asserts that these inflammatory and prejudicial writings, that will likely be admissible against one or more of her co-defendants, are inadmissible against her, which strongly supports her request for severance.

For the reasons discussed above and presented in her Motion to Sever Defendant, Subhanah Wahhaj respectfully requests that the Court enter an Order severing her case from that of her co-defendants for trial.

                                       Respectfully submitted,

                                       */s/ Ryan J. Villa*
                                       Ryan J. Villa
                                       The Law Office of Ryan J. Villa
                                       5501 Eagle Rock Ave NW Ste. C2
                                       Albuquerque, NM 87113
                                       (505) 639-5709
                                       ryan@rjvlawfirm.com

---

[2] These writings do not appear to be listed on the government's Sealed Notice of Intent to Introduce Out of Court Statements (Doc. 156), which the government has reiterated constitutes the complete list of co-conspirator statements it intends to introduce at trial, subject to any rulings of the Court. *See* Doc. 650.

*/s/ Justine Fox-Young*
Justine Fox-Young
Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/Justine Fox-Young*
JUSTINE FOX-YOUNG