IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) ) NO. 18-CR-02945-WJ |
| vs. | ) ) |
| JANY LEVEILLE,<br>SIRAJ IBN WAHHAJ,<br>HUJRAH WAHHAJ,<br>SUBHANAH WAHHAJ, and<br>LUCAS MORTON, | ) ) ) ) ) ) |
| Defendants. | ) |

## UNITED STATES' SECOND SUPPLEMENTAL NOTICE OF INTENTION TO OFFER EXPERT TESTIMONY

Pursuant to Fed. R. Crim. P. 16(a)(1)(G) and the Court's discovery and scheduling orders, the United States gives this supplemental notice that it intends to introduce, during its case-in-chief at trial, expert testimony and testimony that may arguably be considered as expert testimony, as described in the following paragraphs. The United States submits that all such evidence is relevant to the issues to be tried before the jury in this case. Further, the United States submits that this testimony is admissible evidence under Fed. R. Evid. 702 and 703, and that each witness has "a reliable basis in knowledge and experience" in his or her respective discipline. As grounds, the United States shows the following:

1.  The United States intends to call Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Firearms Enforcement Officer (FEO) James L. Barlow, Jr. to testify about his examination and testing of the firearms, ammunition, and firearms accessories seized in the course of the investigation of this matter. FEO Barlow will testify, among other things, that, based on

1

his examination of the items, they are "firearms" for purposes of federal law, and they function as designed.  FEO Barlow will further testify that there is an interstate nexus for the firearms and ammunition seized in the course of the investigation of this matter.   The testimony of FEO Barlow may include expert opinions or specialized knowledge regarding the examination of firearms and ammunition that is derived from his education, training, and professional experience.   A report of his opinions was previously disclosed as bates numbers 24,522-24,620, 26,294-26,421, and 26,439-26,492. A summary of his qualifications was previously disclosed as bates numbers 15,998-16,003.  An updated summary of Mr. Barlow's qualifications and a list of the cases in which he has testified during the past four years is attached hereto as Exhibit 1. Mr. Barlow has not authored any publications in the past ten years.

      2.      The United States further intends to call Randy Watt to testify about the firearms and tactics training the defendants and others engaged in on their property in Amalia, New Mexico between in or about December 2017 and August 2018.   Mr. Watt will offer expert testimony about the design, construction, purposes, and use of the training areas on the property; the design, construction, purposes, and use of other areas on the property, to include the dwellings, barriers, and tunnels; whether and to what extent the training was consistent with defensive or offensive purposes; whether and to what extent the defendants' and others' firearms and tactical training activities on the property were consistent with known terrorist tactics, techniques, and procedures; the sources and significance of writings of the defendants, including handwritten notes "Phases of a Terrorist Attack"; and general terrorism and counter-terrorism knowledge and doctrine generally and as applied to the facts of this case.   The testimony of Mr. Watt may include expert opinions or specialized knowledge regarding firearms and tactics training and counter-terrorism that is

derived from his education, training, and professional experience. A report of his opinions was previously disclosed as bates numbers 26,422-26,438, and his curriculum vitae was previously disclosed as bates numbers 26,286-26,293.  A summary of his qualifications, publications, and cases in which he has testified is attached hereto as Exhibit 2.

3. The United States further intends to call John P. Phillips, M.D.  Dr. Phillips is a professor of neurology and pediatrics at the University of New Mexico.  He will testify about medical treatment that was provided to John Doe prior to his death, including John Doe's medical diagnosis and treatment history.  Dr. Phillips also will testify that John Doe suffered from a seizure disorder, that his medical conditions required continuing medical treatment, that he required daily prescription medication, and that death was a likely eventual outcome in the event John Doe did not receive his required treatment and prescription medication.  Dr. Phillips will also testify about physical and emotional stressors that could aggravate John Doe's medical conditions.  Dr. Phillips will testify about the possible causes of John Doe's death.  The testimony of Dr. Phillips may include expert opinions or specialized knowledge regarding medical diagnosis, treatment, and pathology that is derived from his education, training, and professional experience.  A report of his opinions was previously disclosed as bates numbers 26,188-26,253, and his curriculum vitae was previously disclosed as bates numbers 16,004-16,034 and 26,254-26,285.  Dr. Phillips has not testified in the past four years, and an updated summary of his publications is attached hereto as Exhibit 3.

4. The United States further intends to call former FBI Special Agent Brian A. Nishida to testify.  Mr. Nishida is now retired, but he worked as a Computer Forensic Examiner employed by the FBI with the Computer Analysis Response Team (CART) at the New Mexico

Regional Computer Forensics Laboratory (NMRCFL).  Special Agent Nishida will testify regarding the scope, nature, and outcomes of NMCRFL assistance provided to the FBI in connection with processing and forensic examination of electronic devices and media seized or collected in connection with investigation of defendants.  FBI Special Agent Nishida will testify about the data extracted from these electronic devices and media, including, among other things, the means by which this data was extracted and preserved.  The report he authored was previously disclosed as bates numbers 15,982-15,993.  He has testified in one trial during the past four years, and it was *United States v. Thomas Arthur*, 19-CR-774-DC (W.D.Tex.) and does not have any publications from the past ten years.  A copy of his curriculum vitae is attached as Exhibit 4.

     5.     The United States previously provided notice that it intended to call Gloria Smikle, a nurse practitioner who was one of John Doe's medical providers, to testify about medical treatment she provided John Doe prior to his death, but the United States does not intend to elicit expert opinions from Ms. Smikle.  Docs. 127, 267.  Ms. Smikle will testify about John Doe's medical diagnosis and treatment history.  She will also testify that John Doe suffered from a seizure disorder, that his medical conditions required continuing medical treatment, that he required daily prescription medication.  Copies of John Doe's medical records were previously disclosed as bates numbers 24,621-26,185.

     6.     The United States further intends to call Hannah A. Kastenbaum, M.D., who previously worked for the New Mexico Office of the Medical Investigator, to testify about the autopsy of John Doe, a minor victim in this case, that she performed.  She will testify about the condition of his body when she performed her examination, what steps she took during her

examination, and the time, manner, and cause of his death. Although the United States previously provided notice that the testimony of Dr. Kastenbaum may include expert opinions or specialized knowledge regarding medical diagnosis and pathology that is derived from her education, training, and professional experience, *see* Docs. 127 and 267, the United States does not intend to call her as an expert witness.

7. As stated herein, the qualifications of the various aforementioned expert witnesses have been or will be provided as discovery to Defendants and their counsel.

8. The above-described expert testimony and evidence is offered to aid the jury in determining the issues of the case.

9. The United States respectfully requests that the Court exercise its "special gatekeeping obligation" and determine that the proposed testimony of each proposed witness is admissible, as each of the witnesses has "a reliable basis in knowledge and experience" in his or her respective discipline. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221-22 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003, 124 S.Ct. 533 (2003).

10. It is within the broad discretion of the Court to determine the means for assessing an expert's reliability and to make the ultimate determination of reliability. *Dodge*, 328 F.3d at 1222. As the proposed testimony is standard trial testimony in firearms cases, terrorism cases, and cases in which the death of a person results, the United States respectfully requests that the Court treat this Notice as a proffer on the training and background of these witnesses, issue an order recognizing each of the proposed expert witnesses as experts, and permit the introduction of the testimony described herein. Specifically, the United States asks that the Court make a finding,

upon hearing testimony, that the testimony of each witness "has a reliable basis in the knowledge and experience of [their relevant] discipline[s]." *See id.* (quoting *Kumho Tire*, 526 U.S. at 149). The United States respectfully requests that the Court reserve its "reliability determination" until the United States introduces into evidence the experience and training of each witness at trial.

WHEREFORE, the United States respectfully requests that this Court find that the proposed testimony of each of the aforementioned expert witnesses has a "reliable basis in the knowledge and experience" in the various fields as indicated herein, and that the proposed testimony will aid the jury in determining the issues of the case.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on the 3rd day
of April, 2023, I filed the foregoing
pleading electronically through the
CM/ECF system, which caused counsel
of record for defendant to be served
by electronic means.   A copy of this filing
was also mailed to Defendant Lucas Morton.

*/s/ Filed Electronically*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney