**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. 1:18-cr-02945-WJ-3

HUJRAH WAHHAJ,

Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO PROCEED PRO SE**

THIS MATTER is before the Court on the Motion to Proceed Pro Se filed by Defendant Hujrah Wahhaj (Doc. 682). The Court concludes that Defendant Wahhaj has not made a clear and unequivocal decision to waive her constitutional right to counsel or to proceed pro se, her motion is untimely due to the close proximity to trial, and, due to the complexity of the case, lack of resources, and limited time, it is unlikely that Defendant could learn the rules and procedures of the Court and effectively prepare a defense to the charges against her. Therefore, the Court denies the Motion.

Defendant Hujrah Wahhaj is one of five defendants in this case. According to the superseding indictment, she is charged with six different crimes:

- **Count 1:** Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A.
- **Count 2:** Providing Material Support to Terrorists, in violation of 18 U.S.C. § 2339A & 2.
- **Count 4:** Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371.
- **Count 5:** Aiding and Abetting Defendant Leveille in Possessing a Firearm While Unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5) & 2.
- **Count 6:** Conspiracy to Commit Kidnapping, in violation of 18 U.SC. § 1201(c).
- **Count 7:** Kidnapping, in violation of 18 U.S.C. § 1201(a) & 2.

(Doc. 85).

Hujrah Wahhaj is 42 years old. She was born in Queens, New York. Her father is an Islamic Minister and her mother is a social worker. She did not graduate from high school but obtained her GED in approximately 1998. She attended college at Kingsboro and Medgar Evers College in New York for two years but did not complete any degree. Her employment history includes working in customer service at Dime Savings Bank in Westbury, New York for one year in 2001, working as the owner/operator of QUEEN, a mentor program at her Masjid for young girls in Atlanta Georgia from 2012 to 2015, and working as a Certified Mental Health Specialist for Georgia Mental Health Networks in Atlanta, Georgia in 2017. (Doc. 21).

Defendant Hujrah Wahhaj was previously represented by court-appointed counsel Carey Bhalla and Theresa Duncan. Her current attorneys were appointed to represent her after she filed an ethics complaint against her former counsel with the New Mexico Supreme Court on May 6, 2021. (Doc. 682 at 1-2).[1] Her Motion to Proceed Pro Se continues to complain about her former counsel, stating "[a]t this critical juncture, six months until trial set for September 2023, Ms. Wahhaj fears if she is not giving free reign to proceed pro se, she will be severely prejudice even more so than by her former counsel who rendered her uninformed about her case and in limbo for years . . .if Ms. Wahhaj wasn't so severely harmed by her former counsel it would have been a different story . . . Mr. Wahhaj has to deploy any and all approaches for trial and at this time can no longer risk leaving her life in the hands of counsel nor can she make the same assumption as

[1] Ms. Bhalla and Ms. Duncan are both well-qualified and are exceptional criminal defense attorneys and the ethics complaint filed against them was totally devoid of any merit and there was absolutely no evidence presented or any finding that either attorney engaged in unethical conduct or failed to effectively represent Defendant in this case.

she did with former counsel that counsel are doing their due diligence to further her cause." (Doc. 682 at 4-5).

Defendant Hujrah Wahhaj has filed a Motion to Proceed Pro Se (Doc. 682). The Motion was filed pro se by Hujrah Wahhaj. The United States has not responded to the Motion. Ms. Wahhaj is currently represented by CJA counsel Donald Kochersberger III and Marshall Ray. Her current attorneys have taken no position on her Motion to Proceed Pro Se and have not asked to withdraw.

Ms. Wahhaj's complaints about counsel in her Motion are: (1) that she does not like counsel tape recording either individual meetings with her or joint defense meetings; (2) following her decision to reject the government's plea offer, she thinks Mr. Kochersberger has been baiting her about the plea deal; and (3) she doesn't think counsel are giving her ideas about trial strategy enough consideration—in particular, she wants to hire an expert (of unspecified expertise) and counsel has told her that a different strategy not involving use of an expert is a better strategy. A summary is set out in her Motion as follows:

> "Ms. Wahhaj will have been in custody for five years as of August 2023, and if counsel are not discussing trial strategies, have not looked at her case in awhile, are inadvertently sending messages that it is futile to go to trial, are putting more emphasis on plea deals than trial preparation, appears to be baiting Ms. Wahhaj post February 9, 2023, is recording Ms. Wahhaj without her consent on devices which leaves her suspicious of counsel's motives and render her unable to participate in her own defense, and if requests by Ms. Wahhaj for trial prep are not considered such as expert testimony, Ms. Wahhaj is further at risk of an unfair trial, inter alia."

**<u>Good Cause Does Not Exist to Terminate Counsels' Representation of Defendant</u>**

If the Court were to grant Ms. Wahhaj's Motion, that would require the Court to terminate appointments of CJA counsel to represent her in this case. The Court finds that good cause does

not exist in this case to terminate Mr. Kochersberger's and Mr. Ray's representation of Ms. Wahhaj.

To determine whether good cause exists to grant Defendant's motion to terminate representation by counsel, the Court considers four factors:

(1) The timeliness of defendant's request.

(2) The reasons for defendant's request for new counsel.

(3) Whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense.

(4) Whether the defendant substantially and unreasonably contributed to the breakdown in communications.

*See United States v. Williamson*, 859 F.3d 843, 860 (10th Cir. 2017) (citing *Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000)). *See also United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005).

With respect to timeliness, as is set out more fully, below, the trial of this case is less than six months away. Given the overall complexity of this case and the need to maintain the current trial date, the Court finds that the Defendant's request is made too late and is untimely. *United States v. Williamson*, 859 F.3d at 860-61. Second, at the hearing, the reasons for dissatisfaction set out in the Motion to Proceed Pro Se were dispelled by counsel. At the March 29, 2023 hearing, Ms. Wahhaj's defense counsel made a proffer of proof that there has been no tape recording of any individual meetings with Ms. Wahhaj or of any joint defense meetings.[2] Counsel also informed her that in discussing the plea offer made to Ms. Wahhaj, counsel was only attempting

[2] Defense counsel offered to present the testimony of one of the joint defense attorneys, Mr. Villa, that there had been no recording of meetings. Ms. Wahhaj indicated that she accepted her counsels' word that no recordings had been made and did not need to hear the offered testimony.

to fully inform and advise her of the offer and the consequences of acceptance or rejection of the offer, and did not intend, in any way, to "bait" her. Last, counsel stated that they have always tried to give and would continue to try to give full consideration to Ms. Wahhaj's ideas about trial strategy. Counsel also spoke eloquently and sincerely about their deeply-held commitment to defend Ms. Wahhaj to the best of their abilities.

Third, there does not appear to be a real defendant-attorney conflict nor is there a total lack of communications between Ms. Wahhaj and defense counsel that would preclude an adequate defense. It appears the alleged breakdown in communication is based on Defendant's disagreement with Mr. Ray and Mr. Kochersberger's defense strategy and disagreements over strategy do not rise to the level of good cause. (*See* Doc. 682 at 3). "Good cause for substitution of counsel consists of *more than a mere strategic disagreement* between a defendant and his attorney." *United States v. Lott,* 310 F.3d 1231, 1249 (10th Cir. 2002) (emphasis added).

Last, even if there has been a minor breakdown in communications, that breakdown was the result of choices and misunderstandings on the part of Defendant Wahhaj and not due to any conduct on the part of counsel. The Court finds that Ms. Wahhaj substantially contributed to the breakdown in communication with counsel, which weighs against finding good cause for counsel's termination from representation. *See, e.g.*, *United States v. Williamson*, 859 F.3d at 860-61 (holding that the fourth factor—whether the defendant substantially and unreasonably contributed

to the breakdown in communications—weighed heavily against the defendant's request for new counsel).[3]

None of the requirements for termination of counsel's representation exist in this case. Based on the allegations of the Motion to Proceed Pro Se, the statements made during the hearing, and analysis of the four factors, good cause does **not** exist for Mr. Kochersberger and Mr. Ray's representation to be terminated. Even if the Court does not find good cause for termination of counsel's representation, a defendant may still be permitted to proceed pro se, so long as the defendant meets the requirements for self-representation. *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987); *United States v. Taylor*, 183 F.3d 1199, 1205 (10th Cir. 1999). Therefore, on March 29, 2023, the Court held a hearing on Ms. Wahhaj's Motion pursuant to *see Faretta v. California*, 422 U.S. 806, 835 (1975). (Doc. 699, 700).

**Conditions Weigh Against Self-Representation in This Case**

Under the Sixth Amendment, a defendant has the constitutional right to be represented by counsel in a criminal case. The Sixth Amendment states "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend VI. At any phase of the judicial proceedings, a defendant is permitted to represent herself and can do so by waiving his right to counsel." *United States v. Vann*, 776 F.3d 746, 762 (10th Cir. 2015) (internal citation omitted); *Faretta v. California*, 422 U.S. 806, 819 (1975).

"The waiver, however, must be 'an intentional relinquishment or abandonment of a known right or privilege.'" *Vann*, 776 F.3d at 762–63 (citation omitted). A criminal defendant has a right under the Sixth Amendment to waive counsel and represent herself so long as she does so clearly

[3] Although the Court finds that Ms. Wahhaj substantially contributed to the breakdown in communications, the record does not tend to show that Ms. Wahhaj's misunderstandings and disagreements rose to the level of unreasonable.

and unequivocally in a knowing, intelligent, and timely manner. *United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir. 1997); *see Faretta v. California*, 422 U.S. at 835 (a defendant "should be made aware of the dangers and disadvantages of self-representation so that the record will establish that [she] knows what [she] is doing and [her] choice is made with open eyes.") (internal quotations omitted).

The Court must indulge in every reasonable presumption against waiver. *United States v. Simpson*, 845 F.3d 1039, 1046 (10th Cir. 2017) (quoting *Brewer v. Williams*, 430 U.S. 387, 404 (1977)); *United States v. John Williamson*, 806 F.2d 216, 219–20 (10th Cir. 1986). To discharge its duty properly in light of the strong presumption against waiver of the constitutional right to counsel, the court must thoroughly investigate the circumstances of the case and satisfy itself that the conditions for self-representation are met. *United States v. Padilla,* 819 F.2d 952, 956 (10th Cir. 1987); *United States v. Hansen,* 929 F.3d 1238, 1250–51 (10th Cir. 2019).

A defendant can represent herself only when four conditions are satisfied:

(1) the defendant must clearly and unequivocally inform the district court of her intention to represent herself;

(2) the request must be timely and not for the purpose of delay;

(3) the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made; and

(4) the defendant must be able and willing to abide by rules of procedure and courtroom protocol.

*United States v. Loya-Rodriguez*, 672 F.3d 849, 856 (10th Cir. 2012) (cited case omitted).

The first condition is that the defendant must clearly and unequivocally inform the district court of her intention to represent herself. *Loya-Rodriguez*, 672 F.3d at 856. In speaking to the

Court, Ms. Wahhaj acknowledged that she felt that her current counsel had sincerely and compassionately been acting in her interests. She expressly stated that she did not want to proceed without representation by counsel, and she did not want to proceed pro se, but she felt that was her only option at this point. She indicated that the case is close to trial, she wants to have her life back in her own hands, and that proceeding pro se is the only option she has to achieve that. She acknowledged the lack of resources for her and limitations on her ability to defend herself but informed the Court that she is resourceful.

However, when questioned further, she was unable to articulate what steps she would take or how she would proceed to obtain the necessary knowledge, skills, information, and resources to adequately defend the case. During the proceedings on some occasions, the Court observed Ms. Wahhaj to be emotionally conflicted and in tears. Her statements to the Court were neither clear nor unequivocal. To the contrary, her statements indicated conflicting concerns on her part about proceeding pro se. Further, because there has been no significant break-down of her relationship with counsel, proceeding pro se is not her only option at this juncture. Therefore, the Court concludes that the first condition is not met in this case because Ms. Wahhaj has not clearly and unequivocally informed the Court of her intention to represent herself. *Loya-Rodriguez*, 672 F.3d at 856.

The second condition for proceeding pro se is that the request be timely and not made for the purpose of delay. This multi-defendant, factually and legally complex, case involving very serious charges and potential lifetime sentences is now less than six months from the fixed trial setting. The trial is scheduled to last at least four weeks. The discovery in this case has been so voluminous and complex that, at the Defendants' request, the Court appointed one of only five attorneys nationwide contracted by the Administrative Office of the Courts to act as Coordinating

Discovery Attorney. (Doc. 229).[4] The case has also been proceeding under Section 2 of the Classified Information Procedures Act, 18 U.S.C. App. III, § 2. (Doc. 489). The Court notes that there will be a very substantial amount of preparation necessary to try the case. In the Court's experience, even a highly qualified criminal defense attorney would have a difficult time getting up to speed and adequately prepared to conduct such a trial in less than six months' time. A pro se defendant would not be able to prepare an adequate defense in the relatively short time remaining until trial. While the Court does not consider Ms. Wahhaj's request to have been made for any purpose of delay, the Court concludes that the request is untimely. *Loya-Rodriguez*, 672 F.3d at 856.

The third condition requires the Court to conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is knowingly and intelligently made. "Before a court may grant a waiver, it must ensure the defendant is 'aware of the dangers and disadvantages of self-representation, so that the record will establish that [s]he knows what [s]he is doing and h[er] choice is made with eyes open.'" *Maynard v. Boone*, 468 F.3d 665, 676 (10th Cir. 2006) (quoting *Faretta*, 422 U.S. at 835). "The 'tried-and-true method' for a district court to assess whether a waiver is being made knowingly and intelligently is to 'conduct a thorough and comprehensive formal inquiry of the defendant on the record.'" *United States v. Hansen*, 929 F.3d 1238, 1249 (10th Cir. 2019) (citation omitted). "Such a formal inquiry typically takes place in the context of a waiver hearing, customarily referred to as a *Faretta* hearing, in recognition of the Supreme Court's seminal waiver case, *Faretta*." *Id.*

[4] There are multiple terabytes of digital discovery data in this case. Discovery includes thousands of pages of documents and hundreds of video and audio recordings.

The Tenth Circuit has held that there is "no precise litany" of questions a district court must ask a defendant who is invoking his right to proceed pro se. *United States v. Turner*, 287 F.3d 980, 983 (10th Cir. 2002) (brackets and citation omitted). However, the Tenth Circuit has also made clear that a "proper" *Faretta* hearing apprises the defendant of the following factors:

> the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*United States v. Hamett*, 961 F.3d 1249, 1255 (10th Cir. 2020) (citation omitted).[5] One of the facts the Tenth Circuit has held to be essential to a defendant's understanding of the whole matter is a defendant's "understanding that he would need to follow the applicable procedural and evidentiary rules." *Id.* at 1256 (citation omitted).

The Court conducted an extensive colloquy with Ms. Wahhaj. (Doc. 699, 700). The Court's impression is that Ms. Wahhaj is both intelligent and articulate. She demonstrated an understanding of the charges against her, the existence of possible defenses, and the range of allowable punishments. She also acknowledged the Court's warnings of the serious risks and disadvantages of representing herself in a criminal case. However, Ms. Wahhaj was unable to articulate how she would obtain the necessary resources and develop an adequate defense to the very serious and complex charges against her in the short time available to her. It also appeared that her request to proceed pro se resulted from her emotional belief that she has no other option. Based on the Court's colloquy and considering the strong presumption against wavier of the Sixth Amendment right to counsel, the record does not establish that Ms. Wahhaj fully appreciates the dangers and disadvantages of self-representation, that her choice is being made with eyes open, or

---

[5] These factors are known as the *"Von Moltke* factors" because they are taken from the Supreme Court's decision *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948).

that her waiver is knowing and intelligent. *Faretta*, 422 U.S. at 835; *United States v. Simpson*, 845 F.3d at 1046; *Maynard v. Boone*, 468 F.3d at 676.

Under the fourth consideration, a defendant must be both willing **and *able*** to abide by the rules of procedure and evidence and Court protocol. *Loya-Rodriguez*, 672 F.3d at 856. At the hearing, Ms. Wahhaj expressed willingness to abide by the rules, procedures, and protocols, and the Court does not doubt her sincerity. However, in light of the complexity of the case, the short time to trial, and her complete lack of knowledge of court rules, procedures, and protocols, the Court questions her ability to realistically understand and to be ***able*** to comply. Again, even an experienced attorney would be challenged by the complexity of this proceeding. The Court concludes that the fourth consideration weighs against allowing Ms. Wahhaj to proceed pro se in this case. *Loya-Rodriguez*, 672 F.3d at 856.

**Conclusion**

In view of the critical eve-of-trial stage of this case, Ms. Wahhaj's emotional equivocation about proceeding pro se, the complexity of the case and seriousness of the charges, and the lack of any substantial breakdown in the attorney-client relationship with defense counsel, the Court cannot find there has been a clear waiver of the Sixth Amendment right to counsel consistent with the law, fairness, and justice. Therefore, the Court will deny the Motion to Proceed Pro Se filed by Defendant Hujrah Wahhaj.

IT IS SO ORDERED.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE