IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 1:18-cr-02945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRA WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court sua sponte. The Court withdraws its Memorandum Opinion and Order Denying Defendants' Motion to Dismiss – No Crime (**Doc. 542**) and files this memorandum opinion and order in its place. Defendants[1] seek to dismiss the kidnapping charges in Counts 6 and 7 of the Superseding Indictment on the grounds that no violation of the federal kidnapping statute—or conspiracy to violate the statute—occurred because Siraj ibn Wahhaj, John Doe's father, traveled with John Doe and the other Defendants and consented to John Doe being taken from Georgia to New Mexico. **Doc. 469**. The Court concludes dismissal is inappropriate at this stage because the facts Defendants rely on are in dispute; therefore, the Court cannot conclude as a matter of law that the Superseding Indictment fails to state the offenses of kidnapping or conspiracy to commit kidnapping. The Court **DENIES** Defendants' Motion to Dismiss (**Doc. 469**).

---

[1] Defendant Siraj ibn Wahhaj is John Doe's father and therefore is not charged with kidnapping. *See* **Doc. 85 ¶ 35**. He does not join in the present Motion.

1

## DISCUSSION

**I.     Motion to Dismiss Standard**

Defendants seek dismissal of Counts 6 and 7 of the Superseding Indictment for failure to state the offenses of kidnapping and conspiracy to commit kidnapping. "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). A motion to dismiss tests an indictment "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id.* That said, in "limited circumstances" a district court may look beyond the indictment and "dismiss charges at the pretrial stage . . . where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Id.* at 1088. Such a dismissal is the "rare exception." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). By arguing for the dismissal of Counts 6 and 7 based on facts not contained in the Superseding Indictment, Defendants appear to rely on this rare exception.

**II.    The Court Cannot Determine Whether Defendants Conspired to Kidnap or Kidnapped John Doe because Material, Underlying Facts Are Disputed.**

Counts 6 and 7 of the Superseding Indictment charge Defendants Jany Leveille, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton with conspiring to kidnap and kidnapping John Doe, a minor child. Count 6, the conspiracy to kidnap charge, reads:

> From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **JANY LEVEILLE, HUJRAH WAHHAJ, SUBHANAH WAHHAJ**, and **LUCAS MORTON**, and others known and unknow to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold **JOHN DOE**, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully

> transport **JOHN DOE** in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold **JOHN DOE**, resulting in his death.

Count 7, the kidnapping charge, recites similar allegations:

> From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **JANY LEVEILLE, HUJRAH WAHHAJ, SUBHANAH WAHHAJ**, and **LUCAS MORTON**, knowingly did and did attempt to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold **JOHN DOE**, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully transport **JOHN DOE** in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold **JOHN DOE**, resulting in his death.

The federal kidnapping statute excludes the taking of a minor by his parent. 18 U.S.C. § 1201(a) ("Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, *except in the case of a minor by the parent thereof* . . . .") (emphasis added). Because of the parental exception, Mr. Wahhaj, John Doe's father, was not charged—or even mentioned—in Counts 6 or 7 of the Superseding Indictment.

Defendants' motion to dismiss raises questions about the scope of the parental exception and its impact on the charges that can be brought against third parties who allegedly kidnap a minor child with the permission or participation of the child's parent. Defendants argue that because Mr. Wahhaj cannot be charged with kidnapping and because he participated in and assented to the taking of John Doe from Georgia to New Mexico, the other Defendants cannot—as a matter of law—be charged with kidnapping either. **Doc. 469 at 6**. Defendants raise thorny and novel questions; however, these questions are not yet appropriate for the Court to consider given the disputed nature of the underlying facts.

On a motion to dismiss, the Court cannot accept Defendants' version of the facts as true; rather, the Court may only grant a pre-trial motion to dismiss in "limited circumstances" where relevant facts are undisputed and where the United States does not object to the Court's

consideration of those undisputed facts. *Hall*, 20 F.3d at 1088. Here, the relevant facts are disputed. According to Defendants, the story goes like this:

> Mr. Wahhaj was [John Doe's] father, had not lost parental rights, and thus cannot be charged under the federal kidnapping statute. [John Doe] was at all relevant times with his father, Mr. Wahhaj. The co-defendants, including Mr. Wahhaj, left Atlanta, Georgia sometime in December of 2017. They then travelled to Alabama, where they stayed for several weeks. Following their stay in Alabama, they drove to Amalia, New Mexico, where they lived together until arrested for the charges here. At all times that [John Doe] was in the company of the defendants, he was there with the assent and permission of his father.

**Doc. 469 at 2-3.** Although the United States appears to agree that Mr. Wahhaj is John Doe's father and that Mr. Wahhaj accompanied Defendants and John Doe from Georgia to New Mexico, **Doc. 487 at 2-4;** *see also* **Doc. 1 at 2, 3**, the United States disagrees that Mr. Wahhaj voluntarily consented to the taking of John Doe. At trial the United States suggests it could show that Mr. Wahhaj's consent was "tainted by Jany Leveille's representation that she was JOHN DOE's biological mother, that JOHN DOE was Jesus Christ, that she was Mary Mother of God, that JOHN DOE's real mother practiced black magic, and that JOHN DOE could be cured of his disabilities only by taking him from his mother, depriving him of his medication, and subjecting him to religious rituals." **Doc. 487 at 10**. Not only do the parties disagree on whether Mr. Wahhaj voluntarily consented, but the parties also disagree on whether John Doe consented to going with Defendants, whether Ms. Leveille was married to Mr. Wahhaj, and whether Ms. Leveille could be considered a surrogate parent to John Doe. The disputed nature of these material facts stands in the way of the Court making any determination on the validity of Counts 6 and 7. Once the relevant facts are established at trial, Defendants may challenge Counts 6 and 7 via a motion for judgment

of acquittal. However, dismissal of Counts 6 and 7 is not appropriate at this stage of the proceedings; therefore, Defendants' Motion to Dismiss (**Doc. 469**) is **DENIED.**

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE