**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                  **No. 1:18-CR-02945-WJ**

**JANY LEVEILLE, et al.,**

        **Defendants.**

**RESPONSE TO GOVERNMENT LETTER TO COURT (DOC. 738) AND REQUEST FOR HEARING**

Defendant Subhanah Wahhaj, through counsel, Ryan J. Villa and Justine Fox-Young, submits the following response to the Government's Letter to the Court and attached report which the Government submits "may be relevant to the issue of standing" which is currently before the Court:

1. On May 2, 2023, the Government submitted a letter to the Court enclosing a July 6, 2018 FBI 302 form which had not previously been produced to the defense despite the fact that the form was generated nearly five years ago and clearly constitutes Rule 16 material. Doc 738.

2. The form indicates that Agent Brian Cox received a call from New Mexico State Police Officer Bryan Donis who apparently described to Agent Cox an encounter he had had with Defendant Morton at the entrance to Defendants' driveway in Amalia. Doc 738-1.

3. The 302, which is replete with redactions, relates that Tanya Badger contacted Officer Donis and asked him to have Defendants served with a trespass notice. *Id*. The 302 reports that "Morton walked to the road to speak with Donis" and that "Morton advised there was a court hearing on Wednesday (June 27, 2018) and the

Case 1:18-cr-02945-WJ Document 740 Filed 05/05/23 Page 2 of 4

judge dismissed the [eviction] case." *Id.* The 302 also states that Morton accessed the eviction case docket on his phone and showed Donis that the matter had been dismissed.

4. Officer Donis apparently declined to serve Morton with a trespass notice.

5. Months later, after the Government had conducted its August raid and arrested Defendants, Officer Donis' lapel camera and dash camera footage surfaced in response to a media request, revealing that Donis had told Tanya Badger a number of things, including that State Police had received calls about a missing boy being on the Amalia property beginning in January but hadn't been able to act because it had its hands tied by the FBI.[1]

6. The defense has requested that the Government provide any reports authored by Donis as well as his dashcam and lapel camera footage, but the Government has declined saying that the materials are not in the custody or control of the FBI and that it will not produce them.

7. The defense is seeking an order for a subpoena pursuant to Fed. R. Crim. P. 17(c) to obtain this footage and any reports.

8. For the reasons articulated below, the defense respectfully requests an opportunity to supplement the record with testimony by Officer Bryan Donis on the issue of Defendants' standing to assert that the Government violated the Fourth Amendment in its search of the Amalia property.

I. **Officer Donis' Testimony Would Bolster Defendants' Argument That They Had a Subjective Expectation of Privacy in the Amalia**

---

[1] See https://www.cnn.com/2018/08/25/us/new-mexico-compound-suspects-terror/index.html

- 2 -

**Property and That Society Would Recognize That Expectation as Reasonable**

Defendants respectfully request that the Court permit a brief continuation of the March 28, 2023 hearing in order to allow the defense to take testimony from Officer Bryan Donis. Had the defense received the 302 prior to the evidentiary hearing, counsel would have subpoenaed Officer Donis to testify. The Government should not be permitted to profit from its failure to timely produce this report, and in the absence of Officer Donis' testimony, the Court has no basis to rely on the statements in the 302, as they are hearsay.

Officer Donis' encounter with Mr. Morton at the property emphasizes that, as of June 30, 2018, Mr. Morton still had possession of the property and that no lawful judicial process had been completed to terminate his and his family's lawful interest in the property. The report corroborates the defense argument that Mr. Morton reasonably believed that the Badgers' action to file an eviction suit, which he confirmed to Officer Donis had been dismissed, did not diminish that interest. Officer Donis seems to have agreed, as according to the report, he did not serve a trespass notice or insist that the Defendants needed to leave.

Officer Donis' testimony, and the video footage, would also corroborate the defense claim that Defendants maintained a legitimate expectation of privacy in part by virtue of exercising their right to exclude. And, that expectation is one society would recognize as reasonable.

Additionally, the testimony would strongly undercut the Government's implicit argument that the Badgers were somehow excused from providing Mr. Morton with proper notice of the eviction because Defendants were armed, dangerous and unpredictable. *See, e.g.* Doc. 719 at ¶84.

WHEREFORE, for all the foregoing reasons, Defendant Subhanah Wahhaj respectfully requests that the Court reopen the evidentiary hearing on standing in order to take testimony from Officer Bryan Donis.

>Respectfully submitted,
>
>*/s/ Ryan J. Villa*
>Ryan J. Villa
>The Law Office of Ryan J. Villa
>5501 Eagle Rock Ave NW Ste. C2
>Albuquerque, NM 87113
>(505) 639-5709
>ryan@rjvlawfirm.com
>
>&
>
>*/s/ Justine Fox-Young*
>Justine Fox-Young
>Justine Fox-Young, PC
>5501 Eagle Rock Ave NE Ste C2
>Albuquerque, NM 87113
>(505) 796-8268
>justine@foxyounglaw.com
>
>*Attorneys for Defendant Subhanah Wahhaj*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

>*/s/Justine Fox-Young*
>JUSTINE FOX-YOUNG