IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 1:18-cr-02945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

    Defendants.

**ORDER FOR PRODUCTION AND SUPPLEMENTAL BRIEFING ON THE ADMISSIBILITY OF THE ALLEGED CO-CONSPIRATOR STATEMENTS THE UNITED STATES INTENDS TO INTRODUCE AT TRIAL**

**THIS MATTER** is before the Court on Defendant's Amended Motion for Production and hearing on Co-Conspirator Statements (Doc. 606), filed February 3, 2023. The Court finds that supplemental briefing is needed.

Before admitting co-conspirator statements under Fed. R. Evid. 801(d)(2)(E), the "court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. James,* 590 F.2d 575 (10th Cir. 1979); *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (quoting *United States v. Urena,* 27 F.3d 1487, 1490 (10th Cir. 1994)). The Tenth Circuit has held that there must be some evidence, independent from the alleged co-conspirator statements, "linking the defendant to the conspiracy." *Id.* at 1124–25 (quoting *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir.

1

1987)). The Tenth Circuit has also explained that it is "strongly preferred" that courts hold a *James* hearing "outside the presence of the jury to determine whether the predicate conspiracy existed." *Id.* at 1123 (quoting *Urena,* 27 F.3d at 1491). The Court intends to follow that guidance unless the parties come to an agreement as to the admissibility of the alleged co-conspirator statements.

     The United States filed its Sealed Notice of Intent to Introduce Out-of-Court Statements (Doc. 156) and lodged a CD with the Court containing the statements referenced in its Notice (Doc. 157) on October 15, 2019. The United States' Notice both identified the alleged co-conspirator statements it intends to introduce at trial and presented argument, with citations to authority, on the issue of admissibility of the statements. (Doc. 156). Defendants agree that the United States has properly produced the alleged co-conspirator statements. However, Defendants ask the Court to order the United States to produce any additional co-conspirator statements not identified in Doc. 156 and 157 and to hold a *James* hearing on the issue of admissibility of the statements. (Doc. 678). The Court will order the United States to produce any additional co-conspirator statements it intends to introduce that were not identified in Doc. 156 and 157 and the parties to provide supplemental briefing on the admissibility of such statements, as follows:

     1. The United States shall have until Friday, June 2, 2023 to produce any co-conspirator statements the United States intends to introduce that were not previously identified and produced in Doc. 156 and 157 together with a supplemental brief directed to the admissibility of the alleged co-conspirator statements. The United States shall identify any additional alleged co-conspirator statement the United States intends to introduce at trial and provide supplemental briefing and argument as to how each statement satisfies Fed. R. Evid. 801(d)(2)(E)'s requirements, including:

     (i) The content of each alleged co-conspirator statement;

(ii) When the statement was made, the identity of the co-conspirator who made it, and the identity of the person or persons to whom the statement was made;

(iii) Argument, with citations to evidence and authority, concerning whether the statement was made during the course of the conspiracy;

(iv) Argument, with citations to evidence and authority, addressing whether the statement was made in furtherance of the conspiracy;

(v) Argument, with citations to evidence and authority, concerning whether the alleged conspiracy existed;

(vi) Argument, with citations to evidence and authority, addressing whether Defendant and the declarants were members of the alleged conspiracy.

In addition to addressing any additional co-conspirator statements, the supplemental briefing by the United States may address further arguments and authorities relating to any co-conspirator statements disclosed in its prior filings.

2. Defendant shall have until Friday, June 23, 2023 to file a supplemental brief on the admissibility under Fed. R. Evid. 801(d)(2)(E) of the alleged co-conspirator statements previously identified and produced in Doc. 156 and 157 as well as any additional statements identified in any supplemental production and briefing by the United States. In any supplemental brief, Defendants shall make any arguments contesting the admissibility of any alleged co-conspirator statements, with citations to evidence and authority, including responding to Doc. 156 and 157 as well as any supplemental production and brief filed by the United States pursuant to this order.

3. The Court will set a *James* hearing on admissibility of co-conspirator statements by separate order after completion of production and supplemental briefing.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE