# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 18 CR 2945 WJ** |
| | § | |
| **SIRAJ IBN WAHHAJ, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## SIRAJ WAHHAJ'S REPLY TO THE GOVERNMENT'S RESPONSE TO MOTION TO COMPEL CIPA DISCOVERY AND NOTICE OF JOINDER IN REPLY FILED BY SUBHANAH WAHHAJ

SIRAJ IBN WAHHAJ, Defendant, by and through his appointed counsel, Thomas Clark and Marc H. Robert, submits the following reply to the Government's response to Defendant Subhanah Wahhaj's motion to compel production of discovery material pursuant to CIPA, and provides notice of joinder in the reply filed by Defendant Subhanah Wahhaj to the motion, and in support of the motion and his request for additional information would respectfully show the Court as follows:

1. Defendant Subhanah Wahhaj filed a motion to compel production by the Government of material which may be covered by the CIPA [Doc. 702]. Mr. Wahhaj filed a notice of joinder in that motion and requested the production of additional information [Doc. 733]. The Government filed a response to the motion [Doc. 741].

2.      The Government claims that information reflecting the decades-long secret investigation of Mr. Wahhaj and other members of his family and circle of acquaintances is not discoverable or relevant.  The Government either fails to grasp the Defendants' position regarding these matters or misunderstands its own case.

3.      The Government has charged Mr. Wahhaj with, among other things, providing of material support to terrorists (18 U.S.C. § 2339A) and conspiracy to do the same.  On information and reasonable belief, Mr. Wahhaj submits that federal law enforcement and intelligence assets have been investigating Mr. Wahhaj since at least 2003, and perhaps even earlier.  Protracted and comprehensive failed to yield what those assets apparently sought – evidence that Mr. Wahhaj was engaged in support for terrorism.  Indeed, a protracted and comprehensive investigation that yields no evidence is compelling evidence that nothing of the sort was underway.

4.      It is true that, as the Government suggests, snippets of non-criminal evidence behavior is not evidence that no criminal behavior ever occurred.  However, a comprehensive and protracted investigation of Mr. Wahhaj would undoubtedly have revealed some indication of untoward activities, or communications, or associations, or accumulation of materiel, or *something* indicating that Mr. Wahhaj had engaged in the conduct of which the government assets suspected.

5.      Now, the Government seeks to tie together the unfortunate death of John Doe with the unfocused and hyperbolic writings and lawful activities of Mr. Wahhaj and the members of his extended family in an effort to prosecute him for things that the comprehensive and protracted investigation of him demonstrated did not exist.  Viewed

through this lens, it is clear that the information sought in the motion [Doc 702] is relevant and discoverable.

6.      The extent of the secret investigative efforts brought to bear on Mr. Wahhaj makes the requested information relevant to the defense of this case.  Failure to unearth inculpatory information against Mr. Wahhaj for many years raises the question of investigative bias as a driving force behind the investigation resulting in this prosecution. In significant addition, Mr. Wahhaj's father was apparently believed to have been connected in some way to the 1993 World Trade Center bombing, raising the intensity of investigative bias.  That bias is relevant, and the defense would be remiss in failing to address the issue before the jury.  The requested information is clearly relevant and discoverable.

7.      It is worthy of note that the Government has previously declared that there was no discoverable material in the CIPA material it had reviewed, only to later disclose a part of those materials that it determined were relevant and discoverable.  After stating that discovery disclosure was complete, the Government has disclosed significant previously undisclosed material.  Most recently, just this month, the Government disclosed a report generated in 2018 which had previously been withheld.  *See* Doc. 738 and the attachment thereto.

8.      This scenario is repeated in the Government's response the motion.  The Government admits that it has found additional documents which are relevant to important issues in the case following a further review of the vast amount of information in its possession.  *See* Response at 2.

9.      The Government now, again, submits that there is not any discoverable material in the as-yet undisclosed part of the protected material.  The record in this case gives rise to at least some skepticism about the Government's assessment of the relevance and discoverability of some of the material which remains in its sole possession.

10.      Because the investigations from which the current terrorism prosecution is derived stems almost entirely from domestic investigative efforts and activities, this matter raises FISA issues in addition to the CIPA issues under discussion.  The Government should be required to produce information regarding FISA warrants and other secret investigative efforts relative to domestic investigative activities.

11.      It does not matter whether the Government intends to use any of the material sought at trial.  The CIPA standard is whether any evidence introduced at trial is derived from secret investigative efforts.  And the CIPA standard for disclosure ("helpful") is more generous than the standard for *Brady* material ("material").

12.      The Court should require that the Government produce all of the information (or at least a useful summary of that information) relating to prior investigation of Mr. Wahhaj so that the Court can arrive at a decision on the motion grounded in all of the relevant facts.  The Government should provide the Court with information describing the nature and duration of the investigatory efforts leading up to the institution of this prosecution, and the results (or lack of results) of that investigation. The Government should be required to inquire of the various intelligence or law

enforcement agencies as to the existence of information about their investigations of Mr. Wahhaj and his extended family and to relate that information to the Court.

13.     Following the Government's disclosure of the requested information to the Court, Mr. Wahhaj asks that the Court convene an *ex parte* proceeding with the defense teams so that the Defendants can provide information to the Court regarding defense strategies.  This will provide invaluable information to the Court in aid of its determination of what is relevant and discoverable and what is not.  In the absence of defense participation in the process, even at that limited level, leaves the Court in the untenable position of having to place itself in the shoes of defense counsel in determining relevance.

14.     Mr. Wahhaj provides this notice to the Court and all parties of his joinder in the reply filed or to be filed by counsel for Subhanah Wahhaj to the Government's response to the motion to compel, Document 702.

WHEREFORE, SIRAJ IBN WAHHAJ, Defendant, by and through the undersigned counsel, respectfully notifies the Court and all parties of his joinder in the Motion to Compel and Ms. Wahhaj's reply to the Government's response to that motion; requests the disclosure of the information requested in the MTC beginning in 2003, rather than just from 2009; that the Court convene an *ex parte* meeting with the defense teams to discuss confidential matters addressing the relevance and discoverability of the material provided to the Court by the Government pursuant to the motion to compel; and providing for such other and further relief to which the Court may find Mr. Wahhaj to be justly entitled.

Respectfully Submitted,

/s/  ***Electronically filed on 5/26/23***

MARC H. ROBERT
P.O. Box 25271
Albuquerque, New Mexico 87102
575.571.7435
m505robert@gmail.com

THOMAS CLARK
432 Galisteo Street
Santa Fe, New Mexico 87501
505.820.1825tmclark@cjplawsf.com

*Co-Counsel for Mr. Wahhaj*