IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 1:18-cr-2945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

    Defendants.

**ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS COUNT ONE AS MULTIPLICITOUS**

**THIS MATTER** is before the Court on Defendants' Joint Motion to Dismiss Count One as Multiplicitous (Doc. 599). Defendants ask the Court to dismiss Count One on grounds that it is a lesser included offense of Count Three. Doc. 599 at 2. Upon review of the applicable law, the Court concludes Count One is not multiplicitous of Count Three because each charge requires proof of a fact which the other does not. Accordingly, Defendants' Motion is **DENIED**.

**BACKGROUND**

Defendants were indicted on a seven-count superseding indictment. Doc. 85 ("Superseding Indictment"). Count One charges all five Defendants with Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A. *Id.* at 1-2. Count Three charges Defendants Jany Leveille, Siraj Ibn Wahhaj, and Lucas Morton with Conspiracy to Murder an Officer or Employee of the United States, in violation of 18 U.S.C. § 1117. *Id.* at 6.[1] Both Counts One and Three allege

---

[1] Defendants Hujrah Wahhaj and Subhanah Wahhaj are not charged in Count Three.

Defendants acted pursuant to a common agreement and interpedently. *Id.* at 2, 6. Both Counts also "allege common facts, namely that the Defendants sought to accomplish their conspiracies by gathering firearms and ammunition; by transporting personnel, firearms, and ammunition across state lines; by constructing and maintaining a training compound; by storing firearms and ammunition in the training compound; and by constructing and maintaining a firing range and engaging in firearms and tactical training with other members of the compound." Doc. 627 at 2; Doc. 85 at 2-6.

## LEGAL STANDARD FOR MULTIPLICITOUS COUNTS

The Fifth Amendment guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause may be implicated, as in this case, when a defendant is charged with multiple offenses covering the same criminal conduct. *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006). An indictment is multiplicitous when "it charges a single offense in more than one count." *United States v. Haddock*, 956, F.2d 1534, 1546 (10th Cir. 1992). "[M]ultiplicitous counts which may result in multiplicitous convictions are considered improper because they allow multiple punishments for a single criminal offense." *McCullough*, 457 F.3d at 1162.

The Tenth Circuit employs a two-step test to determine when a defendant may be prosecuted for two crimes based on the same conduct: "(1) if each crime requires proof of a fact that the other does not, or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions." *United States v. Pearson*, 203 F.3d 1243, 1267-68 (10th Cir. 2000) (citations omitted). When there is no clear Congressional intent to impose cumulative punishment, the Court applies the test set forth in *Blockburger v.*

*United States* to the criminal statutes at issue. *United States v. Morehead*, 959 F.2d 1489, 1507 (10th Cir. 1992).

Under *Blockburger*, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. 284 U.S. 299, 304 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* (citation omitted). If each statute requires proof of a different element pursuant to *Blockburger*, then the indictment is not multiplicitous.

## DISCUSSION

After reviewing the Superseding Indictment and the applicable law, the Court concludes that Counts One and Three are not multiplicitous. Neither party argues that there is any evidence of Congressional intent to impose or not to impose cumulative punishment under the statutes charged in Counts One and Three. Thus, the *Blockburger* test controls the Court's analysis. *Pearson*, 203 F.3d at 1267-68. Applying *Blockburger*, the Court concludes that each statute charged contains at least one separate and distinct element from the other. Accordingly, the Superseding Indictment does not violate Defendant's rights under the Double Jeopardy Clause.

**I.     Counts One and Three are not multiplicitous under *Blockburger*.**

Count One charges Defendants with Conspiracy to Provide Material Support to Terrorists, in violation of 18 U.S.C. § 2339A. To convict Defendants of Count One, the United States must prove three elements: (1) that Defendants entered into a conspiracy; (2) that the objective of the conspiracy was to provide material support or resources; and (3) that Defendants then knew and

intended that the provision of such material support or resources would be used in preparation for, or in carrying out, a violation of 18 U.S.C. § 1114. *United States v. Hassan*, 742 F.3d 104, 111-12 (4th Cir. 2014); Doc. 85 at 2.[2] "Material support or resources" includes currency, lodging, training, weapons, and personnel, among others. 18 U.S.C. § 2339A(b)(1). The United States alleges Defendants' material support or resources were used to prepare for and carry out attacks in violation of 18 U.S.C. § 1114, which criminalizes "attempts to kill any officer or employee of the United States or of any agency in the branch of the United States Government . . . while such officer or employee is engaged in or on account of the performance of official duties . . . ." Doc. 85 at 2.

Count Three charges three Defendants with Conspiracy to Murder an Officer or Employee of the United States, in violation of 18 U.S.C. § 1117. To obtain a conviction on Count Three, the United States must demonstrate: (1) that Defendants entered into a conspiracy; (2) the object of the conspiracy was to kill or attempt to kill officers and employees of the United States (here, Federal Bureau of Investigation employees, government officials, and military personnel), on account of—or while such officers and employees were engaged in—the performance of their official duties; and (3) that at least one overt act was committed in furtherance of the conspiracy. *Hassan*, 742 F.3d 104 at 113.

Counts One and Three contain distinct elements that the other does not. For Count One, the United States must prove that the object of Defendants' conspiracy was to provide material support or resources to terrorists and that Defendants knew their support or resources would be used to attempt to kill a federal officer or employee. Count One, then, is directed to providing support and resources and knowledge of how the support and resources would be used. Neither

---

[2] The Tenth Circuit has not specifically stated the elements required to secure a conviction under § 2339A. The Court is persuaded by the Fourth Circuit's reading of 18 U.S.C. § 2339A and 18 U.S.C. § 1117.

fact is necessary to secure a conviction in Count Three. In Count Three, the United States must prove that Defendants' conspiracy had a different objective—to actually attempt to kill a federal officer or employee as opposed to providing material support to prepare for or carry out such an attempt—and that Defendants committed an overt act in furtherance of the conspiracy. Neither fact is required to convict Defendants on Count One. Counts One and Three thus charge separate and distinct crimes that are not multiplicitous under *Blockburger*. Further, because Count One requires an additional element that Count Three does not, it is not a lesser-included offense of Count Three. *See Schmuck v. United States*, 489 U.S. 705, 716 (1989) (holding a defendant is not entitled to a lesser-included offense instruction "unless the elements of the lesser offense are a subset of the elements of the charged offense.").

**II.     Defendants' additional arguments for dismissal of Count One are unavailing.**

The Court also rejects Defendants' argument that Counts One and Three are multiplicitous under the test set forth in *United States v. Korfant*, 771 F.2d 660, 662 (2d Cir. 1985). The test is both inapplicable and nonbinding. *Korfant* examined the "merits of double jeopardy claims arising in the context of successive conspiracy prosecution." 771 F.2d at 662. In the instant case, the United States alleges the conspiracies charged in Counts One and Three occurred simultaneously between October 2017 and August 2018. Doc. 85 at 2, 6. Moreover, the test has not been adopted by the Tenth Circuit.

Finally, the Court rejects Defendants' argument that Count One should be dismissed "to avoid unduly prejudicial character assignation and jury taint." Doc. 599 at 14. Defendants argue that the multiplicitous charges in Counts One and Three prejudice Defendants by suggesting they committed multiple crimes. Doc. 599 at 16. As discussed, Counts One and Three are not multiplicitous under the *Blockburger* test. Even if they were, the Double Jeopardy Clause does not

prohibit the United States from submitting multiplicitous charges to a jury, so long as the Court vacates one of the two multiplicitous convictions. *Ball v. United States*, 470 U.S. 856, 865 (1985). The Court refuses to dismiss Count One before trial based on Defendants' speculative argument that additional non-multiplicitous charges will somehow improperly prejudice the jury against Defendants.

## CONCLUSION

For the reasons stated above, Counts One and Three of the Superseding Indictment are not mulitiplicitous. Defendants' Joint Motion to Dismiss Count One as Multiplicitous (Doc. 599) is **DENIED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE