IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                         No. 1:18-CR-02945-WJ

JANY LEVEILLE, et al.,

        Defendants.

## DEFENDANTS' REPLY SUPPORTING THE JOINT MOTION TO EXCLUDE EXPERT TESTIMONY OR IN THE ALTERNATIVE FOR *DAUBERT* HEARING

COME NOW Defendants, by and through their respective counsel of record, and hereby submit their Motion to Exclude Expert Testimony or in the Alternative for a Daubert Hearing with respect to proffered expert Gloria Smikle. Defendants do not understand the motion related to Gloria Smikle to be untimely, despite the United States' vehement contentions. The Defendants believed that the United States had agreed to an extension and there may have been a miscommunication regarding the date of the extension. Even so, the Defendants have been exceedingly flexible with the United States on requested extensions and have worked in good faith with the United States. The United States is in no way prejudiced by the date of the filing of this motion.

Regarding the merits of the Motion, the United States simply cannot have it both ways. While the United States' Notice disclaims calling Gloria Smikle as an expert, the Notice also identifies opinions she will offer at trial. Those opinions are medical in nature and therefore require expertise and a scientific basis and methodology. Defendants recognize that, in its amended Notice, the United States reduced the scope of the testimony Ms. Smikle would offer. Originally, the United States intended to elicit opinion

testimony regarding medical diagnoses and treatment, the potential results of stressors or absence of provision of prescribed medications, and that John Doe's death was the likely outcome if John Doe did not receive certain treatments and medications.

Even after the revision of the proffered testimony, Ms. Smikle still purports to testify regarding John Doe's diagnoses and what treatments and medications he would have been required to receive. Medical Diagnoses and prescribed medications and treatments are the province of a medical expert. What the United States seems to hope is that the jury will draw an inference related to cause of death if Ms. Smikle offers an opinion that John Doe required a certain course of treatment to address a specific set of diagnoses. Such an inference would be entirely improper, and the Court should not permit Ms. Smikle to offer opinion testimony to suggest such an inference.

To the extent the Court is contemplating allowing Ms. Smikle to offer any diagnostics or testimony regarding necessary treatment and medications, that testimony needs to pass muster under Fed. R. Evid. 702. A non-medical expert cannot provide testimony on a medical diagnosis or need for one plan of treatment or another. Moreover, the basis for such expected testimony must be evaluated for its reliability. *See United States v. Rodriguez-Felix*, 450 F. 3d 1117, 1122 (10th Cir. 2006). Under Rule 702, "a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony." *Id. See also Fed. R. Evid. 702*. However, "the burden of establishing that the expert is qualified, that the methodology he or she uses to support his or her opinions is reliable, and that his or her opinion fits the facts of the case and thus will be helpful to the jury" rests squarely with the proponent of the testimony. *Vondrak v. City of Las Cruces*, 671 F. Supp. 2d 1239, 1244 (D.N.M. 2009).

Based on the thin disclosures thus far to support the proffered testimony, the necessity of the specific course of treatment is speculative. Ms. Smikle does not propose to testify regarding the consequences of not providing particular treatment. If, however, she is going to testify that a medication or treatment was necessary, she is inviting the jury to ask and potentially speculate regarding what would happen without the treatment. The United States' disclosures do not justify permitting such opinion testimony from Ms. Smikle.

Aside from failing to provide sufficient indicia of reliability, Ms. Smikle's proposed testimony is also irrelevant and potentially confusing to the jury. As discussed above, the United States originally disclosed Ms. Smikle as an attempt to at least hint at a cause of death—i.e., that if John Doe did not receive certain treatments and medications, he was likely to die. The United States now seeks to introduce a watered-down version by asking Ms. Smikle to testify that the medical treatments and medications were necessary or required. The desired inference is still the same, with the jury being asked to take an additional and unwarranted step.

Nevertheless, even the stripped-down testimony is not properly relevant. The United States does not have the evidence to show or exclude a cause of death for John Doe, and Ms. Smikle's conjectures regarding what was needed for John Doe do not inform the question. Instead, the testimony would end up boiling down to a discussion of what condition John Doe had and what his medications were, with no proper connection between that information and any element at issue in this case.

Because Ms. Smikle's proposed testimony fails both on reliability and relevance, and because it is improper expert opinion testimony that does not pass the analysis commanded by Fed. R. Evid. 702, her testimony should be excluded. As an alternative, a

*Daubert* hearing should be held related to this witness. Currently, the Court has set multiple Daubert motions for hearing, but did not include the Motion related to Ms. Smikle. Defendants ask that this motion related to Ms. Smikle be added and heard with the others.

WHEREFORE, the defendants jointly request that the Court enter an order precluding expert opinion testimony from Gloria Smikle or, in the alternative setting a *Daubert* hearing.

    Respectfully submitted,

    Respectfully submitted,

*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III
Business Law Southwest
320 Gold Ave. SW, Suite 610
Albuquerque, NM 87102
(505) 848-8581
Donald@BusinessLawSW.com

*/s/ Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com


*Attorneys for Defendant Hujrah Wahhaj*

*/s/ Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*

4

>Justine Fox-Young
>Justine Fox-Young, PC
>5501 Eagle Rock Ave NE Ste C2
>Albuquerque, NM 87113
>(505) 796-8268
>justine@foxyounglaw.com
>
>*Attorneys for Defendant Subhanah Wahhaj*
>
>&

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

>/s/*Marshall J. Ray*
>Marshall J. Ray