IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-CR-2945 WJ |
| ) | |
| JANY LEVEILLE, ) | |
| SIRAJ WAHHAJ, ) | |
| SUBHANAH WAHHAJ, ) | |
| HUJRAH WAHHAJ, and ) | |
| LUCAS MORTON, ) | |
| | |
| Defendants. | |

**UNITED STATES' RESPONSE TO COURT'S ORDER REGARDING JURY SELECTION PLAN AND FOR SPECIAL JURY QUESTIONNAIRES (DOC. 789)**

The United States of America respectfully provides this response to the Court's Order Setting Deadlines for Requests to Modify Jury Selection Plan and For Special Jury Questionnaires, Doc. 789, and the Court's Supplemental Order, Doc. 800.

Regarding the Jury Selection Plan, the United States is amenable to modification of the Plan to draw on a district-wide (state-wide) basis, but defers to the Court's discretion on that modification. Regarding a target number of jurors for the pre-selection jury panel, the United States understands that at least one Defendant is requesting a 200-person venire. The United States is agreeable to that request. Otherwise, the United States submits that double the Court's normal venire selection number would be sufficient in this case, whatever that number would be.

Regarding a special jury questionnaire, the United States' position is that the standard questionnaire is sufficient in this case, and the United States does not request a special jury

1

questionnaire, nor does it believe one is necessary. This case is not a death penalty case, and the events underlying the charges took place five years ago. Although there are five defendants, and there was some media publicity five years ago, this case is not extraordinary compared to other criminal cases handled in the District of New Mexico. While the charges are serious, so are myriad other prosecutions in this District, all of which are routinely handled without need for special jury questionnaires that may unnecessarily color and prejudice prospective jurors' awareness and preconceived notions about this case even before voir dire. As such, the United States does not consider a special jury questionnaire to be warranted in this case, and requests this Court use the standard jury questionnaire as it would in any other felony criminal case.

However, if the Court is inclined to modify the standard questionnaire or to utilize a special questionnaire, the United States would be agreeable to the inclusion of a small number of questions provided in Subhanah Wahhaj's proposed special questionnaire (many of which are already covered by the standard questionnaire). Specifically, if the Court believed it necessary to supplement the standard jury questionnaire, the United States would not object to the inclusion of some or all questions numbered 1, 2, 3, 5, 6, 8, 9(a), 10, 13, 14, 15, 16, 17, 18, 19, 24, 30, 32, 33, and 56 in Subhanah Wahhaj's proposed special questionnaire.

Beyond those questions, the United States objects to all other questions in Subhanah Wahhaj's proposed special questionnaire, as they are inappropriate narrative-building questions and take factual liberties that would be inappropriate even for voir dire, let alone for a court-provided jury questionnaire. The United States will provide further explanation of its objections to these remaining questions in a separate filing on or before July 7, 2023, as per the Court's order in Doc. 789.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/S/ Electronically filed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to defense counsel, and separate copies have been mailed to Defendants Siraj Wahhaj and Lucas Morton.
*/S/ Electronically filed*
KIMBERLY A. BRAWLEY
Assistant United States Attorney

3