IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-CR-2945 WJ |
| ) | |
| JANY LEVEILLE, ) | |
| SIRAJ WAHHAJ, ) | |
| SUBHANAH WAHHAJ, ) | |
| HUJRAH WAHHAJ, and ) | |
| LUCAS MORTON, ) | |

Defendants.

### UNITED STATES' RESPONSE TO COURT'S ORDER REGARDING SPECIAL JURY QUESTIONNAIRE (DOC. 840)

The United States of America respectfully provides this response to the Court's Order on Special Jury Questionnaire, Doc. 840. Per the Court's Order, the United States respectfully submits its requests for additions and written objections to the Court's proposed special jury questionnaire, Doc. 840-1.

Regarding requested additions, the United States requests that the Court include "Not Applicable" or "Not Required" answer options to questions 21 and 34. These questions raise possible answers that a "Yes or No" option would not cover, and may result in confusing or misleading responses, or unanswered questions. For example, in question 21, a person may be unemployed or retired and not have an issue with pay during jury duty, and in question 34, most people will not have a felony conviction from which they would need to have their civil rights restored.

1

Regarding objections, the United States submits the following:

1. The United States requests that question 36 be reserved for in-person voir dire, as the question will (a) likely prompt the responder to google the offense terms and research the case, and (b) is more relevant to uncovering bias in a potential juror, and less relevant to the determination of the responder's qualification to sit on a jury in the first place, which the questionnaire is chiefly aimed at determining.   As an alternative, the United States requests that the question be modified to state "If the government accuses someone of a serious crime, do you believe the accused is probably guilty?"

2. The United States requests that questions 38-39 be removed from the questionnaire. A person's religious beliefs or identity should not be part of the determination of their qualification to sit on a jury, nor should their opinions about another religion.   Even in voir dire, a person's religion is not normally relevant to bias, and questioning potential jurors about their religion in this case is not appropriate.   Views of those who practice other religions may potentially be relevant to bias in this case, but should be asked in voir dire, not in the questionnnaire.

3. The United States requests that question 40 be removed from the questionnaire.   Not only is the question not relevant to the qualification to be a juror, but it is misleading and should not be allowed even in voir dire.   This case does not involve a charge against any defendant alleging withholding of medical treatment based on religious grounds.   The only related issue that will arise is whether JOHN DOE died in part because he did not receive his medication.   However, it is irrelevant whether the

reason JOHN DOE did not receive his medication was based on his or any other person's religious beliefs.   Religious opposition to conventional medical treatments or recommendations is not a part of the proof of the charges against the defendants, and does not constitute a valid defense against any of the charges.   As such, the question should be removed from the jury questionnaire.

Beyond those questions, the United States has no further objection to the other questions in the Court's proposed special questionnaire.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/S/ Electronically filed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM   87103
(505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using the
CM/ECF system which will send notification to
defense counsel, and separate copies have been
mailed to Defendants Siraj Wahhaj and Lucas
Morton.
*/S/ Electronically filed*
KIMBERLY A. BRAWLEY
Assistant United States Attorney