IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JANY LEVEILLE, )<br>SIRAJ SIRAJWAHHAJ, )<br>HUJRAH WAHHAJ, )<br>SUBHANAH WAHHAJ, and )<br>LUCAS MORTON, )<br>)<br>Defendants. ) | NO. 18-CR-2945 WJ |

**UNITED STATES' THIRD SUPPLEMENTAL NOTICE OF INTENT TO INTRODUCE OUT-OF-COURT STATEMENTS**

The United States, by and through its undersigned attorneys, hereby notifies the Court and Defendants of its intent to include additional out-of-court statements made by a coconspirator that are contained within photos that were physically provided to the FBI in relation to a witness interview, but were inadvertently not included in the United States' previous notices. This notice supplements the prior notices that were filed on October 15, 2019 (Doc. 156), June 2, 2023 (Doc. 781), and June 23, 2023 (Doc. 816).

**ADDITIONAL STATEMENTS**

The supplemental out-of-court statements noticed in this filing were made by unindicted co-conspirator Yusuf "Von" Leveille ("Yusuf"), who is Defendant Jany Leveille's brother and who was living in Haiti during the charged conspiracies. The United States has provided other statements of Yusuf in its previous notices (*see* Exhibits 7, 10, 13, 25) and asserted that he is an unindicted coconspirator for purposes of Rule 801(d)(2)(E) (*see* Doc. 781 at 25-27). The statements were made sometime between August 6 and August 18, 2018, in a conversation with another witness, who had befriended Yusuf online in order to learn information from him about

the Defendants' plans and actions in New Mexico.  Also included in the statements by Yusuf are statements made to him by co-conspirator Jany Leveille, and which were made in furtherance of the group's conspiracies.

The United States provides notice that it will refer to these statements as additional corroborating evidence of the charged conspiracies, and that it intends to offer one statement of Yusuf Leveille as a co-conspirator statement under Federal Rule of Evidence 801(d)(2)(E).  The screenshots containing these statements were physically and separately attached to the report of interview of Anas White, wherein these statements were described in detail.  The United States provided this report of interview as Exhibit 25 in its supplemental notice (Doc. 781).  The United States inadvertently omitted these physical attachments to the report of interview, but provides notice of their use now out of an abundance of caution, despite their inclusion and description in Exhibit 25.

### A. Corroboration of Existence of Conspiracies and Conspirators

Yusuf's statements at issue are included in screenshots of the conversation between Yusuf and a past friend of many of the Defendants.  The screenshots are attached to his notice as Exhibit 25(a).  The United States' primary use of these statements is to further demonstrate Yusuf Leveille's status as an unindicted co-conspirator, and to demonstrate the existence of the charged conspiracies in Counts 1, 3, and 6.  The United States incorporates here the legal authority and argument provided in its previously filed notices, Doc. 156 and 781, and supplements those notices here.

The statements by Yusuf Leveille were made after the Defendants' arrests.  However, the statements provide corroborating evidence demonstrating the existence of the charged conspiracies as well as Yusuf's involvement with the Defendants as a co-conspirator in the

Defendants' material support and kidnapping conspiracies when they were ongoing. As noted about Yusuf in the United States' first supplemental notice, Doc. 781, Yusuf uses the term "we" and "us" to describe the Defendants and himself as a group. *See, e.g.*, Ex. 25(a) at 26 ("We all agreed on that" in response to a question of whether Jany Leveille was receiving word from Allah); *id.* (referring to the Defendants and himself as "all 6 of us"). Yusuf also describes some of the roles each person had within the conspiracy, including that Subhanah Wahhaj's role was "to cook and clean everyday" "until the end," *id.* at 93; Jany Leveille's was to teach the group from the Quran, *id.* at 66 ("she.was.really our Qur'an teacher [*sic*]); and Hujrah Wahhaj's was to stay with and keep JOHN DOE's dead body with her in her room at the compound until the group moved it into one of the tunnels underneath the compound, *id.* at 22-23.[1]

The statements show a deep, intimate knowledge by Yusuf of events going on at the compound in New Mexico and his own support for them. For example, in the conversation, Yusuf states to the witness that "My sister tells me everything and I mean no secrets." Ex. 25(a) at 9. He shares that Siraj Wahhaj and Hujrah Wahhaj went to London just prior to the kidnapping of JOHN DOE, and in London they learned from a Shaikh that several black magic spells had been cast upon them both by people they later decided were JOHN DOE's mother, Hakima Ramzi, and their own mother-in-law, Jamella Jihad. *See* Ex. 25(a) at 13-14. He shares personal knowledge of the kidnapping of JOHN DOE as it was unfolding, including minute details of the Defendants' car crash in Alabama. He states "And just listen to why Ibn took [JOHN DOE]" before describing details of Siraj's acts to carry away JOHN DOE after he

---

[1] As noted in the United States' supplemental notice, Hujrah and Subhanah Wahhaj also helped Jany Leveille edit her testament book, which was intended to document and cement Jany's status as a spiritual leader and the group of the Defendants as the chosen people to accompany the resurrected JOHN DOE, and also to set forth rules and obligations for the group to follow. Doc. 781 at 26.

"managed to.get the mother out. [*sic*]"  *Id.* at 20.  Perhaps most tellingly, he shares his knowledge of the Defendants' intent in their ongoing conspiracies, stating "They knew they were going to get arrested.  They knew this would be world wide.  They knew that's how they will be known.  They knew ppl would reject.  They knew they would be in it by themselves."  *Id.* at 28.

Importantly, Yusuf describes that "everyone" in the Defendants' group asked JOHN DOE whether his "mommy doing.something to u that you don't like, [*sic*]" whether someone was doing "magic" to him, and "more" questions like that, and that JOHN DOE, who could not walk or talk, purportedly answered all of their questions by "shaking his head yes or no."  *Id.* at 20–21.  This not only indicates one of the purposes of the kidnapping conspiracy (to take JOHN DOE away from his caregiving mother), but also that all of the Defendants had knowledge of this purpose of their carrying away and concealing of JOHN DOE from his caregiving mother. In other words, it describes the existence of the conspiracy charged in Count 6.

Moreover, Yusuf states that Defendant Jany Leveille called him "right away" after JOHN DOE died during one of the exorcisms the Defendants performed on him, and stated that "'Everyone is ok' with JOHN DOE's death because he died during the exorcism, "So no one got sad."  *Id.* at 22.  Later, Yusuf recounts discussions of the material support and killing federal officer conspiracies charged in Counts 1 and 3, stating that they would "discuss the way we think it will happen.  It would actually happen differently then what we would discuss.  Like example They would get caught or raid.  Ibn would die.  And [JOHN DOE] wake and revive him."  *Id.* at 41.  Even after the Defendants' arrests, Yusuf states that he still believes "something will go down" along the lines of the Defendants' plans for attacks on non-believers and corrupt

4

institutions, and states "I keep advising on Facebook for ppl to read surat 71.   Nuah."[2]  *Id.* at 48. These statements provide further evidence of the existence of the conspiracies and the involvement of Yusuf and the Defendants in them.

### B.  Co-Conspirator Statement Admissible Under Rule 801(d)(2)(E)

In addition to the use of the Yusuf Leveille statements as corroboration for the Court's finding of the existence of the conspiracies and that Yusuf was a co-conspirator, there is at least one statement in the messages that constitute a co-conspirator statement that is admissible against all conspirators as non-hearsay under Rule 801(d)(2)(E).   Specifically, Defendant Jany Leveille's statement to Yusuf Leveille that "Everyone is ok. Because we know he [JOHN DOE] died while ibn was reciting… So no one got sad" was made in the course of the kidnapping and material support conspiracies from one conspirator to another, and was made to further the conspiracies by encouraging the conspirators to continue and to view JOHN DOE's death as a good thing that allow JOHN DOE to resurrect as his true self.   This in turn allowed the Defendants to continue with their concealment of the kidnapped JOHN DOE and to continue their material support in preparation for attacks on federal officers and employees.   *See United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986) (citing cases discussing Rule 801(d)(2)(E) statements need only be "intended to promote the conspiratorial objectives).   Thus, this statement by Jany Leveille should be admissible under Rule 801(d)(2)(E).

### CONCLUSION

---

[2] "Surat" or Surah 71 is a Quranic chapter that describes a version of the story of the biblical character Noah, referred to as "Nuh" or "Nuah."   The story describes Nuh warning people to worship and fear Allah, and obey Nuh, and when people rejected the warnings, it describes Allah drowning all of them and sending them into the fire, and Nuh's insistence that not a single disbeliever should be spared alive.  *See, e.g.*, Quran.com, Surah 71, https://quran.com/en/nuh.  The story has obvious parallels with the Defendants' plans to go with the resurrected JOHN DOE to warn and request others to follow Islam, and to kill whoever refused.

The United States provides notice of intent to use the statements by Yusuf Von Leveille in the attached Exhibit 25(a) as additional corroborating evidence of the existence of the charged conspiracies, of their scope and purpose, and of Yusuf's role as a co-conspirator.   The United States also provides notice of one additional co-conspirator statement by Jany Leveille that it intends to use as an admissible co-conspirator statement under Rule 801(d)(2)(E).

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/
KIMBERLY A. BRAWLEY
TAVO HALL
Assistant United States Attorneys
United States Attorney's Office
201 Third NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2023, I filed the foregoing document electronically through the CM/ECF system.   Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record. A copy of this pleading will also be mailed to Defendants Siraj Wahhaj and Lucas Morton.

/s/
Tavo Hall
Assistant United States Attorney