IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 18-2945 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| JANY LEVEILLE, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' PROPOSED VOIR DIRE**

The United States of America respectfully requests, pursuant to Federal Rule of Criminal Procedure 24(a), that the Court include the following questions in its examination of prospective jurors to ensure that all parties receive a trial before a fair and impartial jury. The United States further requests that the Court permit counsel for the parties to ask follow-up and additional questions, where appropriate, to explore attitudes that might be relevant to a juror's ability to be fair. Where follow-up questions might cause embarrassment to jurors, or where a juror's answer might unduly influence fellow jurors, the United States asks that the Court invite jurors to approach the bench to answer questions outside the hearing of the rest of the panel.

    A.    <u>The Charges</u>.

        1.    This is a criminal case. The defendants, Jany Leveille, Siraj Ibn Wahhaj, Hujrah Wahhaj, Subhanah Wahhah, and Lucas Morton are charged in a seven-count indictment with crimes alleged to have occurred between October 2017 and August 2018.

        2.    In the indictment, the defendants are charged with kidnapping a child, who

was defendant Siraj Wahhaj's son, from his mother, and transporting him from Georgia to New Mexico.  It is alleged that the kidnapping ultimately resulted in the boy's death.  They are also charged with gathering firearms and ammunition and transporting the firearms and ammunition from Georgia to New Mexico.  They are also charged with constructing and maintaining a training compound in New Mexico, and engaging in firearms and tactical training at the training compound.

    3. The first count in the indictment charges all five of the defendants with conspiring to provide material support while knowing or intending that the material support would be used to carry out another crime, in this case, the killing or attempted killing of federal officers or employees.  The second count in the indictment charges all five of the defendants with providing the material support.

    4. The third count in the indictment charges three of the defendants, Jany Leveille, Siraj Ibn Wahhaj, and Lucas Morton, with conspiring to kill officers and employees of the United States.  The federal officers and employees they are alleged to have conspired to kill are Federal Bureau of Investigation employees, government officials, and military personnel.

    5. The fourth and fifth counts in indictment charge that defendant Jany Leveille was unlawfully present in the United States when she was in possession of firearms and ammunition, and that the other four defendants aided and abetted her possession of the firearms and ammunition, and also conspired with Jany Leveille for her to possess the firearms and ammunition.

    6. The remaining two counts in the indictment charge defendants Jany Leveille, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton with conspiring to kidnap and

2

with kidnapping John Doe.   Counts 6 and 7 allege that John Doe was a minor, that these four defendants transported John Doe from Georgia to New Mexico, and that the kidnapping resulted in John Doe's death. Defendant Siraj Wahhaj is not charged with Counts 6 and 7 because federal law precludes the charging of a biological parent with the kidnapping of his or her own child.

       7.       The indictment is not evidence itself.   It simply contains the charges that the United States is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.

      B.      <u>Nature of the Charges</u>.

       8.       Do any of you have any personal knowledge of the charges in the indictment as I have described?

       9.       Our objective in asking you these questions today is to select a jury that will be fair and impartial to both parties.   It is possible that you, or someone close to you, may have had personal experiences that make it difficult for you to be an impartial juror in this particular case.   Given the conduct alleged in the indictment as I have just described it to you, have you, or has anyone close to you, had any experiences that would make it difficult for you to be impartial in judging this case?

      C.      <u>Law Enforcement Experience</u>.

      10.      During this trial, you will hear testimony of federal, state, and local law enforcement officers.   Has anyone here ever worked in law enforcement?   Does anyone here have any relatives or close friends who ever worked in law enforcement?   If so:

         a.      Please describe the nature of that employment.

b. If you have relatives or close friends who work in law enforcement, how often do you see them? What have they told you about their work experiences?

c. Would your employment experience, or the employment experience of anyone close to you, affect the way you view the case in any way? Please explain.

11. The law enforcement officers who are expected to testify work for a number of different agencies. Those agencies include: the Federal Bureau of Investigation (FBI); the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF); Immigration and Customs Enforcement (ICE); the Taos County Sheriff's Office; the New Mexico State Police; the New Mexico Office of Superintendent of Insurance; the Clayton County, Georgia Police Department; the East Point, Georgia Police Department; and the Alabama Law Enforcement Highway Patrol.

a. Have you, or has anyone close to you, ever had any personal experiences with these agencies or entities? If so, please explain.

b. Do you think that your experiences, or those of anyone close to you, may affect the way you view the evidence in this case?

c. Do you have any knowledge or opinions about these agencies or entities based on what you may have seen or heard in the media that may affect the way you view the evidence in this case? If so, please explain.

d. Would the fact that a witness was a law enforcement officer cause you to be either more likely or less likely to believe his or her testimony? If so, please explain.

D.     Knowledge of the Trial Participants.

12.    Again, the defendants in this case are Jany Leveille, Siraj Ibn Wahhaj, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton.   [Please direct the defendants to rise].  Do you know, or have you had any dealings, directly or indirectly, with the defendants, or with any relative, friend, or associate of the defendants?

13.    Have you read or heard media coverage or other information about this matter?

        a.    What did you read or hear?

        b.    From where did you receive this information?

        c.    What do you think of what you read or heard?

        d.    Is there anything that you have read or heard that would cause you to form an opinion as to the guilt or innocence of the defendants or your ability to be fair and impartial to either the government or the defendants?

        e.    Will you be able to set aside anything you may have read or heard and judge the case fairly and impartially based on the evidence and the law as I instruct you?

        f.    This is a trial like any other trial.   The law is the same, and you will be given instructions as in any other case.   The burden of proof is no higher and no lower than in any other case.   Your job as a juror is the same as in any other case.   Your duty is the same.   Is there anyone here who feels they cannot accept that?

14.    Defendant Jany Leveille is represented by Aric Elsenheimer and Angelica Hall.  [Please ask defense counsel to stand].   Defendant Hujrah Wahhaj is represented by

5

Donald Kochersberger and Marshall Ray. [Please ask defense counsel to stand]. Defendant Subhanah Wahhaj is represented by Ryan Villa and Justine Fox-Young. [Please ask defense counsel to stand]. Do any of you know any of these attorneys? Have you had dealings, either directly or indirectly, with any of these attorneys?

15. Defendants Siraj Ibn Wahhaj and Lucas Morton have chosen to exercise their Constitutional rights to represent themselves. I have advised Mr. Wahhaj and Mr. Morton that they may be at a disadvantage in representing themselves because they are not trained attorneys. The law does not allow the Court to assist them or to relax the rules that apply to the trial of this case. Likewise, the attorneys for the United States must treat Mr. Wahhaj and Mr. Morton as if they were trained as attorneys. I have, however, assigned Thomas Clark to be stand-by counsel for Mr. Wahhaj and Joseph Shattuck to be stand-by counsel for Mr. Morton. [Please ask defense counsel to stand]. Do any of you know any of these attorneys? Have you had dealings, either directly or indirectly, with either of these attorneys?

16. The fact that Mr. Wahhaj and Mr. Morton have chosen to represent themselves must not enter into your deliberations, if you are chosen as a juror in this case. Will the fact that these men are representing themselves cause anyone on the panel to be less than fair and impartial as a juror to either side in this case?

17. The United States is represented by U.S. Department of Justice Trial Attorney George Kraehe and Assistant United States Attorneys Tavo Hall and Kimberly Brawley. [Please ask the prosecutors to stand.] Do any of you know Mr. Kraehe, Mr. Hall, or Ms. Brawley? Have any of you had dealings, either directly or indirectly, with these individuals?

18. During the trial you may hear reference to the following people, and some

may be called as witnesses: [please read witness lists]. Do any of you know any of these witnesses? Have you had dealings, either directly or indirectly, with these witnesses?

      19.    Does anyone on the jury panel know anyone else on the panel?

    E.    <u>Ability to be Fair and Impartial</u>

      20.    Do you, or does anyone close to you, have legal training or experience?

        a.    What type of training or experience?

        b.    Will you be able to follow the law as it applies to the evidence presented in this case, even if it conflicts with something you have learned in another setting?

      21.    It is a crime under federal law to provide material support or resources knowing or intending that they be used to prepare for, or in carrying out, another crime, including the crime of killing or attempting to kill federal officers and employees. Does anyone think it is unfair for it to be a crime to provide such support? Does anyone think it is unfair for it to be a crime to provide such support if the persons accused of providing the support do not ultimately engage in violence themselves or if no federal officers or employees were ultimately killed?

      22.    You may hear the term "jihad" used in trial. Has anyone not heard this term before?

        a.    For those who have heard this term before, does anything about the term itself being used make you feel you cannot be fair and impartial in hearing the evidence and considering the law as instructed by the judge in this case?

      23.    The term "jihad" is sometimes associated with terrorism. This is not a case

7

about defining or proving terrorism per se; none of the elements of the charged offenses require you to find that any of the defendants are terrorists or were engaged in or committed acts of terrorism. Will you be able to be fair and impartial in this case, to both parties, if you hear the word jihad? Will you remember that this is not a case about defining the defendants as terrorists or proving they were engaged in terrorism?

24. You may hear the term "martyr" used in trial. Does anything about the term itself being used make you feel you cannot be fair and impartial in hearing the evidence and considering the law as instructed by the judge in this case?

25. You may hear evidence that the defendants in this case are Muslims. Will you be able to be fair and impartial in a case involving Muslim defendants?

26. Does anyone believe that the U.S. Government unfairly or improperly treats Muslims in investigating crimes involving violence?

    a. If so, please explain.

27. Some of the witnesses who will testify about the events alleged in the indictment are children, or they were children at the time of the events.

    a. Would the fact that a witness was a child at the time of the events in question cause you to be either more or less likely to believe his or her testimony? If so, please explain.

    b. Would anyone require additional evidence that would support the testimony of a witness who was a child at the time of the events – such as a video, pictures, or documents – before even considering whether to believe anything the witness said?

    c. Would any of you think less of one party's case if that party called witnesses to testify who were children at the time of the events in question?

28. You may also hear testimony that the child who was kidnapped was taken away from his mother by the defendants. Again, the child's father, Siraj Ibn Wahhaj, cannot be charged with kidnapping under federal law. Will the fact that he cannot be charged affect your ability to be fair and impartial when considering the evidence of kidnapping against the other four defendants?

29. Do any of you have co-parenting experiences that will affect the way you view testimony about a child being taken by one parent from the other parent? If so, please explain.

30. Whether or not you have had any such personal co-parenting experiences, would the fact that the child was taken by one parent away from the other parent cause you to believe there should not be kidnapping charges?

31. There will be evidence at trial about firearms, ammunition, and Ms. Leveille's immigration status.

32. Does any juror believe that the United States government should not regulate the use or possession of firearms?

33. Does any juror believe that a person who is unlawfully in the United States should be able to possess firearms?

34. Is any juror a member of an organization that advocates either for or against gun control reforms?

    a. What organization?

    b. Based on that membership or the activities of that organization, have you formed an opinion that would affect your ability to fairly and impartially judge the evidence or law presented in this case?

  35. Some people believe that people who lack legal immigration status have too many rights and protections; others believe that people who lack legal immigration status have too few rights and protections. Does anyone feel strongly one way or the other? Please explain.

  36. Would anyone's feelings about someone lacking legal immigration status cause them to be unable to fairly and impartially judge the evidence or follow the law presented in this case?

  37. Have any of you worked or associated with illegal immigrants? Do you have a strong opinion regarding illegal immigrants in the United States?

  38. Do any of you think that the immigration or firearms laws of the United States are either too harsh or too lenient?

  39. Does anyone have personal or professional experience with seizures, epilepsy, hypoxic ischemic encephalopathy (also known as HIE) in newborns, or the treatment of these conditions?

    a. Would anything about your experience cause you to be unable to fairly and impartially evaluate the evidence in this case and follow the law as instructed by the judge?

  40. You will hear evidence in this case about the death of a physically disabled child. You will also hear evidence about the child being missing for several months and the child's mother and the child's other family members' attempts to find and get the child back.

    a. Does anyone have personal experience with missing or abducted children?

     1. Would anything about your experience cause you to be unable to evaluate the evidence fairly and impartially in this case and follow the law as instructed by the judge?

    b. Does anyone have experience with children with disabilities, either personally or through professional work?

     1. Would anything about your experience cause you to be unable to fairly and impartially evaluate the evidence in this case and follow the law as instructed by the judge?

    c. Does anyone feel that they cannot be fair and impartial to the Defendants in a case involving these types of facts, including a missing child who dies while with the Defendants?

41. Does anyone believe that a person's religious beliefs can or should take precedence over the law? In other words, if a person does something that they claim to be part of their religion that would normally be a crime, should that person be excused for that crime?

42. Does anyone have experience or training in the field of mental health, psychology, or psychiatry?

    a. Will you be able to put aside your personal opinions, if any, of mental health conditions or treatment and evaluate this case solely on the evidence and the law you will be instructed on?

11

F.      Relationship With Government.

43.     Do any of you know, or have any association—whether professional, business, or social, direct or indirect—with any member of the staff of the U.S. Department of Justice, the United States Attorney's Office for the District of New Mexico, the Federal Bureau of Investigation, any other law enforcement agency, the Federal Public Defender's Office, or court-appointed defense counsel?

44.     Have you, or has anyone close to you, had a negative experience with the U.S. Department of Justice, the United States Attorney's Office for the District of New Mexico, the Federal Bureau of Investigation, any other law enforcement agency, the Federal Public Defender's Office, or court-appointed defense counsel?   If so, please explain.

45.     Have you, or has anyone close to you, either as an individual or in the course of business, ever been a party to any legal case or dispute with the federal government, or one of its officers, departments, agencies, or employees of the United States, or had any interest in any such legal case or dispute and its outcome?

   a.   What was that experience like for you?

   b.   Is there anything about that matter that you found or now find upsetting or troubling in any way?

   c.   Would this any way affect your judgment in this case?

46.     Have you, or has anyone close to you, ever had an experience with any government entity – local, state, or federal – in which you believe you or they were treated unfairly?   Please describe that experience.   How do you believe having had that experience will impact your ability to serve as a juror in this case?

G. Prior Jury Service.

47. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

48. Have you ever served as a juror in any court? If so, when and in what court did you serve, and was it a civil or a criminal case?

49. For those of you who served on a criminal jury trial before:

   a. Without revealing what the verdict was, did you reach a verdict?

   b. Did the prior case place any burdens on you that would make it difficult for you to sit on another criminal jury?

   c. Did the prior case influence or change your feelings about criminal trials? If so, please explain.

   d. Was there anything about your prior jury experience that would lead you to feel that you may have either some prejudice or sympathy either for or against the prosecution or the defendant?

H. Experience as a Witness, Defendant, or Crime Victim.

50. Have you, or has anyone close to you, ever been involved, or appeared as a witness, in any investigation by a federal or state grand jury, or been questioned in any matter by a federal, state or local law enforcement agency?

51. Have you ever been a witness or complainant in any prosecution, state or federal?

52. Have you, or has anyone close to you, ever been arrested, charged, convicted, or otherwise accused of any crime? [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.]

    a. Do you believe that you or they were treated fairly?

    b. Do you believe that experience would affect your ability to be a fair and impartial juror to both sides in this case? Why or why not?

53. Have you, or has anyone close to you, ever been the subject of any investigation or accusation by any grand jury, federal or state?

54. Have you, or has anyone close to you, ever been a victim of a crime? [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime.]

    a. Were you satisfied with the handling of the matter by law enforcement?

    b. Do you believe that experience would affect your ability to be a fair and impartial juror to both sides in this case?

    c. Does anything about that experience make it difficult for you to fairly and impartially serve as a juror? Please explain.

I. <u>Other Questions</u>.

55. Do you have any problem with your hearing, vision, or health that would prevent you from giving full attention to all the evidence at this trial?

56. Are you taking any medication that would prevent you from giving full

attention to all of the evidence at this trial?

57. Do you have any difficulty reading or understanding English to any degree?

58. Do you have any religious or philosophical beliefs that would make it difficult for you to sit in judgment of another person?  If yes, please explain.

59. Do you belong to a group or organization, online or otherwise, that: (1) promotes the overthrow of the United States government; or (2) rejects and/or challenges the sovereignty of the United States government or its courts?  If so, what is/was the group or organization?  What was the extent of your involvement?

60. If you are chosen to sit as a juror, I will order you not to read any news media accounts of this case, or watch or listen to any broadcasts regarding it, or read anything about it on the Internet.  Will you follow these instructions?  If you observe a violation of these instructions, will you immediately inform the Court?

61. If you were the attorney for the government or for the defense, would you be uncomfortable with yourself as a juror?  If so, please explain.

62. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you by the Court?

63. This trial is expected to last approximately 4 weeks.  As a juror, you will be required to be present at the trial from approximately 9:00am to 5:00pm, with comfort breaks

and a lunch break throughout the day. Does anyone have any personal or professional obligations that would cause you an undue hardship to serve as a juror on this case if selected?

J.     Function of the Court and Jury.

64.     The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or attorneys say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the indictment. Do you have any reason that might prevent you from accepting the instructions of law that the Court will give in this case? Would anyone be unable to reach a firm verdict, either guilty or not guilty, based solely on the evidence admitted at trial and on the law?

65.     Will each of you accept the idea that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty or not guilty of the crime charged?

66.     Will each of you accept that sympathy must not enter into your deliberations as to the guilt or innocence of the defendant and that you must reach a verdict based only on the law and the evidence presented to you here in Court?

K.     Requested Instruction Following Impaneling.

From this point until the time when you retire to deliberate a verdict, it is your duty not to

discuss this case, and not to remain in the presence of other persons who may be discussing this case.   The rule about not discussing the case with others includes discussions even with members of your family or friends.   If any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.   In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting, so if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense.   They will only be acting properly by doing so.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed*
KIMBERLY A. BRAWLEY
TAVO HALL
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

*/s/ Electronically filed*
GEORGE C. KRAEHE
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC   20530

<u>Certificate of Service</u>

I hereby certify that I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for Defendants to be served by electronic means. A copy was also mailed to Defendants Siraj Ibn Wahhaj and Lucas Morton.

                                                  */s/ Filed Electronically*
                                                  KIMBERLY A. BRAWLEY
                                                  Assistant U.S. Attorney