IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                        No. 18-cr-2945-WJ

HUJRAH WAHHAJ, et al.

        Defendants.

## DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' EXHIBITS

      Defendant Hujrah Wahhaj, through her counsel, Donald F. Kochersberger III and Marshall Ray, joined by all other Defendants, by and through their respective counsel, as appropriate, hereby submits her Objections to the United States' proposed trial exhibits. In support of these objections, Ms. Wahhaj states as follows:

      On July 17, 2023, the United States submitted its Exhibit List for trial [Doc 860], identifying 112 exhibits. The Defendants' joint objections to these exhibits fall into five categories: 1) exhibits for which the description is too vague, based on the volume of items contained within the exhibit or the lack of specific identifiers; 2) exhibits which are objectionable based on prior Motion(s) filed with Court; 3) exhibits for which relevance is questionable; 4) digital exhibits that cannot be evaluated; and/or 5) exhibits for which proper foundation has not yet been demonstrated, and/or exhibits to which other objections apply, but which cannot be assessed without additional foundational information.

      Each set of exhibits is identified and discussed separately below.

**Discussion**

I. <u>**Objection To Exhibits for Which the Provided Description is Vague**</u>

This objection applies to Exhibits 45, 48-58, 71, 72, 77, 80, 86-95, 97, and 100-109. Each of these Exhibits either consists of hundreds of separate items, or items for which there is no corresponding Bates Number identifier.

Due process requires fairness in the methods of proof, using the rules of evidence. *United States v. Nichols*, 67 F. Supp. 2d 1198, 1200 (10th Cir. 1999). Only relevant evidence is admissible. Fed R. Evid. 402. And, Exhibits that Defendants cannot even evaluate for this threshold issue because their description is too vague, should not be admitted without further individual scrutiny.

With respect to the exhibits that contain too many individual items, the Defendants are unable to properly consider the admissibility of these items without the United States' identifying the specific items that will be used as an Exhibit at trial. For instance, Exhibit 71, which is identified as "Photographs – TCSO and OSI", identifies almost a thousand individual Bates Numbered photographs. Some of these photographs are almost certainly unobjectionable, but others, particularly those that depict writing, are far more difficult to evaluate. For instance, due to the myriad scenes depicted in these photographs, it is impossible to anticipate how they may be relevant to anything. Accordingly, Defendants object to each of these Exhibits.

With respect to Exhibits that contain no identifiers or other reference from which Defendants are able to identify the precise item at issue, these are also objectionably vague. For instance, Exhibit 51 is simply identified as "Three composition notebooks" and Exhibit 58 is described as "Papers". These descriptions make it impossible for Defendants to evaluate even the

most basic admissibility concerns, such as relevance. Consequently, the Defendants object generally to their blanket introduction.

With respect to photographic and videography exhibits of the various residences and the compound, documenting the execution of the search warrants, and post-search photographs by law enforcement and civilian witnesses as identified generally as Exhibits 67-79, the Defendants object to those exhibits whereby the objects being documented are not "substantially the same condition as when the [alleged] crimes were committed." *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960); Reed v. United States, 377 F.2d 891 (10th Cir. 1967)(citing *Gallego* for the same). The movement and relocation of objects from their original state for purposes of photographs and videos are alterations in the location and condition which reduce and negate the probative value of the evidence and may mislead the jury.

## II.   Objection to Exhibits Subject to *James* Hearing Outcome

A number of the United States' Exhibits appear to have been included in the Defendants' various *James* objections. These include Exhibits: 46-47, 52-60, 96-99 and 112, as well as possibly Exhibits 48-51 and 100-110 (although the descriptions provided for these Exhibits are too vague to easily evaluate – See Section I, above).

## III.   Objection to Exhibits for Lack of Obvious Relevance

Again, exhibits must be relevant, at a minimum. The relevance of a number of the Exhibits identified in the United States' Exhibit List is dubious, at best. This includes Exhibits 24-27, 44-45, 61, 65-67, 74-76, 78-79, and 85. For example, Exhibit 26 is identified as "Ten hardhats", and Exhibit 45 is identified as a "Small purse". It is difficult to imagine the manner in which these ten

hardhats and a purse (regardless of its size) will be sufficiently tied to the issues in this matter for them to be relevant at trial. Accordingly, Defendants object to these Exhibits.

IV. **Voluminous Digital Records**

A number of the Exhibits identified in Section I, above, deserve additional attention and are objectionable. Exhibits 86-95 and 100-109 are comprised of huge collections of digital data obtained from electronic devices and/or third-party provider repositories. There is simply no likelihood that all of these items are going to be admitted at trial, or that they would be relevant to the matters at issue if they were to be admitted. Accordingly, each Exhibit is objectionable as currently described. This equally applies to the items from which the digital data was obtained. This includes Exhibits 28-43.

V. **Foundation, Authenticity and Admissibility Generally**

Finally, the Defendants object to each of the Exhibits contained in the United States Exhibit list on the ground that there has been insufficient foundation laid to demonstrate their provenance, authenticity, accuracy, and admissibility generally. Consequently, the Defendants wish to preserve all objections that they may have on these grounds until such time as the requisite admissibility determination can be made.

Further, beyond the Defendants' objections as to relevancy and inability to assess the nature of relevancy, the Defendants also object to these exhibits which introduce hearsay statements, those exhibits which would constitute cumulative evidence, be a waste of time, have a tendency to cause confusion of the issues or mislead to the jury, and are unfairly prejudicial. Fed. R. Evid. 401, 402, 403, and 802.

Additionally, the Defendants object to all instances whereby the introduction of these exhibits violates the defendants' marital, medical and clerical privileges and/or is intended utilize

a witness's religious beliefs or opinions to attack the credibility of any witness. *Wolfle v. United States*, 291 U.S. 7, 14 (1934)(federal common law recognition of two marital privileges: (1) "adverse spousal testimony" privilege allowing spouse to refuse to testify adversely to his or her spouse, and (2) "marital communications" privilege protecting from disclosure private communications between spouses); *Blau v. United States*, 340 U.S. 332, 333 (1951)(marital communications are presumptively confidential); *United States v Bahe*, 128 F.3d 1440 (10th Cir. 1997)(recognizing the same); *United States v. Fomichev*, 899 F3d 766 (9th Cir. 2018)(burden on government to show statements aren't privileged); *cf. Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995)(party seeking to assert privilege has burden of establishing its applicability); *Obergefell v. Hodges*, 576 U.S. 644, 677 ("The dynamic of our constitutional system is that individuals need not await legislative action before asserting a fundamental right); *Jaffee v. Redmond*, 518 U.S. 1 (1996)(recognizing a psychotherapist-patient privilege, holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence); *Trammel v. United States*, 445 U.S. 40, 510 (1980)(recognizing both marital communications and priest-patient privileges); *In re Grand Jury Investigation*, 918 F.2d 374 (3d Cir. 1990)(for purposes of applying clergyman-communicant privilege, "clergyman" is minister, priest, rabbi, or similar functionary of religious organization, or individual reasonably believed so to be by person consulting him); and Fed. R. Evid. 610.

## Conclusion

WHEREFORE, Defendant Hujrah Wahhaj, joined by each of her Co-Defendants, respectfully requests that this Court exclude the United States' proposed Exhibits as more fully described above.

Respectfully Submitted:

*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III
BUSINESS LAW SOUTHWEST LLC
6801 Jefferson St. NE, Suite 210
Albuquerque, NM 87109
(505) 848-8581
Donald@BusinessLawSW.com

*/s/ Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com

*Attorneys for Defendant Hujrah Wahhaj*

-and-

*/s/ Aric Elsenheimer*
Aric Elsenheimer, AFPD
Angelica Hall, AFPD
Federal Public Defender
111 Lomas NW, Ste 501
(505) 346-2489
aric_elsenheimer@fd.org
angelica_hall@fd.org

*Attorneys for Defendant Jany Leveille*

-and-

*s/ Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*
Justine Fox-Young
Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

-and-

*/s/ Lucas Morton*
Lucas Morton
Cibola County Correctional Center
2000 Cibola Lp.
Milan, NM 87021
(505) 285-4900

*Pro Se Defendant*

-and-

*/s/ Siraj Ibn Wahhaj*
Siraj Ibn Wahhaj
Cibola County Correctional Center
2000 Cibola Lp.
Milan, NM 87021
(505) 285-4900

*Pro Se Defendant*

I HEREBY CERTIFY that on the 31st day of July 2023, I filed the foregoing electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

 Electronically Filed
  Donald F. Kochersberger III
  Attorney for Defendant