**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**vs.**                                                                         **No. 1:18-CR-02945-WJ**

**JANY LEVEILLE, et al.,**

       **Defendants.**

## DEFENDANTS' JOINT OBJECTIONS TO THE UNITED STATES' PROPOSED JURY INSTRUCTIONS

Defendants Subhanah Wahhaj, through counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Justine Fox-Young, PC, by Justine Fox-Young, and Hujrah Wahhaj, through counsel, Donald F. Kochersberger III and Marshall Ray, submit these Objections to the United States' Requested Jury Instructions [Doc. 870]. Defendants Leveille and Morton join. Counsel was not able to ascertain the position of Defendant Siraj Wahhaj at the time of filing.

Preliminarily, the Court should in general reserve ruling on jury instructions until all of the evidence has been presented. It is elementary that the Court must allow the parties to present evidence before ruling, and only after the evidence is closed, determine whether an instruction should be given. Indeed, a defendant is entitled to jury instructions on defenses which are supported by the evidence, so long as the instruction provides a correct statement of the law. *United States v. Urbano*, 563 F.3d 1150, 1155 (10th Cir. 2009). Thus, the Court must wait and hear the evidence before deciding if the evidence supports the giving of such an instruction.

Rule 30 of the Federal Rules Criminal Procedure governs jury instructions. It states: "Any party may request in writing that the court instruct the jury on the law as specified in the request. *The request must be made at the close of the evidence* or at any earlier time that the court reasonably sets." Fed. R. Crim. P. 30(a) (emphasis added). The Rule goes on to state that "[t]he court must

inform the parties before closing arguments how it intends to rule on the requested instructions." FRCP 30(b). Regarding objections, the Rule states: "A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." The Rule clearly contemplates that the requesting, giving and ruling on an instruction will happen at the close of the evidence.

The purpose of providing instructions prior to trial is for the parties to alert the Court and each other as to the *potential* instructions they may submit, and to permit the parties to object to the form of the instruction or whether the instruction, assuming it is given, properly states the law. It also serves to save time during the jury instruction conference especially if there is disagreement about whether an instruction properly states the law. Pretrial submissions of jury instructions and objections thereto are not for the purpose of determining whether the evidence supports the instruction.

## OBJECTIONS

1.     United States' Requested Instruction No. 1. Defendants jointly object because the preliminary instruction does not make clear that the jury must determine each Defendants guilt individually. *See Zafiro v. United States*, 506 U.S. 534, 539, 541 (1993) (discussing the need to instruct the jury to consider co-defendant's guilty separately in a joint trial); *United States v. Snarr*, 704 F.3d 368, 398 (5th Cir. 2013) (affirming conviction where record reflected "that the district court repeatedly instructed the jury that it was required to consider separately each defendant's culpability"); *United States v. Morales*, 655 F.3d 608, 626 (7th Cir. 2011) (noting the importance of instructing the jury " to consider each defendant's case independently" in finding no prejudice from failure to sever a joint trial of co-defendants charged with racketeering conspiracy). In an

unpublished case, the Tenth Circuit, relying on *Zafiro*, affirmed the defendant's conviction in a joint trial where the trial court instructed that:

> A separate crime or offense is charged against each of the defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each defendant should be considered separately and individually. You should analyze what the evidence in the case shows with respect to each defendant leaving out of consideration entirely any evidence admitted solely against the other defendants. The fact that you may find one or more of the defendants guilty or not guilty of any of the offenses charged should not control your verdict as to any other offense or any other defendants.

*United States v. Dominguez-Alparo*, 989 F.2d 508, *4 (10th Cir. 1993) (unpublished). Similarly, in *United States v. Lopez*, the Eleventh Circuit found no prejudice occurred in a joint conspiracy trial where the trial court instructed the jury "to assess the guilt or innocence of each defendant separately." 649 F.3d 1222, 1239 (11th Cir. 2011) In its final instructions the court told the jury that:

> In reaching a verdict as to counts related to more than one Defendant, you must evaluate the evidence independently as to each Defendant.
>
> Remember at the outset we talked about the fact [that] for reasons of judicial economy, we really put four trials together. Remember I said how important it was that as the jury looks at the evidence, you need to look at the evidence in terms of one Defendant all by themselves. You make your decision and then put that aside and move on to the next person. Okay?
>
> So it is terribly important that each person be evaluated all by themselves, and whatever judgment you make on one person, it should not affect your judgment as to another person.
>
> And it also instructed the jury that:
>
> I know that each one of you knows this already because we've talked about it several times, but it is so important, I want to make sure you understand that a separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. Also, the case of each Defendant should be considered separately and individually.

> The fact that you may find any one or more of the Defendants guilty or not guilty of that offense charged should not affect your verdict as to any other offense or any other Defendant.
>
> Remember we talked about this repeatedly. You want to take each Defendant one by one and the charge as it pertains to that Defendant. Make up your mind, set that aside, and move on to the next person and don't let your decision on the first person decide how you come out as to the second.

*Id.* Accordingly, the Court should take great care to instruct the jury throughout this trial to consider each Defendants guilt separately. A proposed alternative Preliminary Instruction Before Trial has been submitted in Defendant's Appendix in redline format.

    2.    Defendants jointly object to the United States' Instruction No. 4 (duty to follow instructions) for the same reasons. An alternative instruction is provided in the Appendix.

    3.    Defendants jointly object to the United States' Instruction No. 5 (presumption of innocence) for the same reasons. Ms. Subhanah Wahhaj submitted a proposed instruction in her Proposed Jury Instructions, Requested Instruction No. 1 [Doc. 865]. Defendants jointly request her version be given to the jury.

    4.    Defendants jointly object to the United States' Instruction No. 6 (evidence defined) because it does not include Mr. Wahhaj and Mr. Morton who represent themselves. An alternative instruction is provided in the Appendix.

    5.    Defendants jointly object to the United States' Instruction No. 8 (credibility of witnesses) for the reasons discussed in paragraph 1, above. An alternative instruction is provided in the Appendix.

    6.    Defendants jointly object to the United States' Instruction No. 9 (non-testifying defendant) for the same reasons discussed in paragraph 1. Ms. Subhaah Wahhaj submitted a proposed instruction in her Proposed Jury Instructions, Requested Instruction No. 3 [Doc. 865]. Defendants jointly request her version be given to the jury.

7.     Defendants jointly object to the United States' Instruction No. 10 (expert witness) because it is premature. The Court is presently considering the scope of expert testimony of Mr. Watt, Mr. Janssen, and Dr. Cohen. Defendants will submit a proposed instruction regarding their opinions after the Court's ruling, subject to modification based on their testimony. Defendants further object that the proposed opinion of Dr. Phillip's that John Doe's "death was a foreseeable and likely eventual outcome in the event John Doe did not receive his required treatment and prescription medication" is speculative, opines on the ultimate issue (whether death was foreseeable to a specific defendant), and unfairly prejudicial. Defendants jointly request the Court reserve ruling on this instruction until after Dr. Phillip's testimony and/or the close of evidence.

8.     Defendants jointly object to the United States' Instruction No. 11 (on or about) for the reasons discussed in paragraph 1, above. An alternative instruction is provided in the Appendix.

9.     Defendants jointly object to the United States' Instruction No. 12 (Caution-consider only crime charged) for the reasons discussed in paragraph 1, above. An alternative instruction is provided in the Appendix.

10.    Defendants jointly object to the United States' Instruction No. 13 (caution-punishment) for the reasons discussed in paragraph 1, above. An alternative instruction is provided in the Appendix.

11.    Defendants jointly object to the United States' Instruction No. 16 because it uses the word compound to describe the Defendants' home. This word is inflammatory and unfairly prejudicial. If given, it will suggest the Court believes the home is also a compound. Defendants jointly propose to use the word home instead of compound.

12.    Defendants, joined by Ms. Leveille, object to the United States' Instruction Nos. 18 (insanity). This instruction largely mirrors the Tenth Circuit's pattern instruction except for the

inclusion of the last paragraph. Ms. Leveille and the other co-defendants object to that paragraph. That paragraph is unnecessary and very likely redundant. The government will presumably object to any effort of the defendants to argue about a mental disease or defect as negating their guilt. In light of this, the last paragraph of proposed instruction 18 is not needed and should be struck.

13. Defendants jointly object to United States' Instruction Nos. 23 and 24. Those instructions apply respectively to Counts 1 and 2 of the Indictment. The instructions fail to include the title of the statute by omitting the word terrorists. The United States' continued effort to make this terrorism trial not about terrorism is meritless and should be rejected for all the reasons argued in Ms. Subhanah Wahhaj's Response, Doc. 810. Moreover, the United States included the word terrorists in the preliminary instruction describing the crimes charged. These instructions are also objectionable because they lump Defendants together rather than instructing the jury to determine their guilt individually. They also do not include what Defendants consider an essential element of the charged offense---namely, that the person or organizations to whom the material support is directed are terrorist organizations. Defendants are charged in Counts 1 and 2 with providing and conspiring to provide "material support to terrorists." The Supreme Court recently made clear that "This Court has long considered that 'the title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute." *Dubin v. United States*, 143 S.Ct. 1557, 1567 (2023). *Dubin* involved a vagueness challenge to 18 U.S.C. § 1028A(a)(1). The Court found that rather than a "boundless" statute applying anytime someone's identity is used in the commission of an enumerated crime, the statute, particularly the title and heading of the statute, applies only when the misuse or theft of someone's identity is at the crux of the underlying criminal offense. This is so even though the actual term "identity theft" or "misuse of identity" are not in the language of the statutory subsection. Similarly, even though the term "to terrorists" is

not found in subsection (a) of § 2339A, the title of the statute, and the language of the subsection both demonstrate that the material support that is the subject of subsection (a) must be directed "to terrorists." Moreover, the Supreme Court has plainly stated that Section 2339A refers to "intent to further terrorist activity." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 17, (2010). As the Court in *Dubin* noted, "a title is 'especially valuable [where] it reinforces what the text's nouns and verbs independently suggest." *Id.* at 1567. In § 2339A, the text's nouns and verbs independently suggest that the material support must be directed to a terrorist group or organization. Ms. Subhanah Wahhaj had previously submitted a proposed instruction but modifies it to include this language. The proposed instructions are provided in the Appendix.

14.    Defendants jointly object to United States' Instruction No. 25 (count 3) because it does not instruct the jury to consider each defendant's guilt separately and individually. An alternative instruction is provided in the Appendix.

15.    Defendants jointly object to United States' Instruction No. 26 (count 4) because it does not instruct the jury to consider each defendant's guilt separately and individually. An alternative instruction is provided in the Appendix.

16.    Defendants jointly object to United States' Instruction No. 27 (count 5). Ms. Subhanah Wahhaj submitted a proposed instruction in her Proposed Jury Instructions, Requested Instruction No. 11 [Doc. 865]. Defendants jointly request her version be given to the jury.

17.    Defendants jointly object to United States' Instruction No 28 (count 6) and 29 (count 7) because those instructions omit an essential element of the offense of kidnapping under 18 U.S.C. § 1201. The government's proposed instruction removes the specific intent requirement from the first element of the Tenth Circuit pattern jury instructions, No. 2.55, arguing the Court should follow other circuit law. However, the Tenth Circuit has made clear that kidnappings

pursuant to Section 1201(a)(1) are specific intent crimes. *United States v. Jackson,* 248 F.3d 1028, 1032 (10th Cir. 2001). Counts six and seven charge all co-defendants except Siraj Ibn Wahhaj with kidnapping. That statute provides that "whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or rewards or otherwise any person . . . when – (1) the person is willfully transported in interstate or foreign commerce . . . shall be punished by imprisonment for a term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment." "The Tenth Circuit has boiled down the elements of this offense to "(1) transportation in interstate commerce (2) of an unconsenting person who is (3) held for ransom, reward, or otherwise, (4) with such acts being done knowingly and willfully." MOO Denying Defendants Motion to Dismiss, Doc. 543 at 3 (quoting *United States v. Walker*, 137 F.3d 1217, 1220 (10th Cir. 1998)).

Similarly, *Gawne v. United States*, 409 F.2d 1399, 1403 (9th Cir. 1969) demonstrates that a kidnapping charge does not require a pecuniary or financial interest but can rather rest on any purpose or motive. The government similarly modifies the jury instructions from the 8th Circuit. Both model instructions, in their unmodified form, require a finding that the kidnapping was done for reward, ransom, or any other purpose. The Eighth Circuit requires as the second element of a charge under § 1201 that "the defendant held (insert name of person described in the indictment) for [specify the defendant's intent, such as: ransom, reward, revenge, sexual gratification, or other reason]." The government's proposed instruction, while finding support in the Seventh Circuit's pattern instructions, is contrary to the Tenth Circuit's pattern jury instructions and the clear language of the Tenth Circuit's decision in *United States v. Sarracino*, 131 F.3d 943, 947 (10th Cir. 1997). That decision held that to meet the requirement that the victim was abducted "for ransom or reward or otherwise, it is only necessary that the kidnappers had some reason for the

kidnapping which, to them, would be of some benefit." *Id.* (cleaned up). In keeping with this, the Tenth Circuit's pattern jury instruction requires as the second element, that the "defendant kidnapped the person for some purpose or benefit." Tenth Circuit Pattern Instruction 2.55. In light of this clear Tenth Circuit precedent, there is no legal basis to omit the element requiring that the government prove that the victim was "held for ransom, reward, or otherwise." An altered version of Instruction No. 28 is provided in the Appendix in redline format. A completely new instruction is offered in the Appendix to replace Instruction No. 29.

18. Defendants jointly object to the verdict forms on Counts 1 and 2 because they each omit the word "terrorists". The government's continued attempts to claim that this terrorism case is not about terrorism are meritless and should be rejected for all the reasons argued in Ms. Subhanah Wahhaj's Response, Doc. 810.

19. Defendants jointly object to the verdict forms on Count 4 because it includes overt acts from the material support and kidnapping conspiracies which are addressed by Count 1 and Count 6. Count 4 should be limited to the conspiracy to have Ms. Leveille possess firearms.

## CONCLUSION

For all of the foregoing reasons, the Court should sustain the objections and issue Defendants' joint versions of jury instructions at the close of the evidence.

Respectfully submitted,

/s/ *Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*
Justine Fox-Young

Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

-and-

*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III
BUSINESS LAW SOUTHWEST LLC
6801 Jefferson St. NE, Suite 210
Albuquerque, NM 87109
(505) 848-8581
Donald@BusinessLawSW.com

*/s/ Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com

*Attorneys for Defendant Hujrah Wahhaj*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/*Ryan J. Villa*
RYAN J. VILLA