**APPENDIX- PROPOSED CHANGES TO UNITED STATES' JURY INSTRUCTIONS**

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 1**

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the United States as the prosecution. The United States is represented by Trial Attorney George Kraehe and Assistant United States Attorneys Tavo Hall and Kimberly Brawley. Jany Leveille is represented by her lawyers, Aric Elsenheimer and Angelica Hall. Siraj Ibn Wahhaj is representing himself but has stand-by counsel, Thomas Clark. Hujrah Wahhaj is represented by her lawyers, Donald Kochersberger and Marshall Ray. Subhanah Wahhaj is represented by her lawyers, Ryan Villa and Justine Fox-Young. Lucas Morton is representing himself but has stand-by counsel, Joseph Shattuck.

The indictment charges ~~the defendants with~~ seven different counts. Not all of the defendants are charged in all of the counts. ~~, as follows:~~ Count 1 charges all of the defendants with~~,~~ conspiracy to provide material support to terrorists; Count 2 charges all of the defendants with~~,~~ providing material support to terrorists; Count 3 charges Ms. Jany Leveille, Mr. Siraj Ibn Wahhaj, and Mr. Lucas Morton with~~,~~ conspiracy to murder an officer or employee of the United States; Count 4 charges all of the defendants with~~,~~ conspiracy to commit an offense against the United States; Count 5 charges all of the Defendants with~~,~~ possessing a firearm while unlawfully in the United States and aiding and abetting the unlawful possession of a firearm; Count 6 charges Ms.

Jany Leveille, Mr. Lucas Morton, Ms. Hujrah Wahhaj and Ms. Subahanah Wahhaj with conspiracy to commit kidnapping; and Count 7 charges those same 4 defendants with kidnapping.

The indictment is simply the description of the charges made by the United States against the defendants; it is not evidence of guilt or anything else. The defendants pleaded not guilty and are presumed innocent. They may not be found guilty by you unless all twelve of you unanimously find that the United States has proved his each defendant's guilt beyond a reasonable doubt. There are multiple defendants in this case and you will have to give separate consideration to the case against each defendant as each is entitled to individual consideration. Each offense, and the evidence pertaining to it, or lack of evidence, should be considered separately. Also, the case of each defendant should be considered separately and individually. You should analyze what the evidence in the case shows with respect to each defendant leaving out of consideration entirely any evidence admitted solely against the other defendants. The fact that you may find one or more of the defendants guilty or not guilty of any of the offenses charged should not control your verdict as to any other offense or any other defendants.

The first step in the trial will be the opening statements. The United States in its opening statement will tell you about the evidence that it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the United States' opening statement, the defendant's attorney may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The United States will offer its evidence. After the United States' evidence, the defendants' lawyers, Mr. Wahhaj, and Mr. Morton may present evidence, but none of the defendants is required to do so. I remind you that the defendants are presumed innocent, and it is the United States that must prove the each defendant's guilt beyond a reasonable doubt. I remind you that you are to consider each offense, and the evidence, or lack of evidence, pertaining to it, separately. You must also consider whether each defendant is guilty or not guilty separately from one another. If the defendants submit evidence, the United States may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly at the bench. But some of these conferences will take more time so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject. It will be up to you to decide each defendants' guilt or innocence separately and individually.

After you have heard all the evidence on both sides, the United States and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law that you are to use in reaching your verdict.

During the course of the trial, I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

[Insert Instruction 1.02 here if material on note-taking by juror is desired.]

[Insert discussion of the elements of the offense here if they are to be set out for the jury in the preliminary instruction.]

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness or with the defendants or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not

communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun, you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Kraehe, you may present the opening statement for the United States.  The defendants may make opening statements or may choose to do so after the close of the United States' evidence.

Source: 10th Cir. Crim. Pattern Jury Instr. 1.01 - Preliminary Instructions Before Trial (modified); *United States v. Dominguez-Alparo*, 989 F.2d 508, *4 (10th Cir. 1993) (unpublished)

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 4**

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you. It is also your duty to base your individual verdict as to each defendant solely upon the evidence presented as to that defendant, without prejudice or sympathy. That was the promise you made and the oath you took.

Source: 10th Cir. Crim. Pattern Jury Instr. 1.04 (2021) (DUTY TO FOLLOW INSTRUCTIONS) (modified)

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 6**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers', Mr. Wahhaj's, and Mr. Morton's statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers, Mr. Wahhaj or Mr. Morton asked. I also ruled that you could not see some of the exhibits that the lawyers, Mr. Wahhaj or Mr. Morton wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Source: 10th Cir. Crim. Pattern Jury Instr. 1.06 (2021) (EVIDENCE—DEFINED) (modified)

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 8**

I remind you that it is your job to decide whether the United States has proved the guilt of ~~the~~ each defendant, separately and individually, beyond a reasonable doubt. In doing so, you must consider all of the evidence that was presented against each defendant, but you may not consider evidence admitted against only one defendant in determining whether a different defendant is guilty or not guilty. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant], who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the United States or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection – like failure of recollection – is not uncommon.

[The testimony of the defendant(s) should be weighed and his/her credibility evaluated in the same way as that of any other witness.]

[The defendant(s) did not testify and I remind you that you cannot consider his/her decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses. This means that even though one defendant may have testified or called witnesses, you cannot hold it against another defendant who chose not to testify or call any witnesses]

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Source: 10th Cir. Crim. Pattern Jury Instr. 1.08 (2021) (CREDIBILITY OF WITNESSES) (modified)

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 11**

You will note that the indictment charges that the crimes were committed from in or about October 2017 through in or about August 2018. The United States must prove beyond a reasonable doubt that ~~the~~ each defendant~~s~~, separately and individually, committed each crime reasonably near those dates.

Source: 10th Cir. Crim. Pattern Jury Instr. 1.18 (2021) (ON OR ABOUT) (modified)

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 12**

You are here to decide whether the United States has proved beyond a reasonable doubt that ~~the~~ each defendant~~s, separately and individually, are~~ is guilty of the crimes with which they are charged. The defendants are not on trial for any act, conduct, or crime not charged in the indictment. It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge. The question of the possible guilt of others should not enter your thinking as you decide whether the defendants have been proved guilty of the crime charged.

Source: 10th Cir. Crim. Pattern Jury Instr. 1.19 (2021) (CAUTION—CONSIDER ONLY CRIMECHARGED) (modified)

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 13**

If you find ~~the~~ any defendant guilty, it will be my duty to decide what the punishment will be for that defendant. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Source: 10th Cir. Crim. Pattern Jury Instr. 1.20 (2021) (CAUTION—PUNISHMENT (Non-Capital Cases) (modified)

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 23**

The defendants are charged in Count 1 with conspiring to violate 18 U.S.C. § 2339A. ~~This law makes it a crime to conspire to provide material support or resources, knowing or intending that they are to be used to prepare for, or to carry out, certain other statutory crimes — here, a violation of 18 U.S.C. § 1114, which prohibits the killing and attempted killing of officers or employees of the United States.~~ Title 18, United States Code Section 2339A makes it a crime for anyone to provide material support or resources to terrorists [conceal or disguises the nature, location, source, or ownership of material support or resources], knowing or intending that they are to be used in preparation for [carrying out] a violation of 18 U.S.C. § 1114, conspiracy to kill officers and employees of the United States.

To find ~~the~~ each defendant~~s~~, separately and individually, guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*:  the defendant~~s~~ entered into a conspiracy, which I will define for you below;

*Second*: the objective of the conspiracy was to provide material support or resources to terrorists, namely [to persons described in the indictment]; and

*Third*:  the defendant~~s~~ did so knowing or in tending that the material support or resources were to be used to prepare for, or to carry out, a violation of 18 U.S.C. § 1114, which prohibits the killing or attempted killing of officers or employees of the United States while those persons are engaged in or on account of the performance of official duties.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  The evidence may show that some of the persons involved in the alleged conspiracy are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The term "material support or resources" means any property, tangible or intangible, or service including currency or monetary instruments or financial securities, financial service, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (one or more individuals who may be or include oneself), and transportation. Medicine or religious materials are not included.

[The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge].

[The term "expert advice or assistance means advice or assistance derived from scientific technical or specialized knowledge].

The United States does not need to prove that a violation of 18 U.S.C. § 1114 occurred in order to satisfy the elements of this crime. The United States also does not need to prove that the Defendants' material support to prepare for, or to carry out, a violation of § 1114 was done for the purpose of constituting "terrorism," or that the Defendants were "terrorists." For you to find the Defendants guilty of this charge, the United States need only prove that the Defendants knew and intended their material support to be in preparation for or to carry out the killing or attempted killing of officers or employees of the United States.

Authority: Fifth Circuit Pattern Criminal Jury Instructions 2.92A

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 24**

The defendants are charged in Count 2 with violating 18 U.S.C. § 2339A. ~~This law makes it a crime to provide material support or resources, knowing or intending that they are to be used to prepare for, or to carry out, certain other statutory crimes—here, a violation of 18 U.S.C. § 1114, which prohibits the killing and attempted killing of officers or employees of the United States.~~ Title 18, United States Code Section 2339A makes it a crime for anyone to provide material support or resources to terrorists [conceal or disguises the nature, location, source, or ownership of material support or resources], knowing or intending that they are to be used in preparation for [carrying out] a violation of 18 U.S.C. § 1114, conspiracy to kill officers and employees of the United States.

To find each~~the~~ defendant~~s~~, separately and individually, guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*:   the defendant~~s~~ provided material support or resources to terrorists, namely [to persons described in the indictment]; and

*Second*: the defendant~~s~~ did so knowing or intending that the material support or resources were to be used to prepare for, or to carry out, a violation of 18 U.S.C. § 1114, which prohibits the killing or attempted killing of officers or employees of the United States while that person is engaged in or on account of the performance of official duties.

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (one or

more individuals who may be or include oneself), and transportation.  Medicine or religious materials are not included.

[The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge].

[The term "expert advice or assistance means advice or assistance derived from scientific technical or specialized knowledge].

~~The United States does not need to prove that a violation of 18 U.S.C. § 1114 occurred in order to satisfy the elements of this crime.  The United States also does not need to prove that the Defendants' material support to prepare for, or to carry out, a violation of § 1114 was done for the purpose of constituting "terrorism," or that the Defendants were "terrorists."  For you to find the Defendants guilty of this charge, the United States need only prove that the Defendants knew and intended their material support to be in preparation for or to carry out the killing or attempted killing of officers or employees of the United States.~~

Authority: Fifth Circuit Pattern Criminal Jury Instructions 2.92A

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 25**

Defendants Jany Leveille, Siraj Ibn Wahhah, and Lucas Morton are charged in Count 3 with conspiring to murder an officer or employee of the United States, in violation of 18 U.S.C. § 1117.

This law makes it a crime to conspire to kill or attempt to kill any officer of employee of the United States or of any agency in any branch of the United States Government while such officer or employee is engaged in or on account of the performance of official duties.

To find ~~the~~each defendant~~s~~, separately and individually, guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  the defendant~~s~~ entered into a conspiracy;

*Second*:  the object of the conspiracy was to kill or attempt to kill officers and employees of the United States government (here, Federal Bureau of Investigation employees, government officials, and military personnel), on account of—or while such officers and employees were engaged in—the performance of their official duties; and

*Third*:  at least one overt act was committed in furtherance of the conspiracy.

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 26**

The defendants are is charged in Count 4 with a violation of 18 U.S.C. § 371.

This law makes it a crime to conspire to commit an offense against the United States.

To find the each defendants, separately and individually, guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*: the defendants agreed with at least one other person to violate the law, that being 18 U.S.C. § 922(g)(5), possession of a firearm by an alien illegally or unlawfully in the United States. Possession of a firearm by an alien illegally or unlawfully in the United States consists of five elements, which are:

> One: Jany Leveille knowingly possessed a firearm [or ammunition];
>
> Two: Jany Leveille was an alien illegally or unlawfully in the United States, before she possessed the firearm [or ammunition];
>
> Three: Jany Leveille knew she was an alien illegally or unlawfully in the United States at the time he possessed a firearm [or ammunition];
>
> Four: Jany Leveille knew it was illegal to possess a firearm, given her status as an alien illegally or unlawfully in the United States at the time she possessed a firearm [or ammunition]; and
>
> Five: before Jany Leveille possessed the firearm [or ammunition], the firearm [or ammunition] had moved at some time from one state to another [or from a foreign country to the United States].

;

*Second*: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

*Third*: the defendants knew the essential objective of the conspiracy;

*Fourth*: the defendants knowingly and voluntarily participated in the conspiracy; and

*Fifth*:  there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Source: 10th Cir. Crim. Pattern Jury Instr. 2.19 (2021) (CONSPIRACY) (modified); Authority: Tenth Circuit Pattern Criminal Jury Instructions 2.44, 2021 Edition (modified).

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 28**

Defendants Jany Leveille, Hujrah Wahhaj, Subhanah Wahhah, and Lucas Morton are charged in Count 6 with a violation of 18 U.S.C. section 1201(c), conspiracy to commit kidnapping.

In order for you to find ~~the~~each ~~~~defendant~~s~~, separately and individually, guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

*First*: the defendant~~s entered into a conspiracy~~ agreed with at least one other person to violate the law, that being 18 U.S.C. section 1201(c), kidnapping. Kidnapping consists of four elements, which are:

One: the defendant, knowingly acting contrary to law, kidnapped the person described in the indictment by [seizing] [confining] [inveigling] him as charged;

Two: the defendant kidnapped the person for some purpose or benefit;

Three: the defendant willfully transported the person kidnapped; and

Four: the transportation was in interstate [foreign] commerce [the offender traveled in interstate [foreign] commerce or used the mail or any means, facility, or instrumentality of interstate [foreign] commerce in committing or in furtherance of the offense].~~; and~~

*Second*: the object of the conspiracy was to ~~seize, confine, inveigle, decoy, kidnap, abduct, carry away, or hold~~ kidnap John Doe~~, who had not attained the age of 18 years, without his consent, and to transport him in interstate commerce~~.

*Third*: the defendant knew the object of the conspiracy was to kidnap John Doe;

*Fourth*: the defendant knowingly and voluntarily participated in the conspiracy; and

*Fifth*:  there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

"Interstate commerce" means commerce or travel between one state and another state.

The United States must prove that the defendants crossed a state line while intentionally transporting John Doe.

The United States does not have to prove that the defendants knew they were crossing a state line, only that they did.[3]

The government is not required to prove that the defendants kidnapped John Doe for reward or ransom, or for any other purpose.[4]

Kidnapping cannot occur when a parent takes their minor child, even without the consent of the other parent. If you find that Siraj Ibn Wahhaj voluntarily took his child, A.G., from Georgia to New Mexico, then you must find Defendants not guilty. It is the government's burden to prove beyond a reasonable doubt the child was not taken voluntarily by his father, Siraj Ibn Wahhaj.

Source: 10th Cir. Crim. Pattern Jury Instr. 2.19 (CONSPIRACY) (modified); 2.55 (KIDNAPPING) (modified) (2021); 18 U.S.C. § 1201(a) ("Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, *except in the case of a minor by the parent thereof . . . .*") (emphasis added); *United States v. Chatwin*, 326 U.S. 455, 460 (1946) ("The act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or mental restraint for an appreciable period against the person's will and with willful intent so to confine the victim. If the victim is of such an age and mental state as to be incapable of having a recognizable will, the confinement then must be ***against the will of the parents or legal guardian of the victim***.") (emphasis added); *USA v. Malcolm Torres*, 19-cr-03333-WJ, MOO Denying Defendant's Second Motion to Suppress, 7 [Doc. 163] (finding the parental exception to the kidnapping statute is an affirmative defense).

**DEFENDANTS' ALTERNATIVE TO UNITED STATES' INSTRUCTION No. 29**

Defendants Jany Leveille, Hujrah Wahhaj, Subhanah Wahhah, and Lucas Morton are charged in Count 7 with a violation of 18 U.S.C. section 1201(a)(1).

This law makes it a crime to unlawfully kidnap another person and then transport that person in interstate commerce.

To find each defendant, separately and individually, guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant, knowingly acting contrary to law, kidnapped the person described in the indictment by [seizing] [confining] [inveigling] him as charged;

*Second*: the defendant kidnapped the person for some purpose or benefit;

*Third*: the defendant willfully transported the person kidnapped; and

*Fourth*: the transportation was in interstate [foreign] commerce [the offender traveled in interstate [foreign] commerce or used the mail or any means, facility, or instrumentality of interstate [foreign] commerce in committing or in furtherance of the offense].

To "kidnap" a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.

[To "inveigle" a person means to lure, or entice, or lead the person astray by false representations or promises, or other deceitful means.]

In the third element, the term "willfully" means that the defendant acted voluntarily and with the intent to violate the law.

Kidnapping cannot occur when a parent takes their minor child, even without the consent of the other parent. If you find that Siraj Ibn Wahhaj voluntarily took his child, A.G., from Georgia

to New Mexico, then you must find Defendants not guilty. It is the government's burden to prove

beyond a reasonable doubt the child was not taken voluntarily by his father, Siraj Ibn Wahhaj.

Source: 10th Cir. Crim. Pattern Jury Instr. 2.19 (CONSPIRACY) (modified); 2.55 (KIDNAPPING) (modified) (2021); 18 U.S.C. § 1201(a) ("Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, *except in the case of a minor by the parent thereof* . . . .") (emphasis added); *United States v. Chatwin*, 326 U.S. 455, 460 (1946) ("The act of holding a kidnaped person for a proscribed purpose necessarily implies an unlawful physical or mental restraint for an appreciable period against the person's will and with willful intent so to confine the victim. If the victim is of such an age and mental state as to be incapable of having a recognizable will, the confinement then must be ***against the will of the parents or legal guardian of the victim***.") (emphasis added); *USA v. Malcolm Torres*, 19-cr-03333-WJ, MOO Denying Defendant's Second Motion to Suppress, 7 [Doc. 163] (finding the parental exception to the kidnapping statute is an affirmative defense).