IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                No.18-cr-002945-WJ

HUJRAH WAHHAJ,

        Defendant.

## DEFENDANTS' MOTION IN LIMINE TO PREVENT USE OF TERM "COMPOUND"

**COMES NOW** Defendant Hujrah Wahhaj, by and through her legal counsel, Marshall Ray and Donald F. Kochersberger III, and hereby respectfully submits this Motion *In Limine* to prohibit the United States using the term "compound" to describe the Defendants' home in New Mexico. Defendants Subhana Wahhaj, Siraj Ibn Wahhaj, Lucas Morton, and Jany LeVeille join this motion. Defendants expect that the United States will continue to use the "compound" terminology to instill bias in the minds of jurors. The phrase "compound" has no legitimate evidentiary value in this case, is misleading, and carries negative connotations that will tend to confuse and inflame the jury. Under Fed. R. Evid. 401 (regarding relevancy) and Fed. R. Evid. 403 (regarding relevant evidence that is nevertheless subject to exclusion), such language must be excluded.

### ARGUMENT

"Evidence is relevant if . . . (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Federal Rules of Evidence further provide: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. "[T]o be

unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Caraway*, 453 F.3d 1290, 1301 (10th Cir. 2008) (quoting Fed. R. Evid. 403 advisory committee note). "Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter." *United States v. Shirley*, 214 F. Supp. 3d 1124, 1144 (D.N.M. 2016)

The term "compound" is inherently loaded and evocative. It implies militarism and aggression. Yet the Court heard testimony at the *Daubert* hearings that the property was set up according to the principles of Earthship houses. The Defendants had limited resources and were in the process of constructing their Earthship home. They did not construct a "compound", nor did they use their home as such.

During the hearings that the Court has held in this case to date, the United States has favored the term "compound," even though that phrase is not an accurate descriptor of the property. The United States avoids using terms such as, "home," "residence," or "estate." The United States wishes to avoid the use of these more familiar, and less evocative, terms for one's abode. The United States apparently also disputes that Defendants were building an Earthship home, despite ample evidence to the contrary. Even if the United States disputes whether the Defendants were constructing an Earthship home, the Court should not permit the use of the phrase "compound," given the connotations. Jurors hearing the term "compound" will be conditioned to envision confrontation and aggression and will be less cognizant of the fact that the property was the Defendants' home. Jurors facing such a negative term will experience animus regarding terrorism or separatism because groups associated with terrorism and separatism are so often described as inhabiting "compounds." Such animus overrides Defendants' right to a fair trial and runs afoul of Rule 403. "Certain animi, however, may carry such a strong negative character connotation as to

ultimately fail rule 403's balancing test." *United States v. Ballou*, 59 F. Supp. 3d 1038, 1068 n.9 (D.N.M. 2014)

To avoid the unfair prejudice that the use of an undefined but unquestionably negative term such as "compound" will bring about, the Court should require the United States to use a neutral, non-suggestive term to describe the property. "Property", "residence", and "home" are neutral, accurately describe the location, and avoid the problems of bias and confusion that arise with the use of "compound."

WHEREFORE, Defendant Hujrah Wahhaj, joined by the other Defendants, respectfully requests that the Court prohibit the Government from referring to the Defendants' home in Amalia as a "compound" during trial.

Respectfully submitted,

Donald F. Kochersberger III
6801 Jefferson St NW Suite 210
Albuquerque, NM 87109-4390
(505) 848-8581
Donald@BusinessLawSW.com

*/s/ Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com

*Attorneys for Defendant Hujrah Wahhaj*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2023 I filed the foregoing electronically through the CM/ECF system, which caused all parties of record and/or counsel for the parties to be served by

electronic means, as more fully reflected on the Notice of Electronic Filing.

                                           /s/ *Marshall J. Ray*
                                          MARSHALL J. RAY