IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   Case No. 1:18-cr-02945-WJ

JANY LEVEILLE,
SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

    Defendants.

## ORDER ON JOINT MOTION TO COMPEL
## AND FOR ADDITIONAL BRIEFING

THIS MATTER is before the Court on the Joint Motion to Compel the Government to Produce Rule 16 and *Brady-Giglio* Discovery and Discovery Governed by CIPA. (Doc. 702) ("Joint Motion"). The Court will deny the Joint Motion to the extent it seeks discovery of classified information governed by CIPA and will order the parties to file supplemental briefs addressing what further issues raised by the Joint Motion, if any, remain to be decided by the Court.

The Joint Motion was filed March 31, 2023. In the Joint Motion, the Defendants sought to compel three categories of discovery: (1) discovery required by Fed. R. Crim. P. 16 (Doc. 702 at 6-7); (2) disclosures required by *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972) (Doc. 702 at 7-8); and (3) classified materials subject to § 4 of the Classified Information Protection Act ("CIPA") (Doc. 702 at 12-15). The Joint Motion appears to be directed to discovery of classified materials, but also includes language such as "whether determined to be classified or otherwise." (Doc. 702 at 6). The United States filed its Response to the Joint Motion on May 5, 2023. (Doc. 741). Defendants then filed their Replies in support of

1

the Joint Motion on May 26, 2023.  (Doc. 769, 770).  The Response and Replies address issues regarding compelling discovery of classified information, and do not indicate that there are any separate issues relating to Rule 16 or *Brady/Giglio* disclosures.

      The parties submitted a stipulated Order partially resolving the issues raised by the Joint Motion.  That Order was entered by the Court on May 5, 2023.  (Doc. 744).  The stipulated Order provided that the Court would afford Defendants the opportunity for an *ex parte* conference with the Court to make a presentation to the Court as to the reasons why categories of potentially classified evidence may be relevant, material and/or helpful to the defense.  (Doc. 744 at 1).  The *ex parte* § 4 CIPA motion was submitted to the assigned Classified Information Security Officer ("CISO") by the United States on June 15, 2023.  The § 4 CIPA motion was delivered to the Court by the CISO on July 11, 2023.  The Court held the Defendants' requested *ex parte* conference/hearing on July 26, 2023, at which time the Defendants were permitted to present to the Court their reasons why categories of potentially classified evidence may be relevant, material and/or helpful to the defense.  (Doc. 890).

      Following the *ex parte* conference/hearing and consideration of the *ex parte* § 4 CIPA motion, the Court granted the § 4 CIPA motion.  (Doc. 901).  In its Order granting the CIPA motion, the Court ruled that the classified information described in the Government's § 4 CIPA motion is not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, or Rule 16 of the Federal Rules of Criminal Procedure and the classified information described in the Government's § 4 CIPA motion is not helpful to the defense, that is, useful to counter the Government's case or to bolster a defense, as required under *United States v. Muhtorov*, 20 F.4th 558, 629 (10th Cir. 2021).  (Doc. 901 at 2).  For the reasons set forth in the Order granting the CIPA motion, the Court will deny the Defendants' request to compel discovery of the classified

information.

The Court's ruling on the classified information resolves all issues regarding discovery of any materials subject to CIPA § 4 as sought in the Joint Motion. However, it is unclear whether any issue remains regarding discovery sought by the Joint Motion. In its filings, the United States asserts that it has met all Rule 16 and *Brady-Giglio* disclosure obligations in this case. (Doc. 741). The deadline for *Brady-Giglio* disclosures passed on July 31, 2023. (Doc. 529 at 2). Therefore, the Court will direct the Defendants to file a supplemental brief within 7 days after entry of this Order addressing whether any further issues raised by the Joint Motion remain to be resolved. The United States shall file a supplemental brief responding to the Defendants within 7 days after filing of the Defendants' supplemental brief. No further filings will be allowed by the Court.

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE