IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                 No. 1:18-CR-02945-WJ

JANY LEVEILLE, et al.,

        Defendants.

## JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

Defendant Subhanah Wahhaj, through counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Justine Fox-Young, PC, by Justine Fox-Young, joined by Defendants Jany Leveille, Siraj Wahhaj, Hujrah Wahhaj and Lucas Morton, respectfully move this Court pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 24 of the Federal Rules of Criminal Procedure, to grant each defendant three (3) additional peremptory challenges, to be exercised separately and in addition to the ten (10) joint challenges permitted to the defendants at trial. The government opposes this motion. In support of this motion, Defendants state as follows:

The Sixth Amendment requirement that a defendant be afforded a fair trial by an impartial jury is "fundamental to the American system of justice." *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). The United States Supreme Court has recognized that the primary purpose of peremptory challenges is to help "secure the constitutional guarantee of trial by an impartial jury." *United States v. Martinez-Salazar*, 528 U.S. 304, 316 (2000). Although peremptory challenges are not constitutionally mandated, they have been described as auxiliary to the Sixth Amendment right to an impartial jury. *United States v. Delgado*, 350 F.3d 520, 524 (6th Cir. 2003). The right to peremptory challenges in federal criminal trials is secured and governed by Rule 24 of the Federal Rules of Criminal Procedure. 350 F.3d at 524.

1

Rule 24(b)(2) of the Federal Rules of Criminal Procedure provides that, when the government does not seek the death penalty, the defense shall have ten (10) peremptory challenges to split among all defendants. The Rule authorizes: "The court may allow additional peremptory challenges to multiple defendants and may allow the defendants to exercise those challenges separately or jointly." The Rule "expressly authorizes the court to grant additional peremptory challenges only in multi-defendant cases, and only to the defendants." *United States v. Johnson*, 362 F. Supp. 2d 1043, 1071 (N.D. Iowa 2005). Whether to grant additional challenges is within the judge's discretion. *United States v. Hueftle*, 687 F.2d 1305, 1309 (10th Cir. 1982). Each defendant is requesting three (3) additional peremptory challenges, to be exercised separately, above what is provided by Rule 24, due to the complexity of the case, the number of defendants, the marked variation in the quality and quantity of the evidence against them, and the substantial pretrial publicity and prejudice against the Defendants that this case has generated in the community.

The publicity in this case has been overwhelming both in its scope and potential prejudice. The case has been covered extensively by national and local media from the beginning of the case in 2018 through the present. The Eighth Circuit Court of Appeals has recognized that increasing the number of peremptory challenges is an appropriate means for the trial court to counteract pretrial publicity. *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001). *See also United States v. Bentley*, 503 F.2d 957 (5th Ci. 1974); *United States v. LePera*, 443 F.2d 810, 812 (9th Cir.), cert. denied, 404 U.S. 958 (1971). Based on *Blom* and other cases, the federal district court in *United States v. Johnson*, 362 F. Supp. 2d 1043, 1071 (N.D. Iowa, 2005), held that it is within the trial court's discretion to increase the number of peremptory challenges in a single-defendant case

above that provided in Rule 24, although it declined to do so in that case. This, of course, is a multi-defendant case.

The defendants further request that the number of the government's peremptory challenges remain at 6, as provided by Rule 24. Indeed, the Advisory Committee Notes to the 2002 Amendment to Rule 24 state: "The court. . . is not required to equalize the number of challenges where additional challenges are granted to the defendant." In *United States v. Bruno*, 873 F.2d 555 (2nd Cir. 1989), the Second Circuit recognized that Rule 24 goes not grant a court the discretion to increase the number of the government's peremptory challenges. The Second Circuit held: "Although this Rule accords the court discretion in awarding additional challenges to defendants in multi-defendant cases, it does not provide authority to grant any additional challenges to the government unless the defense consents." 873 F.2d at 561. (citing *United States v. Haldeman*, 181 U.S. App. D.C. 254, 559 F.2d 31, 79-80 (D.C. Cir. 1976) cert. denied, 431 U.S. 933 (1977) and *United States v. Gleason*, 616 F.2d 2, 29 (2nd Cir. 1979), cert. denied, 445 U.S. 931 (1980). Likewise, the Eighth Circuit has countenanced granting additional peremptory challenges to the defense, while keeping the government's peremptory challenges to the number provided in Rule 24, in an effort to counteract prejudicial publicity suffered by the defense.

In *United States v. Means*, 409 F.Supp. 115 (D.N.D. 1976), the District Court of North Dakota found extreme prejudice to exist against the defendants. As this was a felony case, Rule 24 provided ten (10) peremptory challenges to the defense and six (6) peremptory challenges to the government. In order to assure the defendants received a fair trial, the district court ordered that the defendants would receive eighteen (18) peremptory challenges and the government's peremptory challenges would remain at six (6). 409 F.Supp. at 118. Also, in *United States v. Harvey*, 756 F.2d 636 (8th Cir. 1985), the Eighth Circuit noted that the district court, as an added

safeguard against prejudicial pretrial publicity, granted the defendants ten (10) additional peremptory challenges for a total of twenty (20). 756 F.2d 641. *See also United States v. Blanton*, 719 F.2d 815, 828 (6thCir. 1983) (due to pretrial publicity, the district court, over the government's objection, granted an additional 20 challenges to the defendants). In *United States v. Reulet*, No. 14-40005-DDC, 2016 U.S. Dist. LEXIS 3026, at *24 (D. Kan. Jan. 11, 2016), the Court granted the defendants thirteen (13) peremptory challenges— ten (10)to exercise jointly and one (1) additional challenge for each defendant, which the defendants could exercise jointly or individually.

It is the defendants who have suffered from the negative pretrial publicity in this case, not the government. And it is the defendants who will incur a substantial risk of prejudice from being tried in a multi-defendant case. The national and local media covered the case extensively with headlines often describing the case as the "compound" case, due to the use of that word by the government in the indictment. A google search of the term "Taos Compound Case" results in dozens of hits with coverage from 2018 through as recently as July 11. Accordingly, the defendants should be allowed a greater number of peremptory challenges to ameliorate, to some degree, the negative pretrial publicity and the risk of prejudice arising from the multi-defendant trial.

Additional peremptory challenges for each defendant are appropriate due to the differences in the weight and quality of evidence against each, their differing culpability, the differences in charges against each, and differing defenses. For instance, Defendant Siraj Wahhaj is not charged with kidnapping, but the other Defendants are. Defendants Hujrah and Subhanah Wahhaj are not charged with conspiring to kill an officer of the United States, but the remaining three defendants are charged. Ms. Leveille has noticed the defense of insanity, whereas the other Defendants have not. The roles each Defendant played in the varying conspiracies also vary substantially. Thus,

4

rather than allowing Defendants extra peremptory challenges to be exercised jointly, the Court should grant each Defendant additional peremptory challenges.

WHEREFORE, for the reasons stated above, the defendants request that this Court grant each of them three (3) additional peremptory challenges, to be exercised individually, and in addition to the ten (10) joint peremptory challenges they are already afforded pursuant to Rule 24(b)(2), while keeping the number of the government's peremptory challenges to six (6), the number provided in the Rule.

Respectfully submitted,
THE LAW OFFICE OF RYAN J. VILLA

*/s/ Ryan J. Villa*
Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

and

*/s/ Justine Fox-Young*
Justine Fox-Young
Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/*Ryan J. Villa*
RYAN J. VILLA