IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-2945 WJ |
| | ) | |
| **JANY LEVEILLE et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION IN LIMINE TO PREVENT USE OF TERM "COMPOUND"**

NOW COMES the United States and files this its Response in Opposition to Defendants'

Motion in Limine to Prevent Use of the Term "Compound" (Doc. 899) (hereinafter "the

Motion").   For the reasons set forth below, the Motion is without merit and should be denied.

## I.   BACKGROUND

Defendants seek an order prohibiting the United States from using the term "compound"

in reference to the property in Amalia on which Defendants resided and engaged in other

activities between approximately December 2017 to August 2018.   Defendants argue that use of

this term should be prohibited because it "has no legitimate evidentiary value in this case, is

misleading, and carries negative connotations that will tend to confuse and inflame the jury."

The Motion (Doc. 899) at 1.   Specifically, Defendants assert that "the term 'compound' is

inherently loaded and evocative" and "implies militarism and aggression."   The Motion (Doc.

899) at 2.   Defendants take the position that "[j]urors hearing the term 'compound' will be

conditioned to envision confrontation and aggression and will be less cognizant of the fact that

the property was the Defendants' home."   The Motion (Doc. 899) at 2.   Defendants recommend

use of the terms "property," "residence," or "home" in place of the term "compound."   The

Motion (Doc. 899) at 2.

The Motion is without merit.

## II.      ARGUMENTS AND AUTHORITIES

### A.   The Term "Compound" Is Relevant

All evidence that is relevant is admissible, and any evidence that is not relevant is not

admissible. *See* Fed. R. Evid. 402.   The standard for relevance is very liberal.   *See United*

*States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006)("Rule 401 is a liberal standard.")(citing

*United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998)).   The evidence need have only

"any tendency to make the existence of any fact that is of consequence to the determination of

the action more probable or less probable than it would be without the evidence."   Fed. R. Evid.

401.   *See United States v. Leonard*, 439 F.3d at 651.   "[A] fact is 'of consequence' when its

existence would provide the fact-finder with a basis for making some inference, or chain of

inferences, about an issue that is necessary to a verdict," but it need only to have "any tendency"

to do so.   *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007).   *See United States v.*

*Leonard*, 439 F.3d at 651.   Ultimately, the trial judge is the gatekeeper under the Rules of

Evidence.   *United States v. Jordan*, 485 F.3d at 1218.

The Government alleged in the superseding indictment, and expects the evidence at trial

will show, that Defendants constructed a compound, not merely a property, residence, or home.

For this reason alone, use of the term compound is of consequence and therefore relevant to the

charged conduct.   Moreover, the fact that Defendants constructed a compound, as described in

the superseding indictment, is of consequence to a finder of fact because it is probative of

Defendants' intent to reside in and engage in the conduct alleged in the superseding indictment; this alleged conduct included both holding a kidnapping victim and conducting firearms and military tactics training.   The fact that the location of their residence was more than a mere property, residence, or home, but was rather a compound, is further probative of Defendants' intent to engage in the alleged conduct and therefore of consequence to a trier of fact and, under the applicable liberal standard, relevant.

### B.  The Term "Compound" is Not Unduly Prejudicial.

Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter.  *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999).   Evidence is not unfairly prejudicial merely because it damages a party's case.  *See United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008); *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003); *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991).   Rather, "[t]o be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' "  *United States v. Caraway*, 534 F.3d at 1301 (quoting Fed. R. Evid. 403 advisory committee note).   "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L.Ed.2d 574 (1997)(Souter, J.).

The term compound is not prejudicial, let alone unduly prejudicial.   Merriam-Webster's online dictionary provides several definitions for "compound."   The one most relevant here

defines compound as "a fenced or walled-in area containing a group of buildings and especially

residences."   Merriam-Websters, https://www.merriamwebster.com/dictionary/compound.   As

examples, Merriam-Websters offers only "a prison compound" and "an embassy compound."

*Id.*   Contrary to Defendants' assertion, the word compound has no connotation necessarily

associating it with terrorism, separatism, militarism, or aggression.   The word is neutral and

anodyne and has no more suggestive connotation than the word property, residence, or home.   It

is unlikely to evoke an emotional response and certainly no more than would description of the

property's component parts, including the firearms and tactical training area and system of

underground tunnels, caves, and "spider holes."

Defendants point to no cases or real-world examples that necessarily link the term

compound with terrorists, separatists, the military, or aggression.   Granted, anyone, including

terrorists and separatists, can establish compounds, and such compounds will almost always

include a descriptor: a military compound, a terrorist compound, a separatist compound, a KKK

compound, an Al Qaeda compound, etc.   The term compound by itself, however, has no

negative or, for that matter, positive connotation—it merely means a grouping of buildings.   The

term is blandly descriptive and in a typical juror's mind is likely to conjure up thoughts of the

Kennedy Compound at Hyannis Port Massachusetts, or perhaps the Compound Restaurant in

Santa Fe, or perhaps a generic "family compound," rather than a fort, a military training base, or

a terrorist camp.   Prejudice is stretched beyond reason by Defendants' assertion that naked use

of the term compound could "lure the factfinder into declaring guilt on a ground different from

proof specific to the offense charged."   *Old Chief*, 519 U.S. at 180.

### C.  Use of Term "Property, Residence, or Home" Is Misleading

Even if the term compound has negative associations, it nonetheless is not unduly prejudicial for the reason that it properly and accurately describes the property in question. Defendants' recommended substitutes for the term compound do not properly and accurately describe the property.   The property was not merely a property, residence, or home, as Defendants imply, but also encompassed a firearms and military tactics training area and a system of underground tunnels, caves, and "spider holes."   In this sense the property in question was literally a compound in that it was comprised of a number of structures, including at least two residences (the trailer and the box truck), as well as facilities designated for uses not ordinarily associated with a residence or home.   Far from properly informing the jury, use of the terms property, residence, or home would mislead and confuse the jury by suggesting that the property in question did not include a firearms and military tactics training area and a system of underground tunnels, caves, and "spider holes."   The United States alleged in the superseding indictment that the property comprised a compound because that is exactly what the facts establish it to be.   Use of this term does not prejudice Defendants in any way, and use of Defendants' recommended substitutes is misleading.

### III.    CONCLUSION

In sum, the term compound is a straightforward, plainly descriptive, non-pejorative, and accurate way to describe Defendants' multi-use property.   Defendants' complaint of unfair prejudice is without merit, and the Motion should therefore be denied.

ALEXANDER M. M. UBALLEZ
United States Attorney


*/s/ Electronically Signed*
KIMBERLY A. BRAWLEY
TAVO HALL
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

GEORGE C. KRAEHE
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC   20530

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon defense counsel. A hard copy will be mailed to Defendants Siraj Wahhaj and Lucas Morton at their addresses of record.


*Electronically Signed*
Kimberly A. Brawley
Assistant United States Attorney