IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-CR-2945 WJ |
| ) | |
| JANY LEVEILLE, ) | |
| SIRAJ WAHHAJ, ) | |
| SUBHANAH WAHHAJ, ) | |
| HUJRAH WAHHAJ, and ) | |
| LUCAS MORTON, ) | |
| | |
| Defendants. | |

**UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES**

The United States of America respectfully provides this response to the Defendants' Joint Motion for Additional Peremptory Challenges, Doc. 907. The Defendants seek three additional peremptory challenges each (giving them a total of 22 peremptory challenges)[1] while restricting the United States to the six (6) provided by rule. The United States opposes any additional peremptory strikes being granted to the Defendants, as tilting the jury selection process beyond what is establsed by rule is not necessary or justified by any of the boilerplate reasons articulated by the Defendants.

**LAW AND ARGUMENT**

---

[1] The Defendants' joint motion actually asks for a total of 15 additional peremptory challenges because it was filed before Defendant Jany Leveille pleaded guilty and there were five Defendants. Because Jany Leveille is no longer proceeding to trial, the United States treats the Defendants' joint motion as seeking three additional peremptory challenges for the remaining four Defendants, for a total of 12 additional challenges.

1

As an initial matter, the United States acknowledges that Federal Rule of Criminal Procedure 24 provides that a court "may allow" additional peremptory challenges in multi-defendant cases. Fed. R. Crim. Pro. 24(b). This comports with courts' long-established interpretation of Rule 24 as allowing a district court the discretion to provide additional peremptory strikes even in a single-defendant case when deemed necessary to ensure the empanelment of an impartial jury. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 137 n.8, (1994); *United States v. Hueftle*, 687 F.2d 1305, 1309 (10th Cir. 1982).

In accordance with the permissive language of Rule 24, in the Tenth Circuit the "law is settled that multiple defendants have no right to more peremptory challenges than given them by Fed. R. Crim. P. 24(b)." *United States v. Butler*, 2000 U.S. Dist. LEXIS 946 at *10 (D. Kan. Jan. 21, 2000) (citing *United States v. Espinosa*, 771 F.2d 1382, 1406 (10th Cir. 1985)). The Tenth Circuit has explained that "[m]ultiple defendants have no right to more peremptory challenges than given them by the rule, even when they disagree on how to exercise them, as long as they are given trial by an impartial jury." *Hueftle*, 687 F.2d at 1309 (upholding denial of additional peremptory strikes even where fifteen defendants had to share only three peremptory strikes); *see also Espinosa*, 771 F.2d at 1406.

Moreover, as demonstrated by the Defendants' own cited cases (none of which come from the Tenth Circuit), the actual provision of additional challenges, especially to only one side and not to both, is rare and appears to be granted only in the most egregious of cases involving extreme pretrial publicity or publicity that was created or enflamed by the government's own actions. *See, e.g.*, *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001) (referencing an increase in peremptory strikes given to *both* sides in a case involving "extensive" media

2

coverage of kidnapping and murder); *United States v. Bruno*, 873 F.2d 555, (2d Cir. 1989) (finding harmless any error in district court's granting of an additional peremptory challenge to the government after giving one additional challenge to each of the four defendants); *United States v. Blanton*, 719 F.2d 815, (6th Cir. 1983) (approving district court's sensitivity to "massive adverse media publicity" in prosecution of former Governor of Tennessee, including court's granting of additional peremptory strikes to defendants); *United States v. Haldeman*, 559 F.2d 31, 79 (D.C. Cir. 1976) (granting only one extra peremptory challenge for each of five defendants, rather than the requested three each, in extraordinary and internationally publicized Watergate scandal case); *United States v. LePera*, 443 F.2d 810, 812 (9th Cir. 1971) (upholding district court's denial of defendant's request for an additional peremptory challenge sought to exclude a juror who was married to a police officer); *United States v. Means*, 409 F. Supp. 115, 117 (D.N.D. 1976) (finding community from which venire would be pulled had "substantial racial prejudice" against "Indian people" generally, and "extreme prejudice" against defendant, who was an internationally known activist and leader of the American Indian Movement (AIM), before granting additional peremptory strikes to the defense).

Nothing like these examples resembles the case here. Unlike in the cases cited in the Defense motion, the Defendants in this case are not internationally known leaders of a controversial civil-rights organization being tried in a hostile local community; they are not former governors of this or any other state, and they are not national political operatives in a scandal involving the President of the United States. The events underlying the charges here took place over five years ago, as did the vast majority of any media coverage. Although there are four defendants, this case is not extraordinary compared to other criminal cases handled in

the District of New Mexico, let alone across the country. To the extent that there is any continuing or recent press coverage of the case, it is almost entirely local, and consists of short reports on the status of proceedings. While the charges are serious, so are myriad other prosecutions in this District, all of which are routinely handled without need for additional peremptory strikes.

For example, in the recent highly complex and much more locally publicized "SNM" trials, the defense also sought three additional peremptory strikes per defendant in a verbatim recitation of the same reasons as the Defense has provided in this case. *See United States v. DeLeon, et al.*, Case No. 2:15-cr-4268-JB, ECF No. 1449 at 2 (D.N.M. Nov. 17, 2017) (seeking three additional challenges due to "the complexity of the case, the number of defendants, the marked variation in the quality and quantity of the evidence against them, and the substantial pretrial publicity and prejudice against the Defendants that this case has generated in the community"). In that case, Judge Browning denied the defendants' request without even requiring a response from the United States. *See United States v. DeLeon*, 428 F. Supp. 3d 841, 890 (D.N.M. 2019); *id.*, ECF. No. 1545 (transcript of 11/27/17 motions hearing) at 112.

Similarly, the Tenth Circuit has regularly upheld denials of defendants' requests for additional or irregular use of peremptory challenges for various reasons, including to counteract claimed prejudice from pretrial publicity and including peremptory challenge allotments even more restrictive than the 10 strikes alloted to the Defendants here. *See, e.g.*, *Hueftle*, 687 F.2d at 1309 (upholding denial of additional peremptory strikes even where fifteen defendants had to share only three peremptory strikes); *United States v. Freeman*, 70 F.4th 1265, 1286 (10th Cir. 2023) (upholding district court's refusal to allow defendant to use standard peremptory

4

challenges to strike alternate jurors); *United States v. Espinosa*, 771 F.2d 1382, 1406 (10th Cir. 1985) (upholding district court's refusal to grant 10 defendants more than their shared 10 peremptory challenges under Rule 24—despite defendants' pretrial publicity concerns—because "when several defendants are indicted and tried together, they have a right to no more challenges than a single defendant"); *United States v. Williams*, 463 F.2d 393, 395 (10th Cir. 1972) (upholding denial of two defendants' requests for additional peremptory challenges when they could not agree on how to use their alloted ten); *United States v. Stidham*, 459 F.2d 297, 299 (10th Cir. 1972) (upholding district court's requirement that co-defendants share only their ten peremptory challenges alloted by rule) (citations omitted); *United States v. Gleeson*, 411 F.2d 1091, 1095 (10th Cir. 1969) (finding no error in allowing 11 peremptory srtikes to be shared by four defendants); *United States v. Burger*, 773 F. Supp. 1430, 1439 (D. Kan. 1991) (denying motion for additional peremptory strikes in seven-defendant case, stating "[a]s long as defendants receive a fair trial by an impartial jury, the number of peremptory challenges is not subject to attack") (citations omitted).

     Here, like in many of the cases cited above, the Defendants offer only vague or speculative reasons for their request for twelve additional peremptory challenges.   Doc. 907 at 2.   The Defendants merely state that there was news coverage of the Defendants' initial arrests by the State of New Mexico, followed by diminishing reports of the federal proceedings as they have progressed.   There is no evidence at this point that pretrial publicity from five years ago has unfairly prejudiced the Defendants or seriously affected any of the potential jurors' ability to be impartial.   And there is certainaly no evidence that such a large number of potential jurors have been so prejudiced by past publicity that additional peremptory strikes would be called for.

Indeed, knowing about or having read about the Defendants' case is not sufficient grounds for excusing a juror as partial. *Hueftle*, 687 F.3d at 1309 (citing *United States v. Lamb*, 575 F.2d 1310, 1315 (10th Cir. 1978). As such, there is no legitimate basis for the Defendants to be armed with such an inflated and unbalanced arsenal of peremptory strikes so that they may attempt to rid the jury of anyone who has ever merely heard of their case.

The Court has already taken the extraordinary steps of summoning 200 potential jurors from across the entire District and of sending a lengthy and detailed special jury questionnaire. The Defendants' claims that they nonetheless should be given nearly four times as many peremptory strikes as the United States rests on unfounded speculation that, despite the additional measures already taken by the Court, the Defendants will be subject to an unfair and prejudiced jury simply because it is possible that potential jurors may have some familiarity with this case and the Defendants may not be able to peremptorily strike them all. The law is clear that the Defendants have no right to such one-sided control over the makeup of the jury— especially in light of the current lack of evidence of any prejudice to the Defendants in the makeup of the enlarged jury pool with respect to pretrial publicity. As such, the Court should deny the Defendants' motion.

Finally, granting the Defendants' request for three additional peremptory strikes each would create an unfair and imbalanced jury selection process between the two sides. The United States is entitled to a procedurally fair trial just like any other litigant. As noted above, the basis for the Defendants' request here stems primarily from their hyperbolic description of media coverage in this case (largely concentrated to a few weeks' time five years ago). Yet, even in cases with much more (and much more recent) media attention, courts have been wary to

grant additional challenges at all, and if they do, they do so in a limited fashion out of concern for the imbalance between parties' ability to strike potential jurors.  *See Haldeman*, 559 F.2d at 79 (granting only one extra peremptory challenge for each of five defendants, rather than the requested three each, because court was wary of the "imbalance it would create between prosecution and defense" even in the extremely publicized charges related to the Watergate scandal); *United States v. Hasan*, 747 F. Supp. 2d 642, 699 (E.D. Va. 2010) (granting additional peremtory challenges to both defense *and* United States due to "unique nature" of five-defendant case involving shooting at Navy vessel in Norfolk, Virginia); *United States v. Hayes*, 2010 U.S. Dist. LEXIS 67446 at *57 (M.D. Penn. July 7, 2010) (denying defense motion for additional peremptory strikes to counteract excessive pretrial publicity in part because "the Government would be unfairly disadvantaged at trial," and stating "[p]eremptory challenges are not the appropriate remedy for pretrial publicity").

As noted in the *Blom* case cited by the Defendants, an increase in additional peremptory challenges, if needed in light of pretrial publicity, should be fair to both sides.  *See* 242 F.3d at 804 (granting additional strikes to both sides).  *See also Hayes*, 2010 U.S. Dist. LEXIS 67446 at *57 (stating an increase in defense peremptory challenges would force to court to "proportionally increase the Government's number of peremptory challenges . . . to compensate for this tactical disadvantage").  Notwithstanding dicta from the Second Circuit implying the United States should not be given additional peremptory strikes even where the defense is, the practice in this District—in the rare event additional challenges are granted—is to only further the imbalance in strikes when the United States was at fault for creating the pretrial publicity that was prejudicial to the defendants.  *See United States v. McClusky*, Case No. 1:10-cr-02734-JCH, ECF No. 1148

at 2 (D.N.M. Aug. 8, 2013) (granting defense motion for additional peremptory challenges to defense but not prosecution because of the prosecution's multiple press releases and press conference describing facts predjudicial to the defendant).

Here, the United States had no role in creating pretrial publicity five years ago when the Defendants were arrested on state charges.  It did not conduct a press conference related to the Defendants' federal arrests or charges.  In fact, of the more recent press coverage of this case, it is the Defendants, not the United States, who have sought or caused pretrial publicity.  *See* "Defendant in Taos Compound Case Shares Story in Written Testimony," https://www.kob.com/new-mexico/defendant-in-taos-compound-case-shares-story-in-written-testimony/, (Jan. 26, 2023) (describing unauthorized pro se "declaration statements" filed on the record by Defendants Hujrah and Subhanah Wahhaj).  This publicity is, and was intended to be, prejudicial to the United States and its prosecution of this case.

Thus, even if this Court were inclined to increase the number of peremptory strikes for the defense, it should do so in equal proportion for the United States.  Not only was the five-year-old press coverage of the Defendants' arrests not at the behest of the United States, but the Defendants have sought and contributed to recent press coverage intended to benefit themselves and prejudice the United States, and they cannot claim to be victims of prejudicial pretrial publicity in the recent lead up to trial.

## CONCLUSION

The United States requests that this Court deny the Defendants' requests for additional peremptory strikes outright.  However, if the Court believes additional challenges may be warranted, the Court should limit the number far below the Defendants' requested 22 total

peremptory strikes, and the Court should grant the United States additional challenges equal to any additional challenges given to the Defendants.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/S/ Electronically filed*
KIMBERLY A. BRAWLEY and
TAVO HALL
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

GEORGE C. KRAEHE
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to defense counsel, and separate copies have been mailed to Defendants Siraj Wahhaj and Lucas Morton.
*/S/ Electronically filed*
TAVO HALL
Assistant United States Attorney