**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        **Plaintiff,**

vs.                                                                              No. 1:18-CR-02945-WJ

JANY LEVEILLE, et al.,

        **Defendants.**

## REPLY IN SUPPORT OF JOINT MOTION FOR ADDITIONAL PEREMPTORY STRIKES

Defendant Subhanah Wahhaj, through counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Justine Fox-Young, PC, by Justine Fox-Young, submits this reply in support of her Motion [Doc. 907].

### ARGUMENT

"[T]he obligation to impanel an impartial jury lies in the first instance with the trial judge." *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). As a result, "federal judges have been accorded ample discretion in determining how best to conduct the voir dire." *Id.* "One component of voir dire is the ability of the government and the defense to exercise peremptory challenges to potential jurors." *United States v. Bailey*, 2021 WL 3709712 at *1 (D.C. Cir. August 20, 2021) (granting one additional peremptory challenge for each defendant and noting that this was fair and reasonable given the charges in the indictment). *See also United States v. Mitchell*, 384 F. Supp. 564, 565-66 (D.D.C. 1974).

The Court should grant the Motion because there has been extensive and ongoing pretrial publicity as recently as this year, the case involves extraordinary allegations of terrorism and kidnapping, involves the death of a young child, and the defendants are black and Muslim. Defendants submit there is ample evidence and compelling reasons to grant the Motion at this

time. If, however, the Court does not grant the Motion now, at minimum, it should reserve ruling until the Special Jury Questionnaires are returned and the parties have had an opportunity to conduct voir dire, as this will reveal the extent to which the pretrial publicity, nature of the charges, and Defendant's race and religion may affect potential jurors.

The government urges the Court not to exercise its discretion to allow the defense additional peremptory challenges because this case does not involve internationally known allegations and because the recent pretrial publicity has not been as extensive as the initial publicity. On the contrary, there is regular and extensive press coverage regarding the case. For instance, a recent Associated Press story from February 24, 2023, stated in part:

> The five defendants were arrested in August 2018 as state agents searched for a sickly 3-year-old who had been reported missing by his mother in Georgia. Sheriff's deputies and state agents initially found 11 hungry children and a small arsenal of ammunition and guns on a remote compound in Taos County, New Mexico. After days of searching, the deputies and agents recovered the decomposed remains of the 3-year-old in an underground tunnel.

> Authorities have said the deceased child, Abdul-Ghani Wahhaj, suffered from untreated disabilities as father Siraj Ibn Wahhaj and Leveille performed daily prayer rituals over him — even as he cried and foamed at the mouth. Authorities also said Leveille believed medication suppressed the group's Muslim beliefs.

*See* AP, "Trial looms in case of boy's death at remote, armed compound," by Morgan Lee, available at: https://apnews.com/article/legal-proceedings-crime-albuquerque-terrorism-law-enforcement-33d25eb79cb4008f956b4bb4bd7c6981. This type of article, and the detailed and sensational description it gives of the case, is similar to dozens if not hundreds of articles published about this case since August 2018.

Moreover, terrorism has been in the news and a hot button issue since the 9/11 attacks. This is a subject that venire members are much more likely to remember than other types of crimes. What is more, the charges involve the death of a young child. This is not like the recent trial before

Judge Browning involving the Sindicato Nuevo Mexico prison gang to which the government points in its Response in which Judge Browning denied a similar request. The SNM case did not involve allegations of terrorism by those purporting to be Muslim, the same as the 9/11 attackers. While SNM was prominently in the news during the prosecution, this was not on the heels of the 9/11 attack and the 20 plus year war that ensued in Afghanistan as a result. Further, the SNM case involved murders of adults, primarily other prison inmates who were incarcerated at the time of their death, and there were no allegations of kidnapping or charges involving the death of any children. If any case in this district requires this Court to permit additional peremptory strikes, it is this case.

The government further claims that Defendants have not made a showing of prejudice related to the news media coverage or the nature of the charges. Defendants submit that the nature of the charges and the widespread press coverage is sufficient. Indeed, if the Court simply does a Google search of "Taos terrorism" dozens if not over a hundred of news stories from every national and local news media outlet can be found. While the Rule does not require a specific showing of prejudice to grant additional strikes, if the Court believes more information is necessary, it should await the Special Jury Questionnaires which ask specific questions about whether jurors have seen news media on the case and how they may react to a case involving terrorism by Muslims as well as charges involving a dead child. This and jurors' answers to the voir dire questions will assist the Court in determining the extent of the prejudice.

**CONCLUSION**

For the reasons set forth the Motion and this Reply, Defendants respectfully request that the Court grant their Motion to permit each Defendant additional peremptory strikes.

Respectfully submitted,

/s/ *Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*
Justine Fox-Young
Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/*Ryan J. Villa*
RYAN J. VILLA