# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                               No.18-cr-002945-WJ

HUJRAH WAHHAJ,

        Defendant.

## DEFENDANTS' SURREPLY TO THE UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE DEFENSE ARGUMENTS AND EVIDENCE

**COMES NOW** Defendant Hujrah Wahhaj, by and through her legal counsel, Marshall Ray and Donald F. Kochersberger III, and hereby respectfully submits this Surreply to the United States' Motion *In Limine*, pursuant to the Court's order granting leave to submit a surreply to address caselaw cited by the United States in support of its position regarding potential defenses to kidnapping.  Defendants Subhanah Wahhaj, Siraj Ibn Wahhaj, and Lucas Morton, join this Surreply.  Defendants state that the authorities cited by the United States are inapposite and do not compel the exclusion the anticipated defenses to kidnapping.

    **I.**     **THE AUTHORITIES CITED BY THE UNITED STATES STAND MERELY FOR THE PROPOSITION THAT ONLY PARENTS ARE STATUTORILY IMMUNE FROM FEDERAL KIDNAPPING CHARGES, BUT DO NOT ADDRESS THE DEFENSES RAISED IN THIS CASE.**

The United States contends that it must prove merely that the Defendants charged with kidnapping intended to physically take AG to be liable for kidnapping.  As a corollary, the United States argues that any defense regarding Defendants' knowledge of the lawfulness or unlawfulness of A.G.'s transportation to New Mexico is irrelevant and inadmissible.  Defendants have addressed this argument in their response brief, but submit this Surreply to deal with the case law presented in the United States' reply brief related to

the scope of federal kidnapping charges. Defendants will discuss each case, in turn.

**A. United States v. Sheek.**

The United States presents *United States v. Sheek* to support the notion that, "where a biological mother conspired with child's step-father to kidnap her children, the step-father could be prosecuted for kidnapping even though mother could not." Reply (Doc. 943) at 6 n.2). In *Sheek*, the evidence established that defendant Grace Ann Sheek was subject to a court order terminating her parental rights with respect to her two biological children. *See United States v. Sheek*, 990 F.2d 150, 151 (4th Cir. 1993) ("In November of 1989, a South Carolina family court issued an Order wherein the parental rights of the Defendant were permanently terminated."). While the children were in the legal custody of the South Carolina Department of Social Services and residing with a licensed foster family, Ms. Sheek, along with two accomplices, forcibly removed the children from the foster home at gunpoint. *See id*. at 151.

Analyzing the legislative history of the federal kidnapping statute—i.e., the so called Lindbergh Act, the United States Court of Appeals for the Fourth Circuit affirmed dismissal of the indictment against Ms. Sheek on the grounds that, as the biological mother, she was statutorily exempt from prosecution. *See id*. at 153. This proposition is not in dispute and is not relevant to the arguments raised in the Omnibus Motion *in Limine* and subsequent briefing. The Omnibus motion seeks to prevent Defendants in this case from putting on evidence regarding their knowledge of the custodial status of A.G.

Notably, this case does not involve a situation similar to *Sheek*, in which a lawful order terminating parental rights was in place and non-parental co-defendants were assisting the parent subject to the termination of parental rights to forcibly remove a child from the custody of a state social services agency. Rather, the United States' evidence in

this case is that Siraj Ibn Wahhaj was not only the biological parent, but also there was no custody order or parenting plan curtailing Mr. Wahhaj' parental rights with respect to A.G., and A.G. was not forcibly taken from anyone … ever. Indeed, it is not alleged that the co-defendants were even present when A.G. was originally picked up from his mother's home. It is a tremendous leap from analysis related forceful, gun-supported kidnapping of children facilitated by a biological parent whose custodial rights were legally terminated, to the current situation. *Sheek* therefore does not support the United States' argument regarding exclusion of defenses and evidence supported those defenses.

### B. Miller v. United States.

The United States offers *Miller* because, according to the government, the decision "strictly constru[es the] parental exception to uphold [the] federal kidnapping conviction of step-father who conspired with child's mother to kidnap mother's child." Doc. 943 at 7 n.2. An early Linderbergh Act case, *Miller* addresses the parental exception in the context of the kidnapping of a married, emancipated individual. The defendant in Miller married the victim's biological mother when the victim was an infant. The victim's biological father was not involved in her life. The victim was raised from the age of 22 months by her grandfather until she married at age 15. According to the indictment in *Miller*, the defendant, who did not arguably qualify as a stepfather in the court's estimation, conspired with the victim's mother to deceive the victim into traveling to the defendant's and mother's home. When she arrived, the defendant and the mother then enslaved her and held her against her will for over a year. *See Miller v. United States*, 123 F.2d 715, 716 (8th Cir. 1941), supplemented, 124 F.2d 849 (8th Cir. 1942), and supplemented, 126 F.2d 462 (8th Cir. 1942), and rev'd, 317 U.S. 192, 63 S. Ct. 187, 87 L. Ed. 179 (1942) ("The indictment charges that the appellant and his wife Artilla Miller, on or about August 28, 1939, lured,

3

decoyed, kidnapped and inveigled one Dorothy Garner from a point in Arkansas to a point in the State of Texas for the purpose of holding her involuntary servitude and to make her work in their behalf, and that they held her in such captivity and servitude by force of threats and beating until February 28, 1940.").

The court in *Miller* found that the defendant was not entitled to a jury instruction regarding the victim's age (i.e., whether she was a minor or not) because, regardless, he was not a parent, did not enjoy any status in loco parentis, and therefore was not entitled to the parental exception to the federal kidnapping statute. *See id*. at 718. Under the circumstances, defendant did not qualify as a "parent." *See id*.

It is therefore a leap for the United States to argue that Miller "strictly construes" the kidnapping statute or that it has any bearing on this case. The more pertinent questions in this case are, (i) whether any legal impediment existed preventing Siraj Ibn Wahhaj from bringing his son, A.G., to New Mexico in December 2017, and (ii) whether the other defendants knew or had any reason to know of any such legal impediment. *Miller* therefore does not support the United States' kidnapping argument. The United States cites case after case, but never presents the Court with any on-point precedent for its aggressive theory of kidnapping and conspiracy to commit kidnapping.

C. **United States v. Jackson.**

*Jackson* is particularly problematic for the United States because, rather than supporting, it undermines the United States' argument. The United States holds up *Jackson* as "rejecting claim that biological father was 'entitled' to take his infant child away from the mother, and stating that father's immunity from kidnapping charges did not negate non-parent aidor and abbettor's criminal liability for kidnapping when father and girlfriend stole and absconded with infant child." Doc. 943 at 7 n.2. The United States'

characterization of the holding in *Jackson* is, at best, a gross oversimplification, if not blatantly misleading. The facts of *Jackson* sit in stark contrast to this case:

    Defendant Jackson and his co-defendant, Ashlea, faced federal charges after they forcibly stole a vehicle from Ann Boyd, with whom Defendant Jackson had a minor child. Defendants allegedly stole Ms. Boyd's car, and forcibly took Mr. Jackson's minor child with them. Ms. Boyd had legal custody of the child. The United States charged Mr. Jackson with carjacking (because it could not charge him with kidnapping), but charged his co-defendant, Ashlea Laughlin, with kidnapping. *United States v. Jackson*, 2010 U.S. Dist. LEXIS 138613 at *5 (E.D. Tenn. Nov. 10, 2010) Both defendants brought pretrial motions to dismiss. Laughlin argued that she did not know that Mr. Jackson did not have the right to take the child and therefore should not be charged with kidnapping. *See id*. at *4. In turn, Mr. Jackson argued for dismissal of his carjacking charge based on the lack of credibility of the victim, Ms. Boyd.

    Rejecting both motions to dismiss, the magistrate judge, reviewing the motions upon referral from the district court judge, reasoned that the court could not properly "evaluate the United States' proof before the United States has had the chance to introduce that proof, including the presentation of other witnesses." *Id*. The magistrate judge further noted that it would not grant dismissal based merely on credibility challenges raised pretrial, and that if the United States' trial evidence was insufficient to sustain a verdict beyond a reasonable doubt, then "defendant's proper recourse is to file a motion pursuant to Rule 29." *Id*.

    Finally, the Court in Jackson went out of its way to observe how unjust it was that Mr. Jackson's co-defendant was subjected to the substantially higher penalties associated with kidnapping, while Mr. Jackson, because of his status as father, was facing much lower

exposure: "The court agrees that this appears to be extremely unfair." *Id* at *6.

It is important to recognize that *Jackson* stands for the exact opposite of what the United States seeks in its Omnibus Motion *in Limine*. The United States here seeks to hamstring the defense by preventing defendants from even arguing or showing evidence that they either knew or believed that Siraj Ibn Wahhaj had no legal impediments to his custody of A.G. The court in *Jackson* instead presupposed that such a defense is validly presented, and that a Rule 29 motion might be an appropriate forum to address dismissal of a kidnapping indictment if the United States fails to meet its burden of proof beyond a reasonable doubt.

It is true that the court in *Jackson* repudiated Mr. Jackson's assertion that, "under federal law, [he] was entitled to take the child." 2010 U.S. Dist. LEXIS 138613 at *5. According to the court, the immunity from prosecution for federal kidnapping did not mean that Mr. Jackson was "entitled" to take his child. The court was correct to draw out this distinction, because Mr. Jackson in fact did not have lawful custody of his child, which was a matter of state law. In contrast, Defendants in this case contend that Siraj Ibn Wahhaj had unfettered custody and the right to take A.G. to New Mexico and, if he did not, they had no notice of any legal impediment to his custody of A.G.

*Jackson* therefore cuts against the United States and is instead persuasive authority for the *denial* of its Omnibus Motion in Limine with reference to the evidence related to the kidnapping charges.

### D. **United States v. Boettcher.**

The government draws the Court's attention to *Boettcher*, averring that the decision "referenc[es] potential prosecution of two co-conspirators, despite applying the parental exemption under section 1201(a) to a parent who conspired to kidnap her child in violation

6

of section 1201(c)." Doc. 943 at 7 n.2.  It is more accurate to state that the court in *Boettcher* condemned any potential scheme by the United States to charge a mother with kidnapping in order to induce her to identify her potential co-conspirators who do not benefit from the parental exception. *United States v. Boettcher*, 780 F.2d 435, 437 (4th Cir. 1985) ("It was intimated in argument that perhaps the Government was pressing this prosecution as a weapon of coercion to compel the mother to identify the two 'friends' who had made the abduction for her so that the Government might prosecute these individuals. If such is the motive for the prosecution of the mother in this case it is an egregious misuse of prosecutorial power and is to be soundly condemned.").

Additionally, the spartan factual information provided in *Boettcher* provides no support to the United States in this instance.  The father in *Boettcher*, living in West Virginia, abducted the child in Illinois where she was living with her mother and brought her to West Virginia; the mother, a short time later, "hired" or solicited "two males" to kidnap the daughter in West Virginia and to return the daughter to her custody in Illinois. The United States decided against prosecuting the father, on the grounds of the parental exception, but sought to prosecute the mother under the theory that she could still be liable for conspiring to kidnap, even if she could not be charged with kidnapping.  The Fourth Circuit in *Boettcher* handily rejected such a theory of prosecution and affirmed the district court's dismissal of the conspiracy to kidnap charge pending against the mother.  *See United States v. Boettcher*, 780 F.2d at 436.

*Boettcher* therefore stands as another example of authority that undermines, rather than supports the United States' kidnapping charges in this case.  The United States has not articulated a sound legal basis for excluding a defense based on the lawfulness of Siraj Ibn Wahhaj's custody of A.G. or on the lack of knowledge that such custody was unlawful.

7

As Defendants have argued previously, such a ruling would be erroneous and would be rooted in an untenable interpretation of the kidnapping statute under which an individual could be held strictly liable for a crime carrying a mandatory life sentence without any knowledge or intent that a kidnapping was actually occurring.

## II.   CONCLUSION.

The Court should reject the United States' attempt to exclude legitimate defenses to the kidnapping charge and should therefore deny the Omnibus Motion in Limine with respect to the evidence related to kidnapping.

Respectfully submitted,

Donald F. Kochersberger III
6801 Jefferson St NW Suite 210
Albuquerque, NM 87109-4390
(505) 848-8581
Donald@BusinessLawSW.com

*/s/ Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com

*Attorneys for Defendant Hujrah Wahhaj*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023 I filed the foregoing electronically through the CM/ECF system, which caused all parties of record and/or counsel for the parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Marshall J. Ray*
MARSHALL J. RAY