**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        **Case No.: 1:18-cr-02945-WJ**

SUBHANAH WAHHAJ,

    Defendant.

## DEFENDANTS' JOINT PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Defendant, Subhanah Wahhaj, through counsel of record, Ryan J. Villa and Justine Fox-Young, and Defendant, Hujrah Wahhaj, through counsel of record, Donald F. Kochersberger III and Marshall Ray, respectfully submit the following proposed supplemental jury instructions.

1. Conspiracy to commit kidnapping (resulting in death)- Tenth Circuit Pattern Inst. No. 2.19, 2.55 with proximate cause.

2. Kidnapping resulting in death- Tenth Circuit Pattern Inst. No. 2.55 with proximate cause.

3. Lesser Included Offense- Tenth Circuit Pattern Inst. No. 1.33.

**Requested Supplemental Instruction No 1: Conspiracy to commit kidnapping (resulting in death) with proximate cause**

Defendants Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton are charged in Count 6 with a violation of 18 U.S.C. section 1201(c), conspiracy to commit kidnapping.

In order for you to find each defendant, separately and individually, guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

*First*: the defendant agreed with at least one other person to violate the law, that being 18 U.S.C. section 1201(c), kidnapping. Kidnapping consists of four elements, which are:

> One: the defendant, knowingly acting contrary to law, kidnapped the person described in the indictment by [seizing] [confining] [inveigling] him as charged;
>
> Two: the defendant kidnapped the person for some purpose or benefit;
>
> Three: the defendant willfully transported the person kidnapped; and
>
> Four: the transportation was in interstate [foreign] commerce [the offender traveled in interstate [foreign] commerce or used the mail or any means, facility, or instrumentality of interstate [foreign] commerce in committing or in furtherance of the offense];

*Second*: the object of the conspiracy was to kidnap John Doe;

*Third*: the defendant knew the object of the conspiracy was to kidnap John Doe;

*Fourth*: the defendant knowingly and voluntarily participated in the conspiracy;

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and

*Sixth*: the kidnapping resulted in death.

"Interstate commerce" means commerce or travel between one state and another state.

The United States must prove that the defendants crossed a state line while intentionally transporting John Doe.

The United States does not have to prove that the defendants knew they were crossing a state line, only that they did.

In the third element, the term "willfully" means that the defendant acted voluntarily and with the intent to violate the law.

To prove the kidnapping resulted in death, the United States must prove the kidnapping proximately caused the death of A.G. The kidnapping is a proximate cause of the death if death was a foreseeable result of the kidnapping, and the act of the defendants was a significant cause of the death of A.G. The defendants' acts are a significant cause of death if they were acts, which in the natural and continuous chain of events, uninterrupted by an outside event, resulted in the death and without which the death would not have occurred.

Kidnapping cannot occur when a parent takes their minor child, even without the consent of the other parent. If you find that Siraj Ibn Wahhaj voluntarily took his child, A.G., from Georgia to New Mexico, then you must find defendants not guilty. It is the government's burden to prove beyond a reasonable doubt the child was not taken voluntarily by his father, Siraj Ibn Wahhaj.

Source: 10th Cir. Crim. Pattern Jury Instr. 2.19 (CONSPIRACY) (modified); 2.55 (KIDNAPPING) (modified) (2021); 18 U.S.C. § 1201(a) ("Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, *except in the case of a minor by the parent thereof* . . . .") (emphasis added); *United States v. Chatwin*, 326 U.S. 455, 460 (1946) ("The act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical or mental restraint for an appreciable period against the person's will and with willful intent so to confine the victim. If the victim is of such an age and mental state as to be incapable of having a recognizable will, the confinement then

must be *against the will of the parents or legal guardian of the victim*.") (emphasis added); *USA v. Malcolm Torres*, 19-cr-03333-WJ, MOO Denying Defendant's Second Motion to Suppress, 7 [Doc. 163] (finding the parental exception to the kidnapping statute is an affirmative defense).

*In re Hall*, 979 F.3d 339, 344 (5th Cir. 2020) ("The federal kidnapping resulting in death provision involves different elements of conviction from the general federal crime of kidnapping—namely, the additional requirement that "the death of [a] person results"); *United States v. Ouedraogo*, 531 Fed. Appx. 731, 744 (6th Cir. 2013) (holding that government must prove kidnapping proximately caused the victim's death); *United States v. Guillette*, 547 F.2d 743, 749 (2d Cir. 1976) (holding proximate cause was embodied in the phrase "if death results" in 18 U.S.C. § 241); *United States v. Mayhew*, 380 F. Supp. 2d 936, 960 (S.D. Ohio 2005) (holding that the "if the death of any person results" phrase in 18 U.S.C. § 1201 is a separate element and government must prove proximate cause).

UJI 14-251 NMRA 2017 Homicide, Proximate Cause Defined

**Requested Supplemental Instruction No 2: Kidnapping resulting in death-with proximate cause**

Defendants Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton are charged in Count 7 with a violation of 18 U.S.C. section 1201(a)(1).

This law makes it a crime to unlawfully kidnap another person and then transport that person in interstate commerce.

To find each defendant, separately and individually, guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant, knowingly acting contrary to law, kidnapped the person described in the indictment by [seizing] [confining] [inveigling] him as charged;

*Second*: the defendant kidnapped the person for some purpose or benefit;

*Third*: the defendant willfully transported the person kidnapped;

*Fourth*: the transportation was in interstate [foreign] commerce [the offender traveled in interstate [foreign] commerce or used the mail or any means, facility, or instrumentality of interstate [foreign] commerce in committing or in furtherance of the offense]; and

*Fifth*: the kidnapping resulted in death.

To "kidnap" a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.

[To "inveigle" a person means to lure, or entice, or lead the person astray by false representations or promises, or other deceitful means.]

In the third element, the term "willfully" means that the defendant acted voluntarily and with the intent to violate the law.

5

To prove the kidnapping resulted in death, the United States must prove the kidnapping proximately caused the death of A.G. The kidnapping is a proximate cause of the death if death was a foreseeable result of the kidnapping, and the act of the defendants was a significant cause of the death of A.G. The defendants' acts are a significant cause of death if it was an act, which in the natural and continuous chain of events, uninterrupted by an outside event, resulted in the death and without which the death would not have occurred.

Kidnapping cannot occur when a parent takes their minor child, even without the consent of the other parent. If you find that Siraj Ibn Wahhaj voluntarily took his child, A.G., from Georgia to New Mexico, then you must find Defendants not guilty. It is the government's burden to prove beyond a reasonable doubt the child was not taken voluntarily by his father, Siraj Ibn Wahhaj.

*See* Citations to Supplemental Request No. 1, *supra* (without conspiracy elements)

**Requested Supplemental Instruction No 3: Lesser included offense**

If you unanimously find any defendant not guilty of the kidnapping resulting in death as charged in Count 7, or if, after all reasonable efforts, you are unable to agree on a verdict as to that charge for any defendant, then you must determine whether that defendant is guilty or not guilty of kidnapping. The difference between these two offenses is that, to convict the defendant of kidnapping, the government does not have to prove the element that the kidnapping resulted in death. This is an element of the greater offense, but not of the lesser included offense. For you to find the defendant guilty of kidnapping, the government must prove each of the following elements beyond a reasonable doubt:

*First*: the defendant, knowingly acting contrary to law, kidnapped the person described in the indictment by [seizing] [confining] [inveigling] him as charged;

*Second*: the defendant kidnapped the person for some purpose or benefit;

*Third*: the defendant willfully transported the person kidnapped; and

*Fourth*: the transportation was in interstate [foreign] commerce [the offender traveled in interstate [foreign] commerce or used the mail or any means, facility, or instrumentality of interstate [foreign] commerce in committing or in furtherance of the offense].

To "kidnap" a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.

[To "inveigle" a person means to lure, or entice, or lead the person astray by false representations or promises, or other deceitful means.]

In the third element, the term "willfully" means that the defendant acted voluntarily and with the intent to violate the law.

Kidnapping cannot occur when a parent takes their minor child, even without the consent of the other parent. If you find that Siraj Ibn Wahhaj voluntarily took his child, A.G., from Georgia to New Mexico, then you must find Defendants not guilty. It is the government's burden to prove beyond a reasonable doubt the child was not taken voluntarily by his father, Siraj Ibn Wahhaj.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt for a defendant, you may find that defendant guilty of the lesser included offense. If you have a reasonable doubt about any of these elements for a defendant, then you must find the defendant not guilty of the lesser included offense.

Citation: Tenth Circuit Pattern Inst. No. 1.33; *See* Citations to Supplemental Request No. 1, supra (without conspiracy elements)

Respectfully submitted,

*/s/ Ryan J. Villa*
Ryan J. Villa
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*
Justine Fox-Young
Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

-and-

*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III
BUSINESS LAW SOUTHWEST LLC
6801 Jefferson St. NE, Suite 210
Albuquerque, NM 87109
(505) 848-8581
Donald@BusinessLawSW.com

*/s/ Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com

*Attorneys for Defendant Hujrah Wahhaj*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 19, 2023, I filed the foregoing electronically through the CM/ECF system, which caused counsel for the United States to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

                                                   */s/ Ryan J. Villa*
                                                   RYAN J. VILLA