IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         No. 18-CR-2945-WJ

SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

    Defendants.

## ORDER GRANTING THE UNITED STATES' OBJECTIONS TO DEFENDANTS' PROFFERED EXHIBITS F1–F6 AND O

**THIS MATTER** is before the Court following a pretrial hearing on August 22, 2023. The United States objected to and asked the Court to exclude Defendants' proffered exhibits **F1–F6 and O, Doc. 900,** based on the Court's earlier rulings in its *Memorandum Opinion and Order Granting in Part and Denying in Part the United States' Omnibus Motion in Limine*, **Doc. 969.** After considering the arguments of counsel as well as the applicable case law, the Court finds the United States' request is well-taken and is therefore **GRANTED**.

Defendants' proffered exhibits F1–F6 are a series of a videos depicting Defendants playing and cooking with children at their compound in Amalia, New Mexico. Defendants' proffered exhibit O is a religious marriage certificate between Siraj Wahhaj and Jany Leveille. During the hearing, the United States argued that these exhibits are precluded based on this Court's earlier order, **Doc. 969**, and the Court concurs.

In its earlier order, this Court stated, "specific instances of Defendants' good conduct (that is: praying and parenting), are inadmissible and irrelevant during Defendants' case-in-chief." **Doc. 969 at 12**. In the same order, this Court also addressed evidence of Siraj Wahhaj and Jany Leveille's marital status

1

and concluded that evidence about Siraj Wahhaj's and Jany Leveille's marital status "would obviously confuse the issues and mislead the jury." **Doc 969 at 23**.

At the hearing, Defendants argued exhibit O is relevant *res gestae* evidence and exhibits F1 – F6 are relevant to rebut the United States anticipated claim that Defendants' compound was a terrorist training site. The Court, however, finds that exhibit O lacks relevance, as the parties can address Siraj and Jany's relationship without introducing the marriage certificate. Defendants can discuss the duration of the relationship and mention that Siraj and Jany have multiple biological children together. The Court also noted that if Siraj chooses to testify, he can describe his relationship to Jany Leveille.

With respect to exhibits F1 – F6, these family videos are barred by the Court's earlier order, **Doc. 969**, and Federal Rule of Evidence ("F.R.E.") 404(b). While Defendants argue that these family videos serve a non-character purpose, the Court remains unconvinced. An examination of the videos reveals that they do not refute what Defendants expect the United States to say about the compound. Instead, the videos depict specific instances of Defendants good conduct, specifically good parenting. Moreover, evidence depicting good parenting opens the door to the United States bringing in evidence about CYFD child abuse and neglect allegations, which the United States has already stipulated it will not admit during trial. As a result, the evidence in the videos also runs afoul of F.R.E. 403.

For these reasons, the United States' objections (Doc. 900) and requests to exclude Defendants' proffered exhibits F1–F6 and O are **GRANTED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE