IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                      **No. 1:18-CR-02945-WJ**

JANY LEVEILLE, et al.,

        Defendants.

## DEFENDANTS' JOINT OBJECTIONS TO THE COURT'S PROPOSED JURY INSTRUCTIONS

Defendants Subhanah Wahhaj, through counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, and Justine Fox-Young, PC, by Justine Fox-Young, and Hujrah Wahhaj, through counsel, Donald F. Kochersberger III and Marshall Ray, submit these Objections to the Court's Proposed Jury Instructions [Doc. 983].

Preliminarily, the Court should in general reserve ruling on jury instructions until all of the evidence has been presented. The Court should allow the parties to present evidence before ruling, and only after the evidence is closed, determine whether an instruction should be given. Indeed, a defendant is entitled to jury instructions on defenses which are supported by the evidence, so long as the instruction provides a correct statement of the law. *United States v. Urbano*, 563 F.3d 1150, 1155 (10th Cir. 2009). Thus, the Court must wait and hear the evidence before deciding if the evidence supports the giving of such an instruction.

Rule 30 of the Federal Rules Criminal Procedure governs jury instructions. It states: "Any party may request in writing that the court instruct the jury on the law as specified in the request. *The request must be made at the close of the evidence* or at any earlier time that the court reasonably sets." Fed. R. Crim. P. 30(a) (emphasis added). The Rule goes on to state that "[t]he court must inform the parties before closing arguments how it intends to rule on the requested instructions."

Fed. R. Crim. P. 30(b). Regarding objections to the court's proposed instructions, the Rule states: "A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." The Rule clearly contemplates that the requesting, giving, and ruling on an instruction will happen at the close of the evidence.

Further, Defendants stand by and continue to assert all of their previously submitted objections and do not withdraw any prior objections. *See* Doc. 898.

## OBJECTIONS

1.  <u>Instructions No. 7. and 8 (material support to terrorists)</u>. Defendants' object because these instructions include what Defendants consider an essential element of the charged offense---namely, that the person or organizations to whom the material support is directed are, in fact, terrorists. Defendants are charged in Counts 1 and 2 with providing and conspiring to provide "material support to terrorists." The Supreme Court recently made clear that "[t]his Court has long considered that 'the title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute." *Dubin v. United States*, 143 S.Ct. 1557, 1567 (2023). *Dubin* involved a vagueness challenge to 18 U.S.C. § 1028A(a)(1) (Aggravated identity theft sentencing enhancement). The Court found that rather than a "boundless" statute applying anytime someone's identity is used in the commission of an enumerated crime, the statute, particularly the title and heading of the statute, applies only when the misuse or theft of someone's identity is at the crux of the underlying criminal offense. This is so even though the actual term "identity theft" or "misuse of identity" are not in the language of the statutory subsection. Similarly, even though the term "to terrorists" is not found in subsection (a) of § 2339A, the title of the statute, and the language of the subsection both demonstrate that the material

support that is the subject of subsection (a) must be directed "to terrorists." Moreover, the Supreme Court has plainly stated that Section 2339A refers to "intent to further terrorist activity." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 17, (2010). As the Court in *Dubin* noted, "a title is 'especially valuable [where] it reinforces what the text's nouns and verbs independently suggest." *Id.* at 1567.  In § 2339A, the text's nouns and verbs independently suggest that the material support must be directed to a terrorist group or organization. Ms. Subhanah Wahhaj had previously submitted a proposed instruction in the Appendix to the Joint Objections to the United States' Jury Instructions. *See* Doc. 898-1, Defendants' Alternative to United States' Instruction Nos. 23 and 24. For these same reasons, Defendants object to the contrary language in the last paragraph which states: "The United States also does not need to prove that the Defendants' material support…was done for the purpose of constituting 'terrorism,' or that the Defendants were 'terrorists.'"

      2.      <u>Instructions No. 11. and 12 (kidnapping).</u>  Defendants jointly object to the Court's Instruction No 11 (count 4) and 12 (count 5) because those instructions omit an essential element of the offense of kidnapping under 18 U.S.C. § 1201. The Court's proposed instructions remove the intent requirement from the first element of the Tenth Circuit pattern jury instructions, No. 2.55, following other circuit law. However, the Tenth Circuit has made clear that kidnapping pursuant to Section 1201(a)(1) is a specific intent crime. *United States v. Jackson,* 248 F.3d 1028, 1032 (10th Cir. 2001). Counts four and five charge all Defendants except Siraj Ibn Wahhaj with kidnapping, allegedly in violation of Section 1201(a)(1). That statute provides that "whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or rewards or otherwise any person . . . when – (1) the person is willfully transported in interstate or foreign commerce . . . shall be punished by imprisonment for a term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment." "The

Tenth Circuit has boiled down the elements of this offense to "(1) transportation in interstate commerce (2) of an unconsenting person who is (3) held for ransom, reward, or otherwise, (4) with such acts being done knowingly and willfully." The Court even quoted these elements in its MOO Denying Defendants Motion to Dismiss, Doc. 543 at 3 (quoting *United States v. Walker*, 137 F.3d 1217, 1220 (10th Cir. 1998)). Nonetheless, the Court's proposed instructions improperly omit the need for the jury to determine that the Defendants knew what they were doing was unlawful. Further, as argued in previous pleadings, the Court should include the last paragraph as previously proposed by Defendants regarding the parental exception to kidnapping. *See* Appendix, Doc. 898-1, Defendants' Alternative to United States' Instruction Nos. 28 and 29.

3. <u>Court's Instruction No. 11 (conspiracy to commit kidnapping)</u>. As drafted, the Court's instruction does not include all of the elements of kidnapping in the first element as required by the Tenth Circuit Pattern Instruction, No. 2.19, to make clear what the object of the conspiracy was. Regardless of what elements the Court determines should be given for the substantive kidnapping offense (Court's Instruction No. 10), those elements must all be included in the first element of the conspiracy instruction. Defendants object to not including all of the elements of kidnapping in the first element of this instruction.

4. <u>Court's Instruction No. 19 (actual or constructive possession)</u>. This instruction is not needed as the United States dismissed the gun possession charges.

5. <u>Court's Instruction No. 34 (final instruction)</u>. The Court should modify the third paragraph as indicated by the underline text below, to account for multiple Defendants:

> To reach a verdict <u>for any one Defendant</u>, whether it is guilty or not guilty, all of you must agree. Your verdict <u>for each Defendant</u> must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

**CONCLUSION**

For all of the foregoing reasons, the Court should sustain these objections, as well as those previously advanced by the Defendants, and issue Defendants' joint versions of jury instructions at the close of the evidence.

Respectfully submitted,

/s/ *Ryan J. Villa*
Ryan J. Villa
The Law Office of Ryan J. Villa
5501 Eagle Rock Ave NW Ste. C2
Albuquerque, NM 87113
(505) 639-5709
ryan@rjvlawfirm.com

*/s/ Justine Fox-Young*
Justine Fox-Young
Justine Fox-Young, PC
5501 Eagle Rock Ave NE Ste C2
Albuquerque, NM 87113
(505) 796-8268
justine@foxyounglaw.com

*Attorneys for Defendant Subhanah Wahhaj*

-and-

*/s/ Donald F. Kochersberger III*
Donald F. Kochersberger III
BUSINESS LAW SOUTHWEST LLC
6801 Jefferson St. NE, Suite 210
Albuquerque, NM 87109
(505) 848-8581
Donald@BusinessLawSW.com

/s/ *Marshall J. Ray*
Marshall J. Ray
Law Offices of Marshall J. Ray, LLC
514 Marble Ave, NW
Albuquerque, NM 87111
(505) 312-2748
mray@mraylaw.com

*Attorneys for Defendant Hujrah Wahhaj*

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 9, 2023 a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/*Ryan J. Villa*
RYAN J. VILLA