UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                          No. 18-cr-2945-WJ

SIRAJ IBN WAHHAJ,

HUJRAH WAHHAJ,

SUBHANAH WAHHAJ, and

LUCAS MORTON,

     Defendants.

## **COURT'S PROPOSED FINAL JURY INSTRUCTIONS**

October 11, 2023

1

**INSTRUCTION NO. 1**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**INSTRUCTION NO. 2**

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict as to each charged Defendant solely upon the evidence presented as to that Defendant, without prejudice or sympathy. That was the promise you made and the oath you took.

**INSTRUCTION NO. 3**

Defendants **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** are charged by Indictment as follows:

Count 1

A. The Agreement

1. From a date unknown to the Grand Jury, but at least from in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON**, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to provide material support and resources, including currency, training, weapons, and personnel, knowing and intending that they were to be used in preparation for and in carrying out attacks to kill officers and employees of the United States, in violation of 18 U.S.C. § 1114. As part of a common plan, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** maintained a training compound to prepare for attacks on government, military, and other institutions.

B. The Manner and Means of the Conspiracy

The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following:

2. That **SIRAJ IBN WAHHAJ** and **HUJRAH WAHHAJ** gathered firearms and ammunition.

3. That **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** transported personnel, firearms, and ammunition across state lines.

4

4. That **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** constructed and maintained a training compound.

5. That **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** stored firearms and ammunition on the training compound.

6. That **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** constructed and maintained a firing range and engaged in firearms and tactical training with other occupants of the training compound.

C. The Overt Acts of the Conspiracy

In furtherance of the conspiracy, and to effect the objects thereof, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** committed overt acts within the District of New Mexico and elsewhere, including, but not limited to, the following:

7. In or about December 2017, in the State of Georgia, **SIRAJ IBN WAHHAJ** provided at least ten firearms to his coconspirators.

8. In or about December 2017, in the State of Georgia, **HUJRAH WAHHAJ** provided at least one firearm to her coconspirators.

9. In or about December 2017, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, and **SUBHANAH WAHHAJ** traveled with others from the State of Georgia to the State of Alabama in vehicles owned by others, while armed with firearms and ammunition.

10. In or about December 2017, **SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** traveled with others from the State of Alabama to the State of New Mexico in a vehicle owned by **LUCAS MORTON**, while armed with firearms and ammunition.

5

11. In or between December 2017 and August 2018, in the District of New Mexico, **SUBHANAH WAHHAJ** provided financial support to her coconspirators.

12. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** built and maintained a training compound comprised of materials such as a wooden frame, a trailer, plastic tarps, and tire walls and barriers.

13. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** stored firearms and ammunition on the training compound.

14. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** built a firing range on the training compound.

15. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** dug an underground tunnel leading away from the training compound.

16. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** possessed and shot a firearm on the training compound's firing range.

17. In or between December 2017 and August 2018, in the District of New Mexico, **HUJRAH WAHHAJ** possessed and shot a firearm on the training compound's firing range.

18. In or between December 2017 and August 2018, in the District of New Mexico, **SUBHANAH WAHHAJ** possessed and shot a firearm on the training compound's firing range.

19. In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** possessed and shot a firearm on the training compound's firing range.

20. In or about December 2017, in the District of Georgia, **LUCAS MORTON** solicited one of **SIRAJ IBN WAHHAJ's** relatives to join the occupants of the training compound in the State of New Mexico, to bring money and firearms, and to die as a martyr.

21. In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** trained persons, including other members of the training compound, in using firearms and performing tactical maneuvers.

22. In or between December 2017 and August 2018, in the District of New Mexico and elsewhere, **SIRAJ IBN W AHHAJ** instructed persons, including other occupants of the training compound, to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including killing Federal Bureau of Investigation employees, government officials, and military personnel.

In violation of 18 U.S.C. § 2339A.

<u>Count 2</u>

23. The factual allegations in paragraphs 2 through 22 of this Indictment are re-alleged as if set forth fully herein.

24. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico, and elsewhere, **SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** knowingly provided and attempted to provide material support and resources, including currency, training, weapons, and personnel, knowing and intending that they were to be used in preparation for and in carrying out attacks to kill officers and employees of the United States, in violation of 18 U.S.C. § 1114.

In violation of 18 U.S.C. §§ 2339A and 2.

<u>Count 3</u>

25. The factual allegations in paragraphs 2 through 22 of this Indictment are re-alleged as if set forth fully herein.

26. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico, and elsewhere, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON**, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to attack and kill officers and employees of the United States, in violation of 18 U.S.C. § 1114. It was a part and an object of the conspiracy that **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** would kill officers and employees of the United States, to wit, Federal Bureau of Investigation employees, government officials, and military personnel.

27. In furtherance of the conspiracy, and to effect the objects thereof, **SIRAJ IBN WAHHAJ** and **LUCAS MORTON** committed overt acts within the District of New Mexico and elsewhere, including, but not limited to, those acts alleged in paragraphs 7 through 23.

In violation of 18 U.S.C. § 1117.

<u>Count 4</u>

28. The factual allegations in paragraphs 2 through 13 of this Indictment are re-alleged as if set forth fully herein.

29. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON**, and others known and unknown to the Grand Jury, knowingly did conspire, combine, confederate, agree, and act interdependently with each other to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold ABDUL GHANI WAHHAJ, a child who had

8

not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully transport ABDUL GHANI WAHHAJ in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold ABDUL GHANI WAHHAJ, resulting in his death.

In violation of 18 U.S.C. § 1201(c).

<u>Count 5</u>

30. The factual allegations in paragraphs 2 through 13 of this Indictment are re-alleged as if set forth fully herein.

31. From at least in or about October 2017, up to and including in or about August 2018, in the District of New Mexico and elsewhere, **HUJRAH WAHHAJ, SUBHANAH WAHHAJ,** and **LUCAS MORTON** knowingly did and did attempt to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away, and hold ABDUL GHANI WAHHAJ, a child who had not attained the age of eighteen (18) years, to conceal and hold him, and, in committing or in furtherance of the commission of the offense, did willfully transport ABDUL GHANI WAHHAJ in interstate commerce from the State of Georgia to the State of New Mexico, and did conceal and hold ABDUL GHANI WAHHAJ, resulting in his death.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

**INSTRUCTION NO. 4**

The United States has the burden of proving each charged Defendant, individually, guilty beyond a reasonable doubt.  The law does not require any individual Defendant prove his or her innocence or produce any evidence at all.  The United States has the burden of proving the charged Defendants guilty, individually, beyond a reasonable doubt, and if it fails to do so, you must find the charged Defendants not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the charged Defendants' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning each charged Defendants' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that a charged Defendant is guilty of the crime charged, you must find that charged Defendant guilty. If on the other hand, you think there is a real possibility that a charged Defendant is not guilty, you must give that charged Defendant the benefit of the doubt and find him or her not guilty.

**INSTRUCTION NO. 5 (Count 1)**

All Defendants are charged in Count 1 with conspiring to violate 18 U.S.C. § 2339A: Providing material support to terrorists.

This law makes it a crime for anyone to conspire to provide material support or resources, knowing or intending that they are to be used to prepare for, or to carry out, certain other statutory crimes—here, a violation of 18 U.S.C. § 1114, which prohibits the killing and attempted killing of officers or employees of the United States.

To find each Defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*:   The charged Defendants entered into a conspiracy, which I will define for you below;

*Second*: the objective of the conspiracy was to provide material support or resources to each other; and

*Third*:  the charged Defendants did so knowing or intending that the material support or resources were to be used to prepare for, or to carry out, a violation of 18 U.S.C. § 1114, which prohibits the killing or attempted killing of officers or employees of the United States while those persons are engaged in or on account of the performance of official duties.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  The evidence may show that some of the persons involved in the alleged conspiracy are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged or tried together in one proceeding. The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof

11

that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

A Defendant may join an ongoing conspiracy during its progress and become criminally liable for all acts done in furtherance of the conspiracy. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that a Defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show a Defendant knowingly joined the conspiracy with the intent to advance its purposes. A Defendant cannot, however, be held liable for substantive crimes committed by coconspirators prior to his or her entry in the conspiracy. Finally, you are instructed that impossibility is not a defense to a conspiracy charge, and the United States does not need to prove that the underlying object of a conspiracy did or would have happened. This is because the offense is the agreement between conspirators, not the successful carrying out of the agreement's goals.

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (one or more individuals who may be or include oneself), and transportation.  Medicine or religious materials are not included.

The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "expert advice or assistance means advice or assistance derived from scientific technical or specialized knowledge.

The United States does not need to prove that a violation of 18 U.S.C. § 1114 occurred in order to satisfy the elements of this crime.  The United States also does not need to prove that the charged Defendants' material support to prepare for, or to carry out, a violation of § 1114 was done for the purpose of constituting "terrorism," or that the charged Defendants were "terrorists."  For you to find the Defendants guilty of this charge, the United States need only prove that the charged Defendants knew and intended their material support to be in preparation for or to carry out the killing or attempted killing of officers or employees of the United States.

**INSTRUCTION NO. 6 (Count 2)**

All Defendants are charged in Count 2 with violating 18 U.S.C. § 2339A: Providing

material support to terrorists.

This law makes it a crime to provide material support or resources, knowing or intending

that they are to be used to prepare for, or to carry out, certain other statutory crimes—here, a

violation of 18 U.S.C. § 1114, which prohibits the killing and attempted killing of officers or

employees of the United States.

To find each Defendant guilty of this crime, you must be convinced that the United States

has proved each of the following beyond a reasonable doubt:

*First*:   the charged Defendants provided material support or resources as described in the

indictment; and

*Second*: the charged Defendants did so knowing or intending that the material support or

resources were to be used to prepare for, or to carry out, a violation of 18 U.S.C. § 1114, which

prohibits the killing or attempted killing of officers or employees of the United States while that

person is engaged in or on account of the performance of official duties.

The term "material support or resources" means any property, tangible or intangible, or

service, including currency or monetary instruments or financial securities, financial services,

lodging, training, expert advice or assistance, safehouses, false documentation or identification,

communications equipment, facilities, weapons, lethal substances, explosives, personnel (one or

more individuals who may be or include oneself), and transportation.  Medicine or religious

materials are not included.

The term "training" means instruction or teaching designed to impart a specific skill, as

opposed to general knowledge.

The term "expert advice or assistance means advice or assistance derived from scientific technical or specialized knowledge.

The United States does not need to prove that a violation of 18 U.S.C. § 1114 occurred in order to satisfy the elements of this crime.  The United States also does not need to prove that the charged Defendants' material support to prepare for, or to carry out, a violation of § 1114 was done for the purpose of constituting "terrorism," or that the charged Defendants were "terrorists."  For you to find the Defendants guilty of this charge, the United States need only prove that the charged Defendants knew and intended their material support to be in preparation for or to carry out the killing or attempted killing of officers or employees of the United States.

## INSTRUCTION NO. 7 (Count 3)

Defendants Siraj Ibn Wahhaj and Lucas Morton are charged in Count 3 with conspiring to murder an officer or employee of the United States, in violation of 18 U.S.C. § 1117.

This law makes it a crime to conspire to kill or attempt to kill any officer of employee of the United States or of any agency in any branch of the United States Government while such officer or employee is engaged in or on account of the performance of official duties.

To find each Defendant guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*:  the charged Defendants entered into a conspiracy;

*Second*:  the object of the conspiracy was to kill or attempt to kill officers and employees of the United States government (here, Federal Bureau of Investigation employees, government officials, and military personnel), on account of—or while such officers and employees were engaged in—the performance of their official duties; and

*Third*:  at least one overt act alleged in the indictment was committed in furtherance of the conspiracy.

Again, a conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  The evidence may show that some of the persons involved in the alleged conspiracy are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged or tried together in one proceeding. The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

16

A Defendant may join an ongoing conspiracy during its progress and become criminally liable for all acts done in furtherance of the conspiracy. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that a Defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show a Defendant knowingly joined the conspiracy with the intent to advance its purposes. A Defendant cannot, however, be held liable for substantive crimes committed by coconspirators prior to his or her entry in the conspiracy. Finally, you are instructed that impossibility is not a defense to a conspiracy charge, and the United States does not need to prove that the underlying object of a conspiracy did or would have happened. This is because the offense is the agreement between conspirators, not the successful carrying out of the agreement's goals.

**INSTRUCTION NO. 8**

Your verdict must be unanimous. Count 3 of the indictment accuses Defendants Siraj Ibn Wahhaj and Lucas Morton of committing the following acts:

1.     In or about December 2017, in the State of Georgia, **SIRAJ IBN WAHHAJ** provided at least ten firearms to his coconspirators.

2.     In or about December 2017, in the State of Georgia, **HUJRAH WAHHAJ** provided at least one firearm to her coconspirators.

3.     In or about December 2017, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, and **SUBHANAH WAHHAJ** traveled with others from the State of Georgia to the State of Alabama in vehicles, while armed with firearms and ammunition.

4.     In or about December 2017, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** traveled with others from the State of Alabama to the State of New Mexico in a vehicle owned by **LUCAS MORTON**, while armed with firearms and ammunition.

5.     In or between December 2017 and August 2018, in the District of New Mexico, **SUBHANAH WAHHAJ** provided financial support to her coconspirators.

6.     In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** built and maintained a compound comprised of materials such as a wooden frame, a trailer, plastic tarps, and tire walls and barriers.

7.     In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ**, **HUJRAH WAHHAJ**, **SUBHANAH WAHHAJ**, and **LUCAS MORTON** stored firearms and ammunition on the compound.

8.      In or between December 2017 and August 2018, in the District of New Mexico,
**SIRAJ IBN WAHHAJ** and **LUCAS MORTON** built a firing range on the compound.

9.      In or between December 2017 and August 2018, in the District of New Mexico,
**SIRAJ IBN WAHHAJ** and **LUCAS MORTON** dug an underground tunnel leading away from
the compound.

10.     In or between December 2017 and August 2018, in the District of New Mexico,
**SIRAJ IBN WAHHAJ** possessed and shot a firearm on the compound's firing range.

11.     In or between December 2017 and August 2018, in the District of New Mexico,
**HUJRAH WAHHAJ** possessed and shot a firearm on the compound's firing range.

12.     In or between December 2017 and August 2018, in the District of New Mexico,
**SUBHANAH WAHHAJ** possessed and shot a firearm on the compound's firing range.

13.     In or between December 2017 and August 2018, in the District of New Mexico,
**LUCAS MORTON** possessed and shot a firearm on the compound's firing range.

14.     In or about December 2017, in the District of Georgia, **LUCAS MORTON** solicited
one of **SIRAJ IBN WAHHAJ's** relatives to join the occupants of the compound in the State of
New Mexico, to bring money and firearms, and to die as a martyr.

15.     In or between December 2017 and August 2018, in the District of New Mexico,
**SIRAJ IBN WAHHAJ** and **LUCAS MORTON** trained persons, including other members of the
compound, in using firearms and performing tactical maneuvers.

16.     In or between December 2017 and August 2018, in the District of New Mexico and
elsewhere, **SIRAJ IBN WAHHAJ** instructed persons, including other occupants of the compound,
to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including killing
Federal Bureau of Investigation employees, government officials, and military personnel.

The United States does not have to prove all of these different acts for you to return a guilty verdict on this Count.

But in order for you to return a guilty verdict as to Count 3 for each charged Defendant, all twelve of you must agree upon which of the listed acts, if any, the charged Defendants committed and that the charged Defendants committed at least one of the acts listed.

**INSTRUCTION NO. 9 (Count 4)**

Defendants Hujrah Wahhaj, Subhanah Wahhah, and Lucas Morton are charged in Count 4 with a violation of 18 U.S.C. section 1201(c), conspiracy to commit kidnapping.

In order for you to find each Defendant guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

*First*:   the charged Defendants entered into a conspiracy;

*Second*:   the object of the conspiracy was to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, or carry away and hold ABDUL GHANI WAHHAJ and transport him in interstate commerce; and

*Third*:   death resulted from the kidnapping.

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member. The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding. The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details. But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

A Defendant may join an ongoing conspiracy during its progress and become criminally liable for all acts done in furtherance of the conspiracy. A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that a Defendant knew about the existence of the conspiracy or was associated with

members of the conspiracy. Rather, the evidence must show a Defendant knowingly joined the conspiracy with the intent to advance its purposes. A Defendant cannot, however, be held liable for substantive crimes committed by coconspirators prior to his or her entry in the conspiracy. Finally, you are instructed that impossibility is not a defense to a conspiracy charge, and the United States does not need to prove that the underlying object of a conspiracy did or would have happened. This is because the offense is the agreement between conspirators, not the successful carrying out of the agreement's goals.

In the second element, to "kidnap" a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense. In evaluating this element, you must first determine whether ABDUL GHANI WAHHAJ was of such an age or mental state as to have been capable of giving his consent to having been seized, confined, decoyed, abducted, carried away or held. If you determine if ABDUL GHANI WAHHAJ was not capable, then you must determine if his being seized, confined, decoyed, abducted, carried away or held was against a parent's consent.

The United States has alleged that the death of a person resulted from this offense, a fact that it must also prove beyond a reasonable doubt. If you conclude that the United States has proven beyond a reasonable doubt that death resulted from the kidnapping, you should make a finding to that effect and note it on the verdict form. If you find the elements of the crime beyond a reasonable doubt but not the resulting death, you should also note that on the verdict form.

To prove the kidnapping resulted in death, the United States must prove the kidnapping proximately caused the death of ABDUL GHANI WAHHAJ. The kidnapping is a proximate cause of the death if death was a foreseeable result of the kidnapping, and an act of the Defendants was a significant cause of the death of ABDUL GHANI WAHHAJ. The Defendants' acts are a

22

significant cause of death if they were acts, which in the natural and continuous chain of events, uninterrupted by an outside event, resulted in the death and without which the death would not have occurred.

**INSTRUCTION NO. 10 (Count 5)**

Defendants Hujrah Wahhaj, Subhanah Wahhah, and Lucas Morton are charged in Count 5 with a violation of 18 U.S.C. Sections 1201(a) and 2, kidnapping and aiding and abetting kidnapping.

In order for you to find each Defendant guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

*First*:   the charged Defendants unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away and held ABDUL GHANI WAHHAJ;

*Second*:  the charged Defendants kidnapped ABDUL GHANI WAHHAJ for some purpose or benefit;

*Third*: the charged Defendants willfully transported ABDUL GHANI WAHHAJ; and

*Fourth*: the transportation was in interstate commerce.

*Fifth*:  death resulted from the kidnapping.

In the second element, to "kidnap" a person means to unlawfully hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense. In evaluating this element, you must first determine whether ABDUL GHANI WAHHAJ was of such an age or mental state as to have been capable of giving his consent to having been seized, confined, decoyed, abducted, carried away or held. If you determine if ABDUL GHANI WAHHAJ was not capable, then you must determine if his being seized, confined, decoyed, abducted, carried away or held was against a parent's consent.

To "inveigle" a person means to lure, or entice, or lead the person astray by false representations or promises, or other deceitful means.

24

The phrase "for some purpose or benefit" means any purpose or reason which would benefit the charged Defendants. It does not require the United States prove that the charged Defendants kidnapped ABDUL GHANI WAHHAJ specifically for reward or ransom.

In the fourth element, the term "willfully" means that the charged Defendants acted voluntarily while intentionally transporting ABDUL GHANI WAHHAJ. The United States must prove that the charged Defendants crossed a state line while intentionally transporting ABDUL GHANI WAHHAJ, but the United States does not have to prove that the charged Defendants knew they were crossing a state line, only that they did.

"Interstate commerce" means commerce or travel between one state and another state.

The United States has alleged that the death of a person resulted from this offense, a fact that it must also prove beyond a reasonable doubt.  If you conclude that the United States has proven beyond a reasonable doubt that death resulted from the kidnapping, you should make a finding to that effect and note it on the verdict form.  If you find the elements of the crime beyond a reasonable doubt but not the resulting death, you should also note that on the verdict form.

To prove the kidnapping resulted in death, the United States must prove the kidnapping proximately caused the death of ABDUL GHANI WAHHAJ. The kidnapping is a proximate cause of the death if death was a foreseeable result of the kidnapping, and an act of the Defendants was a significant cause of the death of ABDUL GHANI WAHHAJ. The Defendants' acts are a significant cause of death if they were acts, which in the natural and continuous chain of events, uninterrupted by an outside event, resulted in the death and without which the death would not have occurred.

## INSTRUCTION NO. 11

If you do not unanimously find the kidnapping resulted in death as charged in Count 5, or if, after all reasonable efforts, you are unable to agree on a verdict as to that offense, then you must determine whether the charged Defendants are guilty or not guilty of the lesser charge of kidnapping.

The difference between these two offenses is that, to convict the charged Defendants of kidnapping, the United States does not have to prove the element that the kidnapping resulting in death. This is an element of the greater offense, but not of the lesser included offense.

For you to find each Defendant guilty of kidnapping, the United States must prove each of the following elements beyond a reasonable doubt:

*First*:   the charged Defendants unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away and held ABDUL GHANI WAHHAJ;

*Second*:  the charged Defendants kidnapped ABDUL GHANI WAHHAJ for some purpose or benefit;

*Third*: the charged Defendants willfully transported ABDUL GHANI WAHHAJ; and

*Fourth*: the transportation was in interstate commerce.

If you are convinced that the United States has proved all of these elements beyond a reasonable doubt, you may find each charged Defendant guilty of the lesser included offense. If you have a reasonable doubt about any of these elements, then you must find that Defendant not guilty of the lesser included offense.

**INSTRUCTION NO. 12 (Counts 2 and 5)**

Count 2 (charged against all Defendants) and Count 5 (charged against Defendants Subhanah Wahhaj, Hujrah Wahhaj, and Lucas Morton) of the Indictment also charge a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the charged Defendants guilty of this crime, you must be convinced that the United States has proved each of the following beyond a reasonable doubt:

*First*: every element of the underlying crime was committed by someone other than the charged Defendants; and

*Second*: each Defendant intentionally associated himself or herself in some way with the crime and intentionally participated in it as he or she would in something he or she wished to bring about. This means that the United States must prove that each Defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him or her.

A Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

**INSTRUCTION NO. 13**

You are here to decide whether the United States has proved beyond a reasonable doubt that each Defendant is guilty of the crimes with which he or she is charged. The charged Defendants are not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether the Defendants have been proved guilty of the crime charged.

## INSTRUCTION NO. 14

If you find any Defendant guilty, it will be my duty to decide what the punishment will be for that Defendant. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**INSTRUCTION NO. 15**

A separate crime is charged against one or more of the Defendants in each count of the Indictment. You must separately consider the evidence against each charged Defendant on each count and return a separate verdict for each count.

Your verdict against any charged Defendant as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other Defendants or counts.

**INSTRUCTION NO. 16**

You will note that the Indictment charges that the crimes were committed from in or about October 2017 through in or about August 2018. The United States must prove beyond a reasonable doubt that each charged Defendant committed each crime reasonably near those dates.

**INSTRUCTION NO. 17**

The United States must prove, beyond a reasonable doubt, that the offenses charged in this case were actually committed and that it was each charged Defendant who committed it. Thus, the identification of each Defendant as the person who committed the offenses charged is a necessary and important part of the United States' case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offenses charged? You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crimes the product of the witness's own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the charged Defendant was presented to the witness for identification and the length of time that elapsed between the crimes and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of a Defendant as the person who committed the offenses charged, you must find that Defendant not guilty.

**INSTRUCTION NO. 18**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.  Commerce includes travel, trade, transportation, and communication.

Foreign commerce means commerce between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

## INSTRUCTION NO. 19

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers', Mr. Wahhaj's, and Mr. Morton's statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers, Mr. Wahhaj, or Mr. Morton asked. I also ruled that you could not see some of the exhibits that the lawyers, Mr. Wahhaj, or Mr. Morton wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## INSTRUCTION NO. 20

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts that point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts that have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

**INSTRUCTION NO. 21**

I remind you that it is your job to decide whether the United States has proved the guilt of each charged Defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence that was presented against each charged Defendant, but you may not consider evidence admitted against only one Defendant in determining whether a different Defendant is guilty or not. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the United States or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection—like failure of recollection—is not uncommon.

**INSTRUCTION NO. 22**

The Defendants did not testify, and I remind you that you cannot consider the Defendants' decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised, and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses. This means that even though one Defendant may have called witnesses, you cannot hold it against another Defendant who chose not to testify or call any witnesses.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**INSTRUCTION NO. 23**

You have heard the testimony of **[name of witness].** You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

## INSTRUCTION NO. 24

Evidence has been presented about a written statement made by Defendant Lucas Morton alleged to have been made after the commission of the crimes charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the charged Defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, the written statement by Defendant Morton should not be considered in any way whatsoever as evidence with respect to any of the other Defendants on trial.

**INSTRUCTION NO. 25**

During the trial, you heard the testimony of a number of expert witnesses.

You heard the testimony of Randy Watt who was qualified to express opinions concerning tactical and firearms training, the structure and functionality of military compounds and firing ranges, weapons and tactical equipment, and executive protection and counter-terror training.

You heard the testimony of Brian Nishida who was qualified as a computer forensic examiner. He testified about opinions concerning the scope, nature, and outcomes of processing and forensic examination of electronic devices and media seized or collected in connection with investigations. Mr. Nishida also testified about the data extracted from these electronic devices and media, including, among other things, the means by which this data was extracted and preserved.

You heard the testimony of Dr. John Phillips, M.D., who was qualified as a pediatric neurologist. Specifically, Dr. Phillips testified about seizure disorders, medical diagnosis, required continuing medical treatment, prescription medications, and pathology.

You heard the testimony of Joost Janssen who was qualified to express opinions concerning tactical and firearms training, the structure and functionality of military compounds and firing ranges, weapons and tactical equipment, and executive protection and counter-terror training.

You heard the testimony of Dr. Hannah Kastenbaum, M.D., who was qualified as a forensic pathologist. Specifically, she testified about the autopsy of Abdul Ghani Wahhaj, the condition of his body when examined, and results of the autopsy.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

40

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

## INSTRUCTION NO. 26

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

**[NOTE TO COUNSEL: THE COURT PROPOSES TO OMIT THIS INSTRUCTION]**

## INSTRUCTION NO. 27

During this trial, you have seen evidence of certain writings. Now, the evidence is the handwritten letter you see on the paper. What has been typed is simply the United States' translation or transcript from cursive to typed word as accurately as possible.

Keep in mind that the typed writing is not evidence. It was given to you only as a guide to help you follow what was written. If you notice any differences between what you read in the letter and what you read in the transcript, you must rely on the handwritten letter, not what is typed. If you cannot read or understand certain parts of the handwritten letter, you must ignore the transcript as far as those parts are concerned.

**[NOTE TO COUNSEL: THE COURT PROPOSES TO OMIT THIS INSTRUCTION]**

## INSTRUCTION NO. 28

During the course of this trial, and on multiple occasions throughout the trial, you have heard evidence that was admitted for a limited purpose and as to a particular Defendant, only.

Each time this type of evidence was admitted, I instructed you of the specific limitations placed on your use of that evidence. By providing these instructions, I was not suggesting that you must or should find the particular evidence credible or probative of any issue in this case. However, in the event you decide to consider the limited evidence, then you may use it only for the limited purpose, and only as to the particular Defendant, for which it was admitted.

You are not to consider any limited evidence for any other purpose other than the particular purpose for which it was admitted. And, you may not use it in any way during your deliberations concerning any Defendant against whom the evidence was not admitted.

**INSTRUCTION NO. 29**

In a moment, you will be escorted to the jury room and each of you will be provided with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson who will help guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict for any one Defendant, whether it is guilty or not guilty, all of you must agree. Your verdict for each Defendant must be unanimous on each charged count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the United States has proved each Defendant guilty of the charged offenses beyond a reasonable doubt.

45

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the spaces provided for each count of the Indictment and for each Defendant, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the Court Security Officer. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-2945 WJ |
| | ) | |
| SIRAJ IBN WAHHAJ, | ) | |
| | ) | |
| Defendant. | ) | |

## **V E R D I C T**

### **COUNT 1**

WE, THE JURY, find the Defendant, **SIRAJ IBN WAHHAJ**, _____

(Guilty or Not Guilty)

of Conspiracy to Provide Material Support to Terrorists, as charged in Count 1 of the Indictment.

### **COUNT 2**

WE, THE JURY, find the Defendant, **SIRAJ IBN WAHHAJ**, _____

(Guilty or Not Guilty)

of Providing Material Support to Terrorists, as charged in Count 2 of the Indictment.

47

## COUNT 3

*In order to find **SIRAJ IBN WAHHAJ** guilty of Conspiracy to Murder an Officer or Employee of the United States, you must determine whether the United States has proven beyond a reasonable doubt that at least one of the charged Defendants committed at least one of the following alleged acts in furtherance of the conspiracy.  As for **SIRAJ IBN WAHHAJ** and each alleged act, if the jury is unanimous that the United States proved beyond a reasonable doubt that **SIRAJ IBN WAHHAJ** committed the act, the jury foreperson shall write "true" in the blank next to the alleged act.  If the jury cannot agree that the United States proved the alleged act, do not fill in the blank next to the alleged act.*

WE, THE JURY, find the Defendant, **SIRAJ IBN WAHHAJ**, _____

(Guilty or Not Guilty)

of Conspiracy to Murder an Officer or Employee of the United States, as charged in Count 3 of

the Indictment.

_____ In or about December 2017, in the State of Georgia, **SIRAJ IBN WAHHAJ** provided at least ten firearms to his coconspirators.

_____ In or about December 2017, **SIRAJ IBN WAHHAJ** traveled with others from the State of Georgia to the State of Alabama in vehicles, while armed with firearms and ammunition.

_____ In or about December 2017, **SIRAJ IBN WAHHAJ** traveled with others from the State of Alabama to the State of New Mexico in a vehicle owned by **LUCAS MORTON**, while armed with firearms and ammunition.

_____ In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** built and maintained a compound comprised of materials such as a wooden frame, a trailer, plastic tarps, and tire walls and barriers.

_____ In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** stored firearms and ammunition on the compound.

_____ In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** built a firing range on the compound.

_____ In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** dug an underground tunnel leading away from the compound.

_____ In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** possessed and shot a firearm on the compound's firing range.

_____ In or between December 2017 and August 2018, in the District of New Mexico, **SIRAJ IBN WAHHAJ** trained persons, including other members of the compound, in using firearms and performing tactical maneuvers.

_____ In or between December 2017 and August 2018, in the District of New Mexico and elsewhere, **SIRAJ IBN WAHHAJ** instructed persons, including other occupants of the compound, to be prepared to engage in jihad, to die as martyrs, and to engage in violent acts, including killing Federal Bureau of Investigation employees, government officials, and military personnel.

Dated this _____ day of October, 2023.

_____

FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
vs.                              )        CRIMINAL NO. 18-2945 WJ
                                 )
HUJRAH WAHHAJ,                   )
                                 )
            Defendant.           )

## **V E R D I C T**

## **COUNT 1**

WE, THE JURY, find the Defendant, **HUJRAH WAHHAJ**, _____
                                                      (Guilty or Not Guilty)

of Conspiracy to Provide Material Support to Terrorists, as charged in Count 1 of the Indictment.

## **COUNT 2**

WE, THE JURY, find the Defendant, **HUJRAH WAHHAJ**, _____
                                                      (Guilty or Not Guilty)

of Providing Material Support to Terrorists, as charged in Count 2 of the Indictment.

## COUNT 4

WE, THE JURY, find the Defendant, **HUJRAH WAHHAJ**, _____

(Guilty or Not Guilty)

of Conspiracy to Commit Kidnapping, as charged in Count 4 of the Indictment.

*If you find **HUJRAH WAHHAJ** guilty of Conspiracy to Commit Kidnapping, you must determine whether the United States has proven beyond a reasonable doubt whether the kidnapping resulted in ABDUL GHANI WAHHAJ's death.  If the jury is unanimous that the United States proved beyond a reasonable doubt that **HUJRAH WAHHAJ** committed the act of Conspiracy to Commit Kidnapping, the jury foreperson shall write "yes" or "no" in the blank next to the following question.  If the jury cannot unanimously agree on the answer to this question, do not fill in the blank next to the follow-up question.*

The kidnapping resulted in ABDUL GHANI WAHHAJ's death.  _____

## COUNT 5

WE, THE JURY, find the Defendant, **HUJRAH WAHHAJ**, _____

(Guilty or Not Guilty)

of Kidnapping, as charged in Count 5 of the Indictment.

*If you find **HUJRAH WAHHAJ** guilty of Kidnapping, you must determine whether the United States has proven beyond a reasonable doubt whether the kidnapping resulted in ABDUL GHANI WAHHAJ's death. If the jury is unanimous that the United States proved beyond a reasonable doubt that **HUJRAH WAHHAJ** committed the act of Kidnapping, the jury foreperson shall write "yes" or "no" in the blank next to the following question.  If the jury cannot unanimously agree on the answer to this question, do not fill in the blank next to the follow-up question.*

The kidnapping resulted in ABDUL GHANI WAHHAJ's death.  _____

Dated this _____ day of October, 2023.

_____

FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-2945 WJ |
| | ) | |
| SUBHANAH WAHHAJ, | ) | |
| | ) | |
| Defendant. | ) | |

## **V E R D I C T**

## COUNT 1

WE, THE JURY, find the Defendant, **SUBHANAH WAHHAJ**, _____

(Guilty or Not Guilty)

of Conspiracy to Provide Material Support to Terrorists, as charged in Count 1 of the Indictment.

## COUNT 2

WE, THE JURY, find the Defendant, **SUBHANAH WAHHAJ**, _____

(Guilty or Not Guilty)

of Providing Material Support to Terrorists, as charged in Count 2 of the Indictment.

52

## COUNT 4

WE, THE JURY, find the Defendant, **SUBHANAH WAHHAJ**, _____

(Guilty or Not Guilty)

of Conspiracy to Commit Kidnapping, as charged in Count 4 of the Indictment.

*If you find **SUBHANAH WAHHAJ** guilty of Conspiracy to Commit Kidnapping, you must determine whether the United States has proven beyond a reasonable doubt whether the kidnapping resulted in ABDUL GHANI WAHHAJ's death. If the jury is unanimous that the United States proved beyond a reasonable doubt that **SUBHANAH WAHHAJ** committed the act of Conspiracy to Commit Kidnapping that resulted in death, the jury foreperson shall write "yes" or "no" in the blank next to the following questions. If the jury cannot unanimously agree on the answer to this question, do not fill in the blank next to the follow-up question.*

The kidnapping resulted in ABDUL GHANI WAHHAJ's death.  _____

## COUNT 5

WE, THE JURY, find the Defendant, **SUBHANAH WAHHAJ**, _____

(Guilty or Not Guilty)

of Kidnapping, as charged in Count 5 of the Indictment.

*If you find **SUBHANAH WAHHAJ** guilty of Kidnapping, you must determine whether the United States has proven beyond a reasonable doubt whether the kidnapping resulted in ABDUL GHANI WAHHAJ's death. If the jury is unanimous that the United States proved beyond a reasonable doubt that **SUBHANAH WAHHAJ** committed the act of Kidnapping, the jury foreperson shall write "yes" or "no" in the blank next to the following question. If the jury cannot unanimously agree on the answer to this question, do not fill in the blank next to the follow-up question.*

The kidnapping resulted in ABDUL GHANI WAHHAJ's death.  _____

Dated this _____ day of October, 2023.

_____
FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,    )
        )
     Plaintiff,    )
        )
   vs.    )     CRIMINAL NO. 18-2945 WJ
        )
LUCAS MORTON,    )
        )
     Defendant.    )

## **V E R D I C T**

## **COUNT 1**

WE, THE JURY, find the Defendant, **LUCAS MORTON**, _____

                    (Guilty or Not Guilty)

of Conspiracy to Provide Material Support to Terrorists, as charged in Count 1 of the Indictment.

## **COUNT 2**

WE, THE JURY, find the Defendant, **LUCAS MORTON**, _____

                    (Guilty or Not Guilty)

of Providing Material Support to Terrorists, as charged in Count 2 of the Indictment.

## COUNT 3

*In order to find **LUCAS MORTON** guilty of Conspiracy to Murder an Officer or Employee of the United States, you must determine whether the United States has proven beyond a reasonable doubt that at least one of the charged Defendants committed at least one of the following alleged acts in furtherance of the conspiracy.  As for **LUCAS MORTON** and each alleged act, if the jury is unanimous that the United States proved beyond a reasonable doubt that **LUCAS MORTON** committed the act, the jury foreperson shall write "true" in the blank next to the alleged act.  If the jury cannot agree that the United States proved the alleged act, do not fill in the blank next to the alleged act.*

WE, THE JURY, find the Defendant, **LUCAS MORTON**, _____

(Guilty or Not Guilty)

of Conspiracy to Murder an Officer or Employee of the United States, as charged in Count 3 of

the Indictment.

_____  In or about December 2017, **LUCAS MORTON** traveled with others from the State of Alabama to the State of New Mexico in a vehicle owned by **LUCAS MORTON**, while armed with firearms and ammunition.

_____  In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** built and maintained a compound comprised of materials such as a wooden frame, a trailer, plastic tarps, and tire walls and barriers.

_____  In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** stored firearms and ammunition on the compound.

_____  In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** built a firing range on the compound.

_____  In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** dug an underground tunnel leading away from the compound.

_____  In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** possessed and shot a firearm on the compound's firing range.

_____  In or about December 2017, in the District of Georgia, **LUCAS MORTON** solicited one of **SIRAJ IBN WAHHAJ's** relatives to

join the occupants of the compound in the State of New Mexico, to bring money and firearms, and to die as a martyr.

_____        In or between December 2017 and August 2018, in the District of New Mexico, **LUCAS MORTON** trained persons, including other members of the compound, in using firearms and performing tactical maneuvers.


## COUNT 4

WE, THE JURY, find the Defendant, **LUCAS MORTON**, _____

(Guilty or Not Guilty)

of Conspiracy to Commit Kidnapping, as charged in Count 4 of the Indictment.

*If you find **LUCAS MORTON** guilty of Conspiracy to Commit Kidnapping, you must determine whether the United States has proven beyond a reasonable doubt whether the kidnapping resulted in ABDUL GHANI WAHHAJ's death. If the jury is unanimous that the United States proved beyond a reasonable doubt that **LUCAS MORTON** committed the act of Conspiracy to Commit Kidnapping that resulted in death, the jury foreperson shall write "yes" or "no" in the blank next to the following questions. If the jury cannot unanimously agree on the answer to this question, do not fill in the blank next to the follow-up question.*

The kidnapping resulted in ABDUL GHANI WAHHAJ's death. _____

56

## **COUNT 5**

WE, THE JURY, find the Defendant, **LUCAS MORTON**, _____

(Guilty or Not Guilty)

of Kidnapping, as charged in Count 5 of the Indictment.

*If you find **LUCAS MORTON** guilty of Kidnapping, you must determine whether the United States has proven beyond a reasonable doubt whether the kidnapping resulted in ABDUL GHANI WAHHAJ's death. If the jury is unanimous that the United States proved beyond a reasonable doubt that **LUCAS MORTON** committed the act of Kidnapping, the jury foreperson shall write "yes" or "no" in the blank next to the following question.  If the jury cannot unanimously agree on the answer to this question, do not fill in the blank next to the follow-up question.*

The kidnapping resulted in ABDUL GHANI WAHHAJ's death.  _____

Dated this _____ day of October, 2023.

_____
FOREPERSON