IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      No. 18-CR-2945-WJ

SIRAJ IBN WAHHAJ,
HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON,

      Defendants.

## ORDER SUPPLEMENTING THE COURT'S ORAL RULING ON ITS FINAL JURY INSTRUCTIONS (DOC. 1001)

The Court issues this Order supplementing its oral ruling on the Final Jury Instructions. The Court heard the parties' oral arguments and objections and read their written objections. **Docs. 995 & 996**. However, for this Order, the Court focuses specifically on Defendants' objections to the definition of "to unlawfully kidnap" under jury instructions no. 9. and no. 10. **Doc. 1001 at 20–24**. After considering all parties' arguments, reviewing their proposed jury instructions, and examining relevant case law, the Court agrees with the United States' proposed instruction for the reasons explained below.

## BACKGROUND

Defendants are charged under 18 U.S.C § 1201(a). This section defines the crime of kidnapping as:

> (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when
> (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a state boundary, or the

offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

In the Court's first set of proposed jury instructions, **Doc. 983**, the Court proposed the following instruction. "[I]f you determine if [ABDUL GHANI WAHHAJ][1] was of such an age or mental state as to have been incapable of giving his consent to having been seized, confined, decoyed, abducted, carried away or held. If not, then you must determine if [ABDUL GHANI WAHHAJ] having been seized, confined, decoyed, abducted, carried away or held was against his parent's consent." **Doc. 983 at 21, 23**. This instruction is consistent with *Chatwin v. United States*, 326 U.S. 455, 460 (1946) ("If the victim is of such an age or mental state as to be incapable of having a recognizable will, the confinement then must be against the will of the parents or legal guardian of the victim."). This quoted language from *Chatwin* is very significant in the instant case, as the child victim (Abdul Ghani Wahhaj) was three years old at the time of his abduction and was born with the medical condition hypoxic ischemic encephalopathy ("HIE"), had cerebral palsy and was prescribed medications for seizures. During trial, the United States put on substantial evidence that Hakima Ramzi was Abdul Ghani Wahhaj's primary custodial parent. Hakima Ramzi cared for Abdul Ghani, fed him, played with him, gave him his medicine, scheduled his doctor's appointments, and attended his doctor's appointments. Evidence at trial also demonstrated that Abdul Ghani Wahhaj lived in the home of Hakima Ramzi from his birth until the day he was taken.

The United States objected to first version of this instruction as potentially misleading to the jury in that it suggested that a single parent's consent, such as Defendant Siraj Wahhaj's consent, is enough to completely extinguish the other parent's lack of consent. **Doc. 995 at 2**. The

---

[1] The Court and parties previously referred to Abdul Ghani Wahhaj as John Doe or John Doe 1.

United States requested that the Court swap the phrase "his parent's consent" for "his mother's consent." *Id*.

During a hearing on the Court's Proposed Jury Instructions on October 11, 2023, Defendants conceded that the *Chatwin* instruction was necessary but urged the Court to adhere to a strict reading of the *Chatwin* language and use "his parents' consent" instead of "his mother's consent."

In the Court's final jury instructions, **Doc. 1001**, the Court, agreeing with the United States, gave the following instruction under jury instruction Nos. 9 & 10:

> In the second element, to unlawfully kidnap a person means to hold, keep, detain, and confine the person against that person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense. In evaluating this element, you must first determine whether ABDUL GHANI WAHHAJ was of such an age or mental state as to have been capable of giving his consent to having been seized, confined, decoyed, abducted, carried away or held. If you determine if ABDUL GHANI WAHHAJ was not capable, then you must determine if his being seized, confined, decoyed, abducted, carried away or held was against HAKIMA RAMZI's consent.

**Doc. 1001 at 23 & 21**.

## ANALYSIS

The central issue before the Court is the definition of "unlawfully" under 18 U.S.C. § 1201(a). Defendants Lucas Morton, Subhanah Wahhaj, and Hujrah Wahhaj argue that unlawfully means knowingly acting contrary to the law, suggesting that the consent of Abdul Ghani Wahhaj's biological father, Siraj Wahhaj, and the absence of a court order terminating his parental rights could serve as a defense to the kidnapping. On the other hand, the United States contends that acting unlawfully involves taking a child across state lines without the consent of the custodial parent—in this case Hakima Ramzi. The United States' definition of "unlawfully" makes it irrelevant whether another biological parent consents to the taking as the consent of the custodial

3

parent is what matters. In support of its argument, the United States' points to Georgia law, where Abdul Ghani Wahhaj was living with his mother as his primary caretaker at the time he was taken.[2]

In Georgia, "lawful custody" includes "custody in the natural parents." Georgia Code Ann. § 16-5- 45(a)(3). Additionally, a person further "commits the offense of interstate interference with custody when without lawful authority to do so the person knowingly or recklessly takes or entices any minor . . . away from the individual who has lawful custody of such minor . . . and in doing so . . . removes such minor . . . from this state." Georgia Code Ann. § 16-5-45(c)(2); *see also* Georgia Code Ann. § 16-5-45(b)(1)(A) ("A person commits the offense of interference with custody when without lawful authority to do so, the person . . . [k]nowingly or recklessly takes or entices any child away from the individual who has lawful custody of such child."). Parents are not immune from prosecution under these provisions. Instead, Georgia law contemplates the prosecution of a parent who takes his or her own child in order to prevent the other parent from exercising lawful custody. *See, e.g. Arnold v. State*, 628 S.E.2d 605 (Ga. App. 2006) (sufficient evidence to uphold defendant's conviction for interference with custody where he had an altercation with the mother of his child, hit the mother, grabbed the child, and tried to leave); *State v. Evans*, 442 S.E.2d 287 (Ga. App. 1994) (statute applies when parent lawfully removes child from state, but unlawfully retains custody out of state); *Scott v. State*, 400 S.E.2d 677 (Ga. App. 1990) (discussing sufficiency of evidence to support a parental kidnapping); *Vistein v. Henson*,

---

[2] The Court also notes that the United States alleged three discrete ways and times in which the taking of Abdul Ghani Wahhaj was unlawful. First, Jany Leveille inveigled Siraj Wahhaj's consent. **Doc. 739 at 4**. This necessarily precedes Siraj's taking of Abdul Ghani from a time period before going to Hakima Ramzi's hotel room on or about December 2, 2017 (GE12). Second, the taking was against his mother's consent. **Doc. 739 at 3**. Following Siraj's taking of Abdul Ghani Wahhaj—at least as early as 11:20AM on December 2, 2017—he and the other Defendants were aware the taking was against Hakima Ramzi's consent. Hakima Ramzi was Abdul Ghani's primary custodial parent and caregiver, who cared for Abdul Ghani Wahhaj nonstop from birth until he was taken. *See* GE 4b, GE 5, testimony of Hakima Ramzi, testimony of Jamella Jihad, testimony of Capt. Scott Stubbs, testimony of Muhammad Wahhaj. Finally, the Unites States asserts that the taking was unlawful when Abdul Ghani was taken, concealed, and held in violation of the December 18, 2017, pickup order as of 11:38AM on December 18, 2017.

746 F. App'x 937 (11th Cir. 2018) (in case where mother and father living in Georgia had joint custody of child, mother could be arrested for unlawfully retaining child out of state in violation of father's custody rights).

With no federal law in conflict with Georgia law, which makes it illegal for both parents and non-parents to take a child away from a non-consenting custodial parent and transport them across state lines, the Court finds that such actions constitute unlawful kidnapping under 18 U.S.C. § 1201(a).

## CONCLUSION

For these reasons explained above, the Court instructed the jury as follows: "If you determine if ABDUL GHANI WAHHAJ was not capable, then you must determine if his being seized, confined, decoyed, abducted, carried away or held was against HAKIMA RAMZI's consent."

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE