IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No. 18-cr-2945-WJ

HUJRAH WAHHAJ, and
SUBHANAH WAHHAJ,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' POST-TRIAL MOTION FOR JUDGMENT OF ACQUITTAL

**THIS MATTER** is before the Court on Defendants' Post-Trial Motion[1] for a Judgment of Acquittal (**Doc. 1044**), filed November 28, 2023. The United States opposes this motion (**Doc. 1086**). Six weeks earlier, a federal jury convicted Defendants of Conspiracy to Commit Kidnapping[2] and Kidnapping, in violation of 18 U.S.C. §§ 1201(c) and 1201(a) & 2. **Docs. 1011 & 1014**. Defendants renew their request under Fed. R. Crim. P. 29. The Court finds that none of Defendants' arguments are supported by the law or the record, and as such, Defendants' Motion is **DENIED**.

### BACKGROUND

When the Government rested on October 6, 2023, Defendants made an oral[3] motion and argument for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 (**Tr. at 2050–2074**). Defendants also filed two pleadings in support of their Rule 29 motion on October 9, 2023 (**Docs.**

---

[1] This third Rule 29 motion was only filed by Defendants Subhanah Wahhaj and Hujrah Wahhaj.
[2] In this Memorandum Opinion and Order, the Court uses the name of the child victim. In previous filings, the Court and Parties referred to Abdul Ghani Wahhaj as "JOHN DOE" or "John Doe 1." *See* **Doc. 1002 at 2 n.1**.
[3] When referring to the trial transcript ("Tr."), the Court has included citations to the specific page in the trial transcript. **Doc. 1078** provides a master index of all 15 volumes of the trial transcript from page 1–2847. The volumes themselves are accessible at **Docs. 1051–1077 & 1083**.

**997 & 998**). Defendants then presented their evidence, rested, and renewed their acquittal motions on October 11, 2023 (**Tr. at 2615 & 2618**). On October 12, 2023, the Court denied[4] Defendants' Rule 29 motion. On November 28, 2023, Defendants filed[5] the instant Rule 29(c) motion.

Defendants' post-trial Rule 29 pleading incorporates "all oral arguments made during trial" and "arguments previously advanced" in numerous motions (**Doc. 1044 at 1–2**). Specifically, Defendants mentioned the following motions: Defendants' Joint Motion to Dismiss—Missing Element (**Doc. 468**) and Defendants' Reply (**Doc. 541**); Defendants' Joint Motion to Dismiss—No Predicate Crime for Conspiracy to Kidnap (**Doc. 469**) and Defendants' Reply (**Doc. 487**); Defendants' Response to the United States' Motion in Limine to Exclude Defense Arguments and Evidence (**Doc. 938**) and Defendants' Surreply (**Doc. 964**); and Defendants' Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29 (**Doc. 998**).

The Court ruled on each of Defendants' pretrial motions as follows: Memorandum Opinion and Order Denying Defendants' Motion to Dismiss—Missing Element (**Doc. 543**); Memorandum Opinion and Order Denying Defendants' Motion to Dismiss—No Crime (**Doc. 739**); and Memorandum Opinion and Order Granting in Part and Denying in Part the United States' Omnibus Motion in Limine to Exclude Defense Arguments and Evidence (**Doc. 969**).

Here, even the "new" arguments regarding jury instructions have been previously litigated

---

[4] The Court ruled from the bench, stating:
> [T]here is both direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom, and in the light most favorable to the nonmoving party, which is the United States, that a reasonable juror or jury could find each of Defendants Hujrah Wahhaj and Subhanah Wahhaj guilty beyond a reasonable doubt with respect to Counts 1, 2, 4 and 5, the counts that are charged against them. Therefore, in accordance with Rule 29, there is sufficient evidence to sustain a conviction on the counts charged and the Defendants' motion for judgment of acquittal pursuant to Rule 29 is therefore denied.

Tr. at 2623.

[5] Defendants requested (**Doc. 1021**), and the Court granted (**Doc. 1023**), an extension of time to file post-trial motions. Thus, while Fed. R. Crim. P. 29(c) requires a Defendant to file such a motion within 14 days, Defendants' filing beyond 14 days is of no consequence.

(**Docs. 865, 869, 898, 920, 974, 996**). In fact, the Court published proposed jury instructions prior to the pretrial conference (**Doc. 983**), heard counsels' arguments, published proposed final jury instructions (**Doc. 1000**), and heard more argument—all before issuing the Court's final jury instructions (**Doc. 1001**). The Court explained its rationale for the kidnapping instruction based on *Chatwin v. United States*, 326 U.S. 455 (1946) and the "three discrete ways and times in which the taking of Abdul Ghani Wahhaj was unlawful." **Doc. 1002 at 3–4**.

## LEGAL STANDARD FOR JUDGMENT OF ACQUITTAL

In ruling on a Rule 29 motion for acquittal, the Court, viewing the evidence most favorably to the Government, must determine whether a rational jury could have found the elements of the offense to have been proven beyond a reasonable doubt. Courts must give "considerable deference to the jury's verdict." *United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015). Of course, the evidence supporting the conviction must do more than raise a mere suspicion of guilt. *United States v. Anderson*, 189 F.3d 1201, 1205 (10th Cir. 1999).

That being said, a court must uphold a jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001). It is, therefore, the Court's duty to "determine whether the evidence, if believed, would establish each element of the crime." *United States v. Vallos*, 238 F.3d 1242, 1247 (10th Cir. 2001) (quoting *United States v. Evans*, 42 F.3d 586, 589 (10th Cir. 1994)). The Court's job is not to weigh the evidence or consider the credibility of witnesses. *See Burks v. United States*, 437 U.S. 1, 16 (1978). Rather, a judgment of acquittal is only proper if the evidence is "so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982); *see also United States v. Magleby*, 241 F.3d 1306, 1312 (10th Cir. 2001).

Defendants claim that "the evidence presented at trial, even if believed, cannot establish" guilt (**Doc. 1044 at 3**). The Court disagrees. As the United States' Response (**Doc. 1086**) makes clear, the record "is replete with evidence" sufficient to establish the elements of the crimes. For the same reasons detailed on the record—in addition to those expounded upon in numerous opinions—the Court finds Defendants' motion is without merit.

## DISCUSSION

In this latest filing, Defendants object to the Court's jury instructions regarding parental consent as well as insufficiency of the evidence regarding interstate transport and resulting in death elements (**Doc. 1044 at 9–14**). Defendants' also assert a "new" argument—asserting there is "no evidence" they "did anything" (**Doc. 1044 at 7 & 14**).

The Court has already ruled, repeatedly and exhaustively, on Defendants' complaint regarding parental consent (**Docs. 543, 739, 962, 969, 1002**). The Court finds there was sufficient evidence to support a finding that the Defendants knew Hakima Ramzi did not consent to Abdul Ghani's taking (**Doc. 1086 at 21–24**). Defendants' argument regarding mistake of law and specific intent (**Doc. 1044 at 10–12**) is not persuasive.

Moving on to interstate transport. There was plenty of evidence[6] to prove that Abdul Ghani was taken from Georgia to Alabama to New Mexico (**Doc. 1086 at 29–31**). The Court reiterates that the United States offered three alternatives for when the Defendants' taking of Abdul Ghani became unlawful, namely: (1) Jany Leveille inveigled Siraj Wahhaj's consent; (2) the taking was against Hakima Ramzi's consent on December 2, 2017; or (3) the taking was unlawful when Abdul

---

[6] Following Siraj ibn Wahhaj's taking of Abdul Ghani Wahhaj on December 2, 2017, he and the other Defendants were aware the taking was against Hakima Ramzi's consent. Hakima Ramzi was Abdul Ghani's primary custodial parent and caregiver, who cared for Abdul Ghani Wahhaj nonstop from birth until he was taken. *See* GE 4b and GE 5 as well as the testimony of Hakima Ramzi, testimony of Jamella Jihad, testimony of Capt. Scott Stubbs, and testimony of Muhammad Wahhaj.

Ghani was taken, concealed, and held in violation of the pickup order as of 11:38AM on December 18, 2017. *See* **Doc. 1002 at 4 n.2**. With no federal law in conflict with Georgia law (which makes it illegal for both parents and non-parents to take a child away from a non-consenting custodial parent and transport them across state lines), the Court once again finds that Defendants' actions constituted unlawful kidnapping under 18 U.S.C. § 1201(a).

Next, Defendants allege there was "no evidence that AG's death was a foreseeable result." **Doc. 1044 at 3**. As was true with the kidnapping, the United States offered alternative theories of the "resulting in death" language (**Doc. 1086 at 31–33**). One option was Abdul Ghani's deprivation of medicine and the other was death by ruqyah[7]. *Id.* (citing the record of trial at 92–94, 195, 197–98, 2009–11, 2042 & Gov. Exs. 4, 4b, 10a, 10b, 10c, 12, 20, 20a, 21, 22, 89, 91, 92, 94). Defendants were aware of Abdul Ghani's medical condition, knew he required medicine, and knew that Siraj Wahhaj performed ruqyah on him. *Id.* Defendants were warned repeatedly by family that Abdul Ghani's life was in danger without his medication. *Id.* This argument is not well taken.

Defendants' repeatedly claim there is "no evidence" the taking of Abdul Ghani was unlawful or that Abdul Ghani's death was foreseeable (**Doc. 1044 at 3, 5–8, 10–15, 17–20**). The Court finds this characterization of the evidence is revisionist history, at best. A plethora of testimony and exhibits[8] undermine Defendants' argument (**Doc. 1086 at 23**). The evidence presented at trial established sufficient proof as to each of the elements of Counts 4 and 5 (**Doc. 1086 at 15–21**).

---

[7] This Court previously heard testimony during the *James* hearing that explained "ruqyah" or "ruqya" is an Islamic cleansing ritual practice intended to remove black magic, "jinns," or "shaytans" from an individual (similar to a Catholic exorcism). **Doc. 878** (*James* Transcript) **at 17:10-18:5**.

[8] The Government cites to testimony and exhibits that demonstrate: (1) the Defendants knew Hakima was the sole custodial parent of Abdul Ghani; (2) Hujrah and Subhanah lived with Hakima and Abdul Ghani; (3) Hakima reported the taking of Abdul Ghani to the police; and (4) Hakima's attempt to get Abdul Ghani back precipitated the Defendants' departure from Georgia. *See* **Tr. at 90, 92, 194–95, 317–18, 344–46, 491, 573, 708–10, 795, 807, 811–15, 1004–05**; *see also* Gov. Exs. 4, 4b, 5, 6, 28.

The evidence proved the Defendants agreed, conspired, and confederated to take, transport, carry away, and conceal Abdul Ghani (**Doc. 1086 at 3**). The evidence proved that Defendants taking, transporting, and abduction crossed multiple state lines. *Id.* **at 2**. And, finally, the evidence proved their actions were taken to permanently deprive Hakima Ramzi of custody, against her will (**Docs. 1001, 1002, 1086**).

With respect to the "foreseeability" of death—the Court highlights that Defendants requested the proximate cause instruction (**Doc. 974**). The Court included this requested language in the jury instructions even though there is no Tenth Circuit parallel (**Doc. 1001**). In fact, two judges in this district have come to different conclusions about whether a proximate cause instruction is necessary when kidnapping resulting in death is charged. *Compare United States v. Foghorn*, No. 03-2365, 2006 U.S. Dist. LEXIS 95235 (D.N.M. Oct. 20, 2006) (finding the "if death results" language requires an instruction on causation)*, with United States v. Lujan*, No. 05-924, 2011 U.S. Dist. LEXIS 169651 (D.N.M. Aug. 10, 2011) (finding a proximate cause instruction is not required). Given the alternate[9] and overlapping theories of "foreseeability" presented by the Government, this instruction ensured the jurors understood Defendants' action must have proximately caused Abdul Ghani's death and been foreseeable (**Doc. 1001 at 21–22 & 24**). Despite the assertion that the "quanta of evidence is insufficient . . . to prove beyond a reasonable doubt that AG's death was proximately caused" (**Doc. 1044 at 19**) by the Defendants—the Court presumes the jurors attended closely to the language of the instructions and followed them. *See United States v. Berry*, 717 F.3d 823, 832 (10th Cir. 2013).

The Court finds there was sufficient evidence, as well as reasonable inferences drawn therefrom, which indicate the jury could fairly and logically conclude Defendants conspired to

---

[9] The evidence posited that the consequences of taking of Abdul Ghani from Hakima and depriving him of his medication *or* allowing Siraj to perform ruqyah on him were both foreseeable (**Doc. 1086 at 32**).

kidnap (and did kidnap) Abdul Ghani Wahhaj, resulting in his death.

## CONCLUSION

The evidence presented at trial was not "so meager" as to require a judgment of acquittal. *White*, 673 F.2d at 301. Rather, taking the evidence in the light most favorable to the Government, as the Court must under Rule 29, the Court finds that a reasonable jury could find—and did find—Defendants guilty beyond a reasonable doubt.

Accordingly, Defendants' post-verdict motion (**Doc. 1044**) for a judgment of acquittal under Fed. R. Crim. P. 29(c) is **DENIED**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE