IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                                                                          No. 18-cr-2945-WJ

HUJRAH WAHHAJ,
SUBHANAH WAHHAJ, and
LUCAS MORTON[1],

      Defendants.

## ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MANDATORY LIFE SENTENCE

**THIS MATTER** is before the Court on Defendants Hujrah Wahhaj's and Subhanah Wahhaj's Joint Objections to a Life Sentence (**Doc. 1112**) and the United States' Response (**Doc. 1124**). Upon review of the parties' briefings and the applicable law, as well as their oral arguments at sentencing, the Court concludes Defendants' sentence of life imprisonment is both constitutionally permissible and statutorily mandated. Defendants' objections are, therefore, **OVERRULED**.

### BACKGROUND

The Presentence Report ("PSR") calculated Hujrah Wahhaj's Guidelines range to be "mandatory life without release" based on a total offense level of 43 and a criminal history category

---

[1] *Pro se* Defendant Lucas Morton filed a joinder (**Doc. 1146**) to Defendant Subhanah Wahhaj and Defendant Hujrah Wahhaj's motion (**Doc. 1112**) objecting to the mandatory life sentence for the kidnapping resulting in death Counts. Defendant Morton made no argument in his written motion addressing how the mandatory life sentence was disproportionate as applied to him. He also made no oral argument on the matter at sentencing. Although he is included in the caption of this Order, the Court concludes his argument was made "in a perfunctory manner," and is waived. *United States v. Ellis*, 868 F.3d 1155, 1181 (10th Cir. 2017); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."). Additionally, Defendant Morton was convicted of all Counts—so his proportionality argument has even less merit. Outside of this footnote, the Court declines to address any of Defendant Morton's arguments (because he offered no facts, cited no law, and the law cited by his co-Defendants cuts squarely against him).

of I (**Doc. 1096 at 17**). Subhanah Wahhaj's PSR[2] lists the same Guidelines range, total offense level, and criminal history (**Doc. 1098 at 16**). These calculations are the result of a cross reference from USSG § 2A4.1 to USSG § 2A1.1. Additionally, Defendants received a two-level upward adjustment for a vulnerable victim, pursuant to USSG § 3A1.1(b)(1). Because Defendants' total offense level exceeded 43, their total offense level is "treated as an offense level of 43." *See* USSG Ch. 5, pt. A, n.2.

Additionally, the kidnapping statute, 18 U.S.C. § 1201(a), states "if the death of any person results, shall be punished by death or life imprisonment." The sentence of life imprisonment is a statutory requirement that forecloses any judicial discretion to vary or depart downward.

**DISCUSSION**

The Eighth Amendment "contains a narrow proportionality principle that applies to noncapital cases." *United States v. Tolliver*, 730 F.3d 1216, 1231 (10th Cir. 2013) (quoting *United States v. Gillespie*, 452 F.3d 1183, 1190 (10th Cir. 2006)); *see also Ewing v. California*, 538 U.S. 11, 20 (2003); *cf. United States v. Angelos*, 433 F.3d 738, 750 (10th Cir. 2006) (noting the Supreme Court has "struck down only two" Eighth Amendment challenges to sentences over the past century). As explained below, on-point Supreme Court and Tenth Circuit precedent shuts down each of Defendants' arguments.

First, it is worth noting that district courts generally "lack discretion to depart below applicable statutory mandatory minimum sentences." *United States v. Cornelius*, 696 F.3d 1307, 1327 (10th Cir. 2012); *cf.* 18 U.S.C. § 3553(e). Congress has the power to define a crime and set its punishment. *See Mistretta v. United States*, 488 U.S. 361, 364 (1989) (first citing *United States*

---

[2] Previously, the Court reserved ruling (**Doc. 1144**) on Defendant Subhanah Wahhaj's request for a two-level "minor" role reduction pursuant to USSG § 3B1.2(b). But even with this adjustment, her total offense level remained at 43. *Id.* at 6–7. Thus, her correctly calculated advisory Guidelines sentence is "life" regardless of whether the Court applies the adjustment.

2

*v. Wiltberger*, 18 U.S. (5 Wheat) 76, 95 (1820); then citing *Ex Parte United States*, 242 U.S. 27, 44 (1916)). This means that in cases of mandatory minimum sentences, the Court's hands are tied. *See* BENJAMIN N. CARDOZO, THE NATURE OF THE JUDICIAL PROCESS 141 (1921) ("The judge, even when he is free, is still not wholly free. He is not to innovate at pleasure."). As explained below, the Court's discretion to vary or depart downward is eliminated by the statutory punishment of life imprisonment. 18 U.S.C. § 1201(a). Despite criticism[3] from "judges and attorneys alike," mandatory minimum sentences "prevent judges from exercising discretion." *United States v. Sims*, No. 98-cr-45, 2021 U.S. Dist. LEXIS 78840, at *16 (E.D. Va. Apr. 23, 2021).[4] Neither Section 3553(a) nor the Guidelines give the Court discretion to disobey a statutory minimum. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (explaining sentencing courts are "constrained by the mandatory minimums" established by Congress).

Attacking the constitutionality of a mandatory life sentence is equally unhelpful for Defendants—as it is foreclosed by circuit[5] precedent. Moreover, the Supreme Court held

---

[3] Although obviously non-exhaustive, the following cases highlight several courts' discomfort with—but adherence to—mandatory sentences. *See United States v. Marshall*, 870 F. Supp. 2d 489, 499–500 (N.D. Ohio 2012) ("[T]his Court arrives at a frustrating conclusion: it is statutorily bound to impose [the mandatory minimum sentence], and does so, while at the same time emphasizing its strong disagreement."); *United States v. Jamerson*, 536 F. App'x 606, 610 (6th Cir. 2013) (unpublished) ("[W]hen a court disagrees with a mandatory minimum, the minimum prevails and the district court's desire to sentence below the minimum does not render a statutory mandatory minimum sentence unreasonable."); *Fontes v. United States*, No. 03-cr-10137, 2010 U.S. Dist. LEXIS 28474, at *20 (D. Mass. Mar. 25, 2010) (explaining the sentencing court was "powerless" to sentence the Defendant below the mandatory minimum).

Even Judge Mark W. Bennett, an outspoken critic of mandatory minimum sentences, found that sentencing courts are "bound" by statutory mandatory minimums and have no discretion to deviate. *See United States v. Feauto*, 146 F. Supp. 3d 1022, 1024 n.2 (N.D. Iowa 2015) (collecting publications by Judge Bennett critiquing mandatory minimums); *Schell v. United States*, No. 08-cr-4049, 2016 U.S. Dist. LEXIS 2765, at *3 (N.D. Iowa Jan. 11, 2016); *Morris v. United States*, No. 05-cr-4085, 2010 U.S. Dist. LEXIS 85055, at *22–23 (N.D. Iowa Aug. 18, 2010).

[4] In the *Sims* case, the Court felt the Defendant's "life sentence was a substantial penalty" especially given the fact "he had been offered a maximum three-year sentence prior to trial." The Court shares this sentiment.

[5] The Tenth Circuit has upheld life sentences in the face of Eighth Amendment attacks for a variety of crimes. *See, e.g., United States v. Shamo*, 36 F.4th 1067, 1083 (10th Cir. 2022) (upholding constitutionality of a mandatory life sentence for continuing criminal enterprise conviction); *United States v. Burtrum*, 21 F.4th 680, 687–88 (10th Cir. 2021) (upholding constitutionality of a mandatory life sentence for second aggravated sexual abuse conviction); *United States v. Williams*, 579 F.3d 1149, 1165 (10th Cir. 2009) (upholding multiple concurrent life sentences under 21 U.S.C. § 841(a)(1) against Eighth Amendment challenge); *United States v. McKneely*, 69 F.3d 1067, 1080–81 (10th Cir. 1995) (upholding mandatory life sentence for first-time felon convicted of drug offenses).

mandatory life sentences are not unconstitutional under the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 994–95 (1991) (refusing to extend the individualized capital-sentencing doctrine to a mandatory life imprisonment). Although the Tenth Circuit has not specifically held that Section 1201's mandatory life sentencing scheme is constitutional—each court of appeals[6] to address the issue found no such violation.

Defendants also argue being a first-time offender is grounds for relief. *See* **Doc. 1112 at 8** (asserting that "neither Hujrah nor Subhanah have a criminal history"). Certainly, first-time offender status is a basis for a downward departure/variance. 18 U.S.C. § 3553(a). But being a first-time offender provides no relief for statutory minimums. Such is the case here. An offense level of 43, in and of itself, calls for a life sentence—regardless of a Defendant's criminal history. *See United States v. Diaz-Menera*, 60 F.4th 1289, 1292 (10th Cir. 2023) (explaining a "total offense level at 43" and a "criminal-history score of I" results in an advisory sentence of life); *United States v. Lowell*, 2 F.4th 1291, 1294–95 (10th Cir. 2021) ("regardless of a defendant's criminal history category," an offense level of 43 provides a guidelines range of life imprisonment); *see also* USSG Ch. 5, pt. A. But it is not the Defendants' offense level or lack of prior criminal history that prohibits relief in this case. Ordinarily the Court could (and would) take those into account. The required statutory sentence of life imprisonment has no work around.

Next, Defendants contend that their sentence is substantively unreasonable because they

---

[6] No circuit court has ruled that mandatory life imprisonment is "cruel and unusual punishment" for a Defendant convicted of kidnapping resulting in death. *See United States v. Corbett*, 750 F.3d 245, 252 n.5 (2d Cir. 2014) ("[I]t is well established that Congress may require mandatory minimum criminal sentences, including § 1201(a)(1)'s sentence of life imprisonment where the kidnapper causes any person's death."); *United States v. Calderon*, 2022 U.S. App. LEXIS 8113 (4th Cir. 2022) (unpublished) (rejecting Eighth Amendment claim for a Defendant convicted of kidnapping resulting in death who was sentenced to life imprisonment); *United States v. Shields*, 480 F. App'x 381, 389 (6th Cir. 2012) (unpublished) (finding no Eighth Amendment violation when a "mentally retarded" Defendant was sentenced to a "mandatory sentence of life imprisonment for kidnapping resulting in death"); *Ruiz v. United States*, 990 F.3d 1025, 1028 (7th Cir. 2021) (affirming life sentence imposed for kidnapping resulting in death); *United States v. Barraza*, 576 F.3d 798, 808 (8th Cir. 2009) (upholding sentence for a juvenile convicted of kidnapping resulting in death despite Eighth Amendment attack).

are less culpable than their co-Defendants but subject to the same sentence. *See Gall v. United States*, 552 U.S. 38, 41 (2007) (reviewing sentences under substantive reasonableness). Here, the Court agrees that Defendants Subhanah Wahhaj and Hujrah Wahhaj were less culpable than their co-Defendants. The Court bases this finding on the fact they were acquitted on Counts 1 and 2 (**Docs. 1011 & 1014**). Also, Probation correctly calculated their advisory Guidelines sentence without adding any aggravating role enhancements (**Doc. 1096 at 13–14; Doc. 1098 at 13–14**). But that does not matter here. Although each Defendant had different roles, they were all part of one criminal enterprise (**Doc. 962 at 47**) that involved the abduction of a three-year-old special needs child from Atlanta, Georgia and the transportation of said child across state lines to a primitive compound in a remote part of Taos County, New Mexico where the child died. It is not unreasonable to impose a statutorily mandated sentence of life imprisonment for the kidnapping of a child resulting in death. *See United States v. Toebbe*, 85 F.4th 190, 205 (4th Cir. 2023) (finding no Eighth Amendment violation when the district court "imposed a sentence that was authorized by Congress and consistent with the Sentencing Commission's assessment of the seriousness of the offense relative to other federal crimes"). Despite proclaiming a mandatory life sentence is "grossly disproportionate," the case law says otherwise (**Doc. 1124 at 5–10**). As mentioned above, the "Constitution does not require the crime and the sentence to be strictly proportional." *Tolliver*, 730 F.3d at 1231 (quoting *Gillespie*, 452 F.3d at 1190). A sentence imposed by statute is "neither excessive nor cruel and unusual." *Id.* As explained, the Tenth Circuit and the Supreme Court have rejected Eighth Amendment challenges to mandatory life sentences for adults. A mandatory life sentence is not "grossly disproportionate," **Doc. 1112 at 4–8**, for Defendants found guilty of kidnapping resulting in death. Because this is not "a rare case" in which the comparison between the offense and sentence leads to the inference of disproportionality, *United States v. Gurule*, 461

F.3d 1238, 1247 (10th Cir. 2006), this ends the analysis. *See United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000) (applying *Harmelin*'s three-pronged analysis).

Finally, Defendants assert they are more like children than adults (for purposes of sentencing). But the issue animating *Graham*, *Roper*, and *Miller*—i.e., the age of the offender—is quite distinct from the case at issue here. *See Graham v. Florida*, 560 U.S. 48, 82 (2010); *Roper v. Simmons*, 543 U.S. 551 (2005); *Miller v. Alabama*, 567 U.S. 460, 479 (2012). Comparing the Defendants' known date of birth from their PSRs (**Docs. 1096 & 1098**) with the dates alleged on the Superseding Indictment (**Doc. 85**), the Court calculates that Hujrah Wahhaj was 36–37 and Subhanah Wahhaj was 34–35 years old at the time the crimes were committed. The Court is not persuaded that "the underlying theory [of sentencing a juvenile] . . . applies here." **Doc. 1112 at 6**. This is categorically not a juvenile[7] case. *See* **Doc. 1124** (stating the Defendants are "grown" and "accomplished" women).

The Supreme Court has held there are two instances when individualized sentencing is required: (1) with respect to death penalty Defendants, and (2) for juveniles facing mandatory life sentence. *See Woodson v. North Carolina*, 428 U.S. 280, 304 (1976); *Miller*, 567 U.S. at 479–80. Defendants do not fit into either category. So, although Defendants' recitation of the case law is correct—their conclusion is not. Because this case is outside the capital punishment realm "successful challenges to the proportionality of particular sentences should be exceedingly rare." *United States v. Gutierrez-Hernandez*, 13 F. App'x 830, 831 (10th Cir. 2001) (unpublished) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). This case is not one of those exceedingly rare cases.

The law is clearly not on Defendants' side so their objections fail.

---

[7] Precedent explains, quite clearly, that the only "age" that matters "is chronological age." *See Miller*, 567 U.S. at 476.

## CONCLUSION

The Court finds that Defendants' correctly calculated guideline offense level is 43 and their criminal history is category I. The Court also finds that USSG § 2A1.1 is the appropriate guideline section after cross reference (**Docs 1096 & 1098**). Defendants' correctly calculated advisory Guidelines sentence is mandatory life imprisonment. The offenses of conviction also mandate life imprisonment. 18 U.S.C. § 1201(a). Stated differently, neither the congressionally authorized sentence nor the Sentencing Commission's Guidelines range provide Defendants any relief.

Accordingly, Defendants' objections to life imprisonment are **OVERRULED**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE