IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             No. 18-cr-2945-WJ

SUBHANAH WAHHAJ, and
HUJRAH WAHHAJ,

    Defendants.

### ORDER DENYING DEFENDANTS' REQUEST FOR MINOR ROLE ADJUSTMENT

**THIS MATTER** is before the Court, once again, on Defendants' Objections[1] to the Presentence Report (**Doc. 1141**). The Court heard trial defense counsels' argument on the requested two-level downward adjustment at sentencing on March 6, 2024. The Court also heard argument in opposition by the United States. After further consideration, Defendants' request is **DENIED** and no role reductions will be applied.

### BACKGROUND

Defendants' Presentence Investigation Reports ("PSR") correctly calculated their "adjusted offense level (subtotal)" as 45. Because Defendants' total offense level exceeded 43, their total offense level is "treated as an offense level of 43." *See* USSG Ch. 5, pt. A, n.2. Their correctly calculated advisory Guidelines imprisonment range is "mandatory life without release" (**Doc. 1098 at ¶¶ 67–68; Doc. 1096 at ¶¶ 69–70**).

Defendants contend they are eligible for a minor role reduction under USSG § 3B1.2(b).

---

[1] Prior to sentencing, the Court reserved ruling (**Doc. 1145**) on Defendant Subhanah Wahhaj's request (**Doc. 1141**) for a "mitigating role" reduction under USSG § 3B1.2(b). At sentencing, Defendant Hujrah Wahhaj orally joined the request for a minor role reduction based on substantially similar arguments.

1

The Court took this matter under advisement (**Doc. 1145**) and reserved ruling until hearing argument from counsel at the sentencing hearing. The Court now concludes Defendants are not entitled to a two-level downward departure for their alleged "mitigating role."

## DISCUSSION

Applying the adjustment in USSG § 3B1.2(b) is a "fact-based determination." So, let's look at the facts. First, the evidence showed Defendant Subhanah Wahhaj: (1) helped Jany Leveille edit her book; (2) cooked and cleaned for the group; (3) denied taking Abdul Ghani on social media; (4) provided funding for the group's needs; and (5) ultimately took no affirmative steps to return or medicate Abdul Ghani (**Doc. 1145 at 5**). Her reassurances[2] to her coconspirators also set future actions in motion and ultimately helped the group avoid detection by law enforcement. *See United States v. Rutland*, 705 F.3d 1238, 1252 (10th Cir. 2013); *United States v. Williamson*, 53 F.3d 1500, 1520–21 (10th Cir. 1995). Additionally, the evidence showed that Defendant Hujrah Wahhaj: (1) travelled to London to learn ruqyah; (2) confronted Hakima Ramzi and accused her of practicing black magic; (3) attended the family meeting; (4) housed and concealed Abdul Ghani; and (5) provided monetary funds as well as her personal firearm to the group. (**Docs. 1133, 1143, 1145**).

The Court originally thought USSG § 3B1.2, cmt. n.3(C)(i)–(v) played in Defendants' favor. But even if Defendants are less culpable than their male co-Defendants, their actions were not "minor." Undoubtedly both Defendants "understood the scope and structure of the criminal activity." **Doc. 962**; USSG § 3B1.2, cmt. n.3(C)(i). Moreover, both Defendants participated in planning or organizing—even if their male co-Defendants ultimately exercised decision-making authority. *Id.* at (ii)–(iii).

---

[2] At trial, there was testimony that everyone believed Abdul Ghani was Isa (**Tr. at 611–13 & 616**) and testimony that everyone believed there would be a war where all the men would die while killing the FBI (**Tr. at 832–38**).

The jury determined that Defendants were less culpable than Siraj Ibn Wahhaj or Lucas Morton—as evidenced by the terrorism acquittals (**Docs. 1011 & 1014**). But an acquittal on some counts does not mean a minor role adjustment is required. *See United States v. Brum*, 948 F.2d 817, 820 (1st Cir. 1991) (finding the district court "appropriate[ly]" considered her acquittal, but agreeing an acquittal does not require a downward adjustment).

The Court compared Defendants' actions to "both internal and external measurements for culpability." *United States v. Moreno*, 696 F. App'x 886, 888 (10th Cir. 2017) (unpublished) (quoting *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991)). In so doing, the Court is now convinced their role was not aggravating—but it also was not minor. Defendants fit squarely in the "heartland" of other cases involving kidnapping resulting in death. *See United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) (explaining that departures must fall outside the heartland of cases in the Guidelines).

As such, Defendants' correctly calculated total offense level is accurately reflected in their original PSRs (**Docs. 1096 & 1098**) as follows:

- Base Offense Level — § 1201(a) violation          **43**
- Victim Related Adjustment — § 3A1.1(b)(1)         **+2**
- Adjusted Offense Level (Subtotal) —               **45**
- Total Offense Level —                              **43**

Finally, at sentencing Defense Counsel asked the Court to essentially make a finding that *if* the statutory minimum sentence of life was not applicable *and if* the Court had discretion to sentence below the statutory minimum, then the Court would sentence Defendants to a term of incarceration less than life in prison. The Court notes that if there was sentencing discretion for the two counts of conviction for Defendants, then the statutory sentencing factors of 18 U.S.C.

§ 3553(a) would control sentencing—and ultimately the Court would have to impose a sentence for each Defendant that would be sufficient but not greater than necessary to satisfy the goals of sentencing. Under that type of sentencing scenario, the Court acknowledges that Defendants could articulate strong legal and factual arguments in support of sentencing variance requests below the sentencing guideline range of life in prison based on Defendants' history and characteristics including, for example, that both Defendants were in criminal history category I.

The difficulty for the Court in making the finding requested by Defense Counsel concerns the criminal conduct of the Defendants as found by the jury in its guilty verdict on the two counts of kidnapping of a child resulting in death and conspiracy to kidnap a child resulting in death. Defendants have the absolute right to maintain their innocence—even with overwhelming evidence of guilt—but the horrendous facts surrounding the kidnapping and death of the three-year-old child in this case gives the Court considerable pause in saying that if there was sentencing discretion, Defendants would have received a sentence less than life in prison. Congress eliminated any sentencing discretion with respect to Defendants Hujrah Wahhaj and Subhanah Wahhaj, so the Court is spared the difficult decision of determining what would be a sentence sufficient but not greater than necessary to satisfy the goals of sentencing if 18 U.S.C. § 3553(a) applied.

## CONCLUSION

Probation was correct in its decision **not** to assess a "mitigating role" reduction in the Defendants' original PSRs (**Docs. 1096 & 1098**). This decision was accurately restated in Defendant Subhanah Wahhaj's Second Addendum—wherein Probation "maintain[ed] its position that a role reduction is not warranted" in the Second Addendum (**Doc. 1142**). Therefore, the Court—once again—adopts the PSRs' factual findings and concludes that Probation correctly calculated Defendants' advisory Guidelines range and total offense level.

**IT IS THEREFORE ORDERED** that the Defendants' request for a two-level downward adjustment for a "mitigating role" under USSG § 3B1.2(b) is **DENIED**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE